IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 14-1317-SLR |
| | )      (consolidated) |
| SANOFI, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 29th day of January, 2016, having reviewed plaintiff's motion for leave to file a supplemental and second amended complaint, as well as defendants' response thereto;

IT IS ORDERED that the motion (D.I. 119) is granted, for the reasons that follow:

1. **Standard of review.** Leave to amend a complaint shall be freely given when justice requires. *Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir. 2000). Amendment is not automatic, but should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

2. **Analysis.** Defendants do not oppose plaintiff's request for leave to amend and supplement the complaint to add certain affiliates. (D.I. 131 at 1) Neither do defendants oppose plaintiff's request for leave to amend to consolidate into a single complaint its pleadings from four lawsuits. (*Id.*) Defendants do oppose plaintiff's request for leave to plead willful infringement.

3. In this regard, plaintiff asserts both pre- and post-litigation conduct as a basis for its claims of willful infringement. As explained by the Federal Circuit,

> [i]n ordinary circumstances, willfulness will depend on an infringer's pre-litigation conduct. It is certainly true that patent infringement is an ongoing offense that can continue after litigation has commenced. However, when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement. Fed. R. Civ. P. 8, 11(b). So a willfulness claim asserted in the original complaint must necessarily be grounded in the accused infringer's pre-filing conduct.

*In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007). The Court has explained that the remedy for a patentee's post-litigation willful infringement is preliminary injunctive relief:

> By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement. A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct.

*Id.* (citations omitted).

4. In February 2015, at my urging, plaintiff agreed to forgo pursuit of preliminary injunctive relief in exchange for an expedited trial, given the complexity of the issues presented by this dispute. Defendants proceeded to launch at-risk in July 2015. Under those circumstances, plaintiff's motion for leave to amend is granted.

5. With respect to the allegations relating to defendants' pre-litigation conduct, I recognize that there may be circumstances when "pre-patent issuance conduct may also be used to support a finding of willfulness." *Chimie v. PPG Industries, Inc.*, 218 F.R.D. 416, 421-422 (D. Del. 2003). Mindful that the following analysis from *Chimie* was made in the context of a privilege log ruling, nevertheless the court observed that,

> [w]here there is particularly egregious behavior showing a party intent on misappropriating a competitor's proprietary technology, courts have been willing to consider that behavior as evidence of willfulness, even if some of the offending acts occurred before a patent issues. . . . It is true that competitors regularly track one another's technology and that fact, in and of itself, is nothing nefarious. But documentation already revealed in this case indicates an intense interest by PPG in the Rhodia technology behind the '234 patent and a concern for loss of market share if the technology could not be countered. . . . At a minimum it is appropriate, under these circumstances and despite the magnitude of the labor, for PPG to log all arguably relevant documents for which it claims privilege dating from the time of PPG's review of Rhodia's predecessor's technology in Europe.

*Id.* at 422.

6. **Conclusion.** I am not confident that I would have allowed the amendment just based on the pre-litigation conduct identified in the papers, for fear of having the exception swallow the rule based on routine market conduct (i.e., tracking a competitor's technology). However, the circumstances at bar (the post-litigation launch and the pre-litigation evidence) have persuaded me that the amendment is not futile and was timely. If there are issues related to discovery that I need to address (although most of the facts related to willfulness are in defendants' possession), the parties need

3

to confer and contact me. I will consider the order of proof with willfulness in mind.

_____
United States District Judge