# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC.; AMGEN MANUFACTURING, LIMITED; AMGEN USA INC., <br><br> Plaintiff, <br><br> v. <br><br> SANOFI, SANOFI-AVENTIS U.S. LLC, AVENTISUB LLC, f/d/b/a AVENTIS PHARMACEUTICALS INC., and REGENERON PHARMACEUTICALS, INC., <br><br> Defendants. | *PUBLIC VERSION* <br><br><br><br><br> C.A. No. 1:14-cv-01317-SLR (CONSOLIDATED) |

## DEFENDANTS' MOTION FOR REARGUMENT OF THE FEBRUARY 18 MEMORANDUM ORDER GRANTING AMGEN'S *DAUBERT* MOTION REGARDING POST-PRIORITY DATE EVIDENCE

*Of Counsel:*

Dianne B. Elderkin
Steven D. Maslowski
Matthew A. Pearson
Angela Verrecchio
Jenna M. Pellecchia
Matthew G. Hartman
Jonathan J. Underwood
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 Market Street, Suite 4100
Philadelphia, PA 19103
(215) 965-1200

John Josef Molenda
Vishal Chandra Gupta
Jeffrey C. Lee
Siew Yen Chong
Richard Praseuth
Robert Greenfeld
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 378-7540

Dated: February 19, 2016

ASHBY & GEDDES
Steven J. Balick (#2114)
Tiffany Geyer Lydon (#3950)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendants*

## TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1
II. AMGEN'S MOTION AND THE ORDER ..................................................................... 2
III. THE ORDER IS INCONSISTENT WITH *ABBVIE* ..................................................... 3
IV. THE SCOPE OF THE AMGEN CLAIMS IS INDEPENDENT OF THE "STATE OF THE ART" AT THE TIME OF FILING ............................................................ 6
V. THE ORDER PERMITS DIFFERENT CLAIM SCOPE FOR INFRINGEMENT AND VALIDITY ............................................................................................................... 7
VI. ████████████████████████████████████████████ ............................................ 7
VII. EVIDENCE OF POST-FILING ANTIBODIES IN ADDITION TO ALIROCUMAB WAS ALSO ERRONEOUSLY EXCLUDED ............................................................... 8
VIII. THE ORDER CREATES A MANIFEST INJUSTICE .................................................. 8
IX. REQUEST FOR EXPEDITED BRIEFING .................................................................... 9
X. ALTERNATIVE REQUEST FOR INTERLOCUTORY APPEAL ................................ 9
XI. CONCLUSION .............................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*AbbVie Deutschland GmBH & Co., KG v. Janssen Biotech, Inc.*,
    759 F.3d 1285 (Fed. Cir. 2014)..................................................................................1, 3, 4, 5

*Amazon.com, Inc. v. Barnesandnoble.com, Inc.*,
    239 F.3d 1343 (Fed. Cir. 2001).............................................................................................2, 7

*Carnegie Mellon Univ. v. Hoffmann-La Roche Inc.*,
    541 F.3d 1115, 1122 (Fed. Cir. 2008) ......................................................................................6

*In re Del. & Hudson Ry. Co.*,
    96 B.R. 469 (D. Del. 1989), *aff'd*, 884 F.2d 1383 (3d Cir. 1989) ...........................................10

*In re SemCrude*,
    Civ. No. 10-447-SLR, 2010 WL 4537921 (D. Del. Oct. 26, 2010).........................................9

*In re White Beauty View*, *Inc.*,
    841 F.2d 524, 526 (3d Cir. 1988) ...........................................................................................10

*McRO, Inc. v. Square Enix, Inc.*,
    No. CV 12–10338–GW, 2014 WL 4756056 (C.D. Cal. Sept. 22, 2014) .................................6

**STATUTES**

28 U.S.C. § 1292(b) .........................................................................................................................9

**OTHER AUTHORITIES**

Local Rule 7.1.5(a) ......................................................................................................................1, 9

**I.     INTRODUCTION**

Under Local Rule 7.1.5(a), Defendants respectfully request reconsideration and/or reargument of the February 18 Memorandum Order granting Plaintiffs' *Daubert* Motion excluding "post-priority date" evidence ("Order," D.I. 226). Defendants are sensitive to the Court's busy schedule and its disfavor of reargument motions, and we assure the Court that we do not bring this motion lightly. But we respectfully submit that the Order is based on a clear error/misapprehension of law that has eviscerated our primary defense in this case and has created manifest injustice. Defendants have conceded that alirocumab infringes Amgen's asserted claims. Written description, although not the only invalidity defense, is Defendants' main invalidity defense. The Order could essentially serve as a dispositive ruling that eliminates that defense. As explained below, it also seriously undermines Defendants' defense to the willful infringement charge newly added to the case. Defendants accordingly, and respectfully, request that the Order be vacated.

