IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMGEN INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 14-1317-SLR |
| | ) | (Consolidated) |
| SANOFI; SANOFI-AVENTIS U.S. LLC; | ) | |
| AVENTISUB LLC f/d/b/a AVENTIS | ) | |
| PHARMACEUTICALS INC.; and | ) | |
| REGENERON PHARMACEUTICALS, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 16th day of March, 2016, having reviewed defendants' motion for judgment as a matter of law and plaintiffs' response thereto, as well as having heard argument on the same;

IT IS ORDERED that said motion (D.I. 298) is granted for the reasons that follow:

1. **Standard.** Federal Rule of Civil Procedure 50(a) provides that a party may move for judgment as a matter of law "any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a). The Federal Circuit has explained that "to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." Moreover, "[t]he state of mind of the accused infringer is not relevant to this objective inquiry." It is only after this threshold objective standard is satisfied that a patentee "must also demonstrate that this objectively-defined

risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (citation omitted). The Federal Circuit has clarified that "the objective determination of recklessness, even though predicated on underlying mixed questions of law and fact, is best decided by the judge as a question of law . . . ." *Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc.*, 682 F.3d 1003, 1007 (Fed. Cir. 2012). Therefore, "the ultimate legal question of whether a reasonable person would have considered there to be a high likelihood of infringement of a valid patent should always be decided as a matter of law by the judge." *Id.* at 1008 (citation omitted).

2. **Analysis.** Based on the *Seagate* standard, and having reviewed the papers and oral argument submitted by the parties, I conclude that plaintiffs have not carried their burden of showing - by clear and convincing evidence - that **all** of the invalidity defenses asserted by defendants were objectively baseless. Setting aside the obviousness and enablement defenses, I find that defendants' written description defense was not objectively baseless. The law in light of the *AbbVie* case[1] offers conflicting guidance and the factual underpinnings to the defense were vigorously contested by the experts. The evidence plaintiffs would like to present to the jury, including that of conflicting positions taken by defendants before the PTO, goes to defendants' subjective intent and, therefore, has no role to play in evaluating the

---

[1] *AbbVie Deutschland GmbH & Co., KG v. Janssen Biotech, Inc.*, 759 F.3d 1285 (Fed. Cir. 2014).

2

objective prong of the *Seagate* inquiry. Therefore, the issue of willfulness will not be heard by the jury.

_____
United States District Judge