IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., AMGEN MANUFACTURING, LIMITED; AND AMGEN USA, INC<br><br>Plaintiffs,<br><br>v.<br><br>SANOFI; SANOFI-AVENTIS U.S. LLC; AVENTISUB LLC f/d/b/a AVENTIS PHARMACEUTICALS INC.; and REGENERON PHARMACEUTICALS, INC.,<br><br>Defendants. | Civ. No. 14-1317-SLR<br>(Consolidated) |

**MEMORANDUM ORDER**

At Wilmington this 9th day of January, 2017, having reviewed the papers filed in connection with defendants' motion to stay entry of the permanent injunction;[1]

IT IS ORDERED that the motion (D.I. 394) is denied, for the reasons that follow:

1. **Standard.** A court may stay an injunction pending appeal pursuant to Federal Rule of Civil Procedure 62(c). In exercising its discretion to issue such a stay, the Federal Circuit has indicated that a court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Standard Havens Prods. v. Gencor Indus.*, 897 F.2d 511, 512 (Fed. Cir. 1990) (citations omitted). The Federal Circuit also has opined that

---

[1] Including an exchange of emergency emails with the court. (D.I. 400)

each factor need not be given equal weight, instead, a court should use a flexible balancing approach. *Id.* at 513. In deciding whether to grant a stay pending appeal, a court should "assess[] the movant's chances of success on the merits and weigh[] the equities as they affect the parties and the public." *Essex Electro Engineers, Inc. v. United States*, 433 F. App'x 901 (Fed. Cir. 2011) (citing *E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 835 F.2d 277, 278 (Fed. Cir. 1987)).

2. As reflected in the court's order on the permanent injunction, the court has essentially weighed the above factors and entered a limited stay. Although the court declines to grant the relief requested (a stay pending appeal), the court will extend the 30-day stay to 45 days, to provide ample opportunity for an appeal of the instant order.

3. **Conclusion.** For the aforementioned reasons, defendants' motion to stay the permanent injunction (D.I. 394) pending appeal is denied. The permanent injunction is stayed for 45 days.

United States District Judge