**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| AMGEN, INC., AMGEN MANUFACTURING, LIMITED, and AMGEN USA INC., | ) ) ) ) |
| Plaintiffs, | ) C.A. No. 1:14-cv-01317-RGA ) (CONSOLIDATED) |
| v. | ) ) |
| SANOFI, SANOFI-AVENTIS U.S. LLC, AVENTISUB LLC, f/d/b/a AVENTIS PHARMACEUTICALS INC., and REGENERON PHARMACEUTICALS, INC., | ) ) ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR
MOTION FOR JUDGMENT ON THE PLEADINGS REGARDING
AMGEN'S WILLFUL INFRINGEMENT CLAIM**

April 27, 2018

WILKS, LUKOFF & BRACEGIRDLE, LLC
David E. Wilks (No. 2793)
Scott B. Czerwonka (No. 4844)
4250 Lancaster Pike, Suite 200
Wilmington, DE 19805
(302) 225-0850
dwilks@wlblaw.com
sczerwonka@wlblaw.com

*Attorneys for Sanofi, Sanofi-aventis U.S. LLC,
Aventisub LLC, and Regeneron Pharmaceuticals,
Inc.*

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 1

LEGAL STANDARD ......................................................................................................... 4

ARGUMENT ...................................................................................................................... 4

BY FAILING TO CROSS-APPEAL THE ADVERSE JMOL RULING ON WILLFUL
INFRINGEMENT, AMGEN HAS WAIVED THAT CLAIM ON REMAND. ........................... 4

I.      A Party That Fails to Cross-Appeal an Adverse Ruling in an Initial District Court
        Proceeding is Barred From Asserting the Claim on Remand. .............................................4

II.     Amgen's Preservation Arguments Are Unavailing. ...........................................................7

CONCLUSION ..................................................................................................................10

# TABLE OF AUTHORITIES

## Cases

*AFG Indus., Inc. v. Cardinal IG Co., Inc.,*
    2005 WL 1561305 (E.D. Tenn. June 30, 2005) ................................................... 6

*Alfred E. Mann Found. for Sci. Res. v. Cochlear Corp.,*
    841 F.3d 1334 (Fed. Cir. 2016) ........................................................................ 8

*ART Midwest Inc. v. Atlantic Ltd. P'ship XII,*
    742 F.3d 206 (5th Cir. 2014) ................................................................... 4, 5, 7

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ........................................................................................ 4

*Aventis Pharma S.A. v. Hospira, Inc.,*
    637 F.3d 1341 (Fed. Cir. 2011) ..................................................................... 8, 9

*Beazer E., Inc. v. Mead Corp.,*
    525 F.3d 255 (3d Cir. 2008) ............................................................................ 6

*Bethea v. Levi Strauss,*
    916 F.2d 453 (8th Cir. 1990) ...................................................................... 5, 6, 7

*DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.,*
    567 F.3d 1314 (Fed. Cir. 2009) ........................................................................ 8

*Halo Electronics, Inc. v. Pulse Electronics, Inc.,*
    136 S. Ct. 1923 (2016) ............................................................................. 2, 8, 9

*In re Seagate Technology, LLC,*
    497 F.3d 1360 (Fed. Cir. 2007) ........................................................................ 1

*JGR, Inc. v. Thomasville Furniture Industries, Inc.,*
    550 F.3d 529 (6th Cir. 2008) ........................................................................... 6

*Lazare Kaplan Int'l, Inc. v. Photoscribe Technologies, Inc.,*
    714 F.3d 1289 (Fed. Cir. 2013) ............................................................ 5, 7, 8, 10

*Lucent Techs. Inc. v. Microsoft Corp.,*
    2011 WL 13100711 (S.D. Cal. May 20, 2011) ................................................... 6

*Oneida Motor Freight, Inc. v. United Jersey Bank,*
    848 F.2d 414 (3d Cir. 1988) ............................................................................ 4

*Rite-Hite Corp. v. Kelley Co., Inc.,*
    819 F.2d 1120 (Fed. Cir. 1987) ........................................................................ 8

*United States v. Moreno,*
    2016 WL 7178775 (W.D. Pa. Dec. 9, 2016) ...................................................... 7

*Yetter v. Wise Power Sys., Inc.,*
    929 F. Supp. 2d 329 (D. Del. 2013) .................................................................. 4

