# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN, INC., AMGEN MANUFACTURING, LIMITED, and AMGEN USA INC., <br><br> Plaintiffs, <br> v. <br><br> SANOFI, SANOFI-AVENTIS U.S. LLC, AVENTISUB LLC, f/d/b/a AVENTIS PHARMACEUTICALS INC., and REGENERON PHARMACEUTICALS, INC., <br><br> Defendants. | C.A. No. 1:14-cv-01317-RGA <br> (CONSOLIDATED) |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR
## MOTION FOR JUDGMENT ON THE PLEADINGS REGARDING
## AMGEN'S WILLFUL INFRINGEMENT CLAIM

May 9, 2018

WILKS, LUKOFF & BRACEGIRDLE, LLC
David E. Wilks (No. 2793)
Scott B. Czerwonka (No. 4844)
4250 Lancaster Pike, Suite 200
Wilmington, DE 19805
(302) 225-0850
dwilks@wlblaw.com
sczerwonka@wlblaw.com

*Attorneys for Sanofi, Sanofi-aventis U.S. LLC, Aventisub LLC, and Regeneron Pharmaceuticals, Inc.*

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

    I.   The Rule 54(b) Final Judgment Was Not, And Could Not Have Been, "Expressly Limited To Liability" But In Fact Encompassed The Willfulness Ruling. ........................ 1

    II.  An Appellate Decision In Amgen's Favor On Willfulness Would Have Expanded The Scope Of The Judgment, Requiring Cross-Appeal...................................................... 4

## TABLE OF AUTHORITIES

**Cases**

*Alfred E. Mann Found. for Sci. Res. v. Cochlear Corp.*,
   841 F.3d 1334 (Fed. Cir. 2016) ................................................................................................ 4

*Apple Inc. v. Samsung Elecs. Co.*,
   839 F.3d 1034 (Fed. Cir. 2016) ................................................................................................ 4

*ART Midwest Inc. v. Atl. Ltd. P'ship XII*,
   742 F.3d 206 (5th Cir. 2014) .................................................................................................... 1

*Aventis Pharma S.A. v. Hospira, Inc.*,
   637 F.3d 1341 (Fed. Cir. 2011) ................................................................................................ 4

*Cadleway Props. v. Ossian State Bank,*
   478 F.3d 767 (7th Cir. 2007) .................................................................................................... 3

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016) ............................................................................................................. 1

*In re Seagate Tech., LLC*,
   497 F.3d 1360 (Fed. Cir. 2007) ................................................................................................ 1

*Liberty Mut. Ins. Co. v. Wetzel*,
   424 U.S. 737 (1976) ................................................................................................................ 3

*Montanez v. Thompson*,
   603 F.3d 243 (3d Cir. 2010) .................................................................................................... 3

*Pacitti v. Macy's*,
   193 F.3d 766 (3d Cir. 1999) .................................................................................................... 2

*Trilogy Comm'ns, Inc. v. Times Fiber Commc'ns, Inc.*,
   109 F.3d 739 (Fed. Cir. 1997) ................................................................................................. 3

*Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*,
   338 F.3d 1353 (Fed. Cir. 2003) ................................................................................................ 2

*WesternGeco L.L.C. v. ION Geophysical Corp.*,
   837 F.3d 1358 (Fed. Cir. 2016) ................................................................................................ 4

**Rule**

Federal Practice & Procedure §2654 ............................................................................................ 2

# INTRODUCTION

Amgen does not dispute that it failed to cross-appeal the Court's adverse ruling of no willful infringement, or that "a party that declines to cross-appeal an adverse ruling in an initial district court proceeding" may not "raise the claim on remand from the resulting appeal." *ART Midwest Inc. v. Atlantic Limited P'ship XII*, 742 F.3d 206, 211 (5th Cir. 2014). Instead, Amgen chiefly argues that it was not required to cross-appeal on willful infringement because the Court entered a judgment under Fed. R. Civ. P. 54(b) that was "expressly limited to liability." But nothing about the Rule 54(b) judgment here was "expressly limited to liability," and for good reason: a Rule 54(b) judgment is a final judgment that cannot be entered solely on the basis of a liability determination. The Rule 54(b) judgment here thus necessarily encompassed both infringement (as Amgen itself argues) and the prior ruling of no willful infringement, triggering Amgen's cross-appeal obligation. Amgen's suggestion that the Federal Circuit would have dismissed a cross-appeal is equally unavailing. In the wake of *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923 (2016), the Federal Circuit has consistently entertained cross-appeals challenging willfulness rulings based on *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007), just as Amgen would (and should) have brought here. Amgen also invokes the amended judgment, but that judgment did not mention willfulness or *Halo*, nor vacate the willfulness ruling despite Amgen's request that the Court do so. Accordingly, the Court's prior ruling of no willful infringement remained in place, requiring a cross-appeal that never occurred.

