# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN, INC., AMGEN MANUFACTURING, LIMITED, and AMGEN USA INC., <br><br> Plaintiffs, <br><br> v. <br><br> SANOFI, SANOFI-AVENTIS U.S. LLC, AVENTISUB LLC, f/d/b/a AVENTIS PHARMACEUTICALS INC., and REGENERON PHARMACEUTICALS, INC., <br><br> Defendants. | ) ) ) ) ) ) ) C.A. No. 1:14-cv-01317-RGA ) (CONSOLIDATED) ) ) ) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ) ) ) REDACTED PUBLIC VERSION ) Filed: November 21, 2018 ) ) ) ) |

**DEFENDANTS' RESPONSE TO AMGEN'S OBJECTION TO SPECIAL MASTER'S RULING DENYING CLAWBACK**

November 14, 2018

WILKS, LUKOFF & BRACEGIRDLE, LLC
David E. Wilks (No. 2793)
Scott B. Czerwonka (No. 4844)
4250 Lancaster Pike, Suite 200
Wilmington, DE  19805
(302) 225-0850
dwilks@wlblaw.com
sczerwonka@wlblaw.com

*Attorneys for Sanofi, Sanofi-aventis U.S. LLC, Aventisub LLC, and Regeneron Pharmaceuticals, Inc.*

**INTRODUCTION**

Amgen has seen fit to object to the Special Master's order, submit over 200 pages of briefing and exhibits to this Court, and ask the Court to overrule the Special Master on a garden-variety discovery dispute, all over literally *one* document. Amgen's efforts are in a sense understandable, because the document undermines its case. The ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

The Special Master correctly rejected Amgen's efforts to keep this email away from Defendants and the jury, and her order should be upheld for two independent reasons. First, the document is not privileged in the first place. Second, even assuming the document is privileged, Amgen's failure to object to its use in a deposition constitutes waiver of the privilege, as does its recent failure to object to its use in an expert reply report. Amgen's objection should be overruled.

**ARGUMENT**

**I. The Document Is Not Privileged.**

Amgen acknowledges that the "privileged nature" of the document at issue, AM-SA-REM-77325, is "not obvious on its face." Br.2. That is an understatement: It is not privileged at all.

The attorney-client privilege is "construed narrowly," *Westinghouse Elec. Corp. v.*

1

*Republic of Philippines*, 951 F.2d 1414, 1423 (3d Cir. 1991), and the party claiming privilege bears the burden of "proving its existence and applicability," *In re Grand Jury Investigation*, 918 F.2d 374, 385 n.15 (3d Cir. 1990).  The "central inquiry" is "whether the communication is one that was made by a client to an attorney for the purpose of obtaining legal advice or services." *Shire Dev. Inc. v. Cadila Healthcare Ltd.*, 2012 WL 5247315, at *3 (D. Del. June 15, 2012).  The privilege governs not just "communications to an attorney," but also "communications from an attorney providing legal advice." *Id.*  The privilege "attaches to the communication itself and not to the facts communicated"; thus, "technical data … and other factual information is discoverable." *Pfizer Inc. v. Ranbaxy Labs. Ltd.*, 2004 WL 2323135, at *1 (D. Del. Oct. 7, 2004).

Under well-established law, AM-SA-REM-77325 is not privileged.



*Pfizer*, 2004 2323135, at *2.

Amgen's arguments for why AM-SA-REM-77325 is privileged lack merit.  Amgen broadly asserts that the document was "prepared by Amgen scientists at the request of Amgen's in-house attorney to facilitate developing legal strategy in connection with a patent application filing." Br.10.  But the document does not support this claim.

██████████

████████ █████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

██████████████ Amgen's cited cases are inapposite. *SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467 (E.D. Pa. 2005), states that where "client *and counsel* share technical information," that communication is privileged "as long as it was made for the purpose of securing legal advice or legal services, or conveying legal advice." *Id.* at 480 (emphasis added). ████

███████████████████████████████████

████████ Likewise, in *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800 (Fed. Cir. 2000), the Federal Circuit went out of its way to note that the communication at issue was to an attorney. *See id.* at 805 ("[W]e first note that Spalding's invention record constitutes a communication *to an attorney*." (emphasis added)). And as Amgen itself admits, *Hercules* also involved documents "provided to counsel." Br.10.

