IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMGEN INC.; AMGEN MANUFACTURING, LIMITED; and AMGEN USA INC. | ) ) ) | |
| Plaintiffs, | ) ) ) | C.A. No.: 14-1317-RGA (CONSOLIDATED) |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| SANOFI; SANOFI-AVENTIS U.S. LLC; AVENTISUB LLC, f/d/b/a AVENTIS PHARMACEUTICALS INC., and REGENERON PHARMACEUTICALS, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## PROPOSED VERDICT FORMS

*TAB*

PROPOSED LIABILITY VERDICT FORM..................................................................1

AMGEN'S PROPOSED DAMAGES/WILLFULNESS VERDICT FORM...................2

DEFENDANTS' PROPOSED DAMAGES/WILLFULNESS VERDICT FORM.........3

| YOUNG CONAWAY STARGATT & TAYLOR, LLP | WILKS, LUKOFF & BRACEGIRDLE, LLC |
|---|---|
| */s/ James L.Higgins* | */s/ Scott B. Czerwonka* |
| Melanie K. Sharp (No. 2501) | David E. Wilks (No. 2793) |
| James L. Higgins (No. 5021) | Scott B. Czerwonka (No. 4844) |
| Michelle M. Ovanesian (No. 6511) | 4250 Lancaster Pike, Suite 200 |
| 1000 North King Street | Wilmington, DE 19805 |
| Wilmington, DE 19801 | (302) 225-0850 |
| (302) 571-6600 | dwilks@wlblaw.com |
| msharp@ycst.com | sczerwonka@wlblaw.com |
| jhiggins@ycst.com | |
| movanesian@ycst.com | OF COUNSEL: |
| | |
| OF COUNSEL: | ARNOLD & PORTER KAYE SCHOLER LLP |
| | Matthew M. Wolf |
| MCDERMOTT WILL & EMERY LLP | 601 Massachusetts Ave, NW |
| William G. Gaede, III | Washington, DC 20001 |
| 275 Middlefield Road, Suite 100 | (202) 942-5000 |
| Menlo Park, CA 94025 | |
| (650) 815-7400 | David K. Barr |
| | Daniel L. Reisner |
| Sarah C. Columbia | Abigail Langsam |
| K. Nicole Clouse | Michael A. Lynn |
| 28 State Street | 250 West 55th Street |
| Boston, MA 02109-1775 | New York, NY 10019-9710 |
| (617) 535-4074 | (212) 836-8000 |
| | |
| Rebecca Harker Duttry | Deborah Fishman |
| The McDermott Building | 3000 El Camino Real |
| 500 North Capitol Street, N.W. | Five Palo Alto Square, Suite 500 |
| Washington, DC 20001 | Palo Alto, CA 94306-3807 |
| (202) 756-8000 | (650) 319-4500 |
| | |
| LONDON & MEAD | STEPTOE & JOHNSON LLP |
| Christopher B. Mead | John Josef Molenda, Ph.D. |
| 1225 19th Street, N.W. | Vishal Chandra Gupta |
| Suite 320 | 1114 Avenue of the Americas |
| Washington, D.C. 20036 | New York, NY 10036 |
| (202) 331-3334 | (212) 506-3900 |
| | |
| CRAVATH, SWAINE & MOORE LLP | KIRKLAND & ELLIS LLP |
| Keith R. Hummel | Paul D. Clement |
| David N. Greenwald | George W. Hicks, Jr. |
| Lauren A. Moskowitz | 655 Fifteenth Street, N.W. |

Geoffrey G. Hu
Sharonmoyee Goswami
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Lauren Martin
111 Huntington Ave., Suite 520
Boston, MA 02199
(617) 712-7100

*Attorneys for Amgen Inc., Amgen Manufacturing, Limited and Amgen USA Inc.*

Seventh Floor
Washington, DC 20005-5793
(202) 879-5000

*Attorneys for Sanofi, Sanofi-aventis U.S. LLC, Aventisub LLC, and Regeneron Pharmaceuticals, Inc.*

Dated: January 18, 2019

01:18322323.1

# TAB 1
# PROPOSED LIABILITY VERDICT FORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC.; AMGEN MANUFACTURING, LIMITED; and AMGEN USA INC.<br><br>    Plaintiffs,<br><br>    v.<br><br>SANOFI; SANOFI-AVENTIS U.S. LLC; AVENTISUB LLC, f/d/b/a AVENTIS PHARMACEUTICALS INC., and REGENERON PHARMACEUTICALS, INC.,<br><br>    Defendants. | C.A. No.: 14-1317-RGA<br>(CONSOLIDATED)<br><br>**JURY TRIAL DEMANDED** |

We, the jury, unanimously find as follows:

**VERDICT SHEET**[1]

---

[1] Amgen proposes that the verdict form used in the first trial be used again in the retrial, consistent with the Court's Scheduling Order. D.I. 458 ¶ 15. Amgen objects to Defendants' new insertions as inconsistent with the Scheduling Order.