*First*, the Order fails to address the most pertinent precedent, *AbbVie Deutschland GmBH & Co., KG v. Janssen Biotech, Inc.*, 759 F.3d 1285 (Fed. Cir. 2014), a case just like this one involving a functionally-claimed genus of antibodies that encompassed an accused product that was structurally different from anything described in the asserted patent. Precluding Defendants from making the same comparison found to be dispositive in *AbbVie* – namely, a comparison of the accused antibody to the patents' examples – would be inconsistent with this Federal Circuit precedent.

*Second*, as the Order properly notes, "the level of detail required to satisfy the written description requirement varies depending on the nature *and scope of* the claims." D.I. 226 at 3 (emphasis added). But the Order prevents Defendants from presenting evidence of the scope of the Amgen patent. It focuses on whether evidence illuminates the "state of the art" at the time of

{01091350;v1 }

filing (D.I. 226 at 4) but appears to misapprehend that the question of the *scope of Amgen's claims* is not the same as evidence of *the state of the art* or as evidence of what is the scope of the invention the inventors actually possessed as of their filing date, a distinct and separate part of the written description analysis.

*Third*, the Order allows Amgen's broad, functional claims to ensnare Defendants' later-developed accused product alirocumab, while allowing Amgen to avoid having to answer whether its patent specification adequately describes an invention broad enough to encompass alirocumab. This outcome is inconsistent with long-standing precedent that claims must be construed consistently for purposes of infringement and validity. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001).

## II. AMGEN'S MOTION AND THE ORDER

Defendants contend that Amgen's patent claims are invalid under the written description requirement. The claims define a genus of antibodies that indisputably cover Defendants' accused product, alirocumab.[1] Applying the Federal Circuit's written description analysis of similar antibody genus claims in *AbbVie*, Defendants' expert considered the scope and variability of Amgen's genus claims in view of the fact that they include the accused alirocumab, compared the structure of alirocumab to the antibody examples in the patent, and determined that those examples are not representative of the scope of the invention, including alirocumab. Independently, Defendants' expert also extended his analysis to consideration of third party antibodies, e.g. of Merck and Pfizer, which also indisputably fall within the scope of Amgen's genus claims.

---

[1] Defendants have discussed with Amgen the language of a stipulation regarding infringement and expect to be able to file an agreed stipulation before the Pre-Trial Conference on February 22.

{01091350;v1 }                              2

Amgen moved to exclude expert testimony relating to alirocumab or any of the other third party antibodies on the grounds that they are "post-filing" antibodies. The Order granted that motion.

### III. THE ORDER IS INCONSISTENT WITH *ABBVIE*

*AbbVie* is the single most relevant Federal Circuit precedent addressing the written description requirement in the case of a patent like Amgen's, claiming a genus of antibodies. The fact that *AbbVie* is not discussed in the Order suggests a possible basis for misapprehension of the law.

- In *AbbVie*, as here, the asserted claims defined a genus of antibodies. 759 F.3d at 1291, 1298; D.I. 226 at 2.

- In *AbbVie*, as here, the accused antibody product (Stelara®) was conceded to infringe the genus claims. 759 F.3d at 1300; Ex. 1, January 27, 2016 Status Conf. Tr. at 8:7-12.[2]

- In *AbbVie*, the Federal Circuit considered evidence comparing Stelara to the antibody examples in the AbbVie patents, concluding that "[b]ecause each of the asserted claims encompasses both [the patent examples] and the allegedly infringing Stelara, the claimed genus covers structurally diverse antibodies." 759 F.3d at 1293-94, 1300. That is what Defendants' expert does – compares the accused alirocumab to the examples in the Amgen patent and opines that the claimed genus covers structurally diverse antibodies. Ex. 2, Siegel Opening Rpt. at ¶¶ 173, 183-206, 229-235, 245-246.