**INTRODUCTION**

It is black-letter law that a party that fails to cross-appeal an adverse ruling in an initial district court proceeding cannot raise that issue on remand after appeal.  During the previous proceedings in this case, the Court granted Defendants judgment as a matter of law (JMOL) on Amgen's claim for willful infringement.  Subsequently, the jury determined that Amgen's patents are not invalid, judgment was entered against Defendants, and Defendants appealed that judgment.  Amgen, however, did not cross-appeal the judgment against it on willful infringement.  By failing to cross-appeal, Amgen has waived its claim for willful infringement on remand from the Federal Circuit.  Accordingly, pursuant to Federal Rule of Civil Procedure 12(c), Defendants respectfully move for a ruling that Amgen may not proceed with its claim for willful infringement.

**BACKGROUND**

In October 2014, Amgen sued Defendants for patent infringement.  Defendants stipulated to infringement but challenged the validity of Amgen's claims on written description, enablement, and obviousness grounds.  In a Second Amended Complaint filed on January 26, 2016, Amgen repeatedly alleged that Defendants' "acts of infringement have been deliberate, willful, and in objectively reckless disregard of" its patent claims.  *E.g.*, Dkt. 184 ¶¶ 82, 88, 94.

During trial, Defendants moved for JMOL of no willful infringement.  Dkt. 314.  Defendants argued that because they had presented numerous objectively reasonable defenses to Amgen's infringement claims, Amgen could not satisfy the threshold question of whether Defendants were objectively reckless as a matter of law, as required under *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007).  Dkt. 298.  Amgen opposed, contending that Defendants had no objectively reasonable defenses to infringement.  Dkt. 300.

On March 16, 2016, the Court granted JMOL to Defendants.  Dkt. 302.  The Court held that "[b]ased on the *Seagate* standard," Amgen had "not carried [its] burden of showing—by clear

and convincing evidence—that *all* of the invalidity defenses asserted by defendants were objectively baseless." *Id.* at 1. Because Amgen had not satisfied the "threshold objective standard" for "establish[ing] willful infringement," the Court ruled in Defendants' favor. *Id.*

Later that day, March 16, the jury returned a verdict rejecting Defendants' invalidity defenses. Dkt. 304. Rather than proceed to a jury trial on damages, the parties agreed that same day to resolve issues related to past damages. Two days later, the Court entered a Rule 58(b) judgment for Amgen "[f]or reasons stated in the jury verdict." Dkt. 308. On March 23 and 24, the court held a two-day hearing on whether Amgen was entitled to a permanent injunction. In April and May 2016, the parties engaged in substantial briefing on Amgen's motion for a permanent injunction and Defendants' motions for JMOL on patent validity and a new trial.

On June 13, 2016, the Supreme Court issued *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923 (2016). In *Halo*, the Court rejected the Federal Circuit's *Seagate* standard as "unduly rigid." *Id.* at 1932. The Court also rejected *Seagate*'s clear-and-convincing standard for proving recklessness, explaining that "patent-infringement litigation has always been governed by a preponderance of the evidence standard." *Id.* at 1934.

Following *Halo*, Amgen did not move to vacate the district court's order granting JMOL to Defendants on willful infringement. In fact, throughout the rest of 2016, Amgen did not bring *Halo* or the willful infringement issue to the Court's attention in any manner, even though it filed notices of supplemental authority regarding other aspects of its case. *See, e.g.*, Dkt. 386 (noticing recent Federal Circuit decision regarding permanent injunction analysis).

On January 3, 2017, the Court denied Defendants' post-trial motions and entered final judgment in favor of Amgen under Rule 54(b). Dkt. 390, 391. On January 5, the Court issued an order granting Amgen's motion for a permanent injunction and closed the case. Dkt. 392. On

January 12, Defendants filed a notice of appeal from the final judgment "and all orders antecedent to that judgment" and the order granting Amgen's motion for a permanent injunction.  Dkt. 402. Defendants' appeal was docketed in the Federal Circuit that same day.  Amgen, by contrast, did not appeal or cross-appeal any aspect of the proceedings in this Court, including the Court's grant of JMOL against Amgen on willful infringement.