# ARGUMENT

**I.     The Rule 54(b) Final Judgment Was Not, And Could Not Have Been, "Expressly Limited To Liability" But In Fact Encompassed The Willfulness Ruling.**

Amgen principally contends that it "could not cross-appeal on willfulness" because the January 3, 2017 judgment from which Defendants appealed was an "initial Rule 54(b) judgment"

that "was expressly limited to liability." Opp.1. Because "the willfulness ruling was never included" in the Rule 54(b) judgment, Amgen asserts, it was not obligated to cross-appeal. *Id.* at 5. This argument is deeply flawed.

The Court's January 3 judgment—a "Final Judgment … Pursuant to Fed. R. Civ. P. 54(b)," Dkt. 391—was not limited, much less "expressly" limited, to liability. The judgment simply provided that "judgment be and is hereby entered in favor of plaintiffs … and against defendants[.]" Dkt. 391. Nothing in that straightforward declaration suggests *any* limitation on the Court's judgment. Indeed, even Amgen cannot consistently articulate how, exactly, the judgment was limited. *Compare* Opp.3 (judgment was "only on the written description and enablement ruling"), *with id.* at 6 (judgment was "limited to liability issues (infringement, non-obviousness, written description, enablement, and the denial of a new trial"). The plain reality is that it was not, and Amgen identifies nothing on the judgment's face or in the pleadings indicating otherwise. Accordingly, like every final judgment, the January 3 final judgment encompassed all prior rulings, including the ruling of no willful infringement, even if it did not expressly refer to that specific ruling. *See, e.g.*, *Pacitti v. Macy's*, 193 F.3d 766, 776-77 (3d Cir. 1999).

Indeed, black-letter law forecloses the proposition that the January 3 judgment was limited to liability and did not encompass willfulness. Rule 54(b) permits a district court to enter a final judgment "upon one or more but fewer than all the claims" in "an action involving more than one claim." Federal Practice & Procedure §2654. But Rule 54(b) still requires the "ultimate disposition of an individual claim." *Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1357 (Fed. Cir. 2003). A claim must be "finally decided," so a decision that "leaves a portion of the claim pending … does not fall within the ambit of Rule 54(b)." Federal Practice & Procedure §§2655, 2656. Accordingly, a Rule 54(b) judgment cannot "resolve[] a dispute about liability"

2

alone. *Cadleway Props. v. Ossian State Bank,* 478 F.3d 767, 769 (7th Cir. 2007); *see also Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737, 742-43 (1976). It is thus unsurprising that the Rule 54(b) final judgment here did not refer to liability, or willfulness, or anything the Court had already decided—those rulings were necessarily encompassed by the Court's "ultimate disposition" of Amgen's claims for infringement, which included the issue of willful infringement.[1]

Stripped of the incorrect premise that the Rule 54(b) judgment was "limited to liability" or did not encompass the prior willfulness ruling, Amgen has essentially no argument. The lone case it cites, *Trilogy Communications, Inc. v. Times Fiber Communications, Inc.*, 109 F.3d 739 (Fed. Cir. 1997), is both mischaracterized and easily distinguishable. There, the Federal Circuit dismissed the cross-appeal not because the district court "did not certify as final its rejection of the defendant's invalidity motion," Opp.6, but because the court had not rendered *any* judgment, "final or otherwise," regarding the cross-appellant's claims, having only denied summary judgment on them, 109 F.3d at 745; *see Montanez v. Thompson*, 603 F.3d 243, 248 (3d Cir. 2010) (summary judgment denial "is not a final appealable order"). Here, the Court indisputably granted judgment as a matter of law of no willful infringement. Further, in *Trilogy*, the cross-appellant's claims of invalidity and unenforceability "did not relate to a claim … concerning which the district court directed judgment," namely, the patentee's infringement claim. 109 F.3d at 745. Here, whether Defendants' infringement was willful clearly "relate[d] to" Amgen's infringement claim.

---

[1] Amgen contends that Defendants "never asked the Court" to certify as final the specific willfulness ruling. Opp.3, 5, 6 n.4. But there was no need to do so, because the judgment of willful infringement *vel non* was bound up in the final infringement judgment that (as Amgen itself agrees) was encompassed by the Rule 54(b) judgment. *See id.* at 6. Indeed, for that same reason, even if the Rule 54(b) judgment were—contrary to case law—limited to liability, the question of whether Defendants engaged in willful infringement is plainly tied to the liability question of whether Defendants engaged in infringement in the first place. Notably, Amgen does not dispute that willfulness is a standalone ruling based on the conduct of the accused infringer. *See* Memo.9-10.

3

II.   **An Appellate Decision In Amgen's Favor On Willfulness Would Have Expanded The Scope Of The Judgment, Requiring Cross-Appeal.**

Amgen next contends that cross-appeal of the willfulness ruling was unnecessary because it would not have expanded the scope of the judgment. Opp.6-8. That is so, Amgen first contends, because willful infringement was "preserved for further district court proceedings under Rule 54(b)." *Id.* at 7. But this argument is entirely dependent on Amgen's mistaken premise that "the Rule 54(b) judgment related only to Defendants' infringement and invalidity defenses, and the denial of a new liability trial." *Id.* As explained, the Rule 54(b) final judgment was not so limited.