Amgen thus falls back on the argument that "a document does not even need to be addressed to or from an attorney to be privileged—privileged communications may be shared by non-attorney employees 'in order to relay information requested by attorneys,' and so that the corporation is 'properly informed of legal advice and [may] act appropriately.'" *Shire*, 2012 WL 5247315, at *3; Br.10. ████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

████████████████████████████ Amgen simply has not satisfied its burden

3

of establishing that the "strictly confined" attorney-client privilege applies to ▓▓▓▓▓.[1]

## II. Amgen Waived Privilege By Not Objecting To The Document's Use During Discovery.

Even if AM-SA-REM-77325 were privileged, Amgen waived the privilege when it failed to object to the document's use during discovery. Case law overwhelmingly holds that even where a protective order permits clawback of inadvertently *produced* documents, the subsequent *use* of an inadvertently produced document without objection—for example, in a deposition—waives privilege and defeats a clawback attempt.

**A.** The leading case is *Certain Underwriters at Lloyd's London v. National Railroad Passenger Corp.*, 218 F. Supp. 3d 197 (E.D.N.Y. 2016). There, the parties (LMI and Amtrak) had agreed to a protective order providing that no party waived privilege "merely by producing documents in discovery." *Id.* at 199. During LMI's deposition of a former Amtrak employee, LMI's counsel introduced Exhibit 44 and questioned the witness about it. Amtrak's counsel lodged objections, but never asserted that Exhibit 44 was privileged. *Id.* at 200. The next day, Amtrak sent a letter "clawing back" Exhibit 44 on the basis that it was subject to attorney-client privilege. *Id.* In a published decision, the district court explained that "while an appropriately worded protective order may prevent waiver due to a party's *disclosure* of privileged information, that party's subsequent failure to timely and specifically object to the *use* of that information— during a deposition, for example—*can* waive any applicable privilege." *Id.* at 201. The court held that the parties' protective order did not "speak[] to the situation at issue here, where Amtrak failed to timely and specifically object to a party's *use* of privileged material." Because LMI

---

[1] Amgen contends that the Special Master "tacitly agree[d]" that the document is privileged. Br.9. But the Special Master was not required to find that the document was privileged before determining that Amgen waived the privilege; given the compressed nature of the proceedings, she could have assumed—and likely did assume—privilege before finding waiver. This Court can do the same, but it can also conclude that the document is not privileged to begin with.

"introduced" the exhibit, "questioned" the witness about it, and Amtrak "never specifically objected" on privilege grounds, Amtrak waived privilege as to the document. *Id.* at 202.

Equally on point is *Luna Gaming–San Diego, LLC v. Dorsey & Whitney, LLP*, 2010 WL 275083 (S.D. Cal. Jan. 13, 2010). A protective order permitted the clawback of "inadvertently produced privileged documents." *Id.* at *1. At a deposition, Dorsey's counsel introduced a document, asked the witness to review it, and asked several questions. The entire process took "nearly two minutes," during which Luna counsel "did not object to the use of" the document. *Id.* When Luna sought to claw back the document, the magistrate judge ruled that privilege had not been waived, but the district court overruled that decision. The court first observed that the protective order did not apply because it "does not address under what circumstances failure to object to the use of inadvertently produced privileged documents waives the privilege." *Id.* at *4. The court then held that "if a privileged document is used at a deposition, and the privilege holder fails to object immediately, the privilege is waived." *Id.* (citing cases). As such, "Luna's failure to object at the … deposition waived the privilege with respect to the" document. *Id.*[2]

Likewise, in *Hologram USA v. Pulse Evolution Corp.*, 2016 WL 3654285 (D. Nev. July 5, 2016), the court noted that clawback provisions in protective orders "govern only waivers by inadvertent disclosure." *Id.* at *2. Thus, the "failure to timely object to the introduction of an exhibit waives any privilege, regardless of the presence of a claw-back provision governing inadvertent disclosure." *Id.* The court accordingly held that defendants had "waived their privilege claims" regarding inadvertently produced documents that "were entered as exhibits" in a deposition and "formed the basis of questions," with "[n]o privilege … objections … ever lodged"

---

[2] The court identified "additional grounds" for finding waiver, 2010 WL 275083, at *6, including those noted by Amgen, Br.9, but contrary to Amgen's argument, the opinion makes clear that the mere failure to object during the deposition was a *sufficient* ground for finding waiver.