We, the jury, unanimously find as follows.

*In the following questions, "Amgen" refers to plaintiffs Amgen Inc., Amgen Manufacturing, Limited, and Amgen USA Inc., and "Sanofi-Regeneron" refers to defendants Sanofi, Sanofi-Aventis U.S. LLC, Aventisub LLC, and Regeneron Pharmaceuticals, Inc.*

## VALIDITY

**1. The '165 patent**

a. Have defendants proven by clear and convincing evidence that the following claims of the '165 patent are invalid because the patent does not enable a person of ordinary skill in the art to make or use the invention of the following claims of the '165 patent?

**[[By Defendants:** Are the following claims of the '165 patent invalid because the patent does not, as of January 9, 2008, enable a person of ordinary skill in the art to make or use the claimed invention?**]]**

*Checking "yes" below indicates a finding for Sanofi-Regeneron.*
*Checking "no" below indicates a finding for Amgen.*

| Claim | Yes | No |
|---|---|---|
| Claim 2 | Yes ____ | No ____ |
| Claim 7 | Yes ____ | No ____ |
| Claim 9 | Yes ____ | No ____ |
| Claim 15 | Yes ____ | No ____ |
| Claim 19 | Yes ____ | No ____ |
| Claim 29 | Yes ____ | No ____ |

*Continue to next page.*

b. Have defendants proven by clear and convincing evidence that the following claims of the '165 patent are invalid because the patent lacks adequate written description?

**[[By Defendants:** Are the following claims of the '165 patent invalid because the patent, as of January 9, 2008, lacks adequate written description?**]]**

*Checking "yes" below indicates a finding for Sanofi-Regeneron.*
*Checking "no" below indicates a finding for Amgen.*

| | | |
|---|---|---|
| Claim 2 | Yes ____ | No ____ |
| Claim 7 | Yes ____ | No ____ |
| Claim 9 | Yes ____ | No ____ |
| Claim 15 | Yes ____ | No ____ |
| Claim 19 | Yes ____ | No ____ |
| Claim 29 | Yes ____ | No ____ |

**2. The '741 patent**

a. Have defendants proven by clear and convincing evidence that claim 7 of the '741 patent is invalid because the patent does not enable a person of ordinary skill in the art to make or use the invention in claim 7 of the '741 patent?

**[[By Defendants:** Is claim 7 of the '741 patent is invalid because the patent does not, as of January 9, 2008, enable a person of ordinary skill in the art to make or use the claimed invention?**]]**

*Checking "yes" below indicates a finding for Sanofi-Regeneron.*
*Checking "no" below indicates a finding for Amgen.*

Claim 7    Yes ____    No ____

b. Have defendants proven by clear and convincing evidence that claim 7 of the '741 patent is invalid because the patent lacks adequate written description?

**[[By Defendants:** Is claim 7 of the '741 patent is invalid because the patent, as of January 9, 2008, lacks adequate written description?**]]**

*Checking "yes" below indicates a finding for Sanofi.*
*Checking "no" below indicates a finding for Amgen.*

Claim 7    Yes ____    No ____

*Continue to next page.*

We, the jurors, by signing below, indicate our unanimous verdict.

_____   _____
Jury Foreperson                             Juror


_____   _____
Jury Foreperson                             Juror


_____   _____
Jury Foreperson                             Juror


_____   _____
Jury Foreperson                             Juror


Dated: _____

# TAB 2

# AMGEN'S PROPOSED DAMAGES / WILLFULNESS VERDICT FORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC.; AMGEN MANUFACTURING, LIMITED; and AMGEN USA INC.<br><br>Plaintiffs,<br><br>v.<br><br>SANOFI; SANOFI-AVENTIS U.S. LLC; AVENTISUB LLC, f/d/b/a AVENTIS PHARMACEUTICALS INC., and REGENERON PHARMACEUTICALS, INC.,<br><br>Defendants. | C.A. No.: 14-1317-RGA (CONSOLIDATED)<br><br>**JURY TRIAL DEMANDED** |

**VERDICT SHEET**

We, the jury, unanimously find as follows.