- In *AbbVie*, the Federal Circuit ruled that, although the AbbVie patents need not describe Stelara in exact terms, they "must at least describe some species representative

---

[2] Citations are to exhibits to the Declaration of Jonathan J. Underwood submitted herewith ("Ex. #").

of antibodies that are structurally similar to Stelara." 759 F.3d at 1301. Defendants' expert opines that the antibodies Amgen described in its patents are *not* representative of antibodies that are structurally similar to alirocumab. Ex. 2, Siegel Opening Rpt. at ¶¶ 199-206, 287.

• In *AbbVie*, the Federal Circuit ruled that "[t]he asserted claims attempt to claim every fully human IL-12 antibody that would achieve a desired result . . . and cover an antibody as different as Stelara, whereas the patents do not describe representative examples to support the full scope of the claims." 759 F.3d at 1301. Defendants' expert opines that the genus of antibodies encompassed by the asserted claims is not limited to antibodies having certain structures and "to the extent that alirocumab is encompassed by any claim, it represents an example of an antibody having a markedly different structure" from Amgen's antibodies. Ex. 2, Siegel Opening Rpt. at ¶¶ 171, 173.

The *AbbVie* Court affirmed the District Court judgment that AbbVie's genus claims were invalid for failing to meet the written description requirement because they covered structurally diverse antibodies such as Stelara, but the patent did not describe representative antibodies. Specifically, the patent did not disclose antibodies that reflected the structural diversity of the antibodies covered by the claims, including Stelara. 759 F.3d at 1300-02. Stated another way, the AbbVie patent did not evidence that the inventors possessed an invention that encompassed an antibody like Stelara. Similarly, here, Defendants' expert reaches the conclusion that Amgen's genus claims are invalid for failing to meet the written description requirement because they cover structurally diverse antibodies such as alirocumab, but the Amgen patents do not describe representative antibodies to reflect the structural diversity of the antibodies covered by the claims, including alirocumab. Ex. 2, Siegel Opening Rpt. at ¶¶ 199-206, 287. The Amgen

patents do not evidence that the inventors possessed an invention that encompasses an antibody like alirocumab.

Amgen's argument, and the Order limiting Defendants to consideration of only *pre-*priority date antibodies, would eviscerate the reasoning of *AbbVie*. The *AbbVie* Court recognized the problem that functionally defined genus claims in highly unpredictable fields such as antibodies could improperly preempt the future:

> With the written description of a genus, however, merely drawing a fence around a perceived genus is not a description of the genus. One needs to show that *one has truly invented the genus*, i.e., that one has conceived and described sufficient representative species encompassing the breadth of the genus. Otherwise, one has only a research plan, leaving it to others to explore *the unknown contours of the claimed genus*.

759 F.3d at 1300 (original emphasis removed, emphasis added). To determine whether an inventor has "truly invented the genus," one must consider all that the genus covers. To consider what the genus covers, *AbbVie* makes *no* distinction between "pre-" and "post- priority" infringing compositions. It *does not give a written description pass* to patentees just because the products they accuse of infringement came into being after their patent application was filed. Indeed, it is almost always the case that an accused product "came into being" after an asserted patent was filed; if that were not the case, and the accused product came first, it would anticipate the patent and there would be no need to consider written description. *AbbVie* focuses, appropriately, on *what* the claims encompass and whether the patent specification provides written description for the full scope claimed. And what the claims encompass is not time-limited.

*AbbVie* was only handed down in mid-2014, and Defendants have not found decisions applying it that directly address the "pre" or "post" filing embodiment issue. Of note, however, is *McRO, Inc. v. Square Enix, Inc.*, No. CV 12–10338–GW, 2014 WL 4756056 (C.D. Cal. Sept.

22, 2014) where the Court clearly recognized that the written description requirement as applied in *AbbVie* ensures that patents promote the progress of science *by not improperly tying up future innovations*:

> For example, in a manner quite similar to recent §101 jurisprudence, "[t]he written description requirement guards against claims that 'merely recite a description of the problem to be solved while claiming all solutions to it and … cover any compound later actually invented and determined to fall within the claim's functional boundaries.'" *AbbVie Deutschland GmbH & Co., KG v. Janssen Biotech, Inc.*, 759 F.3d 1285 (Fed. Cir. 2014) (quoting *Ariad Pharm. v. Eli Lilly & Co.*, 598 F.3d 1336, 1353 (Fed. Cir. 2010).