On January 31, Amgen moved to amend the judgment to "reserve determination of supplemental damages" and "[e]nhancement" of those "supplemental damages" until after the Federal Circuit appeal.  Dkt. 406, at 1-3.  Amgen argued that enhancement of the "supplemental damages" was appropriate even absent a "finding of willfulness."  *Id.* at 3.  In a footnote, Amgen mentioned that "[t]o the extent the Court's JMOL ruling [of no willful infringement] (D.I. 302) is somehow relevant to the issue of enhanced supplemental damages, it would be appropriate to vacate the ruling, or give it no effect, because it is legally erroneous under the subsequent and controlling *Halo* decision."  *Id.* at 4 n.5.

On April 19, the Court amended its judgment to "stay and defer until such time as set by the Court following issuance of a mandate by the Federal Circuit on Defendants' appeal of the January 3, 2017 Final Judgment, the following issues:  (i) an accounting of supplemental damages, including interest, for Defendants' infringing conduct not addressed by the parties' resolution of past damages, and (ii) enhancement of such damages, if deemed appropriate."  Dkt. 427.  The Court did not vacate its JMOL ruling of no willful infringement or even mention that ruling. Amgen did not appeal or cross-appeal the amended judgment in any respect.

Before the Federal Circuit, Amgen did not once mention willful infringement, refer to the JMOL order rejecting willful infringement, or cite *Halo*.  On October 5, 2017, the Federal Circuit vacated the judgment and permanent injunction and ordered a new trial.  The Federal Circuit issued

its mandate remanding the case to this Court on March 2, 2018.

Amgen has informed Defendants that it will continue to assert a claim for willful infringement of its patents.

## LEGAL STANDARD

A motion for judgment on the pleadings may be brought at any time after the pleadings are closed so long as trial is not delayed. Fed. R. Civ. P. 12(c). This Court applies the same standard to a Rule 12(c) motion as it does to a Rule 12(b)(6) motion. *See Yetter v. Wise Power Sys., Inc.*, 929 F. Supp. 2d 329, 331 (D. Del. 2013) (Andrews, J.). Like a Rule 12(b)(6) motion, a Rule 12(c) motion should be granted if a complaint's factual allegations, construed most favorably to the non-movant, do not "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In making this determination, the court may take judicial notice of facts in previous proceedings. *See Yetter*, 929 F. Supp. 2d at 330-31 (granting 12(c) motion due to judicial estoppel); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988).

## ARGUMENT

## BY FAILING TO CROSS-APPEAL THE ADVERSE JMOL RULING ON WILLFUL INFRINGEMENT, AMGEN HAS WAIVED THAT CLAIM ON REMAND.

**I.     A Party That Fails to Cross-Appeal an Adverse Ruling in an Initial District Court Proceeding is Barred From Asserting the Claim on Remand.**

It is well-established that "a party that declines to cross-appeal an adverse ruling in an initial district court proceeding" may not "raise the claim on remand from the resulting appeal." *ART Midwest Inc. v. Atlantic Limited P'ship XII*, 742 F.3d 206, 211 (5th Cir. 2014). The cases applying this rule are legion. In *ART Midwest*, for example, the plaintiff (ART) alleged fraud by the defendant (Clapper), who counterclaimed that ART breached a contract. A jury found that ART had not breached the contract and Clapper had not committed fraud. Clapper appealed the jury's contract finding, but ART "did not cross-appeal the jury's adverse fraud finding." *Id.* at

209.  The Fifth Circuit vacated the jury's verdict and remanded.  *Id.* at 210, 213.  On remand, the district court held that ART waived further consideration of its fraud claims because it failed to cross-appeal.  The Fifth Circuit affirmed, holding that ART's "decision not to cross-appeal the jury's fraud findings in the first district court proceedings prevented [it] from raising the same rejected fraud claims in the second district court proceeding."  *Id.* at 212.

The Federal Circuit held the same in *Lazare Kaplan International, Inc. v. Photoscribe Technologies, Inc.*, 714 F.3d 1289 (Fed. Cir. 2013).  There, the patentee (Lazare) alleged infringement by Photoscribe, which alleged invalidity.  The district court issued a final judgment that the claims were not invalid and not infringed.  Lazare appealed the non-infringement judgment, but Photoscribe did not cross-appeal the non-invalidity judgment.  The Federal Circuit vacated the non-infringement judgment.  On remand, the district court permitted Photoscribe to retry the validity issue, and it subsequently granted summary judgment for Photoscribe, finding the claims invalid.  *Id.* at 1291-92.  The Federal Circuit reversed, holding that because Photoscribe "fail[ed] to file a cross-appeal from the adverse final judgment on validity in" the first proceedings, "the district court erred by allowing Photoscribe to address validity on remand."  *Id.* at 1294.