Amgen next argues that a cross-appeal would not have expanded the judgment's scope because willfulness "is not, by itself, either relief or a basis for automatically granting or denying relief." Opp.7. But Amgen noticeably does not (and cannot) dispute that a determination of willfulness removes a significant obstacle to establishing enhanced damages, thus expanding the judgment's scope. *See* Memo.8-9. That is why, following *Halo*, the Federal Circuit has repeatedly granted relief to cross-appellants challenging rulings of no willful infringement based on *In re Seagate*.[2] Under Amgen's argument, the Federal Circuit should have dismissed these cross-appeals—but it did not. And Amgen simply ignores that the facts here are readily distinguishable from *Aventis Pharma S.A. v. Hospira, Inc.*, 637 F.3d 1341 (Fed. Cir. 2011). *See* Memo.8-9.[3]

Finally, Amgen invokes the amended judgment issued over three months *after* the Rule 54(b) judgment. Opp.1, 10. Tellingly, though, Amgen is unable to articulate a consistent theory

---

[2] *See, e.g.*, *Alfred E. Mann Found. for Sci. Res. v. Cochlear Corp.*, 841 F.3d 1334, 1345-46 (Fed. Cir. 2016); *Apple Inc. v. Samsung Elecs. Co.*, 839 F.3d 1034 (Fed. Cir. 2016); *WesternGeco L.L.C. v. ION Geophysical Corp.*, 837 F.3d 1358, 1363 (Fed. Cir. 2016).

[3] Amgen contends that many of Defendants' cited cases "involv[e] only final judgments." Opp.8-9. But a Rule 54(b) judgment *is a final judgment*. *See* pp. 2-3, *supra*. Amgen's attempts to distinguish Defendants' other cases depend on its erroneous view that a cross-appeal would not have expanded the judgment's scope, or on mischaracterizations of the cases.

4

for why the amended judgment avails it. Amgen initially states that the amended judgment "stayed and reserved the issue of damages and enhanced damages—clearly a label the Court used that included the willfulness issue," and it "formalized the practical effect of the sweeping change in the law of willfulness resulting from the superseding *Halo* decision." *Id.* at 1. But Amgen does not later return to this theme, and for good reason: the amended judgment literally does not mention willfulness or *Halo*. To be sure, the amended judgment refers to the "enhancement of such damages, if deemed appropriate." Dkt. 427, at 2. But that is the result of *Amgen*'s argument that enhanced damages would be appropriate "*even when there has been no prior finding of willfulness.*" Dkt. 506, at 3 (emphasis added). Consistent with its decision not to cross-appeal the willfulness ruling, Amgen argued that it did not need to challenge the willfulness finding in order to obtain enhanced damages—and that is precisely what the amended judgment reflects.[4]

Amgen later takes the exact opposite approach, contending that the amended judgment "implicitly vacated" the willfulness ruling, and no "formal vacatur" of the JMOL ruling was required given *Halo*. Opp.10. But even accepting the dubious premise that rulings need not be formally vacated in light of later legal developments (obviating the need for motions for reconsideration or appeals, including the raft of post-*Halo* Federal Circuit appeals), this argument rings hollow because Amgen *did* ask the Court "vacate the [willfulness] ruling, or give it no effect" in light of *Halo*. Dkt. 406, at 4 n.5. Yet *the Court did not do so*—or even mention willfulness or *Halo* in the amended judgment. The amended judgment did not "vacate" anything, implicitly or explicitly. Consequently, Amgen was required to cross-appeal the adverse willfulness judgment. Because it did not, Defendants' motion should be granted.

---

[4] Amgen also has no response to the fact that it sought enhancement only of "supplemental" damages, which are no longer in the case after the Federal Circuit overturned the verdict. *See* Memo.10.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: May 9, 2018 | WILKS, LUKOFF & BRACEGIRDLE, LLC |
|  | */s/ David E. Wilks*<br>David E. Wilks (No. 2793)<br>Scott B. Czerwonka (No. 4844)<br>4250 Lancaster Pike, Suite 200<br>Wilmington, DE  19805<br>(302) 225-0850<br>dwilks@wlblaw.com<br>sczerwonka@wlblaw.com |

OF COUNSEL:

ARNOLD & PORTER KAYE SCHOLER LLP
Matthew M. Wolf
601 Massachusetts Ave, NW
Washington, DC  20001
(202) 942-5000

David K. Barr
Daniel L. Reisner
Abigail Langsam
250 West 55th Street
New York, NY  10019-9710
(212) 836-8000

Deborah Fishman
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA  94306-3807
(650) 319-4500

STEPTOE & JOHNSON LLP
John Josef Molenda, Ph.D.
Vishal Chandra Gupta
1114 Avenue of the Americas
New York, NY  10036
(212) 506-3900

KIRKLAND & ELLIS LLP
Paul D. Clement
George W. Hicks, Jr.
655 Fifteenth Street, N.W.
Washington, DC  20005
(202) 879-5000

*Attorneys for Sanofi, Sanofi-aventis U.S. LLC, Aventisub LLC, and Regeneron Pharmaceuticals, Inc.*