5

as to the documents. *Id.* at *3. "By failing to raise timely objections to the introduction of these documents and by permitting their use during the deposition, Defendants irrevocably and permanently waived their present privilege claims." *Id.*[3] Similarly, in *United States v. Wells Fargo Bank, N.A.*, 2015 WL 5051679 (S.D.N.Y. Aug. 26, 2015), the court held that where two produced documents were "used, without objection, during depositions," the "failure to object plainly constituted a waiver." *Id.* at *4; *see also, e.g.*, *Brandon v. D.R. Horton, Inc.*, 2008 WL 2096883, at *3 (S.D. Cal. May 21, 2008) ("Plaintiff's failure to assert the privilege at [the] deposition is clear proof that, even if there was a privilege, it was irrevocably and absolutely waived[.]").

In light of these decisions, this is an easy case. On May 23, Amgen produced AM-SA-REM-77325. Over two months later, during the August 8 deposition of Dr. Jackson, Defendants' counsel marked AM-SA-REM-77325 as Exhibit 27, presented it to Dr. Jackson, and asked five questions about the document over approximately two minutes (the same amount of time as in *Luna Gaming*). Amgen's counsel objected to one question as vague and ambiguous, but otherwise did not object, including on privilege grounds. When Amgen "fail[ed] to timely and specifically object to the *use* of" AM-SA-REM-77325 at the deposition, Amgen "waive[d] any applicable privilege," and thus it cannot claw back the document. *Lloyd's*, 218 F. Supp. 3d at 201.

**B.** Amgen's contrary arguments lack merit. At the outset, Amgen claims that the Protective Order "is not just limited to inadvertent production of a document" but "extends to inadvertent use or disclosure at a deposition." Br.4. But the governing Protective Order says no such thing. The relevant paragraph states only that "the *inadvertent production of* documents subject to the attorney-client privilege … will not waive the attorney-client privilege." Dkt. 90

---

[3] Amgen claims that "all 5 documents" in *Hologram* "were privileged on their face." Br.9. That assertion is entirely unsupported by the decision. Regardless (or perhaps unsurprisingly), the court's decision did not turn on that supposed fact.

6

¶36 (emphasis added). In fact, that paragraph refers five times to "inadvertently produced" documents, and never to any other category of documents, including documents actually used in litigation. There is no indication whatsoever that the parties intended for the clawback provision to extend to documents not just produced, but used in discovery.

Amgen cites paragraph 5 of the Protective Order, which states that the "'Protective Order *and protections herein* … apply to all Discovery Material," and it recites the definition of "Discovery Material." Br.4 (citing Dkt. 90 ¶5) (emphasis by Amgen). But this does not get Amgen anywhere, because no matter what the definition of "Discovery Material," the "protections herein" applicable to that material are defined by the rest of the Protective Order. And as to clawback protections, those protections are defined by paragraph 36, which specifically (and repeatedly) limits clawback to "inadvertently produced" documents. *Cf., e.g.*, *DCV Holdings, Inc. v. ConAgra, Inc.*, 889 A.2d 954, 961 (Del. 2005) (noting the "[w]ell-settled rule[] of contract construction" that "[s]pecific language in a contract controls over general language"). In short, paragraph 5 defines what "Discovery Material" is entitled to clawback protection—namely, "material or information produced or disclosed in discovery"—and paragraph 36 describes what that clawback protection encompasses—namely, the inadvertent production or disclosure of that material or information. Nothing in those paragraphs provides that the *use* of inadvertently produced or disclosed material or information is entitled to clawback.[4]

Next, Amgen repeatedly claims that "[t]he Third Circuit" has a five-factor test for determining whether, under Federal Rule of Evidence 502(b), "inadvertent disclosure … operate[s] as a waiver," and it applies those factors. Br.5-7. To begin with, there are no such "Third Circuit"

---

[4] Amgen cites *Alcon Manufacturing, Ltd. v. Apotex Inc.*, 2008 WL 5070465 (S.D. Ind. Nov. 26, 2008), Br.5, but that case involved a different protective order and the rejection of an argument that Defendants here do not make.