*In the following questions, "Amgen" refers to plaintiffs Amgen Inc., Amgen Manufacturing, Limited, and Amgen USA Inc., and "Sanofi-Regeneron" refers to Defendants Sanofi, Sanofi-Aventis U.S. LLC, Aventisub LLC, and Regeneron Pharmaceuticals, Inc.*

## DAMAGES

Having found certain of the asserted claims to be valid, you shall award a damages amount to Amgen in accordance with the instructions you have been given.

    1. Damages to be awarded to Amgen: $_____

    2. Has Amgen proven by a preponderance of the evidence that Sanofi-Regeneron's infringement of one or more asserted claims was willful?

_____      _____

Yes (in favor of Amgen)      No (in favor of Sanofi-Regeneron)

*Continue to next page*

We, the jurors, by signing below, indicate our unanimous verdict.

_____  _____

Jury Foreperson                Juror

_____  _____

Juror                          Juror

_____  _____

Juror                          Juror

_____  _____

Juror                          Juror

Dated: _____

# TAB 3

# DEFENDANTS' PROPOSED DAMAGES / WILLFULNESS VERDICT FORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AMGEN INC., AMGEN
 MANUFACTURING, LIMITED, and
 AMGEN USA INC.,

      Plaintiffs,

      v.

SANOFI; SANOFI-AVENTIS U.S. LLC;
AVENTISUB LLC f/d/b/a AVENTIS
PHARMACEUTICALS INC.; and
REGENERON PHARMACEUTICALS,
INC.,

      Defendants.

Civ. No. 14-1317-SLR
(Consolidated)

**DEFENDANTS' REMEDIES PHASE PROPOSED VERDICT SHEET**

We, the jury, unanimously find as follows:

In the following questions, "Amgen" refers to plaintiffs Amgen Inc., Amgen Manufacturing, Limited, and Amgen USA Inc., and "defendants" refers to defendants Sanofi, sanofi-aventis U.S. LLC, Aventisub LLC, and Regeneron Pharmaceuticals, Inc.

## DAMAGES

**A. Lost Sales**

1. Is Amgen entitled to lost profits damages in the form of lost sales for some or all of the units of Praluent® sold by defendants?

*Checking "yes" below indicates a finding for Amgen.*
*Checking "no" below indicates a finding for Sanofi-Regeneron.*

Yes _____   No _____

*If you answered "Yes" above, continue with Question 2.*
*If you answered "No" above, skip to Question 3.*

2. What lost profits in the form of lost sales, excluding lost profits for price erosion, is Amgen entitled to recover?

Amount:   $_____

**B. Price Erosion**

3. Is Amgen entitled to lost profits due to price erosion because Amgen would have been able to charge and receive higher prices for Repatha® but for infringement by defendants?

*Checking "yes" below indicates a finding for Amgen.*
*Checking "no" below indicates a finding for Sanofi-Regeneron.*

Yes _____   No _____

*If you answered "Yes" above, continue with Question 4.*
*If you answered "No" above, skip to Question 5.*

4. What lost profits damages due to price erosion do you find Amgen is entitled to recover due to defendants' sale of Praluent® in the United States?

Amount: $_____

**C. Reasonable Royalty**

5. Has Amgen proven the existence of any sales of Praluent® in the United States for which you have not already awarded damages?

*Checking "yes" below indicates a finding for Amgen.*
*Checking "no" below indicates a finding for Sanofi-Regeneron.*

Yes _____  No _____

*If you answered "Yes" above, continue with Question 6.*
*If you answered "No" above, skip to Question 7.*

6. What amount is Amgen entitled to as a reasonable royalty?

Amount: $_____, a royalty of ____%.

**WILLFUL INFRINGEMENT[1]**

7. Did defendants willfully infringe the '165 patent and/or '741 patent?[2]

*Checking "yes" below indicates a finding for Amgen.*
*Checking "no" below indicates a finding for Sanofi-Regeneron.*

Yes _____  No _____

*Continue to the next page.*

---

[1] Defendants' position is that willfulness is not at issue in this case. *See* Defendants' Motion for Judgment on the Pleadings regarding willfulness, which is still pending before the Court. D.I. 448. However, consistent with the Court's comments at the January 3, 2019 hearing, Defendants have addressed willfulness in their proposed verdict form.

[2] This question will be adjusted to include only the patent(s)-in-suit with valid claims following the liability phase of the trial.

01:24073416.1

*We, the jurors, by signing below, indicate our unanimous verdict.*

_____        _____

Jury Foreperson                                              Juror


_____        _____

Juror                                                        Juror


_____        _____

Juror                                                        Juror


_____        _____

Juror                                                        Juror


Dated: _____