*Id.* at *6. The *McRO* Court did not contemplate the time-limitation placed on claim scope improperly sought by Amgen and adopted in the Order.

The parties' competing *Daubert* motions could easily have led the Court to this error. As the Order correctly notes, the written description requirement requires that the patent specification convey that, *as of the filing date sought*, the inventor was in possession of the invention. D.I. 226 at 3, citing *Carnegie Mellon Univ. v. Hoffmann-La Roche Inc.*, 541 F.3d 1115, 1122 (Fed. Cir. 2008). The inquiry of what the inventor possessed *is* appropriately time-limited to his filing date.[3] But the inquiry of what the patent covers is not time-limited to the filing date. Precluding Defendants from relying on post-filing evidence to show what the Amgen claims cover is legal error.

## IV. THE SCOPE OF THE AMGEN CLAIMS IS INDEPENDENT OF THE "STATE OF THE ART" AT THE TIME OF FILING

The Order notes the Court's broad leeway "in terms of admitting evidence that illuminates the state of the art **at the time of filing** in order to determine whether there is

---

[3] Because the question of what *the inventor* was in possession of *is* time-limited to the priority date, the Court's Order *granting* Defendants' *Daubert* motion, and precluding Amgen from relying on post-priority work, was correct. Amgen's testing of antibodies ▬▬▬▬▬ ▬▬▬▬ i.e., solving their x-ray crystal structures, years after Amgen's priority date, does not evidence that the inventors knew these antibodies were within the scope of their invention at the time they filed their patent application.

sufficient disclosure of the claimed invention, in this case, a genus." D.I. 226 at 4 (emphasis in original). But Defendants do not seek to present evidence of the accused alirocumab for purposes of illuminating the state of the art. Rather, consistent with the Federal Circuit's decision in *AbbVie*, they seek to present evidence of alirocumab to show the breadth, scope, and variability of the Amgen patent claims and the deficiency of Amgen's description.

The scope of Amgen's claims is not limited to the *state of the art* at the time of filing – *otherwise the later-developed alirocumab could not infringe.*

## V. THE ORDER PERMITS DIFFERENT CLAIM SCOPE FOR INFRINGEMENT AND VALIDITY

Precluding Defendants from presenting evidence about alirocumab – which indisputably falls within the scope of the Amgen patent claims – and preventing Defendants' experts from comparing alirocumab to the Amgen patent examples allows Amgen to treat its claim as the proverbial "nose of wax." The claims are broad to ensnare alirocumab, but are narrow to duck Defendants' written description challenge. This, respectfully, is a critical problem with the ruling and reflects a misapprehension of the law. *See Amazon.com*, 239 F.3d at 1351 (claims have same meaning for infringement and validity).

## VI. 

## VII. EVIDENCE OF POST-FILING ANTIBODIES IN ADDITION TO ALIROCUMAB WAS ALSO ERRONEOUSLY EXCLUDED

In addition to evidence of alirocumab, Defendants' experts are prepared to show that other post-priority antibodies, including antibodies developed by Merck and Pfizer, fall within the broad Amgen genus claims, that these additional antibodies are structurally diverse, and that the Amgen patent also fails to disclose examples representative of them. *Amgen does not dispute that each of these additional post-filing antibodies falls within the scope of their claims.* Ex. 3, Petsko Second Corrected Rebuttal Rpt. at ¶¶ 379, 381, 387-391. The discussion above has focused on alirocumab because it is the accused product and because reliance on evidence of alirocumab fits squarely within the *AbbVie* written description analysis. But the same reasoning applies to the additional post-priority antibodies. They, too, are evidence of the scope of Amgen's functional genus claims, a scope which does not vary depending on when an infringing antibody was first made and that was not somehow cut off at the time Amgen filed its patent application. It is also error to exclude evidence of the additional post-priority antibodies.