The Eighth Circuit has also adhered to this rule.  In *Bethea v. Levi Strauss & Co.*, 916 F.2d 453 (8th Cir. 1990), the plaintiff (Bethea) alleged age discrimination and breach of contract against the defendant (Levi Strauss).  A jury found for Bethea on both counts and awarded actual damages.  Bethea moved the district court for additional equitable relief, which the court denied.  Levi Strauss appealed, but Bethea did not cross-appeal the denial of additional equitable relief.  The Eighth Circuit affirmed the liability verdict but reversed much of the damages award.  *Id.* at 454.  On remand, the district court permitted Bethea to seek additional equitable relief, ultimately awarding him such relief.  *Id.* at 455.  The Eighth Circuit reversed the district court, agreeing with Levi

Strauss that the court "did not have authority to grant Bethea additional relief on remand because he waived his right to such relief by failing to cross-appeal the original district court decision." *Id.*

Likewise, in *JGR, Inc. v. Thomasville Furniture Industries, Inc.*, 550 F.3d 529 (6th Cir. 2008), the Sixth Circuit reversed a district court that, on remand, had permitted a plaintiff to raise an issue the plaintiff had previously lost but not cross-appealed. The plaintiff (Thomasville) sued the defendant (JGR) for non-payment, and JGR countersued for breach of contract. A jury found that Thomasville had breached the contract and awarded JGR zero lost profits and $1.5 million in lost business value. Thomasville appealed, but JGR cross-appealed only the denial of prejudgment interest. The Sixth Circuit affirmed on liability but vacated on damages. On remand, the district court permitted JGR to seek lost profits despite JGR's failure to cross-appeal that issue, and the jury awarded JGR $3.3 million in lost profits. *Id.* at 531. The Sixth Circuit vacated the judgment, holding that JGR "waived any right to pursue lost profit damages at the [later] trial because it failed to appeal the lost profits award of zero dollars from the [earlier] trial." *Id.*[1]

District courts, too, routinely hold that a party that failed to cross-appeal an adverse ruling has waived that claim on remand. *See, e.g.*, *AFG Indus., Inc. v. Cardinal IG Co., Inc.*, 2005 WL 1561305, at *4 (E.D. Tenn. June 30, 2005) (prevailing party on liability "had to file a cross-appeal in order to preserve its invalidity counterclaim [on remand].); *Lucent Techs. Inc. v. Microsoft Corp.*, 2011 WL 13100711, at *4 (S.D. Cal. May 20, 2011) (waiver where party "did not file a cross appeal" on conduct for which it sought sanctions on remand); *United States v. Moreno*, 2016 WL 7178775, at *1 (W.D. Pa. Dec. 9, 2016) (on remand, denying government request for

---

[1] The Third Circuit has not confronted this precise question. It has, however, affirmed a district court order concluding that a party waived an issue by failing to raise it in a prior appeal. *See Beazer E., Inc. v. Mead Corp.*, 525 F.3d 255, 262-63 (3d Cir. 2008). The same principle would apply in the cross-appeal context here.

additional restitution where government "did not file a cross-appeal"). Indeed, in light of decisions like *Lazare*, *Bethea*, and *JGR*, a district court holding otherwise faces a high likelihood of reversal.

The foregoing caselaw makes plain that Amgen has waived its willful infringement claim. The district court entered judgment against Defendants on invalidity but granted judgment against Amgen on willful infringement. Defendants appealed the adverse invalidity judgment (including all orders antecedent to that judgment), but Amgen did not cross-appeal the adverse willful infringement judgment. The Federal Circuit vacated and remanded for a new trial. Accordingly, Amgen's "decision not to cross-appeal" the adverse judgment on its claim for willful infringement "in the first district court proceedings prevent[s] [it] from raising the same rejected [willful infringement] claim[] in the second district court proceeding." *ART Midwest*, 742 F.3d at 212. Indeed, because Amgen "fail[ed] to cross-appeal" that adverse judgment, this Court does "not have authority to grant [Amgen] additional relief on remand." *Bethea*, 916 F.2d at 455.