7

factors. The Third Circuit has never even addressed Rule 502(b). Amgen appears to have borrowed language from one of its two cited decisions, *Alers v. City of Philadelphia*, 2011 WL 6000602 (E.D. Pa. Nov. 29, 2011), which states that "the Third Circuit has applied a 5-part test to determine whether inadvertent disclosure results in a waiver of the privilege." *Id.* at *2. But the only case *Alers* cites is a pre-rule 502(b) district court decision, *Fidelity and Deposit Co. of Md. v. McCulloch*, 168 F.R.D. 516 (E.D. Pa. 1996), which itself cites only district court decisions. Amgen's other citation for the supposed "Third Circuit factors," *Magnetar Technologies Corp. v. Six Flags Theme Park Inc.*, 886 F. Supp. 2d 466 (D. Del. 2012), also relies solely on *Fidelity*.

Regardless, and even more problematic for Amgen, Rule 502(b) and the "factors" Amgen cites only address whether inadvertent *production* constitutes waiver. They do not address whether the *use* of an inadvertently produced document constitutes waiver, which is the question here. Thus, for example, in *Magnetar*, the court simply determined that inadvertent production of a document did not waive privilege. *Id.* at 483-84. Similarly, in the cursory, unpublished *Alers* decision, the court applied the factors to determine whether a document's "inadvertent disclosure" constituted waiver. 2011 WL 6000602, at *2. In this case, however, the Protective Order answers the question whether a document's inadvertent disclosure constitutes waiver—it does not. The question here is a different, and logically subsequent, question that *Alers* did not address (and the defendants there did not raise) and that *Magnetar* had no reason to address—whether the *use* of an inadvertently disclosed document in a deposition absent objection waives the privilege. The courts that have squarely addressed *that* question have answered it with a resounding "yes"—including the only published decision to address the question, *Lloyd's*.

Amgen's attempts to distinguish *Lloyd's* fail, and they largely depend on grossly misrepresenting that decision. Amgen first argues that *Lloyd*'s based its decision on the facts that

the document was "intentionally" produced (*i.e.*, "no mere inadvertence"), was initially listed on a privilege log but then delisted, and was designated on its face as attorney work product. But all of those facts concern *another* exhibit addressed by the court, Exhibit 26. It is the court's reasoning and holding as to a different exhibit, Exhibit 44—which possessed none of those attributes—that is squarely applicable here, *see* pp.4-5, *supra*, and as to which Amgen has no response.[5]

Amgen's second and third arguments are related. It claims that *Lloyd's* "did not address the issue present before this Court, namely whether the inadvertent disclosure by way of production and deposition constitutes effectively waiver *per se*." And it argues that *Lloyd's* "did not apply a blanket waiver rule without examining whether the conduct was in fact intentional," which "is in accord with" Rule 502(b). Br.8. But Defendants are not arguing for a *per se* legal rule of waiver (or for "effectively waiver *per se*")—simply that, under the circumstances here, Amgen waived privilege, just as *Lloyd's* found waiver under materially identical circumstances regarding Exhibit 44. And, once again, Rule 502(b), which concerns the effect of inadvertent production, is irrelevant to the question here, which concerns the effect of a document's use absent objection.[6]

---

[5] In a desperate attempt to link Exhibit 44 with Exhibit 26, Amgen asserts that one of the documents (Exhibit 26) was "designated on its face as privileged work product," and the second document (Exhibit 44) was "substantially similar." Br.8. This is a truly audacious mischaracterization. Exhibit 44 was *not* "designated on its face as privileged work product," and thus was not at all "substantially similar" to Exhibit 26 in the very sense that Amgen is trying to argue.