## VIII. THE ORDER CREATES A MANIFEST INJUSTICE

Defendants' expert's written description analysis of Amgen's patent claims in view of Defendants' accused alirocumab directly parallels the Federal Circuit's written description analysis in *AbbVie*. Precluding Defendants from presenting this evidence under the Federal Circuit-endorsed written description analysis for antibody genus claims would be legal error.

It would also result in manifest injustice to Defendants. As explained above, it would allow Amgen's broad genus claims to escape written description scrutiny just because – as is almost always the case with an infringing product – Defendants' accused alirocumab did not

exist until after Amgen filed its patent application.  It would severely undermine Defendants' key written description defense as well as its defense to willful infringement.  Defendants respectfully request that, in view of the importance of the Order and the harm it will cause to Defendants' case, the Court reconsider its ruling in view of the discussion herein.

## IX.   REQUEST FOR EXPEDITED BRIEFING

Defendants respectfully request that the court set an expedited briefing schedule for Amgen's responsive brief.  Under L.R. 7.1.5(a), Amgen's responsive brief is due 14 days from the filing of Defendants' brief.  If not expedited, Amgen's brief would be due on March 4, the last business day before trial starts on March 7.  Defendants submit that a ruling addressing Defendants' Request for Rehearing is necessary in advance of the start of trial as it will dictate Defendants' ultimate trial strategy.  So that the Court has time to consider this request before March 7, Defendants request that the Court set an early deadline for Amgen to submit its responsive brief.  Defendants will orally renew this request with the Court at the Pre-trial Conference on February 22.

## X.   ALTERNATIVE REQUEST FOR INTERLOCUTORY APPEAL

If Defendants' motion for reargument and to vacate the Order excluding Defendants' "post-priority date" evidence is denied, Defendants respectfully request that the Court entertain an interlocutory appeal of this issue pursuant to 28 U.S.C. § 1292(b).

Whether Defendants may rely on alirocumab, or even other "post priority date" antibodies, to show the scope and variability of the Amgen patent claims is a controlling question of law, for the reasons explained above.  An immediate appeal may materially advance the ultimate determination of the litigation by eliminating possible piecemeal litigation that could result from a new trial on remand after Federal Circuit review.  *In re SemCrude*, Civ. No. 10-447-SLR, 2010 WL 4537921, at *2 (D. Del. Oct. 26, 2010) ("Piecemeal litigation is generally

disfavored by the Third Circuit." (citing *In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988)).  Moreover, interlocutory appeal would be appropriate because of the manifest injustice to Defendants created by the exclusion of their evidence, as discussed above.  *In re Del. & Hudson Ry. Co.*, 96 B.R. 469, 473 (D. Del. 1989), *aff'd*, 884 F.2d 1383 (3d Cir. 1989) (interlocutory appeal appropriate when the party seeking leave to appeal "establishes [that] exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment").

## XI. CONCLUSION

For the foregoing reasons, Defendants respectfully request reconsideration and/or reargument of the February 18 Memorandum Order granting Amgen's *Daubert* Motion excluding "post-priority date" evidence.

| | |
|---|---|
| *Of Counsel:* | ASHBY & GEDDES |
| Dianne B. Elderkin | */s/ Tiffany Geyer Lydon* |
| Steven D. Maslowski | _____ |
| Matthew A. Pearson | Steven J. Balick (#2114) |
| Angela Verrecchio | Tiffany Geyer Lydon (#3950) |
| Jenna M. Pellecchia | Andrew C. Mayo (#5207) |
| Matthew G. Hartman | 500 Delaware Avenue, 8th Floor |
| Jonathan J. Underwood | P.O. Box 1150 |
| AKIN GUMP STRAUSS HAUER & FELD LLP | Wilmington, DE 19899 |
| 2001 Market Street, Suite 4100 | (302) 654-1888 |
| Philadelphia, PA 19103 | sbalick@ashby-geddes.com |
| (215) 965-1200 | tlydon@ashby-geddes.com |
| | amayo@ashby-geddes.com |
| John Josef Molenda | |
| Vishal Chandra Gupta | *Attorneys for Defendants* |
| Jeffrey C. Lee | |
| Siew Yen Chong | |
| Richard Praseuth | |
| Robert Greenfeld | |
| STEPTOE & JOHNSON LLP | |
| 1114 Avenue of the Americas | |
| New York, NY 10036 | |
| (212) 506-3900 | |

Dated: February 19, 2016