## II.   Amgen's Preservation Arguments Are Unavailing.

Amgen has argued that the well-established legal rule set forth above should not apply here because, first, "the Federal Circuit would not have permitted a cross-appeal of the JMOL on damages because it would not have expanded the scope of the judgment in Amgen's favor," and, second, "the Amended Rule 54(b) Judgment deferred until after the appeal a determination of whether enhancement might be appropriate under *Halo*." Dkt. 437, at 20. Amgen is incorrect.[2]

Amgen's first argument is irreconcilable with the fact that the Federal Circuit has

---

[2] In the JSR, Amgen wisely declined to argue that this Court can consider its claim on remand because the Federal Circuit's decision does not address it. The "reason [willful infringement] was not addressed" was that Amgen "failed to file a cross-appeal from the judgment adverse to it." *Lazare*, 714 F.3d at 1297; *see id.* at 1296-97 (rejecting this argument); *accord ART Midwest*, 742 F.3d at 213. Defendants, of course, appealed the final judgment and all antecedent orders. Amgen also has not contended that *Halo* is intervening law warranting an exception to the usual rule—understandably so, since *Halo* was issued during the first district court proceedings.

consistently entertained cross-appeals by prevailing patentees challenging a district court's finding of no willful infringement. *See, e.g., DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1319-20, 1335-37 (Fed. Cir. 2009); *Rite-Hite Corp. v. Kelley Co., Inc.*, 819 F.2d 1120, 1124 (Fed. Cir. 1987). Indeed, cross-appealing patentees have obtained vacatur of district court rulings identical to the JMOL ruling here—*i.e.*, rulings of no willful infringement based on *Seagate*'s objective prong—in light of *Halo*. *See, e.g., Alfred E. Mann Found. for Sci. Res. v. Cochlear Corp.*, 841 F.3d 1334, 1345-46 (Fed. Cir. 2016). The Federal Circuit has never suggested that vacating a JMOL ruling of no willful infringement would not "expand[] the scope of the judgment in" the patentee's favor. For good reason: to the extent a patentee seeks enhanced damages, a judgment of no willful infringement makes it far more difficult to obtain such an award. *See Halo*, 136 S. Ct. at 1934 (stating that "such punishment should generally be reserved for egregious cases typified by willful misconduct"). A decision reversing or vacating that judgment removes that significant obstacle. Thus, here, Amgen not only was permitted to cross-appeal the JMOL of no willful infringement, it was *required* to do so. *See Lazare*, 714 F.3d at 1293 ("[A] party must file a cross-appeal if, although successful in the overall outcome in the district court, the party seeks, on appeal, to lessen the rights of its adversary or to enlarge its own rights.").[3]

The lone case cited by Amgen in the JSR, *Aventis Pharma S.A. v. Hospira, Inc.*, 637 F.3d 1341 (Fed. Cir. 2011), suggests no contrary rule of law and is easily distinguishable on the facts. There, the district court had found all asserted claims invalid for obviousness, and the prevailing party had cross-appealed the court's finding that some of the asserted claims were not invalid on a different ground (double-patenting). *Id.* at 1342-43. Because a decision reversing the double-

---

[3] Implicitly acknowledging this straightforward point, Amgen engages in a telling obfuscation of the facts by referring to a "JMOL on damages." Dkt. 437, at 20. There was no "JMOL on damages." The JMOL was on Amgen's claim for willful infringement.

patenting ruling would not have "enlarged" the prevailing party's rights in any respect—all claims would still be invalid—a cross-appeal was not necessary and indeed was improper. *Id.* at 1344. Here, however, a decision reversing or vacating the JMOL on willful infringement would have enlarged Amgen's rights by allowing it to argue willfulness on remand, making it far easier to establish the "egregious case[]" that warrants enhanced damages. *Halo*, 136 S. Ct. at 1934.

The amended Rule 54(b) judgment also does not avail Amgen. The amended judgment did not amend or vacate the order granting JMOL on willful infringement. Indeed, the amended judgment does not even *mention* that order—or, for that matter, *Halo*—despite referencing numerous other prior orders, including on obviousness, written description and enablement, and denial of Defendants' new trial request. *See* Dkt. 427. That the Court did not mention, much less disturb, the JMOL order, even after Amgen stated that it "would be appropriate to vacate the ruling" in light of *Halo*, Dkt. 406, at 4 n.5, only underscores that it was part of the final judgment that Amgen had to cross-appeal to preserve its willful infringement claim on remand.