[6] Amgen's passing assertion that Defendants "changed tracks" regarding AM-SA-REM-77325, Br.3, mischaracterizes the record. During King's deposition—the day after Amgen sent its clawback letter—Defendants' counsel merely agreed that Defendants would "comply … with the protective order," which as noted does not provide for clawback of documents used in depositions. Amgen Ex. F, at 16:10-11. Counsel's willingness not to mark or ask questions about the document reflected Defendants' recognition that, the previous day, Amgen had identified the document as privileged—not Defendants' *sub silentio* concession that privilege was appropriate and intact. In fact, Defendants' counsel specifically placed Amgen on notice that Defendants would raise a challenge with the Court to Amgen's assertions: *See id.* at 16:12-16

Apparently recognizing the flaw in its continued reliance on Rule 502(b), Amgen's fourth argument contends that *Lloyd's* "parsing" of the "difference between 'disclosure' by production and 'use' at a deposition" is "contrary to the plain scope" of Rule 502(b). But the plain text of Rule 502(b) clearly refers to "inadvertent disclosure" alone. Nothing in the text suggests that the Rule also covers, or is intended to cover, the subsequent *use* of an inadvertently disclosed document, and Amgen does not cite a single case indicating as much.[7]

Finally, although Amgen waived privilege for AM-SA-REM-77325 by failing to object to its use at Dr. Jackson's deposition, it bears emphasizing that Amgen *also* failed to object to a *second* use of AM-SA-REM-77325. On October 19, three days after the Special Master ruled for Defendants on this issue, Defendants served the reply report of their antibody expert, Dr. Scott Boyd. On three occasions in that report, Dr. Boyd cited AM-SA-REM-77325. *See* Ex. A, at 40 nn.129, 130, & 132. Subsequently, Amgen did not object to that use of AM-SA-REM-77325. All Amgen did—nearly three weeks later—was file its objection to the Special Master's ruling, in which it did not mention, plus less object to, the document's use in the reply report. Amgen's failure to object to the second use of the document simply underscores that it has waived privilege and that the Special Master's ruling should be affirmed.

## CONCLUSION

The Court should overrule Amgen's objection and uphold the Special Master's ruling.

---

and will hold the deposition open in the event that the document is deemed by the Court not to be privileged."). And Amgen's counsel made it clear in response that he would assert privilege to shut down examination on the document. *See id.* at 16:17-19 ("I appreciate that. And, of course, I will instruct him [Mr. King] not to answer on questions around that document if you ask them.").

[7] Amgen's two other cases are easily distinguishable. *See Alcon*, 2008 WL 5070465, at *6 (disputed material was "handwriting" that was "difficult to read" and required time to "decipher"); *ZapMedia Servs., Inc. v. Apple, Inc.*, 2010 WL 5140672 at *2 (E.D. Tex. Sept. 24, 2010) (disputed material was "handwritten annotations").

10

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: November 14, 2018 | WILKS, LUKOFF & BRACEGIRDLE, LLC |

   */s/ Scott B. Czerwonka*
David E. Wilks (No. 2793)
Scott B. Czerwonka (No. 4844)
4250 Lancaster Pike, Suite 200
Wilmington, DE  19805
(302) 225-0850
dwilks@wlblaw.com
sczerwonka@wlblaw.com

OF COUNSEL:

ARNOLD & PORTER KAYE SCHOLER LLP
Matthew M. Wolf
601 Massachusetts Ave, NW
Washington, DC  20001
(202) 942-5000

David K. Barr
Daniel L. Reisner
Abigail Langsam
250 West 55th Street
New York, NY  10019-9710
(212) 836-8000

Deborah Fishman
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA  94306-3807
(650) 319-4500

STEPTOE & JOHNSON LLP
John Josef Molenda, Ph.D.
Vishal Chandra Gupta
1114 Avenue of the Americas
New York, NY  10036
(212) 506-3900

KIRKLAND & ELLIS LLP
Paul D. Clement
George W. Hicks, Jr.
655 Fifteenth Street, N.W.
Washington, DC  20005
(202) 879-5000

*Attorneys for Sanofi, Sanofi-aventis U.S. LLC, Aventisub LLC, and Regeneron Pharmaceuticals, Inc.*

12