Amgen nevertheless claims that "there was no damages award incorporated into" the amended judgment, which "deferred until after appeal a determination of whether enhancement might be appropriate." Dkt. 437, at 20. Thus, "[a]ppealing the JMOL would not have expanded the scope of judgment in Amgen's favor." *Id.* Amgen appears to believe that the JMOL ruling was limited to the period covered by the parties' damages settlement and did not apply to the subsequent period for which it sought "supplemental damages" and "enhancement" of those damages, thereby relieving Amgen of its obligation to cross-appeal the ruling. *See, e.g.*, Dkt. 422, at 6 n.3 (Amgen arguing in reply supporting amended judgment that "the Court's JMOL decision did not dispose of willfulness in the context of supplemental damages and enhancement thereof").

That proposition is flawed. A JMOL ruling of no willful infringement is a standalone

ruling based on the conduct of the accused infringer. Willfulness is not a component of a damages claim, but rather has independent significance as a predicate for an award of enhanced (not actual) damages or attorney's fees. The JMOL granted here was directed to Amgen's claim that Defendants' conduct was willful. It was not limited to any duration of time, and its legal force did not evaporate simply because the parties agreed to a partial amount of actual damages. In any event, even crediting Amgen's incorrect view, the Federal Circuit overturned Amgen's verdict, there are no more supplemental damages, and there will not be any unless Amgen obtains a favorable verdict on remand. Thus, the amended judgment, at least as it might pertain to willful infringement, is moot and has no legal effect—especially to resuscitate a waived claim.[4]

There was a very straightforward way for Amgen to preserve its willful infringement claim: cross-appeal the JMOL of no willful infringement to the Federal Circuit. The undisputed fact is that Amgen did not do so. Whether Amgen's reason was that it considered its ultimate willful infringement argument too weak, or too unimportant in light of the partial damages settlement, or too much of a distraction from defending Defendants' appeal, "rules are rules." *Lazare*, 714 F.3d at 1297. And the "firmly established" rule, *id.*, is that a party that does not cross-appeal an adverse ruling in an initial district court proceeding may not raise the claim on remand after appeal. As those are precisely the circumstances here, Amgen's claim for willful infringement is barred.

## CONCLUSION

Defendants respectfully request that the Court grant the motion.

---

[4] Although the amended judgment referred to "enhancement of [supplemental] damages, if deemed appropriate," Dkt. 427, at 2, that is not some sort of *sub silentio* vacatur of its prior ruling finding no willful infringement, and Amgen has never so suggested. Rather, it is an acknowledgement of Amgen's argument that "[e]nhancement of supplemental damages is appropriate, *even when there has been no prior finding of willfulness*." Dkt. 406, at 3 (emphasis added). Of course, while Amgen might be able to obtain enhanced damages absent a finding of willful infringement, its task is far easier with such a finding, which is why it was required to cross-appeal. *See* p. 8, *supra*.

Respectfully submitted,

Dated: April 27, 2018

WILKS, LUKOFF & BRACEGIRDLE, LLC

*/s/ David E. Wilks*
David E. Wilks (No. 2793)
Scott B. Czerwonka (No. 4844)
4250 Lancaster Pike, Suite 200
Wilmington, DE  19805
(302) 225-0850
dwilks@wlblaw.com
sczerwonka@wlblaw.com

OF COUNSEL:

ARNOLD & PORTER KAYE SCHOLER LLP
Matthew M. Wolf
601 Massachusetts Ave, NW
Washington, DC  20001
(202) 942-5000

David K. Barr
Daniel L. Reisner
Abigail Langsam
250 West 55th Street
New York, NY  10019-9710
(212) 836-8000

Deborah Fishman
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA  94306-3807
(650) 319-4500

STEPTOE & JOHNSON LLP
John Josef Molenda, Ph.D.
Vishal Chandra Gupta
1114 Avenue of the Americas
New York, NY  10036
(212) 506-3900

KIRKLAND & ELLIS LLP
Paul D. Clement
George W. Hicks, Jr.
655 Fifteenth Street, N.W.
Washington, DC  20005
(202) 879-5000

*Attorneys for Sanofi, Sanofi-aventis U.S. LLC, Aventisub LLC, and Regeneron Pharmaceuticals, Inc.*