IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AMGEN INC; AMGEN MANUFACTURING,
LIMITED; and AMGEN USA, INC. )
)
)               C.A. No.: 14-1317-RGA
Plaintiff,        )               (CONSOLIDATED
)
v.               )               **JURY TRIAL DEMANDED**
)
SANOFI; SANOFI-AVENTIS U.S. LLC;      )               ███████████████
AVENTISUB LLC, f/d/b/a AVENTIS        )
PHARMACEUTICALS INC., and REGENERON   )
PHARMACEUTICALS, INC.,               )               REDACTED -
)
Defendants.      )               PUBLIC VERSION
)

## JOINT PROPOSED PRETRIAL ORDER

On January 25, 2019, counsel for Plaintiffs, Amgen Inc., Amgen Manufacturing, Limited,

and Amgen USA, Inc. (collectively "Plaintiffs" or "Amgen") and counsel for Defendants,

Sanofi, Sanofi-Aventis U.S. LLC, Aventisub LLC f/d/b/a Aventis Pharmaceuticals Inc., and

Regeneron Pharmaceuticals. Inc. (collectively "Defendants") will participate in a Pretrial

Conference before this Court pursuant to Rule 16 of the Federal Rules of Civil Procedure, D.

Del. LR 16.3, and the Scheduling Order filed on May 16, 2018 (D.I. 458).  Pursuant to D. Del.

LR 16.3(c), the parties hereby submit for the Court's approval this Joint Pretrial Order ("Order")

governing trial[1] of the actions, which is currently scheduled to commence on February 19, 2019,

---

[1] **[[BY DEFENDANTS:**  In Defendants' exhibits to this proposed pretrial order and when Defendants use the term "trial", "trial" refers to the trial on liability scheduled to commence on February 19, 2019, and any trial on damages and willfulness (depending on resolution of the pending motion D.I. 448) to follow.  Amgen's request for a permanent injunction will not be tried with damages issues, but will instead be submitted to the Court through briefing and, potentially, a subsequent hearing should the Court deem it necessary.  (D.I. 458 at 12.) Defendants have not addressed permanent injunction issues in their pretrial order materials.  No evidentiary hearing or trial is scheduled on injunction issues.  None of the Local Rules, scheduling order, or any order by the Special Master specifies inclusion in this pretrial order.

at 9:30 a.m.  Where the parties have competing proposals, they are set off by double brackets ("[[") and each proposal is preceded by bolded text.

## I.   NATURE OF ACTION AND PLEADINGS

1.     This is a consolidated civil action for patent infringement of U.S. Patent Nos.: 8,563,698 ('698 Patent); 8,829,165 ('165 Patent); 8,859,741 ('741 Patent); 8,871,913 ('913 Patent); 8,871,914 ('914 Patent); 8,883,983 ('983 Patent); and 8,889,834 ('834 Patent) (collectively "Patents-in-Suit").  As discussed below, this case was previously tried in March 2016, the Court granted Amgen's motion for a permanent injunction and its judgment was appealed.  The Federal Circuit held that a new trial was required on written description and enablement due to the district court's improper "categorical" exclusion of post-priority evidence regarding written description and enablement.  *Amgen v. Sanofi*, 872 F.3d 1367, 1375 (Fed. Cir. 2017).  Additionally, the Federal Circuit found that a jury instruction regarding the "newly characterized antigen test" to satisfy written description was improper.  *Id.* at 1379.  The Federal Circuit also held that Defendants were not entitled to judgment as a matter of law of no written description and no enablement, due to the "incomplete record" regarding the post-priority date evidence, and thus could not find in favor of Defendants.  *Id.*  This case is now being retried after remand from the Federal Circuit.  For purposes of trial management and at the request of the

---

Moreover, the parties agreed to a March 4 date for supplementation of injunction documents. Nevertheless, to avoid further dispute, the parties have agreed that Defendants will provide Amgen with pretrial order materials relevant to injunction by February 1, 2019. **BY AMGEN**: In Amgen's exhibits to this proposed pretrial order and when Amgen uses the term "trial", "trial" refers to the trial on liability scheduled to commence on February 19, 2019, the trial on damages and willfulness (depending on resolution of the pending motion D.I. 448) to follow and the permanent injunction hearing (if one is scheduled).  The injunction issues are part of this case and should be addressed in the pretrial order materials, except for the revised exhibit list, consistent with the order of the Special Master.  (D.I. 699.)  Defendants should have included their injunction evidence in the pretrial order in accordance with the Scheduling Order and the Delaware Local Rules.  Nevertheless, the parties have agreed that Defendants will provide Amgen with pretrial order materials relevant to injunction by February 1, 2019.]]

Defendants and the Court, Amgen has selected the following claims to litigate: '165 Patent: Claims 2, 7, 9, 15, 19, and 29; and '741 Patent:   Claim 7. [[**BY DEFENDANTS:** Although Amgen characterizes the asserted claims as the claims it "selected" to litigate, Defendants do not agree that Amgen has the right to assert any claim in the Pre-Remand Patents-in-Suit other than the asserted claims in this case or in any future case.   **BY AMGEN:**   Amgen's position on the claims it has selected is set forth in paragraph 5 below.]]

2.     Because the Defendants stipulated to infringement of these claims, but contend that the Claims 2, 7, 9, 15, 19, and 29 of the '165 Patent and Claim 7 of the '741 Patent are invalid, and because the Court previously granted Amgen's motion for judgment as a matter of law of non-obviousness, which the Federal Circuit affirmed, the only issues for trial on remand are Defendants' challenges to the Claims 2, 7, 9, 15, 19, and 29 of the '165 Patent and Claim 7 of the '741 Patent on the grounds of lack of written description and lack of enablement and Amgen's past damages from Defendants' infringement since February 1, 2016 through September 30, 2018.   In addition, depending on the Court's ruling on the pending willfulness motion D.I. 448, the parties may also need to try willfulness as part of the damages phase of trial (*see* D.I. 458 ¶ 17).[2]   Should Amgen prevail on Defendants' validity challenges, Amgen intends to bring a renewed motion for a permanent injunction.

---

[2] [[**BY AMGEN:** While willfulness discovery had been delayed pending the Court's resolution of Defendants' FRCP 12(c) motion, but is no longer delayed by order of the Court during the January 3, 2019 hearing, the issue of willfulness is and has been at issue in this case unless and until there is a Court order that states otherwise.   Defendants should have included their willfulness evidence in the pretrial order that they served to Amgen on January 4, 2019, in accordance with the Scheduling Order and the Delaware Local Rules.   Regarding Defendants' June 8, 2018 letter on willfulness discovery discussed below by Defendants, the Court ordered that "[n]o discovery on willfulness issues is permitted pending decision on Defendants' motion for judgment on the pleadings regarding Amgen's willful infringement claim.   If Defendants' motion is denied, the parties will meet and confer on the scope of any discovery as to willful infringement sought by Amgen."   (D.I. 458 (May 16, 2018 Scheduling Order) § 3.b.)   The Court

**A.     Pre-Remand Procedural History**

3.      Amgen filed a series of complaints against Defendants Sanofi, Sanofi U.S., Aventisub and Regeneron between October 17, 2014 and November 17, 2014.  The resulting actions were then consolidated on December 15, 2014, under Civil Action No. 14-1317-SLR.  In these actions, Amgen asserted seven patents.

4.      In each complaint, Amgen sought a judgment of infringement of the asserted patents.  In each complaint, Amgen sought a judgment awarding Amgen monetary relief together with interest; a judgment that the case is an exceptional case and that Amgen be awarded its attorneys' fees pursuant to 35 U.S.C. § 285; Amgen's costs and expenses in the case; a judgment for an injunction pursuant to 35 U.S.C. § 283 enjoining Defendants, their officers, agents, servants, employees and those persons acting in active concern or participation with all or any of them from manufacturing, using, offering to sell, or selling alirocumab within the United States, or importing alirocumab into the United States, prior to the expiration of the asserted patents; and

---

heard Defendants' 12(c) motion for judgment on the pleadings on January 3, 2019, and instructed the parties to move forward with willfulness discovery.  (Jan. 3, 2019 Hr'g Tr. 49:6–9.)  The parties have raised the willfulness discovery dispute with Special Master Saville and a hearing is scheduled to address this issue on January 24, 2019.  **BY DEFENDANTS:** Defendants maintain that willful infringement is not at issue for the reasons set forth in Defendants' Motion for Judgment on the Pleadings regarding willfulness, which is still pending before the Court. (D.I. 448.).  Consistent with the Court's comments at the January 3, 2019 hearing, Defendants timely supplemented their pretrial order materials to address willful infringement without waiver of their position.  All references to the "willfulness trial" herein are dependent upon resolution of the pending motion D.I. 448.  By letter of June 8, 2018, Defendants expressly informed Amgen that based on the clear pre-remand record, "discovery relating to willful infringement . . . is closed and that Amgen waived any objections it may have had to the completeness of such discovery and to the propriety of any objections interposed by Defendants.  Accordingly, Defendants believe that no further discovery relating to willful infringement is warranted, regardless of whether willful infringement is in the case.  If Amgen disagrees with Defendants' position, it is incumbent upon Amgen to promptly seek relief from the Court."  Amgen did not raise the issue of discovery on willful infringement until the January 3, 2019 hearing.  ]]

such other and further relief as the Court deems just and appropriate.  On January 29, 2016, the Court granted Amgen's motion for leave to amend its complaints to:  (1) assert willful infringement; (2) add as plaintiffs Amgen Manufacturing Limited ("AML") and Amgen USA Inc. ("AUSA"); and (3) file a single consolidated Supplemental and Second Amended complaint asserting all seven patents-in-suit. (D.I. 183.)

    5.    **[[ BY AMGEN:**  On November 3, 2015, Amgen selected the following claims for trial in March 8, 2016:  Claims 2, 7, 9, 15, 19, and 29 of the '165 Patent; Claim 7 of the '741 Patent; and Claim 24 of the '914 Patent.  (D.I. 161.)  Amgen expressly stated that it was not abandoning its right to assert the non-selected claims, and reserved its right to litigate any or all of the non-selected claims upon good cause shown, specifically including good cause shown after Amgen had the opportunity to determine whether particular non-selected claims raise separate issues of infringement or validity in light of Defendants' accused product, proposed defenses, and future production of documents, things, or other information.  (*See id.*)  Amgen further clarified that its selected claims are not "representative" of the non-selected claims such that adjudication of the selected claims controls the disposition of any action brought under the non-selected claims.  Amgen later de-selected Claim 24 of the '914 Patent.  (*See id.*)  Trial was held on Claims 2, 7, 9, 15, 19, and 29 of the '165 Patent and Claim 7 of the '741 Patent.

**BY DEFENDANTS**:  As stated by the Court's Scheduling Order, D.I. 458 at ¶ 3: "The parties previously tried Claims 2, 7, 9, 15, 19, 29 of U.S. Patent No. 8,829,165 and claim 7 of U.S. Patent No. 8,859,741."  The Court ordered that "Amgen shall identify which of those claims will be tried on remand on or before June 26, 2018." *Id.*  Pursuant to that order, Amgen identified the asserted claims.  Defendants do not agree that Amgen has the right to assert any claim in the Pre-Remand Patents-in-Suit other than the asserted claims.]]

6.      In advance of the March 2016 trial, Defendants stipulated that the acts of making, using, offering for sale, selling and importing the antibody drug substance alirocumab and the drug product containing it, Praluent®, infringe Claims 2, 7, 9, 15, 19, and 29 of the '165 Patent; Claim 7 of the '741 Patent; and Claim 24 of the '914 Patent. (D.I. 235.)

7.      Amgen has provided Appendix A, which includes a non-comprehensive list of rulings by the Court before and during the March 2016 trial. As to the order for presentation of openings, evidence and closings, the parties have set forth their positions in section X. [[ **BY DEFENDANTS:** Several items in Appendix A are moot in view of the Federal Circuit's rulings which clarified the law of written description and enablement, overturned the exclusion of post-priority date antibody evidence and dismissed Defendants' obviousness defense. *See, e.g.,* Items 3, 4, 7, 12, and 14. Defendants also believe that Amgen's partial quotations from the record fail to provide the full context for several of Judge Robinson's prior rulings. *See, e.g.,* Items 5, 7, 8, 9, 10, 11, 12, 13, and 14. **BY AMGEN:** All of the rulings in Appendix A are still applicable to the post-remand case and need not be re-litigated. ]]

8.      Trial commenced on March 8, 2016, on the issues of obviousness, written description, enablement, and damages (including for willful infringement) with respect to Claims 2, 7, 9, 15, 19, and 29 of the '165 Patent and Claim 7 of the '741 Patent. During trial, the Court granted Amgen's motion for judgment as a matter of law that the Claims 2, 7, 9, 15, 19, and 29 of the '165 Patent and Claim 7 of the '741 Patent were not obvious. (D.I. 345 at 1076-1077.)

9.      On March 15, 2016, the jury returned a verdict on written description and enablement in Amgen's favor. (D.I. 304.) Before the damages phase began, Judge Robinson granted Defendants' motion for judgment as a matter of law of no willful infringement (D.I. 302), and the damages issues that would have been put to the same jury were resolved by

agreement of the parties. The Court held a two-day permanent injunction hearing on March 23 and 24, 2016, followed by post-trial and post-hearing briefing.

10.    On January 3, 2017, the Court issued a memorandum opinion that denied Defendants' motions for a new trial and for judgment as a matter of law on written description and enablement. (D.I. 389, 391.) On January 3, 2017, the Court entered judgment in favor of Amgen. (D.I. 391.) On January 5, 2017, the Court granted Amgen's motion for a permanent injunction but delayed imposition for 30 days to allow Defendants' appeal. (D.I. 392.) Defendants filed their notice of appeal on January 12, 2017. (D.I. 402.) On April 19, 2017, the Court entered an Amended Rule 54(b) Judgment. (D.I. 427.)

11.    The Federal Circuit stayed the permanent injunction pending the outcome of the appeal. (App. Dkt. No. 59.) On October 5, 2017, the Federal Circuit affirmed in part and reversed and remanded in part. *Amgen Inc. v. Sanofi, et al.*, 872 F.3d 1367, 1382 (Fed. Cir. 2017). The Federal Circuit affirmed the District Court's judgment as a matter of law of non-obviousness, but reversed the District Court's categorical preclusion of post-priority-date evidence of written description and enablement. However, the Federal Circuit also concluded that Defendants were not entitled to judgment as a matter of law that Claims 2, 7, 9, 15, 19, and 29 of the '165 Patent and Claim 7 of the '741 Patent were not adequately described or enabled, due to the "incomplete record" regarding the post-priority date evidence. *Id.* at 1379. The Federal Circuit remanded for a new trial on written description and enablement, with the instruction that the District Court should amend its jury instructions in accordance with the Federal Circuit's opinion. *Id.* at 1379, 1381–82. In turn, the Federal Circuit vacated the permanent injunction.

**B.**     **Post-Remand Rulings**

12.     The case was remanded on March 5, 2018 (D.I. 435), and later reassigned to Judge Andrews, due to the retirement of Judge Robinson. (D.I. 432.)

13.     On April 27, 2018, Defendants moved for judgment on the pleadings that Amgen is precluded from proceeding with its claim for willful infringement. (D.I. 448.)  On May 16, 2018, the Court ordered that "[n]o discovery on willfulness issues is permitted pending decision on Defendants' motion for judgment on the pleadings regarding Amgen's willful infringement claim.  If Defendants' motion is denied, the parties will meet and confer about the scope of any discovery as to willful infringement sought by Amgen."  (D.I. 458 § 3.b.)  The Court heard argument on Defendants' motion for judgment on the pleadings regarding Amgen's willfulness claim on January 3, 2019.  On January 3, 2019, the Court requested that Amgen prepare a proffer on its willfulness case and, in response to Amgen stating that the Court had "deferred discovery on willfulness until [the Court] had this argument today" (Jan. 3, 2019 Hr'g Tr, 45:20–25), asked the parties to determine what needs to be done if willfulness is to be tried.

14.     Pursuant to Court Order, on June 26, 2018, Amgen selected for trial, claims 2, 7, 9, 15, 19, and 29 of the '165 Patent and claim 7 of the '741 Patent, which were previously tried. (D.I. 468.)  These are the claims that will be tried at the post-remand trial scheduled to commence on February 19, 2019.

**II.**     **BASIS OF FEDERAL JURISDICTION**

15.     This action arises out of the patent laws of the United States, Title 35, United States Code.

16.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.  No party contests subject matter jurisdiction.

17.     Venue for this case is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).  No party contests venue.

## III.     STATEMENT OF ADMITTED FACTS REQUIRING NO PROOF

18.     The parties' joint statement of admitted facts requiring no proof is set forth in Exhibit 1.

## IV.     STATEMENT OF ISSUES OF FACT TO BE LITIGATED AT TRIAL

19.     Amgen's statement of issues of fact to be litigated at trial is set forth in Exhibit 2.

20.     Defendants' statement of issues of fact to be litigated at trial is set forth in Exhibit 3.

## V.     STATEMENT OF ISSUES OF LAW TO BE LITIGATED AT TRIAL.

21.     Amgen's statement of issues of law to be litigated at trial is set forth in Exhibit 4.

22.     Defendants' statement of issues of law to be litigated at trial is set forth in Exhibit 5.

## VI.     BRIEF STATEMENT OF INTENDED PROOFS

23.     Amgen's brief statement of intended proofs is set forth in Exhibit 6.

24.     Defendants' brief statement of intended proofs is set forth in Exhibit 7.

## VII.     EXHIBIT LISTS

### A.     Lists of Trial Exhibits.

25.     Amgen's list of exhibits it intends to offer at trial, and Defendants' objections thereto, is attached as Exhibit 8.

26.     Defendants' list of exhibits they intend to offer at trial, and Amgen's objections thereto, is attached as Exhibit 9.

27.    The parties have met and conferred and identified a joint exhibit list for the Court, which is attached as Exhibit 10.   The parties agree that these exhibits may be entered into evidence without objection.

**B.    Agreements Concerning Trial Exhibits.**

28.    The parties have prepared objections to the opposing parties' proposed trial exhibits without the benefit of knowing exactly how opposing parties intend to use their listed exhibits at trial.   Any party's objection to any exhibit that appears on both that party's and the opposing parties' trial exhibit lists in no way prejudices that party's ability to introduce the exhibit for a proper purpose at trial.

29.    The parties will offer as exhibits at trial one or more exhibits set forth on their respective exhibit lists (Exhibits 8 and 9) or the joint exhibit list (Exhibit 10).   The parties agree to meet and confer in advance of submission of the final exhibit list to identify joint exhibits. The parties will exchange final exhibit lists on Form AO187 by 6:30 p.m. ET on February 17, 2019.   These lists include the exhibit number to be used at trial and a description sufficient to identify the exhibit, *e.g.*, by production number, deposition exhibit number, or otherwise.   No party may add to its final exhibit list any exhibit not identified in Exhibits 8, 9 or 10 of this Order without agreement of the parties or seeking leave of the Court.[3]   A party may not use any exhibit that does not appear in its final exhibit list or Exhibits 8, 9 or 10 of this Order, except for impeachment purposes.

30.    Each party reserves the right to use exhibits from the other party's trial exhibit list, even if not separately listed on its own exhibit list.   Each party reserves the right to object to

---

[3] The parties reserve the right to amend or supplement their respective exhibit lists in light of additional discovery and/or the Court's ruling on Defendants' motion for judgment on the pleadings regarding Amgen's willful infringement claim (D.I. 448).

the use of its own listed exhibits by the other side.   The parties have agreed that all such objections need not be disclosed in advance of trial.

31.    On or before the first day of the liability trial, each party will deliver to the Courtroom Deputy a completed Form AO187 with its respective exhibit and witness list.   On or before the first day of the liability trial, Amgen will deliver to the Courtroom Deputy a completed Form AO187 exhibit list of the joint exhibits.   On or before February 21, 2019, each party will deliver to the Courtroom Deputy a completed Form AO187 with its respective exhibit and witness list and Amgen will deliver to the Courtroom Deputy a completed Form AO187 of the joint exhibits for the damages/willfulness phase.

32.    The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

33.    The parties agree that any exhibit identified on a party's exhibit list and not objected to by the other side in whole or in part is deemed to be admissible and may be entered into evidence by the party, except that nothing herein shall be construed as a stipulation or admission that the exhibit is entitled to any weight.   Nor does either party waive the right to object to any particular witness testifying about such an exhibit.   Inclusion of an exhibit on a party's exhibit list is not an agreement that the party will offer an exhibit or that it is admissible.

34.    The following categories of documents shall be deemed authentic, subject to all other objections regarding admissibility:

    i.    All responses to Interrogatories and Requests for Admission;

    ii.   Certified copies of United States patents, applications, and file histories; and

11

iii.     All documents that appear in Exhibits 8, 9 and 10 of this proposed

pretrial order that were generated by a party, and produced by that

party during the litigation.[4]

**C.      Exhibits and Demonstratives to be Used in Opening Statements.**

35.     The parties shall exchange complete representations of any exhibits or
demonstrative exhibits, (in color if in color, and with animations, if applicable) that they intend
to use in opening statements for the liability trial by 5:00 p.m. ET on February 18, 2019.  The
parties shall exchange any objections to opening statement exhibits and demonstratives for the
liability trial by 8:30 p.m. ET on February 18, 2019.  The parties shall meet and confer by 9:30
p.m. ET on February 18, 2019, to resolve any objections to the opening exhibits and
demonstratives for the liability trial.  This paragraph shall not apply to the enlargement or
highlighting of a portion of a trial exhibit during the opening that was otherwise properly
disclosed.

36.     The parties shall allow for inspection, including taking photographs, any physical
exhibits (*e.g.*, models) that they intend to use at the liability trial by 10:00 a.m. ET on February
15, 2019.  The parties shall exchange any objections to the physical exhibits by 5:00 p.m. ET on
February 15, 2019.  The parties shall meet and confer by 6:30 p.m. ET on February 15, 2019 to
resolve any objections to the physical exhibits.

37.     The parties shall exchange complete representations of any exhibits or
demonstrative exhibits (in color if in color, and with animations, if applicable) for the opening
statements of the damages/willfulness trial by 5:00 p.m. ET the evening before the anticipated

---

[4] If the parties supplement Exhibits 8, 9 or 10 in accordance with this proposed pretrial order, the
parties agree to meet and confer about whether the parties can agree that this provision will apply
to those additional documents.

12

start of the respective proceeding.[5]  The parties shall exchange any objections to the opening statement exhibits and demonstratives by 8:30 p.m. ET that same evening.  The parties shall meet and confer by 9:30 p.m. ET  that same evening.  This paragraph shall not apply to the enlargement or highlighting of a portion of a trial exhibit during the opening that was otherwise properly disclosed.

38.     Any objection that cannot be resolved between the parties shall be raised with the Court at the Court's convenience before trial begins.

**D.     Demonstratives and Exhibits to be Used with Witnesses on Direct Examination.**

39.     The parties agree that the proponent of any Fed. R. Evidence 1006 exhibit will make the Fed. R. Evidence 1006 summary and any underlying documents available (including by production number) on or before February 4, 2019.  The opposing party will provide its objections and responses on or before February 11, 2019.  The parties will meet and confer to resolve any objections to the Rule 1006 exhibits before February 18, 2019.

40.     The parties shall exchange complete representations of any exhibits, demonstrative exhibits (in color if in color, and with animations, if applicable) that they intend to use during the direct examination of a witness, including any witness called in rebuttal of the other party's witnesses, by witness and exhibit number (or demonstrative exhibit number), by 6:30 p.m. ET the evening before such direct examination will take place.  The parties shall exchange any objections thereto by 8:30 p.m. ET on the same night.  The parties shall meet and confer by 9:30 p.m. ET on the same night to resolve any objections to demonstrative exhibits.  For example, for a demonstrative to be used on February 19, 2019, it will be disclosed (with

---

[5] The parties shall exchange complete representations of any exhibits or demonstrative exhibits (in color if in color, and with animations, if applicable) for the opening statements of the injunction hearing (if one is held), in accordance with the schedule in paragraph 37.

witness and demonstrative exhibit number) by 6:30 p.m. ET on February 18, 2019.  Objections, if any, will be served by 8:30 p.m. ET on February 18, 2019.  The parties shall meet and confer by 9:30 p.m. ET on February 18, 2019 to resolve any objections.

41.     Any objection to the use of the disclosed exhibit, demonstrative exhibit or 1006 exhibit that cannot be resolved shall be raised with the Court at the Court's convenience before trial resumes on the day of the anticipated use.  The parties are not required to disclose in advance demonstratives created during testimony or argument at trial, or to the ballooning, highlighting, or excerpting of documents marked as exhibits that were otherwise properly disclosed.

### E.     **Exhibit Binders.**

42.     Before direct examination begins, the party conducting the direct examination shall prepare binder(s) containing the exhibits anticipated for use during direct examination, and will provide two copies of binder(s) to the other side and the required number of copies to the Court and Court reporter.  Before cross examination begins, the party cross examining a witness shall prepare binder(s) containing the exhibits anticipated for use during cross examination, and will provide two copies of the binder(s) to the other side and the required number of copies to the Court and Court reporter.  The binders are intended as a convenience only; the cross examining party may use additional exhibits during cross examination if the witness's testimony warrants. If a witness on cross examination is held over at the end of a trial day, both copies of the binder(s) provided to the other side containing cross examination exhibits shall be returned to counsel conducting the cross examination until testimony resumes.  The parties agree that witnesses who are held over on cross examination at the end of a trial day may not communicate

with anyone, including representatives of the direct examining party or its attorneys, about the substance of the case or their testimony.

**F.**    **Juror Notebooks**

43.    The parties will meet and confer about the content of the juror notebooks.

**G.**    **Party Lists for Disclosures of Information, Demonstratives, and Exhibits.**

44.    Disclosure of the information, demonstratives and exhibits discussed above shall be directed to the following via electronic mail:

| Counsel for Amgen | Counsel for Defendants: |
|---|---|
| amgencounsel@mwe.com<br>amgencounsel@cravath.com<br>cmead@londonandmead.com<br>laurenmartin@quinnemanuel.com<br>msharp@ycst.com<br>jhiggins@ycst.com<br>movanesian@ycst.com<br>asmit@ycst.com | Pcsk9@steptoe.com<br>Praluent-APKSTeam@arnoldporter.com<br>dwilks@wlblaw.com<br>sczerwonka@wlblaw.com |

**VIII.**    **WITNESSES TO BE CALLED IN PERSON OR BY DESIGNATION**

**A.**    **Lists of Trial Witnesses**

45.    Amgen's list of the witnesses, including which of those witnesses will testify live, Amgen's responses to Defendants' objections in Exhibit 12 and Amgen's objections to Defendants' list of witnesses is attached as Exhibit 11.

46.    Defendants' list of the witnesses, including which of those witnesses will testify live and Defendants' objections to Amgen's list of witnesses is attached as Exhibit 12.

**B.**    **Agreements Concerning Trial Witnesses**

47.    [[**BY AMGEN:** Each side shall provide to the other side by 6:30 p.m. ET, on February 17, 2019, the name and order of each witness it expects to call at the liability trial. The parties shall identify the name and order of each rebuttal witnesses to be called at the liability

trial as soon as practicable after the disclosure of witnesses on direct, but no later than 6:30 p.m. ET the evening before the rebuttal witness is expected to be called to testify live.  The parties shall provide the name and order of each witness they expect to call at the damages/willfulness trial by 6:30 p.m. ET on February 20, 2019.  The parties shall identify the name and order of each rebuttal witness to be called at the damages/willfulness trial as soon as practicable after the disclosure of the damages/willfulness witnesses on direct, but no later than 6:30 p.m. ET the evening before the rebuttal witness is expected to be called to testify live.

**BY DEFENDANTS:** *Liability Trial* - The party proceeding first at the liability trial shall provide to the other side by 6:30 p.m. ET, on February 17, 2019, the name and order of each witness it expects to call at the liability trial.  The other side shall identify the name and order of each witness it expects to call at the liability trial by 12:00 p.m. ET on February 18, 2019.  The party proceeding first shall identify any rebuttal witnesses to be called at the liability trial by February 18, 2019 at 6:30 p.m. ET.  *Damages/Willfulness Trial* - Amgen shall provide, by 6:30 p.m. ET on February 20, 2019, the name and order of each witness it expects to call at the damages/willfulness trial.  Defendants shall provide the name and order of each witness they expect to call at the damages/willfulness trial by 6:30 p.m. ET on February 21, 2019.  Amgen shall identify the name and order of each rebuttal witnesses to be called at the damages/willfulness trial by 6:30 p.m. ET on February 22, 2019.  ]]

48.    [[**BY DEFENDANTS:** Any witness identified as appearing live on a party's witness list in Exhibits 11 and 12, respectively, will be produced for trial. If not, the opposing party may submit deposition designations for that witness.  **BY AMGEN:** By including any of the witnesses in Exhibits 11 and 12, the parties assume no obligation to call or make available any witness at trial.]]  If later events at trial cause the need to remove, reorder, or withdraw a

witness from a party's witness list, the parties agree to notify the other side in good faith as soon as possible, no later than 9:00 p.m. ET the day before the witness is expected to be called.  If a Court ruling the day a witness is expected to be called causes a party to withdraw a witness, that party will notify the other side immediately thereafter.  If a party removes, reorders, or withdraws a witness, the opposing side may assert prejudice due to such a change and, in the event of removal or withdrawal, may call that witness [[**BY DEFENDANTS:** live or]] by deposition designation in its own case, subject to the other side's objections and counter-designations.

49.     Fact witnesses appearing in person shall be sequestered and shall not enter the courtroom except to provide testimony, except that once a fact witness has completed her or his testimony (including direct, cross, or rebuttal) that fact witness shall no longer be sequestered. The only exception to the sequestration of fact witnesses is that Amgen, Sanofi and Regeneron are each allowed to have one corporate representative present for all phases of the trial.  Expert witnesses shall not be sequestered.

## C.     Lists of Designations[6]

50.     Amgen's list of designations, Defendants' objections to Amgen's designations, Defendants' counter-designations, Amgen's objections to Defendants' counter-designations and Amgen's counter-counter designations, are attached as Exhibit 13.

51.     Defendants' list of designations, Amgen's objections to Defendants' designations, Amgen's counter-designations, Defendants' objections to Amgen's counter-designations and Defendants' counter-counter designations are attached as Exhibit 14.

---

[6] The parties will designate from depositions, the March 2016 trial and the March 2016 injunction hearing.

**D.      Agreements Concerning Designations**

52.      Each side reserves the right to use designations identified by the other side either as counter-designations or as affirmative designations.   Each side reserves the right to use affirmatively any of its counter-designations as if identified as the party's affirmative designation for a witness identified on its witness list as testifying by designation.   Each side reserves the right to use the designated testimony in whole or in part and to present it through video presentation, slide presentation or read aloud.   Each side reserves the right to supplement, amend, or withdraw its list of designations in response to any additional disclosures by the other side and/or as may be needed to rebut any facts or evidence presented by the other side at trial or in response to any rulings by the Court.   To the extent either side withdraws a portion (but not all) of its affirmative deposition designations, the opposing side may use any of its previously submitted counter-designations for that witness subject to the other side's objections as to scope. These designations should not be construed as acknowledgement of the scope of the trial or admissibility of evidence.   Designation of any portion of a transcript does not waive each side's right to contest the admissibility of the witnesses' testimony nor does it constitute a waiver of any admissibility arguments that each party may raise.   Designation of any testimony does not imply admissibility.

53.      **Designation of Prior Testimony of Fact Witnesses:** Without waiving any other objections as to the particular testimony, the parties agree that they may designate the prior deposition testimony and/or injunction hearing testimony of Victoria Carey, Robert Terifay, Teresa Carabeo, and Randall Ketchem, regardless of whether those witnesses are unavailable

pursuant to Fed. R. Evid. 804.[7]   For a fact witness designated in this pretrial order as testifying live, if it is later determined in good faith based on changed circumstances that the witness will no longer testify live, the party offering the witness will be allowed to submit designations for that witness, subject to the other side's objections and counter-designations.

54.   **[[BY AMGEN**: The parties may designate from the trial testimony of the other side's expert witnesses who submitted expert reports only during the pre-remand proceedings and did not submit expert reports during post-remand proceedings.  Testimony elicited from Defendants' experts, Dr. Siegel and Dr. Ravetch, in support of their invalidity case up through and during the March 2016 trial are relevant and admissible as this testimony, among other things, constitute adoptive admissions and are admissible under Fed. R. Evid. 801(d)(2)(B). *Pernix Ireland Pain Dac v. Alvogen Malta Operations Ltd.*, 316 F.Supp. 3d 816, 824-825 (D. Del. 2018) ("The expert's statements, whether in the form of a deposition, an expert report, or testimony in another proceeding, will be regarded as an adoptive admission and thus not hearsay as to the retaining party if the circumstances in which the statement is made, used, or proposed to be used indicate that the party supports the statement as representing its position.  For example, if the party has called the expert as a witness, in the same or another proceeding, to prove a particular fact and the witness has so testified, the party will be held to have adopted the expert's testimony on that point as an admission.")

**BY DEFENDANTS**: The parties may *not* designate from the deposition testimony, trial testimony and the injunction hearing testimony of the other side's expert witnesses who submitted expert reports only during the pre-remand proceedings and did not submit expert

---

[7] [[**BY AMGEN**:  For the injunction hearing (if one is scheduled), the parties may designate from the deposition testimony, trial testimony or injunction hearing testimony for their own fact witnesses who are not listed as testifying live, subject to the other side's objections and counter-designations.]]

reports during post-remand proceedings unless that expert was deposed in the post-remand proceeding or is being relied upon by a testifying witness in the post-remand proceeding. ]]

55.    The parties shall disclose a list of any witnesses they intend to call by designation, including the particular designated testimony by page and line number, including, for deposition designations, the specific tape or disk number, volume, and start/end times from the relevant deposition videos, and including any exhibits that will be admitted through the testimony by 6:30 p.m. ET two calendar days before such testimony and exhibits will be offered.  The other side shall serve any counter-designations and any objections to the admissibility of the designated testimony or exhibits by 8:30 p.m. ET one calendar day before use.

56.    The parties shall meet and confer by 9:30 p.m. ET on the same night objections are served to resolve any objections.  Any objections that cannot be resolved may be raised with the Court at the Court's convenience before trial resumes on the day of the anticipated use.

57.    Testimony at the liability and the damages/willfulness trials may be admitted by reading the excerpted transcript and/or playing a videotape/DVD of the deposition at trial, as directed by the Court.  Testimony at the injunction hearing (if one is held) may also be admitted by submission of the excerpted transcript.  The Parties shall provide the Court reporter with a highlighted copy of designated testimony before any designated testimony is read or any videotape/DVD is played.

58.    When designations are offered, all admissible counter-designation excerpts will be offered in the same format as the affirmative designations, whether by reading the excerpted transcript, playing the videotape/DVD of the excerpted deposition at trial, or by submission of the excerpted transcript, and will be introduced simultaneously in the sequence in which the testimony was originally given.  When playing video, no adjustments to the original recording,

including the speed of the recording, shall be made.  To the extent such designations, counter-designations and counter-counter-designations are read or played in open court, each side will be charged for the time taken to read or play its respective designations, counter-designations and counter-counter designations, as measured by the proportion of lines of testimony for its respective designations, counter-designations and counter-counter designations to the total number of lines of testimony read or played.

59.    The parties agree, if permitted by the Court, that they may provide a brief, non-argumentative introduction of a few sentences to identify a witness who has been called and the expected subject matter of his or her testimony at a high-level.  Disclosure of these sentences to the other side will be made on the same schedule as the identification of witnesses to the other side (*see* ¶ 48.)

## IX.    <u>**MOTIONS IN LIMINE**</u>

60.    The briefing on Amgen's motions *in limine* is attached as <u>Exhibit 15A – 15C</u>.

61.    The briefing on Defendants' motions *in limine* is attached as <u>Exhibit 16A – 16D</u>.

62.    [[**BY DEFENDANTS:** Defendants filed a request for a Daubert motion regarding Amgen's improper reliance on post-priority date evidence to support their written description and enablement arguments, but the Court recently ruled that it did not present "a Daubert issue." D.I. 702.  Defendants therefore promptly sought to file a motion in limine ("MIL") in place of their MIL concerning their priority review voucher ("PRV").  Amgen refused to agree to any briefing schedule that would have allowed Defendants an opportunity to file a reply before the pretrial conference and demanded that Defendants forfeit all evidentiary objections to the PRV.  Defendants could not agree to those unreasonable demands.  If the Court only considers three of Defendants' MILs, the MIL regarding Amgen's improper reliance upon post-priority date

evidence should take precedence over the PRV MIL. **BY AMGEN**: Amgen's objection to Defendants' fourth MIL is attached in <u>Exhibit 16A</u>.]]

## X.       OTHER ISSUES TO BE RAISED AT THE PRE-TRIAL CONFERENCE

### E.       Pending Motions.

63.       Defendants filed a Motion for Judgment on the Pleadings Regarding Amgen's Willful Infringement Claim. (D.I. 448.)

### A.       Order of Proof on Liability

64.       The order of proof in the liability trial shall be as follows:

65.       **[[BY AMGEN:** Before the March 2016 trial, the parties presented competing proposed orders of proof. (D.I. 247 at 46:9–51:15.) The Court ruled that "plaintiffs shall proceed first with their opening, and proceed first with their two trial witnesses to present plaintiffs' story." (D.I. 250 ¶ 14.)

    a.    Opening Statement

        i.    Amgen

        ii.    Defendants

    b.    Amgen's Presentation of Evidence on:

        i.    The Patented Invention and Amgen

    c.    Defendants' Case in Chief on Invalidity

    d.    Amgen's Case in Chief on Non-Invalidity

    e.    Defendants' Presentation of Rebuttal Evidence on Invalidity

    f.    Closing Statements

        i.    Defendants

        ii.    Amgen

        iii.    Defendants' Rebuttal

**BY DEFENDANTS:**   As Defendants bear the burden of proof regarding invalidity, Defendants shall proceed first. *See Anheuser-Busch, Inc. v. John Labatt Ltd.,* 89 F,3 1339, 1344 (8th Cir. 1996) ("Ordinarily, the trial court extends the privilege of opening and closing the case to the party that has the burden of proof.") (citing *Martin v. Chesebrough-Pond, Inc.,* 614 F.2d 498, 501 (5th Cir. 1980) (per curiam))

    a.    Opening Statement

        i.    Defendants

        ii.    Amgen

    b.    Defendants' Case in Chief on Invalidity

    c.    Amgen's Case in Chief on Non-Invalidity

    d.    Defendants' Presentation of Rebuttal Evidence on Invalidity

    e.    Closing Statements

        i.    Defendants

        ii.    Amgen

        iii.    Defendants' Rebuttal ]]

66.    **Order of Proof on Damages/Willfulness**

67.    [[**BY AMGEN:**   The order of proof in the damages/willfulness trial shall be as follows:

    a.    Opening Statement

        i.    Amgen

        ii.    Defendants

    b.    Amgen's Case in Chief on Past Damages and Willfulness

    c.    Defendants' Case in Chief on Past Damages and Willfulness

    d.    Amgen's Presentation of Rebuttal Evidence on Past Damages and Willfulness

    e.    Closing Statements

        i.    Amgen

        ii.    Defendants

        iii.    Amgen's Rebuttal

68.    **BY DEFENDANTS:**  If the Court rules that willfulness is in the case, Defendants propose that the parties meet and confer on an order of proof to avoid jury confusion and minimize scheduling burden for trial witnesses.]]

69.    **<u>Order of Proof on Injunction</u>**

70.    The order of proof in the permanent injunction hearing (if one is scheduled), shall be as follows:[8]

    a.    Opening Statement

        i.    Amgen

        ii.    Defendants

    b.    Amgen's Case in Chief on Injunction

    c.    Defendants' Case in Chief on Injunction

    d.    Amgen's Presentation of Rebuttal Evidence on Injunction

    e.    Closing Statements

        i.    Amgen

        ii.    Defendants

        iii.    Amgen's Rebuttal

---

[8] This proposed order of proof would apply in the event that an evidentiary hearing, as opposed to oral argument on written submissions, is scheduled.

### XI.   AMENDMENT OF THE PLEADINGS

71.     As stated at paragraph 4 herein, on September 15, 2015, Amgen moved for leave to amend its complaints, which the Court granted.  No party anticipates at this time the need to further amend the pleadings.

### XII.   VOIR DIRE, JURY INSTRUCTIONS, AND VERDICT FORM

72.     Pursuant to the Court's Order, the parties are submitting to the Court, separately from this Joint Proposed Pretrial Order, proposed changes to the voir dire, preliminary jury instructions (D.I. 273), final jury instructions (D.I. 299), and special verdict form (D.I. 304) from the first trial that reflect new developments in the law or the record at trial and the reassignment of the case to Judge Andrews.   Additionally, the parties are submitting preliminary jury instructions, final jury instructions, and a special verdict form for the damages/willfulness trial separately from this Joint Proposed Pretrial Order. [[**BY AMGEN**: As stated in Amgen's objections to the proposed final liability jury instructions, Defendants proffer instructions that Judge Robinson rejected and/or disregard the Court's Order that proposed changes reflect new developments in the law or the record at trial and the reassignment of the case to Judge Andrews. (D.I. 458 ¶ 15.)  If the Court elects to consider any of Defendants' proposed changes to Judge Robinson's final jury instructions on this remanded case, Amgen requests an opportunity to brief the issue and proffer as appropriate proposed changes to such instructions at or before the Charging Conference, consistent with instructions from the Court.]]

### XIII.   LENGTH OF TRIAL

73.     The liability trial will commence on Tuesday, February 19, 2019, at 9:30 a.m. The Court has set aside 3 days for the liability phase of the trial.  (D.I. 458 ¶ 16.)  A trial on past damages and willfulness will be held before the same jury in accordance with the order of the

Court. The Court has set aside one or two days for the second phase of the trial. (D.I. 458 ¶ 17.) An injunction hearing, if necessary, will be held in accordance with further order of the Court. As stated in the Scheduling Order, "counsel will be allocated a total number of hours in which to present their respective cases." (D.I. 458 ¶ 16.)

74.     The parties agree that each side will use no more than an hour for their respective opening statements in each phase and no more than [[**BY AMGEN**:   45 minutes; **BY DEFENDANTS**:   an hour]] for their respective closing statements in each phase (liability, damages/willfulness) of the jury trial.   The trial time for each phase will be divided evenly between the sides.   Opening statement, direct and redirect examination of a witness called (including by designation), cross-examination of witnesses called by the opposing party (including by designation), and objections (for the losing side) all count toward each side's trial time.[9]  The Courtroom Deputy will keep a running total of trial time used by counsel.

## XIV.   CERTIFICATION REGARDING ATTEMPTED RESOLUTION OF CASE

75.     The parties certify that they have engaged in a good faith effort to explore resolution of the controversy by settlement and have been unable to reach a resolution.

## XV.   ORDER TO CONTROL COURSE OF ACTION

76.     This Order shall control the subsequent course of this action, unless modified by the Court to prevent manifest injustice or for good cause shown.

77.     The parties reserve their respective rights to propose modifications to this Order, including the exhibits thereto, based on subsequent rulings of the Court or for other good cause.

---

[9] The parties intend to request that the Court permit the parties to give their closing arguments for the liability phase of the trial on Friday, February 22, following the three days of evidence.

## XVI.   AGREED-UPON DEADLINES

78.     The parties agree that there may be circumstances at trial where a party may need additional time to serve exhibits, demonstratives or objections thereto, disclose witnesses or to prepare for a meet and confer conference.  The parties agree to amend these deadlines, as needed and any amendment shall not be unreasonably withheld, if a good-faith basis for extending the deadline occurs.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ James L. Higgins*

Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Michelle M. Ovanesian (No. 6511)
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
movanesian@ycst.com

OF COUNSEL:

MCDERMOTT WILL & EMERY LLP
William G. Gaede, III
275 Middlefield Road, Suite 100
Menlo Park, CA  94025
(650) 815-7400

Sarah C. Columbia
K. Nicole Clouse
28 State Street
Boston, MA 02109-1775
(617) 535-4074

Rebecca Harker Duttry
The McDermott Building
500 North Capitol Street, N.W.
Washington, DC  20001
(202) 756-8000

LONDON & MEAD
Christopher B. Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C.  20036
(202) 331-3334

CRAVATH, SWAINE & MOORE LLP
Keith R. Hummel
David N. Greenwald

WILKS, LUKOFF & BRACEGIRDLE, LLC

*/s/ Scott B. Czerwonka*

David E. Wilks (No. 2793)
Scott B. Czerwonka (No. 4844)
4250 Lancaster Pike, Suite 200
Wilmington, DE  19805
(302) 225-0850
dwilks@wlblaw.com
sczerwonka@wlblaw.com

OF COUNSEL:

ARNOLD & PORTER KAYE SCHOLER LLP
Matthew M. Wolf
Paul I. Margulies
Anne W. Pearlman
601 Massachusetts Ave, NW
Washington, DC  20001
(202) 942-5000

David K. Barr
Daniel L. Reisner
Abigail Langsam
Michael A. Lynn
Victoria L. Reines
250 West 55th Street
New York, NY  10019-9710
(212) 836-8000

Deborah Fishman
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA  94306-3807
(650) 319-4500

STEPTOE & JOHNSON LLP
John Josef Molenda, Ph.D.
Vishal Chandra Gupta
1114 Avenue of the Americas
New York, NY  10036
(212) 506-3900

Lauren A. Moskowitz
Geoffrey G. Hu
Sharonmoyee Goswami
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019-7475
(212) 474-1000

QUINN  EMANUEL  URQUHART  &  SULLIVAN,
LLP
Lauren Martin
111 Huntington Ave., Suite 520
Boston, MA  02199
(617) 712-7100


*Attorneys for Amgen Inc., Amgen Manufacturing,
Limited and Amgen USA Inc.*


Dated: January 18, 2019

KIRKLAND & ELLIS LLP
Paul D. Clement
George W. Hicks, Jr.
655 Fifteenth Street, N.W.
Seventh Floor
Washington, DC  20005-5793
(202) 879-5000

*Attorneys for Sanofi, Sanofi-aventis U.S. LLC,
Aventisub LLC, and Regeneron Pharmaceuticals,
Inc.*

**APPENDIX A**

The Court made several rulings before and during the March 2016 trial, a non-

comprehensive list of which are copied below:

| | |
|---|---|
| 1. | The Court ruled that, "[w]ell, certainly, there should be no mention of injunctive relief by anyone.  It might be the only decision I make today."  (D.I. 247 at 101:1–3.) |
| 2. | The Court ruled that "[t]here is to be **no mention** during the liability phase of the trial of such issues as damages, injunctive relief or willfulness."  (D.I. 250 ¶ 17.) |
| 3. | The Court ruled that "Defendants shall not be permitted to introduce argument or elicit testimony that alirocumab is patented, as they have not proffered any issue (other than 'telling their story') to which their patent would be relevant."  (D.I. 250 ¶ 6.) |
| 4. | The Court ruled that, "[a]lthough I have precluded evidence relating to defendants' post-filing development story as evidence relevant to the issue of 'motivation,' I agree with plaintiffs that their status as 'first' to develop the claimed invention is relevant, at least as to 'backdrop against which the' invalidity analyses are performed."  (D.I. 250 ¶ 10.) |
| 5. | The Court ruled that it would "allow plaintiffs to offer evidence from both experts [*i.e.*, Plaintiffs' experts Drs. Rees and Petsko], each on their respective areas of expertise, but will preclude any allusion by plaintiffs to the fact that only one of defendants' experts offered an ultimate opinion."  (D.I. 250 ¶ 12.) |
| 6. | The Court ruled that "plaintiffs shall proceed first with their opening, and proceed first with their two trial witnesses to present plaintiffs' story."  (D.I. 250 ¶ 14.) |
| 7. | The Court ruled that "the parties and their experts will be precluded from characterizing their opponents' approach and opinions as legally wrong."  (D.I. 250 ¶ 16.) |
| 8. | The Court ruled that, "[h]aving reviewed the proffer (D.I. 239, ex. 2) of Robert Bradway, I conclude that only paragraphs 1–4 are appropriate fodder for his testimony in part one of the trial addressing liability."  (D.I. 250 ¶ 11.) |
| 9. | The Court ruled that "to avoid mischief in this phase of the trial [*i.e.*, the liability phase], **neither** Mr. Bradway nor Dr. Schleifer may talk about the importance of patents in the context of their companies' business models, nor about the amount of money spent on research.  The court instead will read to |

| | |
|---|---|
| | the jury the attached remarks.  Dr. Schleifer may testify consistently with the remainder of his proffer **except** for the following:  The issues reflected in ¶ 5; ¶ 6; the last sentence of ¶ 7; the composition and prestige of Regeneron's Board of Directors as described in ¶ 8; all but the first three sentences of ¶ 9; and ¶¶ 10, 12, 13, and 14.  Some of these issues may be relevant to the damages issues but have no relevance to the alleged invalidity of the patents-in-suit; any arguable relevance is far outweighed by the dangers of confusing the issues and misleading the jury, pursuant to Fed. R. Evid. 403.  The parties' opening statements, of course, shall reflect the evidentiary restrictions noted herein." (D.I. 255.) |
| 10. | The Court ruled that Defendants could not introduce evidence that Amgen at times asserts invalidity in other patent cases, stating that, "whatever relevance it has, I think that relevance is outweighed by the mischief that could come up.  So that application is denied."  (D.I. 341 at 196:20–197:16.) |
| 11. | The Court ruled that Amgen was permitted to present testimony from Dr. Chadwick King in addition to the testimony from Dr. Simon Jackson about Amgen's invention of the asserted patents.  (D.I. 343 at 724:13–725:14.) |
| 12. | The Court ruled that Defendants were not permitted to ask their expert witnesses about "developments in the law."  (D.I. 345 at 1136:25–1137:5.) |
| 13. | The Court ruled that "[g]enerally the evidence in dispute (whether physicians specifically want to use Repatha® with its higher dosage) is relevant to the question posed in *Slimfold*.  I agree with plaintiffs, however, that evidence of why physicians might not prescribe the higher dosage Repatha® will not include any reference to the FDA's suggested 'concerns regarding very low LDL,' given that Repatha® has been approved by the FDA as 'safe and effective' for all the indications approved for Praluent®."  (D.I. 280.) |
| 14. | The Court ruled that Defendants' scientific evidence proffered and reviewed in camera for their proposed witness (Dr. Stahl) on Defendants' development of alirocumab was not relevant to the then-pending obviousness defense (D.I. 264 at 3), and Defendants conceded it was not relevant to any issues, including written description (D.I. 414 at 23:19-20; see generally D.I. 414 at 22:24–23:20, 28:10–29:12).  The Court further ruled that the "wide-ranging proffer will unfairly prejudice plaintiffs, and confuse and mislead the jury."  (D.I. 264 at 3.) |

## EXHIBIT 1 TO PROPOSED FINAL PRETRIAL ORDER

## JOINT STATEMENT OF ADMITTED FACTS

The following facts are not disputed by the parties:

1.    This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* (D.I. 215-1 (Feb. 22, 2016 Joint Statement of Admitted Facts) ¶ 1.)

2.    Subject matter jurisdiction over this action is proper pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. (D.I. 215-1 ¶ 2.)

3.    Venue for this case is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). (D.I. 215-1 ¶ 3.)

### A.    THE PARTIES

4.    The Plaintiffs are Amgen Inc.; Amgen Manufacturing, Limited; and Amgen USA Inc. (collectively, "Amgen"). (D.I. 215-1 ¶ 4.) Plaintiffs are in the business of developing, formulating, manufacturing, marketing, and selling pharmaceutical drug and biologic products, including antibody products. Plaintiffs market and sell pharmaceutical drug and biologic products, including antibody products, throughout the United States.

5.    Amgen Inc. is a corporation organized under the laws of Delaware with its principal place of business at One Amgen Center Drive, Thousand Oaks, California. (D.I. 215-1 ¶ 5.)

6.    Amgen Manufacturing, Limited ("AML") is a Bermuda corporation with its principal place of business in Juncos, Puerto Rico. AML is a wholly owned subsidiary of Amgen, Inc. (D.I. 215-1 ¶ 6.)

7.      Amgen USA Inc. ("AUSA") is a corporation organized under the laws of the State of Delaware with its principal place of business in Thousand Oaks, California.  AUSA is a wholly owned subsidiary of Amgen Inc.  (D.I. 215-1 ¶ 7.)

8.      Defendants are Sanofi; sanofi-aventis U.S. LLC; Aventisub LLC; and Regeneron Pharmaceuticals, Inc. (collectively, "Defendants").  (D.I. 215-1 ¶ 8.)

9.      Sanofi is a company organized under the laws of France with its principal headquarters at 54 Rue La Boetie, 75008 Paris, France.  (D.I. 215-1 ¶ 9.)

10.     sanofi-aventis U.S. LLC ("Sanofi U.S.") is a company organized under the laws of the State of Delaware with its principal place of business at 55 Corporate Drive, Bridgewater, New Jersey.  Sanofi U.S. is a wholly owned subsidiary of Sanofi.  (D.I. 215-1 ¶ 10.)

11.     Aventisub LLC f/d/b/a Aventis Pharmaceuticals Inc. ("Aventisub") is a company organized under the laws of the State of Delaware with its principal place of business at 3711 Kennett Pike, Suite 200, Greenville, Delaware.  Aventisub is an indirect wholly owned subsidiary of Sanofi.  (D.I. 215-1 ¶ 11.)

12.     The Sanofi defendants (Sanofi, Sanofi U.S., and Aventisub, hereinafter collectively referred to as "Sanofi") are in the business of developing, formulating, manufacturing, marketing, and selling pharmaceutical drug and biologic products, including antibody products.  Sanofi markets and sells pharmaceutical drug and biologic products, including antibody products, throughout the United States.

13.     Regeneron Pharmaceuticals, Inc. ("Regeneron") is a corporation organized under the laws of the State of New York with its principal place of business at 777 Old Saw Mill River

Road, Tarrytown, New York.   Regeneron is registered as a foreign corporation to conduct business in the State of Delaware. (D.I. 215-1 ¶ 13.)

14.     Regeneron is in the business of manufacturing, marketing, importing, and selling pharmaceutical drug and biologic products, including antibody products, throughout the United States. (D.I. 215-1 ¶ 1.)

15.     This Court has personal jurisdiction over the parties. (D.I. 215-1 ¶ 15.)

**B.     THE PATENTS-IN-SUIT**

16.     On October 22, 2013, United States Patent No. 8,563,698 ("the '698 Patent") entitled "Antigen Binding Proteins to Proprotein Convertase Subtilisin Kexin Type 9 (PCSK9)" issued to Amgen Inc. as assignee of named inventors Simon Mark Jackson, Nigel Pelham Clinton Walker, Derek Evan Piper, Wenyan Shen, Chadwick Terence King, Randal Robert Ketchem, Christopher Mehlin, and Teresa Arazas Carabeo. (D.I. 215-1 ¶ 16.)

17.     On September 9, 2014, United States Patent No. 8,829,165 ("the '165 Patent") entitled "Antigen Binding Proteins to Proprotein Convertase Subtilisin Kexin Type 9 (PCSK9)" issued to Amgen Inc. as assignee of named inventors Simon Mark Jackson, Nigel Pelham Clinton Walker, Derek Evan Piper, Wenyan Shen, Chadwick Terence King, Randal Robert Ketchem, Christopher Mehlin, and Teresa Arazas Carabeo. (D.I. 215-1 ¶ 17.)

18.     On October 14, 2014, United States Patent No. 8,859,741 ("the '741 Patent") entitled "Antigen Binding Proteins to Proprotein Convertase Subtilisin Kexin Type 9 (PCSK9)" issued to Amgen Inc. as assignee of named inventors Simon Mark Jackson, Nigel Pelham Clinton Walker, Derek Evan Piper, Wenyan Shen, Chadwick Terence King, Randal Robert Ketchem, Christopher Mehlin, and Teresa Arazas Carabeo. (D.I. 215-1 ¶ 18.)

19.     On October 28, 2014, United States Patent No. 8,871,913 ("the '913 Patent") entitled "Antigen Binding Proteins to Proprotein Convertase Subtilisin Kexin Type 9 (PCSK9)" issued to Amgen Inc. as assignee of named inventors Simon Mark Jackson, Nigel Pelham Clinton Walker, Derek Evan Piper, Wenyan Shen, Chadwick Terence King, Randal Robert Ketchem, Christopher Mehlin, and Teresa Arazas Carabeo.  (D.I. 215-1 ¶ 19.)

20.     On October 28, 2014, United States Patent No. 8,871,914 ("the '914 Patent") entitled "Antigen Binding Proteins to Proprotein Convertase Subtilisin Kexin Type 9 (PCSK9)" issued to Amgen Inc. as assignee of named inventors Simon Mark Jackson, Nigel Pelham Clinton Walker, Derek Evan Piper, Wenyan Shen, Chadwick Terence King, Randal Robert Ketchem, Christopher Mehlin, and Teresa Arazas Carabeo.  (D.I. 215-1 ¶ 20.)

21.     On November 11, 2014, United States Patent No. 8,883,983 ("the '983 Patent") entitled "Antigen Binding Proteins to Proprotein Convertase Subtilisin Kexin Type 9 (PCSK9)" issued to Amgen Inc. as assignee of named inventors Simon Mark Jackson, Nigel Pelham Clinton Walker, Derek Evan Piper, Wenyan Shen, Chadwick Terence King, Randal Robert Ketchem, Christopher Mehlin, and Teresa Arazas Carabeo.  (D.I. 215-1 ¶ 21.)

22.     On November 18, 2014, United States Patent No. 8,889,834 ("the '834 Patent") entitled "Antigen Binding Proteins to Proprotein Convertase Subtilisin Kexin Type 9 (PCSK9)" issued to Amgen Inc. as assignee of named inventors Simon Mark Jackson, Nigel Pelham Clinton Walker, Derek Evan Piper, Wenyan Shen, Chadwick Terence King, Randal Robert Ketchem, Christopher Mehlin, and Teresa Arazas Carabeo.  (D.I. 215-1 ¶ 22.)

23.     The '698 Patent, '165 Patent, '741 Patent, '913 Patent, '914 Patent, '983 Patent, and '834 Patent are collectively referred to as the "patents-in-suit."  (D.I. 215-1 ¶ 23.)

24.     Amgen Inc. was the sole owner of, and holder of all substantial rights in, the patents-in-suit at the time it filed the complaints for patent infringement in this case. Amgen Inc. has maintained sole ownership of the patents-in-suit throughout this litigation. (D.I. 215-1 ¶ 24.)

25.     Through a series of agreements beginning in August 27, 2015, AML is and has been an exclusive licensee of the patents-in-suit with the right to import and manufacture Repatha® in the United States.  (D.I. 215-1 ¶ 25; AM-SA-REM 00561741; AM-SA-REM 00561750; AM-SA-REM 00561765; AM-SA-REM 00561800; AM-SA-REM 00561813; AM-SA-REM 00561820; AM-SA-REM 00561833; AM-SA-REM 00561840.)

26.     Through a series of agreements beginning in August 27, 2015, AUSA is and has been an exclusive licensee of the patents-in-suit with the right to sell Repatha® in the United States for use in the United States.  (D.I. 215-1 ¶ 26; AM-SA-REM 00561741; AM-SA-REM 00561750; AM-SA-REM 00561765; AM-SA-REM 00561800; AM-SA-REM 00561813; AM-SA-REM 00561820; AM-SA-REM 00561833; AM-SA-REM 00561840.)

27.     The claims to be tried are Claims 2, 7, 9, 15, 19, and 29 of the '165 Patent and Claim 7 of the '741 Patent (collectively the "patents-at-issue") for purposes of trial. (D.I. 468.) The patent claims for trial are collectively referred to as the "Post-Remand Claims."

28.     Each of the Post-Remand Claims is entitled to priority at least as early as U.S. provisional application serial number 61/010,630, filed on January 9, 2008.

29.     The first publication of a related application to the patents-in-suit was WO 2009/026558, which published February 26, 2009.  (*See* WO 2009/026558.)

## C.   SELECTED CLAIMS

30.    Amgen's Post-Remand Claims for trial are as follows (claims on which the Post-Remand Claims depend in *italics*)  (D.I. 468.):

a.    The '165 Patent

*Claim 1.    An isolated monoclonal antibody, wherein, when bound to PCSK9, the monoclonal antibody binds to at least one of the following residues:  S153, I154, P155, R194, D238, A239, I369, S372, D374, C375, T377, C378, F379, V380, or S381 of SEQ ID NO:3, and wherein the monoclonal antibody blocks binding of PCSK9 to LDLR.*

Claim 2.  The isolated monoclonal antibody of claim 1, wherein the monoclonal antibody binds to at least SI53.

Claim 7.  The isolated monoclonal antibody of claim 1, wherein the monoclonal antibody binds to at least D238.

Claim 9.  The isolated monoclonal antibody of claim 1, wherein the monoclonal antibody binds to at least I369.

Claim 15.   The isolated monoclonal antibody of claim 1, wherein the monoclonal antibody binds to at least V380.

Claim 19.  The isolated monoclonal antibody of claim 1 wherein the isolated monoclonal antibody binds to at least two of the following residues S153, I154, P155, R194, D238, A239, I369, S372, D374, C375, T377, C378, F379, V380, or S381 of PCSK9 listed in SEQ ID NO:3.

Claim 29.  A pharmaceutical composition comprising an isolated monoclonal antibody, wherein the isolated monoclonal antibody binds to at least two of the following residues S153, I154, P155, R194, D238, A239, I369, S372, D374, C375, T377, C378, F379,

6

V380, or S381 of PCSK9 listed in SEQ ID NO:3 and blocks the binding of PCSK9 to LDLR by at least 80%.

b.   The '741 Patent

*Claim 1.   An isolated monoclonal antibody that binds to PCSK9, wherein the isolated monoclonal antibody binds an epitope on PCSK9 comprising at least one of residues 237 or 238 of SEQ ID NO:3, and wherein the monoclonal antibody blocks binding of PCSK9 to LDLR.*

*Claim 2.   The isolated monoclonal antibody of claim 1, wherein the isolated monoclonal antibody is a neutralizing antibody.*

Claim 7.   The isolated monoclonal antibody of claim 2, wherein the epitope is a functional epitope.

**D.   THE PARTIES' RESPECTIVE ANTI-PCSK9 ANTIBODY DRUG PRODUCTS**

31.   A company seeking to market a biological product for human therapeutic use in the United States must first obtain a license from the U.S. Food and Drug Administration ("FDA"), typically through the filing of a Biologics License Application ("BLA"). *See* 42 U.S.C. § 262. The BLA, among other things, comprises technical data on the composition of the biologic, the means for its manufacturing, clinical trial results to establish the safety and efficacy of the biologic, and labeling for use of the biologic for which approval is requested. *See* 21 C.F.R. §§601 *et seq.* (D.I. 215-1 ¶ 30.)

### 1.     Amgen's Repatha®

32.     Repatha® is a pharmaceutical composition comprising the antibody drug substance, evolocumab, which is the active ingredient in Repatha®.  Evolocumab is a human monoclonal antibody against PCSK9.  (D.I. 215-1 ¶ 34.)

33.     Evolocumab is also known as "AMG-145" and "21B12."  (D.I. 215-1 ¶ 35.)

34.     On August 28, 2014, Plaintiffs filed a BLA seeking approval to market its anti-PCSK9 antibody product, Repatha®, for treatment of high cholesterol in the United States.  (D.I. 215-1 ¶ 32.)

35.     On August 27, 2015, the FDA approved Plaintiffs' BLA authorizing Plaintiffs to market Repatha® (1) as an adjunct to diet and maximally tolerated statin therapy for the treatment of adults with heterozygous familial hypercholesterolemia (HeFH) or clinical atherosclerotic cardiovascular disease (ASCVD), who require additional lowering of low-density lipoprotein cholesterol (LDL-C); and (2) as an adjunct to diet and other LDL-lowering therapies for the treatment of patients with homozygous familial hypercholesterolemia (HoFH), who require additional lowering of LDL-C.  (D.I. 215-1 ¶ 33.)

36.     On August 27, 2015, Plaintiffs launched Repatha® in the United States.

37.     On December 1, 2017, the FDA approved Plaintiffs' supplemental BLA authorizing Plaintiffs to market Repatha® (1) to reduce the risk of myocardial infarction, stroke, and coronary revascularization in adults with established cardiovascular disease; (2) as an adjunct to diet, alone or in combination with other lipid-lowering therapies (e.g., statins, ezetimibe), for treatment of adults with primary hyperlipidemia (including HeFH) to reduce LDL-C; and (3) as an adjunct to diet and other LDL-lowering therapies (e.g. statins, ezetimibe,

8

LDL apheresis) in patients with HoFH who require additional lowering of LDL. (*See* AM-SA-REM 00151673 (2017 FDA label) at -1673.)

38.  Repatha® is administered to patients via subcutaneous injection, using a single-use prefilled syringe containing 140 mg of Repatha®, a single-use prefilled auto-injector containing 140 mg of Repatha®, or a single-use prefilled on-body infusor containing 420 mg of Repatha®. For adults with established cardiovascular disease or primary hyperlipidemia (including HeFH patients), the recommended dose is either a 140 mg dose every two weeks or a 420 mg dose administered once monthly. The recommended dose for HoFH patients is 420 mg once monthly.

### 2.  Defendants' Praluent®

#### a.  Defendants' development and commercialization of Praluent®

39.  Praluent® is a pharmaceutical composition comprising the antibody drug substance, alirocumab, which is the active ingredient in Praluent®. Alirocumab is a human monoclonal antibody against PCSK9. (D.I. 215-1 ¶ 39.)

40.  Alirocumab is also known as REGN727, SAR236553, 316P, and H1316P. (D.I. 215-1 ¶ 40.)

41.  In November 2007, Defendants entered into a collaboration to develop human monoclonal antibodies. (Defendants' June 15, 2018 Response to Joint Interrogatory No. 6 (citing Mulhern 2015 Report); Mulhern 2015 Report ¶ 24.)

42.



9

[REDACTED]

[REDACTED]

43.     On November 24, 2014, Defendants filed a BLA seeking approval to market their anti-PCSK9 antibody product, Praluent®, for treatment of high cholesterol in the United States. (D.I. 215-1 ¶ 37.)

44.     On July 24, 2015, the FDA approved Defendants' BLA, authorizing Defendants to market Praluent® as an adjunct to diet and maximally tolerated statin therapy for the treatment of adults with heterozygous familial hypercholesterolemia or clinical atherosclerotic cardiovascular disease, who require additional lowering of LDL-C.  (D.I. 215-1 ¶ 38.)

45.     On July 24, 2015, Defendants launched Praluent® in the United States.

46.     [REDACTED]

[REDACTED]

[REDACTED]

b. **Praluent® is a pharmaceutical composition containing a composition of the antibody drug substance, alirocumab.**

47.     Praluent® is available in two different formulations, 75 mg and 150 mg.  It is administered to patients via subcutaneous injection every two weeks with a pre-filled pen or syringe in a dose of 75 mg or 150 mg, or via subcutaneous injection every four weeks with a pre-filled pen or syringe in a dose of 300 mg (made up of two injections of 150 mg).  (D.I. 215-1 ¶ 41; SAN-R00492779 (Praluent Label).)

E.     **DISTRIBUTION OF ANTI-PCSK9 ANTIBODIES**

48.     Repatha® and Praluent® are the only two anti-PCSK9 antibodies approved by the FDA for sale in the United States.  (D.I. 215-1 ¶ 31.)

10

[REDACTED]

49.     Repatha® and Praluent® are sold through a chain consisting of manufacturers, wholesalers, payers and pharmacy benefit managers, and specialty pharmacies.  (Carey 30(b)(6) Dep. 201:9–18.)

50.     Amgen and Defendants sell Repatha® and Praluent®, respectively, to a wholesaler or distributor at the wholesale acquisition cost ("WAC").   (Carey 30(b)(6) Dep. 201:9–18; Faught 30(b)(6) Dep. 48:14-16.)

51.     Wholesalers then sell Repatha® and Praluent® to specialty pharmacies.  (Carey 30(b)(6) Dep. 201:9-18; Terifay 30(b)(6) Dep. 130:2–131:6.)

52.     Patients then obtain Repatha® and Praluent® from specialty pharmacies.   (Carey 30(b)(6) Dep. 69:17–21.)

53.     Most patients purchasing Repatha® or Praluent® who are covered by insurance pay either a fixed amount (copayment) or a percentage of the WAC (coinsurance) for each prescription. (Carey 30(b)(6) Dep. 69:17–21; Oster Dep. 181:10–24.)

54.     In some cases, health insurance plans ("payers") may contract with entities called pharmacy benefit managers ("PBMs") to negotiate with drug manufacturers to determine which drugs the plans managed by the PBM will cover and the price they will pay for these products.

55.     Patients who receive health coverage through commercial plans may apply "copayment cards" from manufacturers to offset the costs of all or a portion of their copayment or coinsurance.  (Terifay 30(b)(6) Dep. 187:14–22; Lacombe 30(b)(6) Dep. 155:11–156:4; Carey 30(b)(6) Dep. 117:11–24.)

56.     A payer or PBM's "formulary" is a list of drugs that are covered by that payer or PBM.

57.    Biologic manufacturers often pay a rebate to a payer or PBM in exchange for putting the manufacturer's medicines on the payer or PBM's formulary. (Carnahan Dep. 14:6–18.)

**F.    MARKET FOR THE PARTIES' ANTI-PCSK9 ANTIBODIES**

58.    Both Repatha and Praluent are LDL-C lowering (sometimes called "lipid lowering") therapies.

## EXHIBIT 2 TO PROPOSED FINAL PRETRIAL ORDER

## AMGEN'S STATEMENT OF ISSUES OF FACT TO BE LITIGATED

Amgen respectfully submits the following issues of fact that remain to be presented and litigated.   Further details regarding these issues have been explained at length in Amgen's pleadings and discovery responses, including in its contentions, interrogatory responses, expert reports, and by experts at depositions, which Amgen incorporates by reference.   Should the Court determine that any issue identified in this list is more properly considered an issue of law, it shall be so considered and Amgen incorporates such issue into Amgen's Statement of Issues of Law to be Litigated.   Amgen reserves the right to revise, modify, supplement, or change the issues of fact to be litigated in light of the Court's rulings and in light of Defendants' identification of issues of law and fact to be litigated.   Amgen also notes that this statement only contains the issues to be litigated at trial.

## I.      ISSUES TO BE DETERMINED BY TRIAL

1.      Based on at least the facts to be presented above and those in the parties' Joint Admitted Facts, Amgen respectfully submits the following issues of fact to be determined at trial:

## II.     VALIDITY

2.      **WRITTEN DESCRIPTION**

3.      Whether Defendants can prove by clear and convincing evidence that the specifications of the '165 and '741 Patents do not describe the full scope of the claimed inventions and do not reasonably convey to those of skill in the art that the inventors had possession of the claimed inventions on or before the priority date (in this case, January 9, 2008) of the selected claims.   Specifically:

### A.    Claim 2 of the '165 Patent

4.    Whether Defendants can prove by clear and convincing evidence that the specification of the '165 Patent does not describe the full scope of the claimed invention and does not reasonably convey to one skilled in the art that the inventors had possession of the claimed invention of claim 2 of the '165 Patent on or before the priority date.   Whether Defendants can prove by clear and convincing evidence that the '165 Patent does not describe a sufficient number of representative species falling within the scope of the genus of the invention of claim 2.   Whether Defendants can prove by clear and convincing evidence that the specification of the '165 Patent does not describe structural features common to the members of the genus such that a person of ordinary skill in the art could visualize or recognize the members of the genus of the invention of claim 2.   Whether Defendants can prove by clear and convincing evidence that the specification of the '165 Patent does not establish a reasonable correlation between structure and function for the members of the genus of the invention of claim 2.

5.    Whether Amgen can prove by a preponderance of evidence that Defendants' own patent applications, granted patents, and arguments to the U.S. Patent and Trademark Office in support of their own patent applications estop Defendants from presenting their inconsistent written description defenses in this case.

### B.    Claim 7 of the '165 Patent

6.    Whether Defendants can prove by clear and convincing evidence that the specification of the '165 Patent does not describe the full scope of the claimed invention and does not reasonably convey to one skilled in the art that the inventors had possession of the claimed invention of claim 7 of the '165 Patent on or before the priority date.   Whether Defendants can prove by clear and convincing evidence that the '165 Patent does not describe a sufficient number of representative species falling within the scope of the genus of the invention

2

of claim 7. Whether Defendants can prove by clear and convincing evidence that the specification of the '165 Patent does not describe structural features common to the members of the genus such that a person of ordinary skill in the art could visualize or recognize the members of the genus of the invention of claim 7. Whether Defendants can prove by clear and convincing evidence that the specification of the '165 Patent does not establish a reasonable correlation between structure and function for the members of the genus of the invention of claim 7.

      7. Whether Amgen can prove by a preponderance of evidence that Defendants' own patent applications, granted patents, and arguments to the U.S. Patent and Trademark Office in support of their own patent applications estop Defendants from presenting their inconsistent written description defenses in this case.

      **C.    Claim 9 of the '165 Patent**

      8. Whether Defendants can prove by clear and convincing evidence that the specification of the '165 Patent does not describe the full scope of the claimed invention and does not reasonably convey to one skilled in the art that the inventors had possession of the claimed invention of claim 9 of the '165 Patent on or before the priority date. Whether Defendants can prove by clear and convincing evidence that the '165 Patent does not describe a sufficient number of representative species falling within the scope of the genus of the invention of claim 9. Whether Defendants can prove by clear and convincing evidence that the specification of the '165 Patent does not describe structural features common to the members of the genus such that a person of ordinary skill in the art could visualize or recognize the members of the genus of the invention of claim 9. Whether Defendants can prove by clear and convincing evidence that the specification of the '165 Patent does not establish a reasonable correlation between structure and function for the members of the genus of the invention of claim 9.

9.      Whether Amgen can prove by a preponderance of evidence that Defendants' own patent applications, granted patents, and arguments to the U.S. Patent and Trademark Office in support of their own patent applications estop Defendants from presenting their inconsistent written description defenses in this case.

### D.      Claim 15 of the '165 Patent

10.      Whether Defendants can prove by clear and convincing evidence that the specification of the '165 Patent does not describe the full scope of the claimed invention and does not reasonably convey to one skilled in the art that the inventors had possession of the claimed invention of claim 15 of the '165 Patent on or before the priority date.   Whether Defendants can prove by clear and convincing evidence that the '165 Patent does not describe a sufficient number of representative species falling within the scope of the genus of the invention of claim 15.   Whether Defendants can prove by clear and convincing evidence that the specification of the '165 Patent does not describe structural features common to the members of the genus such that a person of ordinary skill in the art could visualize or recognize the members of the genus of the invention of claim 15.   Whether Defendants can prove by clear and convincing evidence that the specification of the '165 Patent does not establish a reasonable correlation between structure and function for the members of the genus of the invention of claim 15.

11.      Whether Amgen can prove by a preponderance of evidence that Defendants' own patent applications, granted patents, and arguments to the U.S. Patent and Trademark Office in support of their own patent applications estop Defendants from presenting their inconsistent written description defenses in this case.

### E.   Claim 19 of the '165 Patent

12.     Whether Defendants can prove by clear and convincing evidence that the specification of the '165 Patent does not describe the full scope of the claimed invention and does not reasonably convey to one skilled in the art that the inventors had possession of the claimed invention of claim 19 of the '165 Patent on or before the priority date.   Whether Defendants can prove by clear and convincing evidence that the '165 Patent does not describe a sufficient number of representative species falling within the scope of the genus of the invention of claim 19.   Whether Defendants can prove by clear and convincing evidence that the specification of the '165 Patent does not describe structural features common to the members of the genus such that a person of ordinary skill in the art could visualize or recognize the members of the genus of the invention of claim 19.   Whether Defendants can prove by clear and convincing evidence that the specification of the '165 Patent does not establish a reasonable correlation between structure and function for the members of the genus of the invention of claim 19.

13.     Whether Amgen can prove by a preponderance of evidence that Defendants' own patent applications, granted patents, and arguments to the U.S. Patent and Trademark Office in support of their own patent applications estop Defendants from presenting their inconsistent written description defenses in this case.

### F.   Claim 29 of the '165 Patent

14.     Whether Defendants can prove by clear and convincing evidence that the specification of the '165 Patent does not describe the full scope of the claimed invention and does not reasonably convey to one skilled in the art that the inventors had possession of the claimed invention of claim 29 of the '165 Patent on or before the priority date.   Whether Defendants can prove by clear and convincing evidence that the '165 Patent does not describe a

5

sufficient number of representative species falling within the scope of the genus of the invention of claim 29. Whether Defendants can prove by clear and convincing evidence that the specification of the '165 Patent does not describe structural features common to the members of the genus such that a person of ordinary skill in the art could visualize or recognize the members of the genus of the invention of claim 29. Whether Defendants can prove by clear and convincing evidence that the specification of the '165 Patent does not establish a reasonable correlation between structure and function for the members of the genus of the invention of claim 29.

15.    Whether Amgen can prove by a preponderance of evidence that Defendants' own patent applications, granted patents, and arguments to the U.S. Patent and Trademark Office in support of their own patent applications estop Defendants from presenting their inconsistent written description defenses in this case.

### G.    Claim 7 of the '741 Patent

16.    Whether Defendants can prove by clear and convincing evidence that the specification of the '741 Patent does not describe the full scope of the claimed invention and does not reasonably convey to one skilled in the art that the inventors had possession of the claimed invention of claim 7 of the '741 Patent on or before the priority date. Whether Defendants can prove by clear and convincing evidence that the '741 Patent does not describe a sufficient number of representative species falling within the scope of the genus of the invention of claim 7. Whether Defendants can prove by clear and convincing evidence that the specification of the '741 Patent does not describe structural features common to the members of the genus such that a person of ordinary skill in the art could visualize or recognize the members of the genus of the invention of claim 7. Whether Defendants can prove by clear and convincing

evidence that the specification of the '741 Patent does not establish a reasonable correlation between structure and function for the members of the genus of the invention of claim 7.

17.     Whether Amgen can prove by a preponderance of evidence that Defendants' own patent applications, granted patents, and arguments to the U.S. Patent and Trademark Office in support of their own patent applications estop Defendants from presenting their inconsistent written description defenses in this case.

18.     **ENABLEMENT**

19.     Whether Defendants can prove by clear and convincing evidence that any of the Post-Remand Selected Claims of the patents-in-suit are invalid for failure to comply with the enablement requirement in the first paragraph of 35 U.S.C. § 112.  Specifically:

### H.     Claim 2 of the '165 Patent

20.     Whether Defendants can prove by clear and convincing evidence that the specification of the '165 Patent does not teach a person skilled in the art how to make and use the full scope of the invention described by claim 2 without undue experimentation.

21.     Whether Amgen can prove by a preponderance of evidence that Defendants' own patent applications, granted patents, and arguments to the U.S. Patent and Trademark Office in support of their own patent applications estop Defendants from presenting their inconsistent enablement defenses in this case.

### I.     Claim 7 of the '165 Patent

22.     Whether Defendants can prove by clear and convincing evidence that the specification of the '165 Patent does not teach a person skilled in the art how to make and use the full scope of the invention described by claim 7 without undue experimentation.

23.     Whether Amgen can prove by a preponderance of evidence that Defendants' own patent applications, granted patents, and arguments to the U.S. Patent and Trademark Office in

support of their own patent applications estop Defendants from presenting their inconsistent enablement defenses in this case.

### J.      Claim 9 of the '165 Patent

24.      Whether Defendants can prove by clear and convincing evidence that the specification of the '165 Patent does not teach a person skilled in the art how to make and use the full scope of the invention described by claim 9 without undue experimentation.

25.      Whether Amgen can prove by a preponderance of evidence that Defendants' own patent applications, granted patents, and arguments to the U.S. Patent and Trademark Office in support of their own patent applications estop Defendants from presenting their inconsistent enablement defenses in this case.

### K.      Claim 15 of the '165 Patent

26.      Whether Defendants can prove by clear and convincing evidence that the specification of the '165 Patent does not teach a person skilled in the art how to make and use the full scope of the invention described by claim 15 without undue experimentation.

27.      Whether Amgen can prove by a preponderance of evidence that Defendants' own patent applications, granted patents, and arguments to the U.S. Patent and Trademark Office in support of their own patent applications estop Defendants from presenting their inconsistent enablement defenses in this case.

### L.      Claim 19 of the '165 Patent

28.      Whether Defendants can prove by clear and convincing evidence that the specification of the '165 Patent does not teach a person skilled in the art how to make and use the full scope of the invention described by claim 19 without undue experimentation.

29.      Whether Amgen can prove by a preponderance of evidence that Defendants' own patent applications, granted patents, and arguments to the U.S. Patent and Trademark Office in

support of their own patent applications estop Defendants from presenting their inconsistent enablement defenses in this case.

### M.    Claim 29 of the '165 Patent

30.    Whether Defendants can prove by clear and convincing evidence that the specification of the '165 Patent does not teach a person skilled in the art how to make and use the full scope of the invention described by claim 29 without undue experimentation.

31.    Whether Amgen can prove by a preponderance of evidence that Defendants' own patent applications, granted patents, and arguments to the U.S. Patent and Trademark Office in support of their own patent applications estop Defendants from presenting their inconsistent enablement defenses in this case.

### N.    Claim 7 of the '741 Patent

32.    Whether Defendants can prove by clear and convincing evidence that the specification of the '741 Patent does not teach a person skilled in the art how to make and use the full scope of the invention described by claim 7 without undue experimentation.

33.    Whether Amgen can prove by a preponderance of evidence that Defendants' own patent applications, granted patents, and arguments to the U.S. Patent and Trademark Office in support of their own patent applications estop Defendants from presenting their inconsistent enablement defenses in this case.

## III.    DAMAGES/WILLFULNESS

34.    Whether Amgen can prove by a preponderance of evidence the amount of past damages to which Amgen is entitled in the form of lost profits due to lost sales and/or lost profits due to price erosion relating to Defendants' infringing U.S. sales of Praluent made between February 1, 2016, and September 30, 2018.

35.     Whether Amgen can prove by a preponderance of evidence the amount of past damages to which Amgen is entitled in the form of a reasonable royalty relating to the portion, if any, of Defendants' infringing U.S. sales of Praluent made between February 1, 2016, and September 30, 2018, for which lost profits due to lost sales and lost profits due to price erosion are not awarded.

36.     Whether Amgen can prove by a preponderance of evidence that Amgen is entitled to enhanced damages pursuant to 35 U.S.C. § 284, including but not limited to as a result of Defendants' willful infringement of one or more of the selected claims of the '165 Patent and/or the '741 Patent.

## IV.    PERMANENT INJUNCTION

37.     Whether Amgen can prove by a preponderance of evidence that Amgen is entitled to a permanent injunction pursuant to 35 U.S.C. § 283, enjoining each Defendant, its officers, agents, servants, employees, and those persons acting in active concert or participation with all or any of them from manufacturing, using, offering to sell, or selling alirocumab or Praluent within the United States, or importing alirocumab into the United States, prior to the expiration of the selected claims of the '165 Patent and/or the '741 Patent.

### A.    IRREPARABLE INJURY

38.     Whether Amgen would suffer irreparable injury if a permanent injunction is not issued.

### B.    DAMAGES INADEQUATE

39.     Whether Amgen's remedies available at law, such as monetary damages, would be inadequate to compensate for that injury.

### C.    BALANCE OF HARDSHIPS

40.     Whether the balance of hardships indicates that a remedy in equity is warranted.

**D.      PUBLIC INTEREST**

41.      Whether the public interest would not be disserved by a permanent injunction.

**EXHIBIT 3 TO PROPOSED FINAL PRETRIAL ORDER**

**DEFENDANTS' STATEMENT OF ISSUES OF FACT TO BE LITIGATED**

Subject to the Court's ruling on Defendants' Motion for Summary Judgment of Patent Invalidity (D.I. 630), Defendants respectfully submit the following issues of fact that remain to be presented and litigated at trial. Further details regarding these issues have been explained at length in Defendants' pleadings and discovery responses, including in its contentions, interrogatory responses, expert reports, and by experts at depositions, which Defendants incorporate by reference. Should the Court determine that any issue identified in this list is more properly considered an issue of law, it shall be so considered and Defendants incorporate such issue into Defendants' Statement of Issues of Law to be Litigated. Defendants reserve the right to revise, modify, or supplement. Defendants also note that this statement only contains the issues of fact to be litigated at trial.

**I.     ISSUES TO BE DETERMINED AT TRIAL**

1.     Based on at least the facts to be presented above and those in the parties' Joint Admitted Facts, Defendants respectfully submit the following issues of fact to be determined at trial:

**II.    INVALIDITY**

**A.     Written Description**

2.     For each of claims 2, 7, 9, 15, 19, and 29 of the '165 Patent and claim 7 of the '741 Patent (collectively, the "Asserted Claims"), whether Defendants can prove by clear and convincing evidence that the '165 Patent and the '741 Patent, which share an identical specification, do not convey to those skilled in the art that the inventors were in possession of the full scope of the invention of each of the claims as of the January 9, 2008 priority date of the '165 and '741 Patents, because their common specification does not disclose either

1

representative species falling within the scope of the claimed genus, including species representative of the accused antibody known as alirocumab (Praluent®), 1D05, AX132 or J16, or structural features common to the members of the genus, so that one of skill in the art could visualize or recognize the members of the genus.

3.      Whether evidence of Defendants' own patent applications, granted patents and arguments to the U.S. Patent and Trademark Office in support of their own patent applications— not at issue in this case—is relevant to determining whether Amgen's Asserted Claims comply with the written description requirement for the reasons stated in D.I. 673, D.I. 674, and the motion *in limine* filed herewith regarding exclusion of testimony related to Sanofi and Regeneron's patent portfolios.

**B.      Enablement**

4.      For each of the Asserted Claims, whether Defendants can prove by clear and convincing evidence that the common specification of the '165 and '741 Patents does not contain sufficient information to enable a person of ordinary skill in the art as of the January 9, 2008 priority date to make and use the full scope of the invention of each of the Asserted Claims without undue experimentation.

5.      Whether evidence of Defendants' own patent applications, granted patents and arguments to the U.S. Patent and Trademark Office in support of their own patent applications— which are not at issue in this case—is relevant to determining whether Amgen's Asserted Claims comply with the enablement requirement for the reasons stated in D.I. 673, D.I. 674, and the motion *in limine* filed herewith regarding exclusion of testimony related to Sanofi and Regeneron's patent portfolios.

## III.    REMEDIES[1]

6.    To the extent that at least one of the Asserted Claims is not invalid, whether Amgen can prove by a preponderance of evidence that Amgen is entitled to damages in the form of lost profits, price erosion, and/or a reasonable royalty as a result of Defendants' infringement of one or more valid claims.

7.    To the extent that at least one of the Asserted Claims is not invalid, whether Amgen can prove by a preponderance of evidence the amount of damages to which Amgen is entitled as a result of Defendants' infringement of one or more valid claims.

8.    To the extent that the Asserted Claims are found to be invalid for any reason, whether Defendants can prove by a preponderance of the evidence that this case is an exceptional case pursuant to 35 U.S.C. § 285, and that Defendants should be awarded their attorneys' fees and costs.[2]

9.    To the extent that at least one of the Asserted Claims is not invalid, whether Amgen can prove by a preponderance of evidence that Defendants' infringement was willful.

10.    To the extent that at least one of the Asserted Claims is not invalid, whether Amgen can prove by a preponderance of evidence that Amgen is entitled to enhanced damages pursuant to 35 U.S.C. § 284.

---

[1] Defendants' position is that willfulness is not at issue in this case. *See* Defendants' Motion for Judgment on the Pleadings regarding willfulness, which is still pending before the Court. D.I. 448. However, consistent with the Court's comments at the January 3, 2019 hearing, Defendants have supplemented their pretrial order materials to address willfulness without waiver,.

[2] Pursuant to the Scheduling Order, Amgen's request for a permanent injunction will not be tried with liability and damages issues, but will instead be submitted to the Court through briefing and, potentially, a subsequent hearing should the Court deem it necessary. D.I. 458 at 12. Accordingly, Defendants have not addressed permanent injunction issues in their pretrial order materials.

**EXHIBIT 4 TO PROPOSED FINAL PRETRIAL ORDER**

**AMGEN'S STATEMENT OF ISSUES OF LAW TO BE LITIGATED**

Amgen respectfully submits the following issues of law to be litigated.  Further details regarding these issues have been explained at length in Amgen's pleadings and discovery responses, including in its contentions; interrogatory responses; expert reports; in Amgen's oppositions to Defendants' Motion for New Trial (D.I. 359), Defendants' Motion for Judgment as a Matter of Law on Written Description and Enablement (D.I. 352), Defendants' Motion for Judgment on the Pleadings Regarding Amgen's Willful Infringement Claim (D.I. 452), Defendants' Motion for Summary Judgment (D.I. 678); in Amgen's briefs in support of Amgen's Motion for a Permanent Injunction (D.I. 362; D.I. 376), Amgen's Motion for Partial Summary Judgment (D.I. 635; D.I. 693); by experts at depositions and at trial in 2016; and in rulings by the Court in this case (*see* D.I. 389; D.I. 390; D.I. 392; D.I. 401).  Should the Court determine that any issue identified in this list is more properly considered an issue of fact, it shall be so considered and Amgen incorporates such issue into Amgen's Statement of Issues of Fact to be Litigated. Amgen reserves the right to revise, modify, supplement, or change the issues of law to be litigated in light of the Court's rulings and in light of Defendants' identification of issues of law and fact to be litigated.

**Amgen's Statement of Issues of Law:**

I.     **ISSUES ON WHICH AMGEN BEARS THE BURDEN OF PROOF**

    A.     **AMGEN'S REMEDIES**

As set forth in Amgen's Statement of Intended Proofs (Exhibit 6 to the Proposed Pretrial Order), which is incorporated herein by reference, Amgen intends to prove by a preponderance of the evidence that Amgen is entitled to past damages in the form of lost profits due to lost sales, lost profits due to price erosion, and, in the event that any unit is excluded from the calculation of

lost profits due to lost sales and lost profits due to price erosion a reasonable royalty for such units, enhanced damages pursuant to 35 U.S.C. § 284, and an award of attorneys' fees pursuant to 35 U.S.C. § 285. Amgen also intends to prove that it is entitled to a permanent injunction.

### 1.    Patent Damages

"Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. "[T]he amount of a prevailing party's damages is a finding of fact on which the plaintiff bears the burden of proof by a preponderance of the evidence." *Smithkline Diagnostics, Inc. v. Helena Labs. Corp.*, 926 F.2d 1161, 1164 (Fed. Cir. 1991).

The patent statute "imposes no limitation on the types of harm resulting from infringement that the statute will redress. The section's broad language awards damages for any injury as long as it resulted from the infringement." *King Instruments Corp. v. Perego*, 65 F.3d 941, 947 (Fed. Cir. 1995). "The phrase 'damages adequate to compensate' means full compensation for 'any damages' [the patent owner] suffered as a result of the infringement." *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999). "Full compensation includes any foreseeable lost profits the patent owner can prove." *Id.* "[T]he Supreme Court has interpreted [§ 284] to mean that 'adequate' damages should approximate those damages that will fully compensate the patentee for infringement." *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995) (citing *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648 (1983)).

A patentee need not prove its damages with absolute certainty. *See W.R. Grace & Co.-Conn. v. Intercat, Inc.*, 60 F. Supp. 2d 316, 321 (D. Del. 1999) (citing *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1065 (Fed. Cir. 1983)). "[I]t will be enough if the evidence show [sic] the

extent of the damages as a matter of just and reasonable inference, although the result be only approximate." *Story Parchment Co. v. Patterson Paper Co.*, 282 U.S. 555, 563 (1931). Moreover, "[a]ny doubt about the correctness [of damages] is resolved against the infringer." *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1577 (Fed. Cir. 1989); *Lam*, 718 F.2d at 1064; *W.R. Grace*, 60 F. Supp. 2d at 321; *see Saf-Gard Prods.,v. Serv. Parts, Inc.*, 491 F..996, 1001-1003 (D. Ariz. 1980). "[F]undamental principles of justice require us to throw the risk of any uncertainty upon the wrongdoer instead of upon the injured party." *Paper Converting Mach. Co. v. Magna-Graphics Corp.*, 745 F.2d 11, 22 (Fed. Cir. 1984)) (citing *Story Parchment Co.*, 282 U.S. at 563.).

### a.    Lost Profits

To recover lost profits based on lost sales, the patent owner has an initial burden to show a reasonable probability that, "but for" the infringement, the patent owner would have made the infringer's sales. *See Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1353 (Fed. Cir. 2001); *State Indus.*, 883 F.2d at 1577; *King Instruments*, 65 F.3d at 952. The Federal Circuit "has prescribed no one particular method by which the patent owner must meet this burden; 'the methodology of assessing and computing damages is committed to the sound discretion of the district court.'" *Id.* (citation omitted).

One recognized method for proving lost profits based on lost sales - often called the *Panduit* test - is for the patent owner to establish four factors: (1) demand for the patented product exists; (2) absence of acceptable non-infringing substitute products to satisfy the demand; (3) the patent owner possessed the manufacturing and marketing capability to meet the demand; and (4) the amount of the profit that would have been earned. *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978); *Versata Software, Inc. v. SAP Am., Inc.*, 717 F.3d 1255, 1265 (Fed. Cir. 2013); *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1330

(Fed. Cir. 2009). The *Panduit* test is an acceptable, though not exclusive, test for determining the availability of lost profits. *See Tate Access Floors, Inc. v. Maxcess Techs., Inc.*, 222 F.3d 958, 971 (Fed. Cir. 2000) (noting that a patent owner may establish lost profits using the *Panduit* approach); *BICLeisure Prods., Inc. v. Windsurfing Int'l*, 1 F.3d 1214, 1218 (Fed. Cir. 1993).

A showing under *Panduit* "permits a court to reasonably infer that the lost profits claimed were in fact caused by the infringing sales, thus establishing a patentee's prima facie case with respect to 'but for' causation." *Rite-Hite*, 56 F.3d at 1545. Once the patent owner has met its initial burden, "[t]he burden then shifts to the infringer to show that the ['but for' claim] is unreasonable for some or all of the lost sales." *Id.*

The Federal Circuit has explained with regard to the first *Panduit* factor:

> All that the first factor states, and thus requires, is "demand for the patented product." *Panduit*, 575 F.2d at 1156. This factor *does* not require any allocation of consumer demand among the various limitations recited in a patent claim. Instead, the first *Panduit* factor simply asks whether demand existed for the "patented product," i.e., a product that is "covered by the patent in suit" or that "directly competes with the infringing device."

*DePuy Spine, Inc.*, 567 F.3d at 1330. Commercial success is compelling evidence of demand. *See Gyromat Corp. v. Champion SparkPlug, Co.*, 735 F.2d 549 (Fed. Cir. 1984).

With regard to the second *Panduit* factor, the *Grain Processing* court held:

> When an alleged alternative is not on the market during the accounting period, a trial court may reasonably infer that it was not available as a noninfringing substitute at that time .... The accused infringer then has the burden to overcome this inference by showing that the substitute was available during the accounting period. . . . Mere speculation or conclusory assertions will not suffice to overcome the inference. After all, the infringer chose to produce the infringing, rather than noninfringing, product. Thus, the trial court must proceed with caution in assessing proof of the availability of substitutes not actually sold during the period of infringement. Acceptable substitutes that the infringer proves were available during the accounting period can preclude or limit lost profits; substitutes only theoretically possible will not.

185 F.3d at 1353. "Consumer demand defines the relevant market and relative substitutability among products therein . . . . Important factors shaping demand may include consumers' intended use for the patentee's product, similarity of physical and functional attributes of the patentee's product to alleged *competing* products, and price." *Id.* at 1355. "It is clear that '[a] product lacking the advantages of [the] patented [device] can hardly be termed a substitute 'acceptable' to the customer who wants those advantages.'" *Id.* (citing *Panduit*, 575 F.2d at 1162); *Am. Seating Co. v. USSC Grp. Inc.*, 514 F.3d 1262, 1270 (Fed. Cir. 2008) ("[B]uyers must view the substitute as equivalent to the patented device."). Under Federal Circuit case law, investigational therapies that were not approved by the FDA or on sale at the time of infringement, cannot be deemed non-infringing alternatives. *See Siemens Med. Solutions USA v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1288 (Fed. Cir. 2011) ("[a] substitute need not be on sale at the time of infringement, but if the substitute cannot be commercialized 'readily,' then it is not available for purposes of a lost profits determination") (citing *Micro Chem., Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1123 (Fed. Cir. 2003)); *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999) ("to be an acceptable non-infringing substitute, the product or process must have been available *or* on the market at the time of infringement.") (citations omitted) (emphasis in original).

The patent owner may prove the third *Panduit* factor – capacity – by showing that it had the ability to meet the demand for the quantity of sales that it claims to have lost. *See Bio-Rad Lab., Inc. v. Nicolet Instrument Corp.*, 739 F.2d 604 (Fed. Cir. 1984), *abrogated on other grounds, Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995). Capacity may be shown by evidence that the patent owner would have been able to expand to meet the increased demand

created by the success of its patented product. *See Fonar Corp. v. Gen. Elec. Co.*, 107 F.3d 1543, 1553 (Fed. Cir. 1997).

Finally, the patent owner may prove the fourth *Panduit* factor - the amount of profits it lost - by reasonably quantifying the incremental profits it would have made from the sales it lost. *See Paper Converting Mach.*, 745 F.2d at 22. Classic computation of lost sales to infringing products applies the patent owner's profit margin to the revenue the patent owner would have generated based on the number of infringing units the infringer sold. *King Instruments Corp.*, 65 F.3d at 941.

"[T]he statutory measure of 'damages' is 'the difference between [the patent owner's] pecuniary condition after the infringement, and what his condition would have been if the infringement had not occurred.'" *Grain Processing*, 185 F.3d at 1350 (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 507 (1964) (plurality opinion)). To prove lost profits, a patentee must reconstruct the market to show "likely outcomes with infringement factored out of the economic picture." *Id.* As the Federal Circuit explained:

> Within this framework, trial courts, with this [C]ourt's approval, consistently permit patentees to present market reconstruction theories showing all of the ways in which they would have been better off in the "but for world" and accordingly, to recover lost profits in a wide variety of forms .... In sum, courts have given patentees significant latitude to prove and recover lost profits for a wide variety of foreseeable economic effects of the infringement.

*Id.* (citations omitted).

In a two-supplier market, "it is reasonable to assume, provided the patent owner has the manufacturing and marketing capabilities, that it would have made the infringer's sales." *State Indus.*, 883 F.2d at 1578. The patent owner is not required, however, to "negate *all* possibilities that a purchaser might have bought a different product or might have foregone the purchase

altogether." *State Indus.*, 883 F.2d at 1577 (emphasis in original) (quoting *Paper Converting Mach. Co. v. Magna-Graphics Corp.*, 745 F.2d 11, 21 (Fed. Cir. 1984)).

The incremental income approach to the computation of lost profits is well established in the law relating to patent damages. *Paper Converting Mach.*, 745 F.2d at 22. The approach "recognizes that it does not cost as much to produce unit N + 1 if the first N (or fewer) units produced already have paid the fixed costs. Thus, fixed costs – those costs which do not vary with increases in production, such as management salaries, property taxes, and insurance – are excluded when determining profits." *Id.* at 22 (internal citations omitted).

### b.     Price Erosion

In addition to lost profits damages, a patentee may recover price erosion damages upon showing that "but for the infringement, it would have been able to charge and receive a higher price." *Vulcan Eng'g Co. v. FATA Aluminium, Inc.*, 278 F.3d 1366, 1377 (Fed. Cir. 2002) (citing *Lam, Inc.*, 718 F.2d at 1065); *accord Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1378 (Fed. Cir. 2013) (recognizing "the economic principle of 'price erosion' in calculating compensatory damages for patent infringement" because "the patentee is entitled to what she would have made 'had the Infringer not infringed'"); *see also Ericsson, Inc. v. Harris Corp.*, 352 F.3d 1369, 1377-79 (Fed. Cir. 2003) (upholding award of price-erosion damages where patentee offered sufficient proof of an inelastic market that would support price increases without a drop in sales of the patented product). The patentee must establish the amount of price reduction caused by the infringing activities. *See Vulcan Eng'g Co.*, 278 F.3d at 1377.

The patentee must also present evidence on "the market in which price erosion is alleged, and the effect of the hypothetically increased price on the likely number of sales at that price in that market." *Crystal Semiconductor*, 246 F.3d at 1357. Further, the fact that inferior non-

7

infringing alternatives are available in a given market does not mean that purchasers would have elected the inferior non-infringing product rather than pay a higher price for the superior, patented product. *See SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365 (Fed. Cir. 2013) (upholding jury's price erosion award where patentee countered suggestion that industry would have moved to non-infringing alternatives rather than pay higher prices through expert testimony that non-infringing alternatives were inferior). However, the Federal Circuit does not have "a rigid formula for judging economic analysis" offered in support of price erosion damages; instead, the Federal Circuit's "demand for a 'credible economic analysis' can be met by a variety of evidence – both fact and expert – depending on the facts of the case and the nature of the markets at issue." *Anesta AG v. Mylan Pharms., Inc.*, 2014 WL 3976456, at *3 (D. Del. Aug. 14, 2014) (discussing *Crystal Semiconductor* and rejecting defendants' claim that plaintiffs should be precluded from seeking lost profits where plaintiffs' expert did not consider price elasticity).

### c.    Reasonable Royalty

Where infringement is established, a plaintiff is entitled to "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interests and costs as fixed by the court." 35 U.S.C. § 284. In *Crystal Semiconductor*, 246 F.3d at 1354, the Federal Circuit stated:

> A patentee receives a reasonable royalty for any of the infringer's sales not included in the lost profit calculation. *Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1119, 40 U.S.P.Q.2d 1001, 1008 (Fed. Cir. 1996); *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1577, 12 U.S.P.Q.2d 1026, 1028 (Fed. Cir. 1989). Thus, a patentee may obtain lost profit damages for that portion of the infringer's sales for which the patentee can demonstrate "but for" causation and reasonable royalties for any remaining infringing. *King Instruments Corp. v. Perego*, 65 F.3d941, 952-53, 36 U.S.P.Q.2d 1129, 1137 (Fed. Cir. 1995).

The reasonable royalty may be based on a determination of "the royalty upon which the parties would have agreed had they successfully negotiated an agreement just before infringement

8

began" – the "hypothetical negotiation." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009); *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling USA, Inc.*, 699 F.3d 1340, 1357 (Fed. Cir. 2012). "While the Federal Circuit has not prescribed a specific methodology for calculating a reasonable royalty, courts rely upon the fifteen factors set forth in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970)." *St. Clair Intellectual Prop. Consultants, Inc. v. Canon, Inc.*, 2004 WL 2213562 (D. Del. Sept. 28, 2004); *accord Lucent Techs., Inc.*, 580 F.3d at 1324.

Even if evidence presented at trial insufficiently supports a party's specific royalty calculation, "the fact finder must still determine what constitutes a reasonable royalty from the record evidence." *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1327-28 (Fed. Cir. 2014) (citations omitted), *overruled on other grounds, Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015). "The statute is unequivocal that the district court must award damages in an amount no less than a reasonable royalty." *Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1381-82 (Fed. Cir. 2003) (citing 35 U.S.C. § 284); *see also Del Mar Avionics, Inc. v. Quinton Instrument Co.*, 836 F.2d 1320, 1327 (Fed. Cir. 1987) ("The requirement to determine actual damages is not diminished by difficulty of determination.").

### d.      Entire Market Value Rule

Under the entire market value rule, a patentee may recover damages based on the value of an entire apparatus containing several features, even where only one feature is patented, if that patented feature constitutes the basis for customer demand. *See, e.g., Am. Seating Co.*, 514 F.3d at 1268; *Rite-Hite Corp.*, 56 F.3d at 1550; *King Instruments*, 65 F.3d at 951 n. 4; *Fonar Corp.*, 107 F.3d at 1552; *Leesona Corp. v. United States*, 599 F.2d 958, 974 (Ct. Cl. 1979). "The entire market value rule allows a patentee to assess damages based on the entire market value of the accused

product only where the patented feature creates the 'basis for customer demand' or 'substantially create[s] the value of the component parts.'" *Uniloc USA Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1318 (Fed. Cir. 2011) (citing *Lucent Techs.*, 580 F.3d at 1336; *Rite-Hite*, 56 F.3d at 1549-50). In this case, it is not disputed that the patented feature constitutes the entire basis for customer demand, and the entire market value rule applies.

### e.      Enhanced Damages, including Willfulness

35 U.S.C. § 284 states in pertinent part that "the court may increase the damages up to three times the amount found or assessed." The Court may enhance damages, up to trebling the actual damages, upon a finding of willful infringement. *Johns Hopkins Univ. v. CellPro, Inc.*, 152 F.3d 1342, 1364 (Fed. Cir. 1998).

"Enhanced damages are as old as U.S. patent law." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1928 (2016). In *Halo*, the Supreme Court "rejected the *Seagate* test for willful infringement as 'unduly rigid' and 'impermissibly encumber[ing] the statutory grant of discretion to district courts'" to determine whether enhancement of damages is warranted. *Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.*, 841 F.3d 1334, 1345-46 (Fed. Cir. 2016) (quoting *Halo*, 136 S. Ct. at 1933). Under *Halo*, a patentee seeking enhanced damages for willful infringement must prove by a preponderance of the evidence that the infringement was sufficiently egregious to warrant an award of enhanced damages. *Halo*, 136 S. Ct. at 1934; *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1342 (Fed. Cir. 2016). "Examples of egregious behavior include behavior that is 'willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate.'" *Ansell Healthcare Prods. LLC v. Reckitt Benckiser LLC*, 2018 WL 620968, at *6 (D. Del. Jan. 30, 2018) (quoting *Halo*, 136 S. Ct. at 1933). "The subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without

regard to whether his infringement was objectively reckless." *Halo*, 136 S. Ct. at 1933. "Subjective willfulness is found when 'the risk of infringement was either known or so obvious that it should have been known to the accused infringer.'" *Ansell Healthcare Prods.*, 2018 WL 620968, at *6 (quoting *Halo*, 136 S. Ct. at 1930 (internal quotation marks and citation omitted)).

In many cases, "[t]he proper time to assess willfulness is at the time the infringer received notice." *Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259, 1276 (Fed. Cir. 1999) (citation omitted). Knowledge of an asserted patent can be shown by evidence that the defendant cited the asserted patent in its own patent application. *See Virginia Innovation Scis, Inc. v. Samsung Elecs. Co.*, 983 F. Supp. 2d 700, 712 (E.D. Va. 2013) (holding that a patent examiner's citation of a patent publication creates an inference that the patent applicant investigated that publication). Further, an initial complaint may serve as notice supporting a willful infringement claim in a subsequent complaint where the defendant fails to cease its infringing activities after receiving the initial complaint. *See Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, 935 F. Supp. 2d 772, 779 (D. Del. 2013); *Clouding IP, LLC v. Amazon.com, Inc.*, 2013 WL 2293452, at *4-5 (D. Del. May 24, 2013); *Clouding IP, LLC v. Google Inc.*, 2013 WL 5176702, at *1 (D. Del. Sept. 16, 2013). A finding of willfulness can be supported by a defendant's activities undertaken after a complaint is filed against it. *Aeritas, LLC v. Alaska Air Grp., Inc.*, 893 F. Supp. 2d 680, 685 (D. Del. 2012).

Further, a defendant's activities undertaken even before the plaintiff's patent issues may "be used to support a finding of willfulness." *Chimie v. PPG Ind., Inc.*, 218 F.R.D. 416, 421-22 (D. Del. 2003) (citing *Minnesota Mining. & Mfg. Co. v. Johnson & Johnson Orthopedics, Inc.*, 976 F.2d 1559, 1581 (Fed. Cir. 1992)). In situations where "there is particularly egregious behavior showing a party intent on misappropriating a competitor's proprietary technology, courts

11

have been willing to consider that behavior as evidence of willfulness, even if some of the offending acts occurred before a patent issued." *Chimie*, 218 F.R.D. at 422.

Because of the factual nature of the willfulness inquiry the Federal Circuit has held that determining willfulness is a question for the jury. *Richardson v. Suzuki Motor Co. Ltd.*, 868 F.2d 1226, 1250 (Fed. Cir. 1989), *abrogated on other grounds, eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) ("Willfulness of behavior is a classical jury question of intent . . . . When trial is had to a jury, the issue should be decided by the jury.").

However, an award of enhanced damages does not require a finding of willfulness. *Trueposition Inc. v. Andrew Corp.*, 611 F. Supp. 2d 400, 409-10 (D. Del. 2009) (citing *Johns Hopkins*, 152 F.3d at 1364-65).

### f.    Attorneys' Fees

Section 285 of Title 35 of the United States Code provides for the awarding of "reasonable attorney fees to the prevailing party" when the case is determined to be exceptional.  To be a "prevailing party," a party "must win a dispute within the case in favor of it that materially alters the legal relationship between the parties at the time of the judgment." *Parallel Iron LLC v. NetApp Inc.*, 2014 WL 4540209, at *3 (D. Del. Sept. 12, 2014).  Recently, in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (U.S. 2014), the Supreme Court held that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."  The Supreme Court added: "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion" considering the totality of the circumstances." *Id.*; *see also id.* ("As in the comparable context of the Copyright Act, 'there is no precise rule or formula for making these determinations,

but instead equitable discretion should be exercised in light of the considerations we have identified.'") (citations omitted).  Further, the prevailing party must prove entitlement to attorney fees under § 285 by a preponderance of the evidence.  *Id.* at 1758; *see also Chalumeau Power Sys. LLC v. Alcatel- Lucent*, 2014 WL 4675002, at *1 (D. Del. Sept. 12, 2014).

### g.    Prejudgment Interest

The patent statute authorizes awards of prejudgment interest.  35 U.S.C. § 284.  The Supreme Court has held that "prejudgment interest should ordinarily be awarded where necessary to afford the plaintiff full compensation for the infringement." General Motors, 461 U.S. at 654. "An award of prejudgment interest serves to make the patentee whole because the patentee also lost the use of its money due to infringement." *Crystal Semiconductor*, 246 F.3d at 1361. Prejudgment interest is the rule, not the exception. *Gen. Motors*, 461 U.S. at 655.

"The rate of prejudgment interest and whether it should be compounded or uncompounded are matters left largely to the discretion of the district court.... In exercising that discretion, however, the district court must be guided by the purpose of prejudgment interest, which is 'to ensure that the patent owner is placed in as good a position as he would have been had the infringer entered into a reasonable royalty agreement.'" *Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986) (citations omitted).

### 2.    Permanent Injunction

A district court "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.  "[T]he decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and . . . that such discretion must be exercised consistent

with traditional principles of equity . . . ." *eBay, Inc.*, 547 U.S. at 394. A patentee seeking a permanent injunction must demonstrate each of the following four *eBay* factors:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Id.* at 391.

### a.    Evidence of Irreparable Harm

To satisfy the first *eBay* factor, a patentee must show that it has suffered "irreparable injury" as a result of infringement. *Id.* Irreparable injury "encompasses different types of losses that are often difficult to quantify." *Douglas Dynamics, LLC* v. *Buyers Prods. Co.*, 717 F.3d 1336, 1344 (Fed. Cir. 2013).

<u>Direct Competition and Loss of Market Share</u>. Direct competition between the parties to a suit supports a finding of irreparable harm, especially if the parties are the only competitors in the market. *See E.I. DuPont de Nemours & Co. v. Unifrax I LLC*, No. 14-cv-1250-RGA, 2017 WL 4004419, at *4–5 (D. Del. Sept. 12, 2017) (finding that because of direct competition between the two parties, "Defendants' presence in the market directly reduced Plaintiff's sales" and irreparably harmed the plaintiff, *id.* at *4); *see also Douglas Dynamics, LLC* v. *Buyers Prods. Co.*, 717 F.3d 1336, 1345 (Fed. 2013) ("Where two companies are in competition against one another, the patentee suffers the harm—often irreparable—of being forced to compete against products that incorporate and infringe its own patented inventions."); *Presidio Components Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1363 (Fed. Cir. 2012) ("Direct competition in the same market is certainly one factor suggesting strongly the potential for irreparable harm without enforcement of the right to exclude."). This is because in a two-supplier market, "a sale to defendant is the loss

14

of sale to plaintiff." *Invista N. Am. S.A.R.L. v. M & G USA Corp.*, No. 11-cv-1007-SLR, 2014 WL 1292223, at *17 (D. Del. Mar. 31, 2014) (quoting *TruePosition Inc.*, 568 F. Supp. 2d at 531). A plaintiff may also be irreparably harmed by the loss of market share caused by a smaller overall market as a result of defendants' infringement.

Price Erosion. Price erosion as a result of an infringer's unlawful presence on the market also satisfies the first *eBay* factor. *Edwards Lifesciences AG v. CoreValve, Inc.*, No. 08-cv-0091-GMS, 2014 WL 1493187, at *6 (D. Del. Apr. 15, 2014) ("Apart from loss of market share, sales, and business opportunities, there are other reasons to find irreparable harm established here. One such reason is the likelihood of price erosion."); *see also Celsis In Vitro, Inc.* v. *CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012) ("Price erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm."). For pharmaceutical products, irreparable harm in the form of price erosion includes "discounted rates and price concessions to third-party payors." *Sanofi-Synthelabo* v. *Apotex, Inc.*, 470 F.3d 1368, 1382 (Fed. Cir. 2006). The Federal Circuit has also held that a party may be irreparably harmed due to *ongoing* price erosion even where the party has already recovered damages for *past* price erosion. *See id.* at 1382–83.

Harm to Reputation. Damage to "reputation and brand distinction" likewise constitutes irreparable harm. *Douglas Dynamics, LLC*, 717 F.3d at 1344 (finding irreparable harm because the plaintiff "would lose some of its distinctiveness and market lure" due to the defendant's infringement); *see also Celsis In Vitro, Inc.*, 664 F.3d at 930–31 (finding irreparable harm because the patentee was unable "to distinguish [it]self from competitors" during the crucial "growth stage of the product," *id.* at 931). This form of irreparable harm includes a patentee's inability to attract and retain talent, and a patentee's "being precluded from marketing to potential and existing

customers that it is the exclusive market leader." *Celsis In Vitro, Inc.*, 664 F.3d at 931; *see also*

*TruePosition*, 568 F. Supp. 2d at 532 ("Plaintiff and defendant are the only two competitors for

[the patented] technology worldwide. . . . Defendant's infringement, therefore, has necessarily

affected its goodwill and its reputation as the first company to provide [the patented

technology] . . . ."); *Muniauction, Inc. v. Thomson Corp.*, 502 F. Supp. 2d 477, 483 (W.D. Pa.

2007) ("Recognition as the industry innovator is a tangible benefit afforded by a patent.

Defendants have taken that benefit away from plaintiff.   Such a harm is not compensable in

damages, and is irreparable, making equitable relief appropriate."), *rev'd on other grounds*, 532

F.3d 1318 (Fed. Cir. 2008).

 Harm to Business Model.   Courts have recognized that a defendant's presence in the

market, absent a permanent injunction but "despite a judgment of infringement, could encourage

other would-be infringers to attempt to gain access, resulting in significant litigation expenses and

uncertainty about the value" of the patents-in-suit. *Amgen, Inc.* v. *F. Hoffman-La Roche Ltd.*, 581

F. Supp. 2d 160, 212 (D. Mass. 2008), *aff'd in part, vacated in part on other grounds*, 580 F.3d

1340 (Fed. Cir. 2009); *see also Rosen Entm't Sys., LP v. Icon Enters. Inc.*, 359 F. Supp. 2d 902,

910 (C.D. Cal. 2005) (finding irreparable harm where the defendant's infringement might

"indirectly encourage other companies to disregard [the patentee's] patents").   This could cause

the patentee's "stock price [to] fall along with its ability to attract investment for research and

development" — "potentially immense and unquantifiable harms." *Amgen, Inc.*, 581 F. Supp. 2d

at 212.

 Reduction in R&D Spending.   "[D]iscontinuance of clinical trials that are devoted to other

medical uses" for Repatha constitutes further evidence of irreparable harm. *Sanofi-Synthelabo* v.

*Apotex, Inc.*, 470 F.3d 1368, 1381 (Fed. Cir. 2006).

### b. Inadequate Remedies at Law

If there is "no reason to believe that [a defendant] will stop infringing, or that the irreparable harms resulting from its infringement will otherwise cease," then the second *eBay* favors entry of a permanent injunction. *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1155 (Fed. Cir. 2011).

The inadequacy of money damages is established where a plaintiff "would be forced to compete against a rival gaining market share" by practicing plaintiff's patented technology. *E.I. DuPont de Nemours & Co.*, 2017 WL 4004419, at *5. Damages cannot compensate a patentee "for a competitor's increasing share of the market." *Douglas Dynamics, LLC*, 717 F.3d at 1345; *see also Broadcom Corp.* v. *Emulex Corp.*, 732 F.3d 1325, 1338 (Fed. Cir. 2013) (affirming district court's finding that money damages were inadequate to compensate for loss of market share in case involving direct competitors).

Other irreparable harms such as loss of innovator status and loss of business opportunities likewise cannot be adequately compensated with money damages. *See, e.g., Douglas Dynamics, LLC* v. *Buyers Products Co.*, Ill F.3d 1336, 1345 (Fed. Cir. *Douglas Dynamics, LLC*, 717 F.3d at 1345 ("This court finds remedies at law inadequate to compensate [patentee] for at least the reputation loss [patentee] has suffered from [defendant's] infringement."); *TruePosition Inc.*, 568 F. Supp. 2d at 531 ("Defendant has taken from plaintiff not only this important business, but the recognition of being a technology innovator and the first global supplier of the patented technology, and an unquantifiable amount of business opportunities flowing therefrom. Such harms are not compensable in damages." (footnote omitted)). "[L]oss of market share, brand recognition, and customer goodwill as the result of the defendant's infringing acts . . . may frequently defy attempts at valuation, particularly when the infringing acts significantly change

17

the relevant market, as occurred here." *i4i Ltd. P'ship* v. *Microsoft Corp.*, 598 F.3d 831, 862 (Fed. Cir. 2010), *aff'd on other grounds*, 564 U.S. 91 (U.S. 2011).

A plaintiff's refusal to license its patented products is also, on its own, strongly suggestive of a finding that there are inadequate remedies at law. *E.I. DuPont de Nemours & Co.*, 2017 WL 4004419, at *5 (finding that monetary damages were inadequate to compensate a patentee that "never agreed to a royalty payment through a license to a technology"); *see also Presidio Components Inc.*, 702 F.3d at 1363 ("The district court correctly found [patentee's] unwillingness to license favored finding irreparable injury."); *Evonik Degussa GmbH v. Materia Inc.*, No. 09-cv-636-NLH, 2017 WL 3434156, at *2 (D. Del. Aug. 10, 2017) (finding that "the competitive relationship" between the plaintiff and the defendant as well as the plaintiff's "unwillingness to license the [patent-in-suit], also weigh in favor of a conclusion that [the patentee] has no adequate remedy at law").

### c.    Balance of the Hardships

The third *eBay* factor involves "assess[ing] the relative effects of granting or denying an injunction on the parties." *i4i Ltd. P'ship*, 598 F.3d at 862.

Forcing a plaintiff "to compete against its own invention" constitutes a substantial hardship. *E.I. DuPont de Nemours & Co.*, 2017 WL 4004419, at *5; *see also Robert Bosch LLC*, 659 F.3d at 1156 ("[R]equiring [the patentee] to compete against its own patented invention, with the resultant harms described above, places a substantial hardship on [the patentee].") Thus, the third *eBay* factor strongly tilts in favor of a patentee that is deprived of exclusivity.

The Federal Circuit has also recognized that a defendant's "own calculated risk to launch its product" despite knowledge of potential infringement means that the balance of the hardships strongly favors the patentee. *Sanofi-Synthelabo*, 470 F.3d at 1383. Under such circumstances,

18

any harm suffered by a defendant following the issuance of a permanent injunction would have been "almost entirely preventable" by declining to launch the infringing product. *Id.* (quoting *Sanofi-Synthelabo v. Apotex Inc.*, 488 F. Supp. 2d 317, 346 (S.D.N.Y. 2006)); *see also Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1330 (Fed. Cir. 2008) ("One who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected." (quoting *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986))).

The balance of the hardships takes into account "the parties' sizes, products, and revenue sources." *i4i Ltd. P'ship*, 598 F.3d at 862. But a "party cannot escape an injunction simply because it is smaller than the patentee." *Robert Bosch LLC*, 659 F.3d at 1156; *see also Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1306 (2012) (affirming the issuance of an injunction even where it "would have a crippling effect" on the defendant). And where an infringing product constitutes "only a small fraction" of that party's revenues, then this factor favors the issuance of a permanent injunction. *i4i Ltd. P'ship*, 598 F.3d at 862.

Notably, the third *eBay* factor does not take into account the costs that a defendant might have "incurred in creating the infringing products" or the consequences of infringing, "such as the cost of redesigning the infringing products." *Id.* at 863.

### d.     Public Interest

The fourth *eBay* factor requires a consideration of "whether an injunction, both in scope and effect, strikes a workable balance between protecting the patentee's rights and protecting the public from the injunction's adverse effects." *Id.* at 863.

The Federal Circuit has acknowledged a significant "public interest in encouraging investment in drug development and protecting the exclusionary rights conveyed in valid

pharmaceutical patents." *Sanofi-Synthelabo*, 470 F.3d at 1383–84 (quoting *Sanofi-Synthelabo*, 488 F. Supp. 2d at 346). The patent laws promote the development of new, groundbreaking pharmaceutical products that greatly improve the lives of patients "by offering a right of exclusion for a limited period as an incentive to inventors to risk the often enormous costs in terms of time, research, and development." *Abbott Labs. v. Sandoz, Inc.*, 544 F.3d 1341, 1363 (Fed. Cir. 2008) (quoting *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 480 (1974)).

Importantly, "eliminating a choice of drugs is not, by itself, sufficient to disserve the public interest. Under such an approach, courts could never enjoin a drug because doing so would always reduce a choice of drugs. That, of course, is not the law." *Amgen Inc. v. Sanofi*, 872 F.3d 1367, 1381 (Fed. Cir. 2017); *see also WBIP LLC v. Kohler Co.*, 829 F.3d 1317, 1343 (Fed. Cir. 2016) ("The district court's decision is based on its reasoning that having more manufacturers of a lifesaving good in the market is better for the public interest. But this reasoning is true in nearly every situation involving such goods, such that, if it alone is sufficient, it would create a categorical rule denying permanent injunctions for life-saving goods, such as many patented pharmaceutical products. As the Supreme Court has warned, categorical rules regarding permanent injunctions are disfavored. And Congress has expressly indicated that injunctions may be grated in cases involving life-saving goods, such as pharmaceutical drugs." (citation omitted)). This is especially true if an infringing product offers no significant clinical advantages over the patented product. *See Amgen, Inc.*, 581 F. Supp. 2d at 213 (enjoining Defendants' medication where "it [was] not clear that MIRCERA [*i.e.*, Defendants' medication] offer[ed] significant clinical advantages over Aranesp [*i.e.*, Amgen's medication]"); *Schneider (Europe) AG v. SciMedLife Sys., Inc.*, 852 F. Supp. 813, 861 (D. Minn. 1994) ("SOE catheters are generally interchangeable . . . . '[M]ere expression of preference' is not adequate grounds for denying an injunction."), *aff'd on other*

*grounds*, 60 F.3d 839 (Fed. Cir. 1995) (per curiam); *see also Smith & Nephew, Inc. v. Arthrex, Inc.*, 2010 WL 2522428, at *3 (E.D. Tex. June 18, 2010), *vacated on other grounds*, 453 Fed. App'x 977 (Fed. Cir. 2011) (unpublished) (granting injunction despite finding the infringing product "has features that are arguably more advantageous" than the plaintiff's product).

Courts also have found that the public will not be harmed by an injunction if the party moving for the injunction has sufficient product to address all the additional demand created by the injunction's removal of the infringing competing product. *See Howes v. Medical Components, Inc.*, 741 F. Supp. 528, 534–535 (E.D. Pa. 1990) ("No harm to the public is imminent because [plaintiff] can fully meet the increased demand that the injunction creates for the [patented product]."); *see also Jeneric/Pentron, Inc. v. Dillon Co., Inc.*, 259 F. Supp. 2d 192, 196 (D. Conn. 2003) ("In light of [patentee's] apparent ability to supply the market that might otherwise be frustrated by the Court's issuance of an injunction, the Court finds that there is no public interest that would be injured by the grant of injunctive relief."). Even if there are concerns over supplying the entire market, this does not weigh strongly against the issuance of a permanent injunction. *E.I. DuPont de Nemours & Co.*, 2017 WL 4004419, at *5 ("Overall, I am not concerned with Plaintiff[']s ability to supply its product. Even if there were concerns, it could still be appropriate to award an injunction.").

## II.     ISSUES ON WHICH DEFENDANTS BEAR THE BURDEN OF PROOF

As set forth in Amgen's Statement of Intended Proofs (Exhibit 6 to the Proposed Pretrial Order), which is incorporated herein by reference, Defendants will be unable to prove by clear and convincing evidence that any of Amgen's selected claims are invalid for failure to satisfy either the written description or enablement requirements.

## A.    ALLEGED INVALIDITY

It is well established that a patent is presumed valid, and that the party challenging a patent must prove invalidity by clear and convincing evidence. 35 U.S.C. § 282; *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1294-95 (Fed. Cir. 2009). "Clear and convincing evidence has been described as evidence which proves in the mind of the trier of fact 'an abiding conviction that the truth of [the] factual contentions are highly probable.'" *Intel Corp. v. US. Int'l Trade Comm'n*, 946 F.2d 821, 830 (Fed. Cir. 1991) (quoting *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984)) (other citations omitted).   The burden of establishing invalidity "exists at every stage of the litigation." *Abbott Labs. v. Sandoz, Inc.*, 544 F.3d 1341, 1346 (Fed. Cir. 2008) (quoting *Canon Computer Sys., Inc. v. Nu-Kote Int'l, Inc.*, 134 F.3d 1085, 1088 (Fed. Cir. 1998)).

"Each claim of a patent . . . shall be presumed valid independently of the validity of other claims; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim." 35 U.S.C. § 282. That is, "[w]hen determining the validity of the claims of a patent, each claim must be separately considered." *Rosco, Inc. v. Mirror Lite Co.*, 304 F.3d 1373, 1379 (Fed. Cir. 2002).

On remand, Defendants allege the selected claims are invalid due to lack of enablement and lack of sufficient written description. Defendants have withdrawn allegations that the selected claims are invalid due to anticipation, Section 101, and obviousness-type double patenting. Obviousness under Section 103 is also no longer at issue because the Federal Circuit affirmed the District Court's grant of Amgen's motion for judgment as a matter of law of non-obviousness of the selected claims.

## B.   ALLEGED INSUFFICIENT WRITTEN DESCRIPTION

The written description requirement requires the patent holder to describe its invention with sufficient detail to allow a person of ordinary skill in the art to conclude that "the inventor actually invented the invention claimed." *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (*en banc*).  The requirement has also been articulated as whether a person of ordinary skill in the art would understand from the disclosure that "the inventor had possession of the claimed subject matter as of the filing date." *Id.*  Because "the hallmark of written description is disclosure," any test for sufficient written description necessarily "requires an objective inquiry into the four corners of the specification from the perspective of a person ordinary skill in the art." *Id.*

The adequacy of the written description is a question of fact.  *Regents of Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1566 (Fed. Cir. 1997).  Each case involving issues of written description "must be decided on its own facts" and the "precedential value of cases in this area is extremely limited." *Vas-Cath, Inc. v. Mahurkar*, 935 F.2d 1555, 1562 (Fed. Cir. 1991).  This is because no two assessments of written description are alike, and each determination must be made on a case-by-case basis. *Ariad*, 598 F.3d at 1351; *see also Capon v. Eshhar*, 418 F.3d 1349, 1359 (Fed. Cir. 2005) ("While the Board is correct that generic invention requires adequate support, the sufficiency of the support must be determined in the particular case").

An adequate written description of a genus may be met by the disclosure of a representative number of species falling within the scope of the genus or by structural features common to the members of the genus so that one of skill in the art can visualize or recognize the members of the genus. *Lilly*, 119 F.3d at 1568-1569.  It is black letter law that the written "description requirement does not demand any particular form of disclosure." *Ariad*, 598 F.3d at 1352 (citing *Carnegie*

*Mellon Univ. v. Hoffmann-La Roche Inc.*, 541 F.3d 1115, 1122 (Fed. Cir. 2008)). The level of required disclosure "depends on a variety of factors, such as the existing knowledge in the particular field, the extent and content of the prior art, the maturity of the science or technology, the predictability of the aspect at issue, and other considerations appropriate to the subject matter." *Capon*, 418 F.3d at 1359.

The law is also "clear that the written description requirement does not demand either examples or an actual reduction to practice; a constructive reduction to practice that in a definite way identifies the claimed invention can satisfy the written description requirement." *Ariad*, 598 F.3d at 1352. "[T]he written description requirement can be met by "show[ing] that an invention is complete by disclosure of sufficiently detailed, relevant identifying characteristics . . . *i.e.*, complete or partial structure, other physical and/or chemical properties, functional characteristics when coupled with a known or disclosed correlation between function and structure, or some combination of such characteristics." *Enzo Biochem v. Gen-Probe, Inc.*, 323 F.3d 956, 964 (Fed. Cir. 2002). Indeed, "the critical inquiry is whether the patentee has provided a description that in a definite way identifies the claimed invention in sufficient detail that a person of ordinary skill would understand that the inventor was in possession of it." *Alcon Research, Ltd. v. Barr Labs., Inc.*, 745 F.3d 1180, 1190-91 (Fed. Cir. 2014) (internal quotations omitted). The patent need not describe technologies or embodiments that constitute technology arising after the priority date, or that constitute new inventions after the priority date. *Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247, 1254-1255 (Fed. Cir. 2004); *Amgen Inc. v. Sanofi et al.*, 872 F.3d 1367, 1374-1375 (Fed. Cir. 2017) (citing *In re Hogan*, 559 F.2d 595, 606 (C.C.P.A. 1977)); *U.S. Steel Corp. v. Phillips Petroleum Co.*, 865 F.2d 1247, 1252 (Fed. Cir. 1989) (a requirement to describe every specific

infringing species would "impose an impossible burden on inventors and thus on the patent system.").

Evidence discovered after the filing date regarding an inherent property of a disclosed embodiment may provide additional written description support for a patent claim.  *Kennecott Corp. v. Kyocera Int'l, Inc.*, 835 F.2d 1419, 1422-23 (Fed. Cir. 1987) (citing *In re Nathan,* 328 F.2d at 1008-09) (earlier application supported claim with later-disclosed inherent property of an earlier disclosed compound); *In re Nathan*, 328 F.2d 1005 (C.C.P.A. 1964); *see also In re Magerlein*, 346 F.2d 609 (C.C.P.A. 1965) (post-filing data may be used to establish inherent disclosure for 112 purposes); *Spero v. Ringold*, 377 F.2d 652 (C.C.P.A. 1967) (experiments after the filing of the application served as evidence of inherent disclosure); *Yeda Res. & Dev. Co., Ltd. v. Abbott GMBH & Co., KG*, 837 F.3d 1341, 1345 (Fed. Cir. 2016) ("[W]hen a specification describes an invention that has certain undisclosed yet inherent properties, that specification serves as adequate written description to support a subsequent patent application that explicitly recites the invention's inherent properties."). Amgen's post-priority date evidence on inherent properties is precisely the type of post-priority date information the Federal Circuit stated on appeal in this matter may be relevant to the fact-finder for enablement and written description on remand. *Amgen,* 872 F.3d at 1379 ("[T]he jury did not hear relevant post-priority date evidence regarding written description and enablement.  This evidence may show, for example, that practicing the invention did not require undue experimentation or that the disclosed species are representative of the claimed genus.").

Defendants' Statement of Issues of Law to be Litigated states that the inherency principles of the *Kennecott* case should not apply to the present case.  *Kennecott* involved claims that included an "equiaxed microstructure" in a ceramic material. 835 F.2d at 1420. Although the claims of the

later-in time '299 Patent recited that structural requirement, the words "equiaxed microstructure" were not printed within the four corners of the specification of its parent '954 application. *Id.* The question was whether the original '954 application adequately supported the claim term "equiaxed microstructure" so that the '299 Patent was entitled to its earlier priority date. *Id.* at 1419. Defendant Kyocera – like the Defendants in this case – argued that "because the '954 specification is silent as to the microstructure of the product, and because one would not know whether the product had an equiaxed microstructure *merely by reading the specification*, the specification is inadequate in law to support claims that require an equiaxed microstructure. . . ." *Id.* at 1421 (emphasis added).

The Federal Circuit disagreed – ultimately finding that "anyone with a microscope would see the microstructure of the product of the '954 application." Defendants state that principles of inherency applied to the composition claims in *Kennecott* only because *every* exemplary embodiment (ceramic) in the patent possessed the equiaxed microstructure. They state that the method disclosed in the patent would necessarily generate the equiaxed microstructure and no others. *Kennecott*, however, never imposed a requirement that *all* examples found in a specification necessarily possess the inherent property in order for principles of inherency to apply. Such a requirement would effectively punish a patent holder for providing a broad disclosure to the public in its specification, while narrowly claiming only a portion of what it disclosed. The inherent disclosure doctrine does not require all examples in a specification necessarily and inherently share the same property as each other. Nor does the inherency doctrine require that every method in the patent produce precisely the same compound for principles of inherency to apply. Instead, what is meant by inherent disclosure is that disclosure of a *composition* is necessarily and inherently also a disclosure of all of the *properties* of that composition – if they

26

can be discerned by a person of ordinary skill in the art, *e.g.*, with a microscope. Indeed, it is well-settled law that a "compound and all of its properties are inseparable; they are one and the same thing." *Regents of the Univ. of New Mexico v. Knight*, 321 F.3d 1111, 1122 (Fed. Cir. 2003). The *Kennecott* court applied the inherent disclosure doctrine because disclosure of the exemplary ceramics necessarily and inherently disclosed the properties of those ceramics, whether the properties were appreciated or not at the time of filing. *Kennecott*, 835 F.2d at 1423. Here, Amgen's disclosure of actual exemplary antibodies also discloses their inherent properties, which are inseparable from the exemplary antibodies themselves – for example, the particular amino acid residues on PCSK9 that are bound by each of those antibodies, which could readily be appreciated by a person skilled in the art as of the priority date via well-established techniques including alanine scanning, x-ray crystallography, and other well-known methods. *See, e.g.*, D.I. 342, Trial Tr. at 414:19-416:10 (Defendants' expert Dr. Ravetch explaining that such methods were well known in the art as of the priority date).

*Ariad* is not to the contrary. In *Ariad*, the specification identified three general classes of potential NF-κB inhibitors, but did not provide a single working example (only prophetic examples of the "decoy" class of molecules "with no accompanying description that they could be used to reduce NF-κB activity" or any experimental evidence). *Ariad*, 598 F.3d at 1357-58. *Ariad* attempted to rely on post-priority evidence of actual decoy molecule structures as supporting the written description of method claims for interfering with a particular biological pathway. By contrast, here, the Amgen patents disclose ***actual examples of antibodies*** that bind and block exactly as claimed, and the post-priority date evidence at issue merely reveals and confirms their inherent properties. *Ariad* does not dictate otherwise.

27

Defendants attempt to impose a requirement that the Amgen specification "must not only disclose the specific antibodies in question, . . . [] but also convey which disclosed antibodies perform the required function—in other words which antibodies bind to one or more of the specified amino acid residues of PCSK9 and block LDLR binding—in order for a person of ordinary skill to know any given molecule is support for the claims in question." Defs. Ex. 5 at pp. 8-9. But nowhere does the law impose such a requirement and the *Kennecott* court rejected similar arguments. *Kennecott*, 835 F.2d at 1421. In any event, the Amgen patents disclose claimed antibodies that bind to one or more of the specified PCSK9 amino acids, as demonstrated by, among other things, the patents' binding, binning, and blocking data.

Post-priority evidence can also be relevant as evidence of the state of the art as of the filing date. *In re Koller*, 613 F.2d 819, 824 (Fed. Cir. 1980) ("We recognize that, under certain narrow circumstances, later-issued patents and publications may be used to show the state of the art existing on the date of the application in question.") (citing *In re Hogan*, 559 F.2d 595, 605 n.17 (C.C.P.A. 1977)). The Federal Circuit has also found a post-priority embodiment to be fully supported in an earlier priority application that did not expressly disclose that particular embodiment because a skilled person would have understood from the disclosure that the inventors were in possession of the scope of the embodiment. *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 655 F.3d 1364 (Fed. Cir. 2011).

Defendants contend in their November 16, 2018 three-page letter brief on proposed *Daubert* motions that the evidence is inadmissible due to the legal effect of Judge Robinson's prior ruling excluding such inherency post-priority date evidence at the last trial. (D.I. 628 at 1.) The Court rejected that argument on January 10, 2019, when issuing its Order denying Defendants leave to file their *Daubert* Motions. D.I. 702 at 2. That Order is correct. Judge Robinson made

28

clear that she was excluding *both parties'* post-priority date evidence in an effort to avoid jury confusion in light of the complex technology. (D.I. 226 at 4-5; Ex. 1 at 8:23-9:20.) She drew a bright line rule concluding "that the clearest, most consistent result is to grant both motions and preclude the use of any such evidence in connection with the issue of written description." (D.I. 226 at 4-5.) After the Federal Circuit granted Defendants' motion for a new trial, nothing in the mandate from the Federal Circuit precludes this Court from reconsidering the admissibility of either side's evidence. (*see* D.I. 670, Amgen's Letter Response in Opposition to Defendants' Request for Leave to File *Daubert* Motions.) Defendants also argue that Amgen should have appealed the ruling, but as the prevailing party in the first trial, Amgen was not in a position to appeal it. *See Nautilus Grp. Inc. v. Icon Health & Fitness, Inc.*, 437 F.3d 1376, 1377 (Fed. Cir. 2006) ("A party has no right of cross-appeal from a decision in its favor"); *see also Penda Corp. v. United States*, 44 F.3d 967, 972 (Fed. Cir. 1994) ("Courts . . . have not recognized standing to appeal where a party does not seek reversal of the judgment but asks only for review of unfavorable findings.").

Turning to the representative species inquiry, there are no bright-line rules governing the number of species that must be disclosed to describe a genus claim. *Ariad*, 598 F.3d at 1351. The Federal Circuit has held that "every species in a genus need not be described in order that a genus meet the written description requirement." *Lilly*, 119 F.3d at 1568; *see also Ariad*, 598 F.3d at 1352 ("We have made clear that the written description requirement does not demand either examples or an actual reduction to practice"). Indeed, the court has held that, depending on the particular facts at issue, sufficient written description can be found in the total absence of any disclosed species or working examples. *Alcon*, 745 F.3d at 1190 ("There is no requirement that the disclosure contain either examples or an actual reduction to practice"). Assessing "whether a

29

patent complies with the written description requirement will necessarily vary depending on the context" and the necessary quantum of disclosure "varies depending on the nature and scope of the claims and on the complexity and predictability of the relevant technology." *Ariad*, 598 F.3d at 1351.

The *AbbVie* decision does not impose particular legal requirements for evaluating representative species in the context of antibody genus claims. *AbbVie Deutschland GmbH & Co., KG v. Janssen Biotech, Inc.*, 759 F.3d 1285, 1300 (Fed. Cir. 2014). *AbbVie's* limited and case-specific holding stating that "[t]he patents must at least describe some species representative of antibodies that are structurally similar to Stelara" (the infringing embodiment) does not require that the patents at issue in this case must describe a structurally similar representative species to Defendants' product alirocumab, and certain third party antibodies, as measured by (1) the antibody's binding location and number of amino acids bound on PCSK9, and (2) by the amino acid sequence. *Id.* at 1301.

Rather, the Federal Circuit's 2017 *Amgen* decision makes clear that the Court generally "eschew[s] judicial exceptions to the written description requirement based on the subject matter of the claims." *Amgen*, 872 F.3d at 1379.   Consistent with *Ariad's* black letter law, *AbbVie* did not require that any one particular attribute, such as amino acid sequence, must be considered in the context of a representative species inquiry. *AbbVie,* 759 F.3d at 1292.   Rather, the *AbbVie* court merely found that the jury verdict in that case was supported by substantial evidence in the record, which was limited to certain types of evidence and will differ in nature from the evidence that will be proffered at this trial.

As the Federal Circuit states, the "precedential value of cases in this area is extremely limited." *Vas-Cath, Inc.,* 935 F.2d at 1562.   The holding in *AbbVie* is limited to the procedural

30

history and facts specific to that case. *AbbVie* in any event does not stand for the proposition that the only way for an antibody to be "representative" of another antibody is measured by amino acid sequence or precise binding location. Instead, and specific to the facts in that case, the *AbbVie* court noted that "the described species are all of the similar type and do not qualitatively represent other types of antibodies encompassed by the genus" in finding lack of adequate written description. *AbbVie,* 759 F.3d at 1300-1301. The evidence adduced at trial will show as a matter of law that the species disclosed in the patents at issue are diverse and representative of other types of antibodies, including Defendants' proffered post-priority antibody examples, if such evidence is relevant at all.

With respect to structural features common to the members of the genus, the written description requirement is met when there is an established correlation between structure and function. *Ariad,* 598 F.3d at 1350. Functional claim language can meet the written description requirement when the art has established a correlation between structure and function. *Ariad,* 598 F.3d at 1350 (citing *Enzo,* 323 F.3d at 964). A reasonable structure-function correlation may be established by the inventor as described in the specification or by what was known in the art at the time of the filing date. *Enzo,* 323 F.3d at 964. Common structural features can be disclosed in a number of ways, "such as by structure, formula, chemical name, physical properties, or other properties" so long as the disclosure demonstrates to a skilled artisan that the inventors were in possession of the claimed invention. *Ariad,* 598 F.3d at 1350. Moreover, the common structural features inquiry is a multi-faceted test that can be independently satisfied for claims with functional language by establishing a "correlation between structure and function." *Id.* Scientific evidence regarding where an antibody binds to an antigen may be relevant in the context of the common structure features test. *Amgen,* 872 F.3d at 1378.

31

Whether disclosed species are sufficiently representative of later-arising embodiments, if such embodiments are relevant or admissible at all, is a highly fact-intensive question, and the Federal Circuit has explained that assessment of written description "will necessarily vary depending on the context." *Ariad*, 598 F.3d at 1351.

## C.    ALLEGED LACK OF ENABLEMENT

Enablement requires that the specification of a patent teach a person skilled in the art how to make and use the claimed invention without undue experimentation. 35 U.S.C. § 112; *In re Wands*, 858 F.2d 731, 736-37 (Fed. Cir. 1988). A patent need not disclose what is well known in the art. *In re Wands*, 858 F.2d at 735.

The Federal Circuit has consistently held that "a patent specification complies with the statute even if a 'reasonable' amount of routine experimentation is required in order to practice a claimed invention, but that such experimentation must not be 'undue.'" *Enzo Biochem, Inc. v. Calgene, Inc.*, 188 F.3d 1362, 1371 (Fed. Cir. 1999). The determination of what constitutes undue experimentation in a given case requires the application of a standard of reasonableness, having due regard for the nature of the invention and the state of the art. *In re Wands*, 858 F.2d at 737.

Experimentation that is complex and time-consuming is not necessarily "undue" if it is routine or typical in the pertinent art. *Id.* at 736-37. A "considerable amount of experimentation is permissible, if it is merely routine, or if the specification in question provides a reasonable amount of guidance with respect to the direction in which the experimentation should proceed." *Id.* at 737. In fact, even "extensive experimentation does not necessarily render the experiments unduly extensive where the experiments involve repetition of known or commonly used techniques." *Cephalon, Inc. v. Watson Pharms., Inc.*, 707 F.3d 1330, 1338-1339 (Fed. Cir. 2013) (quoting *Johns Hopkins Univ. v. CellPro, Inc.*, 152 F.3d 1342, 1360 (Fed. Cir. 1998) (finding that

the difficulty in producing certain antibodies could not be attributed to the shortcomings in the disclosure of the patent at issue, but rather, the difficulty was attributed to the technique commonly used during experimentation that generally required repetition).   Moreover, an expert's unsubstantiated statements that experimentation is undue because it is "complicated" and "difficult" where it involves "repetition of known or commonly used techniques" is not sufficient to prove by clear and convincing evidence that patents are invalid for lack of enablement. *Cephalon*, 707 F.3d at 1338 (court reversed a finding of non-enablement because the amount of experimentation, while "complicated," was not undue).

It is well established that the "nature of monoclonal antibody technology is that it involves screening hybridomas to determine which ones secrete antibody with desired characteristics." *In re Wands*, 858 F.2d at 740.   When the application of well-known methods in the monoclonal antibody arts to make antibodies requires only routine screening, that does not amount to undue experimentation. *Id.* at 736.   Undue experimentation is not "defined in terms of the number of hybridomas that were never screened." *Id.* at 740.

The enablement requirement may be satisfied by evidence showing that one of skill in the art was able to make the disclosed invention by following the teachings of the patent's disclosure. *Johns Hopkins,* 152 F.3d at 1360 (patentee's evidence that over 40 antibodies had been produced post-filing using the patent's disclosed method was probative of enablement).   The enablement requirement does not require that the patent specification "describe how to make and use every possible variant of the claimed invention." *AK Steel Corp. v. Sollac & Ugine*, 344 F.3d 1234 (Fed. Cir. 2003).

Determining whether experimentation is "undue" is a factual inquiry based on a balance of the following factors:

A.      The breadth of the claims;

B.      The nature of the invention;

C.      The state of the prior art;

D.      The level of one of ordinary skill;

E.      The level of predictability in the art;

F.      The amount of direction provided by the inventor;

G.      The existence of working examples; and

H.      The quantity of experimentation needed to make or use the invention based on the content of the disclosure.

*In re Wands*, 858 F.2d at 737. It is not required that each and every one of these factors be considered when assessing enablement, and depending on the facts, certain *Wands* factors may be more important than others. *Amgen, Inc. v. Chugai Pharm. Co.*, 927 F.2d 1200, 1213 (Fed. Cir. 1991) (noting that the *Wands* factors "are illustrative, not mandatory. What is relevant depends on the facts."). A patent need not enable technologies or embodiments that constitute new technology arising after the priority date, or that constitute new inventions after the priority date. *Chiron*, 363 F.3d at 1254-1255; *Amgen*, 872 F.3d at 1375 (citing *In re Hogan*, 559 F.2d at 606); *U.S. Steel Corp.*, 865 F.2d at 1252 (a requirement to describe every specific infringing species would "impose an impossible burden on inventors and thus on the patent system.").

Post-priority evidence can be relevant to demonstrate that claims are enabled. *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1336 (Fed. Cir. 2003); *Johns Hopkins Univ. v. CellPro, Inc.*, 152 F.3d 1342, 1359 (Fed. Cir. 1998); *Bruning v. Hirose*, 161 F.3d 681, 686 (Fed. Cir. 1998); *In re Brana*, 51 F.3d 1560, 1567 n. 19 (Fed. Cir. 1995); *Knoll Pharm. Co. v. Teva Pharms. USA, Inc.*, 367 F.3d 1381, 1385 (Fed. Cir. 2004).

### D.     JUDICIAL ESTOPPEL AND QUASI-ESTOPPEL

Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001); *Fed. Power Comm'n v. Colo. Interstate Gas Co.*, 348 U.S. 492, 501-502 (1955).   The circumstances under which judicial estoppel may appropriately be invoked are "not reducible to any general formulation of principle." *New Hampshire*, 532 U.S. at 750. No "inflexible prerequisites" govern the application of this rule and there is "no exhaustive formula for determining applicability" of this rule. *Id.* at 751.   Indeed, a court may even "uphold the sanctity of the oath by applying estoppel to prohibit a litigant from asserting under oath inconsistent positions in two proceedings even when there is no risk of an inconsistent outcome." *Simon v. Safelite Glass Corp.*, 128 F.3d 68, 71 (2d Cir. 1997).

Quasi-estoppel likewise "precludes a party from taking a position in a subsequent action that is contrary to a position taken before an administrative agency." *Am. Mfrs. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc.*, 704 F. Supp. 2d 177, 193 (E.D.N.Y. 2010).   Delaware courts agree that a "party does not need to show reliance for quasi-estoppel to apply." *Simon-Mills*, 2017 Del. Ch. LEXIS 50, at *103 (citation omitted); *In re Rural Metro Corp. Stockholders Litig.*, 102 A.3d 205, 247 (Del. Ch. 2014).   More recent decisions of the Delaware federal courts do not include reliance as an element of quasi-estoppel. *See, e.g., Cahall v. Carey's Diesel, Inc.*, 2018 U.S. Dist. LEXIS 86974, at *3-4 (D. Del. May 23, 2018); *Wilmington Savings*, 2017 Bankr. LEXIS 609 at *97.   Numerous circuit courts have applied quasi-estoppel based upon the benefit to the party sought to be estopped or disadvantage to the other party without requiring proof of reliance by the party asserting estoppel. *See, e.g., Robinson v. Am. Airlines, Inc.*, 2018 U.S. App. LEXIS 21427, *7-8 (10th Cir. 2018); *IHFC Props., LLC v. Whalen Furniture Mfg., Inc.*, 614 Fed. App'x

623, 625-26 (4th Cir. 2015); *Pace Indus. Union Management Pension Fund v. Dannex Mfg. Co.*,

394 Fed. App'x 188, 199 (6th Cir. 2010); *Robb-Fulton v. Robb*, 23 F.3d 895, 898 (4th Cir. 1994);

*In re Davidson*, 947 F.2d 1294, 1297 (5th Cir. 1991).

Courts have uniformly recognized that the purpose of judicial estoppel and quasi-estoppel is "to protect the integrity of the judicial process" by "prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire*, 532 U.S. at 749-750; *see also Hardy v. Hardy*, 1997 U.S. Dist. LEXIS 23938, at *13, 24 (S.D. Ga. Oct. 6, 1997) (estoppel doctrine serves to "preclude litigants from playing 'fast and loose' with the courts," and reflect a "strong public policy concern[]" that courts should not "ignore [a party's] subsequent, contradictory representations before different branches of government").

It is well established that both the doctrines of judicial estoppel and quasi-estoppel prohibit a party from asserting a position in litigation that contradicts its prior assertions to administrative agencies, *i.e.*, in administrative or quasi-judicial proceedings. *See, e.g., Callanan Road Improvement Co. v. United States*, 345 U.S. 507, 513 (1953) (applying estoppel where party's later position was inconsistent with earlier representations to the Interstate Commerce Commission); *Pace Indus.*, 394 F. App'x at 199 (applying quasi-estoppel where party's later position was inconsistent with earlier representations to the Internal Revenue Service); *Simon*, 128 F.3d at *73 (applying judicial estoppel to employment discrimination claim based on position taken in prior Social Security Administration disability adjudication); *Payton Lane Nursing Home*, 704 F. Supp. 2d at 193 (applying quasi-estoppel to a "position taken before an administrative agency, such as [Department of Housing and Urban Development] HUD").

The application of the doctrines of judicial estoppel and quasi-estoppel is a procedural question determined under regional circuit law. *Akamai Techs., Inc. v. Limelight Networks, Inc.*,

805 F.3d 1368, 1374 (Fed. Cir. 2015) (questions of judicial estoppel are determined under the law of the regional circuit where the district court sits); *Source Search Techs., LLC v. LendingTree LLC*, 588 F.3d 1063, 1071 (Fed. Cir. 2009) (whether judicial estoppel applies is a matter of regional circuit law).

In the Third Circuit, judicial estoppel may apply when: (1) the party asserts a position that is "clearly inconsistent" with a position it took in a prior proceeding; (2) the party has succeeded in persuading a court or agency to accept its prior position, so that judicial acceptance of an inconsistent position in the later proceeding would create "the perception that either the first or the second court was misled;" (3) the "party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped;" (4) the party acts in bad faith; and (5) "*no lesser sanction would adequately remedy the damage* done by the litigant's misconduct." *New Hampshire*, 532 U.S. at 750-751; *Danise v. Saxon Mortg. Servs.*, 738 F. App'x 47, 51 (3d Cir. 2018); *In re Prosser*, 534 F. App'x 126, 130 (3d Cir. 2013).

This Court has looked to Delaware law in adopting the following elements for quasi-estoppel: (1) a prior inconsistent position by the party against whom estoppel is sought; (2) that party must have gained some advantage for himself or produced some disadvantage to another; and (3) "it would be unconscionable to allow a person to maintain a position inconsistent with one to which he acquiesced, or from which he accepted a benefit." *Cahall*, 2018 U.S. Dist. LEXIS 86974, at *3-4 (quoting *Pers. Decisions, Inc. v. Business Planning Sys.*, 2008 Del. Ch. LEXIS 55, at *6 (Del. Ch. May 5, 2008)).

Equitable principles underlying judicial estoppel apply to quasi-estoppel, and courts have recognized that judicial estoppel and quasi-estoppel apply to representations made to the U.S. Patent and Trademark Office. *In re Baker Hughes Inc.*, 215 F.3d 1297, 1301-1302 (Fed. Cir. 2000)

37

(patent owner was not quasi-estopped from arguing the patentability of his claims over a prior art reference); *MasterObjects, Inc. v. Google, Inc.,* 2013 WL 2606626, *1 (N.D. Cal. June 11, 2013) ("Google should not be permitted to make statements in this case that are inconsistent with its statements to the [PTO]" and past statements by Google during prosecution of unrelated patents "could be relevant to the present case" ); *Synopsys, Inc. v. Magma Design Automation, Inc.,* 2006 U.S. Dist. LEXIS 21662, at *13-14, and n.6 (N.D. Cal. Mar. 30, 2006) (quasi-estoppel did not bar party from arguing IBM is a co-owner of the disputed patents because Synopsys failed to demonstrate any advantage gained by Magma as a result of prior assertion of sole ownership). This Court has also held that judicial estoppel precluded a party from arguing that the patent at issue disclosed a microprocessor device that was not present in a separate patent because the party had argued the opposite before the U.S. Patent and Trademark Office. *MobileMedia Ideas, LLC v. Apple Inc.,* 907 F. Supp. 2d 570, 622-623 (D. Del. 2012), *aff'd in part, rev'd in part on other grounds,* 780 F.3d 1159 (Fed. Cir. 2015).

Estoppel principles are especially important where representations are made to the U.S. Patent and Trademark Office because all patent applicants are bound by "a duty of candor and good faith" in dealing with the U.S. Patent and Trademark Office and courts have emphasized that "[t]he vital importance of this duty cannot be overstated" because "[w]ithout it, the edifice of patent law cannot stand." 37 C.F.R. 1.56(a); *accord Std. Oil Co. v. Montedison, S.p.A.,* 540 F.2d 611, 616-617 (3d Cir. 1976); *see also Semiconductor Energy Laboratory Co. v. Samsung Elecs. Co.,* 4 F. Supp. 2d 477, 480 (E.D. Va. 1998), *aff'd,* 204 F.3d 1368 (Fed. Cir. 2000). Indeed, the U.S. Patent and Trademark Office's Manual of Patent Examining Procedure ("MPEP") makes clear that this duty extends to inconsistent litigation positions – "Another example of such material information is any assertion that is made during litigation and/or trial proceeding which is

38

contradictory to assertions made to the examiner. *Environ Prods., Inc. v. Total Containment, Inc.*, 43 USPQ 2d 1288, 1291 (E.D. Pa. 1997)."  MPEP § 2001.06(c), "Information From Related Litigation and/or Trial Proceedings [R-08.2017]."  Similar principles should likewise apply here in the litigation context for inconsistent statements made in prosecution.

**EXHIBIT 5 TO PROPOSED FINAL PRETRIAL ORDER**

**DEFENDANTS' STATEMENT OF ISSUES OF LAW TO BE LITIGATED**

Defendants respectfully submit the following issues of law that remain to be litigated at trial. Defendants have provided the basis for, and a detailed explanation of, these issues during the course of discovery, and notably in their pleadings and discovery responses, including in their contentions, interrogatory responses, expert reports, and by experts at depositions, all of which are incorporated herein by reference. In the event that the Court determines that any issue identified below is more properly considered an issue of fact, it shall be so considered and Defendants incorporate such issue into Defendants' Statement of Issues of Fact to be Litigated. Defendants reserve the right to revise, modify, supplement, or change the issues of law to be litigated in light of the Court's rulings and in light of Amgen's identification of issues of law and fact to be litigated.

**Defendants' Statement of Issues of Law:[1]**

**I.       PRESUMPTION OF VALIDITY**

Each claim of an issued patent is entitled to a statutory presumption of validity.   35 U.S.C. § 282(a).

A party attempting to prove that a patent claim is invalid must do so by clear and convincing evidence. *Apotex USA, Inc. v. Merck & Co.*, 254 F.3d 1031, 1036 (Fed. Cir. 2001).

The presumption of validity is, however, merely a procedural device and does not have independent evidentiary value. *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1534 (Fed. Cir.

---

[1] Defendants' position is that willfulness is not at issue in this case.  *See* Defendants' Motion for Judgment on the Pleadings regarding willfulness, which is still pending before the Court.  D.I. 448.  However, consistent with the Court's comments at the January 3, 2019 hearing, Defendants have supplemented their pretrial order materials to address willfulness without waiver of their position.

1983). Once the party challenging the validity of a patent meets its initial burden of making a *prima facie* case of invalidity, the patentee must come forward with countervailing evidence. *Id.*

"[I]f the PTO did not have all material facts before it [when issuing a patent], its considered judgment may lose significant force," and "the challenger's burden to persuade the jury of its invalidity defense by clear and convincing evidence may be easier to sustain." *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 111 (2011). "[N]ew evidence supporting an invalidity defense may 'carry more weight' in an infringement action than evidence previously considered by the PTO . . . ." *Id.* "When it is disputed whether the evidence presented to the jury differs from that evaluated by the PTO, the jury may be instructed to consider that question." *Id.* "[T]he jury may be instructed to evaluate whether the evidence before it is materially new, and if so, to consider that fact when determining whether an invalidity defense has been proved by clear and convincing evidence." *Id.*; *see also AbbVie Deutschland GmBH & Co., KG v. Janssen Biotech, Inc.*, 759 F.3d 1285, 1304-05 (Fed. Cir. 2014).

"The courts are the final arbiter of patent validity." *Quad Envtl. Techs. Corp. v. Union Sanitary Dist.*, 946 F.2d 870, 876 (Fed. Cir. 1991). Any relevant evidence, whether or not previously considered by the Patent Office, can be considered by the court in determining validity. *Constant v. Advanced Micro-Devices, Inc.*, 848 F.2d 1560, 1571-72 (Fed. Cir. 1988).

## II.   ISSUES ON WHICH DEFENDANTS BEAR THE BURDEN OF PROOF

### A.   WRITTEN DESCRIPTION

The written description requirement of 35 U.S.C. § 112, ¶ 1 provides, in pertinent part, that a patent specification: shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make

and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.[2]

A patent's written description "must clearly allow persons of ordinary skill in the art to recognize that [the inventor] invented what is claimed." *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc) (alteration in original) (internal quotation marks omitted).

"[T]he applicant must 'convey with reasonable clarity to those skilled in the art that, as of the filing date sought, he or she was in possession of the invention,' and demonstrate that by disclosure in the specification of the patent." *Carnegie Mellon Univ. v. Hoffmann-La Roche Inc.*, 541 F.3d 1115, 1122 (Fed. Cir. 2008) (citation omitted) (quoting *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1563-64 (Fed. Cir. 1991)); *see also Ariad*, 598 F.3d at 1351. Such "possession as shown in the disclosure" requires "an objective inquiry into the four corners of the specification," *Ariad*, 598 F.3d at 1351, and the specification must "describ[e] the invention, with all its claimed limitations," *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1572 (Fed. Cir. 1997) (emphasis removed). "The disclosure must allow one skilled in the art to visualize or recognize the identity of the subject matter purportedly described." *Univ. of Rochester v. G.D. Searle & Co., Inc.*, 358 F.3d 916, 923 (Fed. Cir. 2004) (quoting *Enzo Biochem, Inc. v. Gen-Probe Inc.*, 323 F.3d 956, 968 (Fed. Cir. 2002)).

"The purpose of the written description requirement is to ensure that the scope of the right to exclude, as set forth in the claims, does not overreach the scope of the inventor's

---

[2] Paragraph 1 of 35 U.S.C. § 112 was replaced with newly designated § 112(a) when § 4(c) of the Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29, took effect on September 16, 2012. Because the patents-in-suit were filed before that date, this pre-AIA version of Section 112 applies.

contribution to the field of art as described in the patent specification." *Ariad,* 598 F.3d at 1353-54 (internal quotation marks omitted).

The requirement to provide an adequate written description is especially acute when the patent claims a genus using functional language because such claims run the risk of reciting "a description of the problem to be solved while claiming all solutions to it and . . . cover[ing] any compound later actually invented and determined to fall within the claim's functional boundaries—leaving it to the pharmaceutical industry to complete an unfinished invention." *Ariad,* 598 F.3d at 1353. When a genus is claimed, the specification must describe the invention in a way that makes it clear that the genus has been invented, not just a species of the genus. *Carnegie Mellon,* 541 F.3d at 1124. This is particularly true when the patent claims a genus defined by functional language, because such claims run the risk of "simply claim[ing] a desired result . . . without describing species that achieve that result." *Ariad,* 598 F.3d at 1349.

The Federal Circuit has set forth two possible ways to satisfy the requirement that the "disclosure must allow one skilled in the art to visualize or recognize" the subject matter covered by a genus claim: a party may disclose "either a representative number of species falling within the scope of the genus or structural features common to the members of the genus so that one of skill in the art can 'visualize or recognize' the members of the genus." *Amgen Inc. v. Sanofi,* 872 F.3d 1367, 1373 (Fed. Cir. 2017) (citing *Ariad,* 598 F.3d at 1350); *see also Regents of the Univ. of Cal. v. Eli Lilly & Co.,* 119 F.3d 1559, 1568 (Fed. Cir. 1997) (failure to define structural features that distinguish members of the genus from non-members does not allow one to visualize or recognize the identity of the members of the genus). "[A]n adequate written description requires a precise definition, such as by structure, formula, chemical name, physical properties, or other properties, or species falling within the genus sufficient to distinguish the

4

genus from other materials." *Ariad*, 598 F.3d at 1350 (en banc) (emphasis added); *see also Amgen,* 872 F.3d at 1378.

       **The "common structural features" test**. Functionally-defined claims can meet the written description requirement if a reasonable correlation has been established between the structure of the compositions covered by the claims and their recited functions, whether by the inventor as described in the specification or if known at the time of the filing date. *Id.* (citing *Enzo*, 323 F.3d at 964).

       **The "representative species" test**. Where there is substantial variation within the members of the claimed genus, the patent must describe a sufficient variety of species to reflect that structural diversity of the genus. *Carnegie Mellon*, 541 F.3d. at 1124; *AbbVie*, 759 F.3d at 1301.

       The patent need not disclose each species (*e.g.*, the accused species) in exact terms, but must at least describe some species representative of antibodies that are structurally similar to the *accused product. AbbVie*, 759 F.3d at 1301 (emphasis added). For example, in *AbbVie*, the antibody Stelara was conceded to fall within the scope of the asserted claims, and the Federal Circuit indicated that, to meet the written description requirement and demonstrate that the inventors invented the claimed genus, the patent must "at least describe some species representative of antibodies that are structurally similar to Stelara." *Id.*

       To provide sufficient written description, "[o]ne needs to show that one has truly invented the genus, *i.e.,* that one has conceived and described sufficient representative species encompassing the breadth and variability of the genus. Otherwise, one has only a research plan, leaving it to others to explore the unknown contours of the claimed genus." *Id.* at 1300; *see also Rochester*, 358 F.3d at 926-927 (finding that the patent lacks sufficient written description

because it "discloses nothing more than a hoped-for function for an as-yet-to-be-discovered compound, and a research plan for trying to find it."). As the Federal Circuit aptly stated in its en banc decision in *Ariad Pharms. Inc. v. Eli Lilly and Co.*, "[b]ut claims to research plans also impose costs on downstream research, discouraging later invention. The goal is to get the right balance, and the written description doctrine does so by giving the incentive to actual invention and not "attempt[s] to preempt the future before it has arrived." *Ariad*, 598 F.3d at 1353.

One cannot "claim antibodies by describing something that is not the invention, i.e., the antigen." *Amgen*, 872 F.3d at 1378.

In order to be afforded the priority date, "the written description of the provisional must adequately support the claims of the non-provisional application" (*Amgen,* 872 F.3d at 1380 (quoting *New Railhead Mfg., L.L.C. v. Vermeer Mfg. Co.*, 298 F.3d 1290, 1294 (Fed. Cir. 2002)), and the claims must be "enabled as of the priority date." *Amgen*, 872 F.3d at 1375.

Under the inherency doctrine, "when a specification describes an invention that has certain undisclosed yet inherent properties, that specification serves as adequate written description to support a subsequent patent application that explicitly recites the invention's inherent properties." *Yeda Res. & Dev. Co., Ltd. v. Abbott GMBH & Co. KG*, 837 F.3d 1341, 1345 (Fed. Cir. 2016). For a disclosure to be inherent, "the missing descriptive matter must necessarily be present in the … specification such that one skilled in the art would recognize such a disclosure." *Tronzo v. Biomet, Inc.*, 156 F.3d 1154, 1159 (Fed. Cir. 1998) (emphasis added).

*Kennecott*, relied upon by Amgen in its Statement of Issues of Law, is inapplicable to the situation at hand. In *Kennecott*, the patent at issue claimed a ceramic body containing a large percentage of silicon carbide in the alpha phase and other ingredients and "having a

predominantly equiaxed microstructure," however the parent application upon which the patentee relied only disclosed the claimed ceramic composition without stating it had an "equiaxed microstructure." *Kennecott Corp. v. Kyocera Intl Inc.*, 835 F.2d 1419, 1420 (Fed. Cir. 1987). The Federal Circuit found that as a factual matter all of "the high-alpha products of the [parent] application have the equiaxed microstructure," including all 30 examples, and that "anyone with a microscope would see the microstructure of the product of the [parent] application." *Id.* at 1421-22. Thus, despite the absence of any disclosure of equiaxed microstructure, there was no dispute in Kennecott that the patent taught that every ceramic composition it disclosed was covered by its claims. On this basis it held that the parent application supported the later claim limitation requiring that the ceramic compositions have the equiaxed microstructure because that was merely an inherent property of every disclosed ceramic composition.

Amgen is attempting to use inherency in a manner that was never considered by *Kennecott.* In *Kennecott,* all 30 examples indisputably possessed the inherent property and the method disclosed in the parent "invariably produce[d] a ceramic product having an equiaxed microstructure." *Id.* at 1420. Accordingly, by making any ceramic product according to the disclosure, one would produce a product with an equiaxed microstructure. In its Statement of Issues of Law, Amgen argues that *Kennecott* never imposed a requirement that *all* examples found in a specification necessarily possess the inherent property. But this is exactly what *Kennecott* requires: "To prove inherency, the burden is on appellants to show that the **necessary and only reasonable construction** to be given the disclosure by one skilled in the art is one which will lend clear support to ... [this] positive limitation in the interference count." *Kennecott,*

835 F.2d at 1423 (quoting *Langer v. Kaufman,* 465 F.2d 915 (CCPA 1972) (emphasis added) (internal quotations omitted).

That is not the case here. The present scenario does not present that inevitability because not all PCSK9 antibodies will invariably fall within the scope of Amgen's claims. For example, Amgen describes making 3000 antibodies (hybridomas), and provided amino acid sequence information for 46 but to date has only asserted that 32 of them fall within the scope of the claims. Amgen is in effect arguing that it can demonstrate possession of representative species within the scope of its claims because a person of ordinary skill could make each of the disclosed antibodies, perform x-ray crystallography, and then determine which ones bind to the specified residues and which ones do not.

The present case is far more like *Ariad*, which prohibited the use of post-priority evidence to expand the scope of the patent's disclosure, than *Kennecott*. The claims in *Ariad* covered methods for reducing NF-κB activity while Amgen's claims require antibodies that bind to specified residues. See *Ariad,* 598 F.3d at 1340-41. Both Ariad's and Amgen's claims require molecules to perform a specified function.

In both cases, one must look to the specification to determine if such molecules were adequately disclosed. Ariad's specification provided "three classes of molecules potentially capable of reducing NF-κB activity." *Id.* at 1354. Ariad's patent only provided "structures" for the last class of such molecules, "decoy molecules," therefore the first two classes of molecules were disregarded without further analysis. *Id.* at 1357. But disclosing the structure did not end the inquiry for Ariad because the specification must still describe using these molecules to reduce NF-κB. *Id.* Ariad's specification merely conveyed the idea that reducing NF-κB activity would be a "desired outcome" from using decoy molecules. *Id.* Attempting to overcome this

8

deficiency, Ariad's expert relied on a post-priority publication that "reported using decoy molecules to reduce NF-κB activity." *Id.* The court, however, rejected Ariad's reliance on this post-priority publication, holding that "the disclosure in a later publication cannot, as a matter of law, establish that the inventor in this case possessed using decoy molecules to reduce NF-κB." *Id.*

Like Ariad, Amgen discussed various compounds but failed to explain in most cases which compounds fell within the scope of its claims. The specification, however, must not only disclose the specific antibodies in question, it must also convey which disclosed antibodies perform the required function—in other words which antibodies bind to one or more of the specified amino acid residues of PCSK9 and block LDLR binding—in order for a person of ordinary skill to know any given molecule is support for the claims in question. *Id.* Amgen's Asserted Patents suffer from the same flaw as Ariad's patent. It disclosed numerous antibodies but only provided x-ray crystallography (the only definitive method for determining to which residue an antibody binds on its target antigen (here, PCSK9)) for two demonstrating that they fall within the scope of the claims and never provided any data or guidance as to which of the 3000 antibodies it made, or the 46 it made and sequenced, fell within the scope of its claims. Like *Ariad*, Amgen cannot rely on post-priority data to prove that its patent taught other disclosed antibodies that possess the necessary binding characteristics to cause them to fall within the scope of Amgen's claims.

The Federal Circuit in this case did not decide whether written description or enablement could be deemed insufficient as a matter of law because they were "presented with an incomplete record on these issues, [and so,] the court is unable to determine whether the jury would have a 'legally sufficient evidentiary basis' to determine if the patents provide sufficient

written description or if the claims are enabled." *Amgen*, 872 F.3d at 1379 (citing Fed. R. Civ. P. 50(a)(1)).

### B.      ENABLEMENT

To satisfy the enablement requirement, the asserted patents must describe the invention and "the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains . . . to make and use the same." 35 U.S.C. § 112, ¶ 1.

It is not enough to enable a subset of what is claimed, a patent specification "must teach those skilled in the art how to make and use *the full scope of the claimed invention* without undue experimentation." *Amgen*, 872 F.3d at 1375 (quoting *Genentech, Inc. v. Novo Nordisk A/S*, 108 F.3d 1361, 1365 (Fed. Cir. 1997)) (emphasis added).

Whether undue experimentation is needed is a conclusion reached by weighing the following factors:

> a.      the quantity of experimentation necessary;
>
> b.      the amount of direction or guidance presented;
>
> c.      the presence or absence of working examples;
>
> d.      the nature of the invention;
>
> e.      the state of the prior art;
>
> f.      the relative skill of those in the art;
>
> g.      the predictability or unpredictability of the art; and
>
> h.      the breadth of the claims.

*In re Wands*, 858 F.2d 731, 737 (Fed. Cir. 1988).

A patentee may choose to claim his invention narrowly or broadly, but "[a] patentee who chooses broad claim language must make sure the broad claims are fully enabled. The scope

of the claims must be less than or equal to the scope of the enablement." *Sitrick v. Dreamworks, LLC*, 516 F.3d 993, 999 (Fed. Cir. 2008) (internal quotation marks omitted); *see also Trs. of Bos. Univ. v. Everlight Elecs. Co.*, 896 F.3d 1357, 1364-65 (Fed. Cir. 2018) (invalidating claim to "six permutations" because only "five out of the six" permutations were enabled).

"Enabling the full scope of each claim is part of the *quid pro quo* of the patent bargain." *Id.* (internal quotation marks omitted). A patentee cannot satisfy the enablement requirement if he claims an invention that cannot be practiced by one skilled in the art upon reading the specification. *See ALZA Corp. v. Andrx Pharm., LLC*, 603 F.3d 935, 940 (Fed. Cir. 2010) ("To be enabling, the specification of a patent must teach those skilled in the art how to make and use the full scope of the claimed invention without 'undue experimentation.'") (quoting *Genentech*, 108 F.3d at 1365).

Although a specification need not disclose what is well known in the art, it "must supply the novel aspects of an invention in order to constitute adequate enablement." *Genentech*, 108 F.3d at 1366; *see also Auto. Techs. Int'l, Inc. v. BMW of N. Am., Inc.*, 501 F.3d 1274, 1283 (Fed. Cir. 2007). The required disclosure includes providing specific starting materials; otherwise, undue experimentation would be required to practice the claimed invention. *Genentech*, 108 F.3d at 1366; *ALZA Corp.*, 603 F.3d at 941; *Biogen, Inc. v. Amgen, Inc.*, 973 F. Supp. 39, 44-46 (D. Mass. 1997) (patent disclosure of DNA vector non-enabling because, *inter alia*, it failed to disclose starting material DNA).

A patentee cannot rely solely on the level of skill in the art to enable the novel aspects of the claimed invention. *Genentech*, 108 F.3d at 1366.

In an unpredictable art, where it is necessary to make and test candidate examples that may meet the functional limitations of patent claims, and where the patent is silent as to how to

structurally modify disclosed examples in a way to preserve their functionality, undue experimentation may be needed to practice the full scope of the invention. *Wyeth v. Abbott Labs.*, 720 F.3d 1380, 1384-85 (Fed. Cir. 2013); *see also White Consol. Indus. Inc. v. Vega Servo-Control, Inc.*, 713 F.2d 788, 791 (Fed. Cir. 1983) (holding that patent claims were not enabled where post-priority-date expert evidence showed that "'1 ½ to 2 man years of effort'" would be needed to practice an invention.) "Undue experimentation is a matter of degree." *Id.* at 1385-86. In an "unpredictable" field, practicing the full scope of a claim directed to a functionally-defined genus requires undue experimentation when the patent merely discloses a method of trial-and-error testing of tens of thousands of compounds. *Wyeth*, 720 F.3d at 1386; *see also ALZA Corp.*, 603 F.3d at 943 (finding that one of ordinary skill "would have been required to engage in an iterative, trial-and-error process to practice the claimed invention even with the help of the... specification.").

The Federal Circuit did not decide whether written description or enablement could be deemed insufficient as a matter of law because they were "presented with an incomplete record on these issues, [and so,] the court is unable to determine whether the jury would have a 'legally sufficient evidentiary basis' to determine if the patents provide sufficient written description or if the claims are enabled." *Amgen*, 872 F.3d at 1379 (citing Fed. R. Civ. P. 50(a)(1)).

## III.   ISSUES ON WHICH AMGEN BEARS THE BURDEN OF PROOF[3]

### A.   PATENT DAMAGES

The plaintiff bears the burden of proving each element of its damages claim, including the amount of damages, if any, by a preponderance of the evidence. *SmithKline Diagnostics, Inc.*

---

[3] Defendants' position is that willfulness is not at issue in this case. *See* Defendants' Motion for Judgment on the Pleadings regarding willfulness, which is still pending before the Court. D.I. 448. However, consistent with the Court's comments at the January 3, 2019 hearing, Defendants have supplemented their pretrial order materials to address willfulness without waiver of their position.

*v. Helena Labs. Corp.*, 926 F.2d 1161, 1164 (Fed. Cir. 1991); *Vulcan Eng'g Co. v. Fata Aluminium, Inc.*, 278 F.3d 1366, 1376 (Fed. Cir. 2002).

Courts allow damages awards only if they are based on "sound economic and factual predicates" and are proven with reasonable certainty. *See, e.g.*, *Integra Lifesciences I, Ltd. v. Merck KGaA*, 331 F.3d 860, 870 (Fed. Cir. 2003), *rev'd on other grounds*, 545 U.S. 193 (2005). Speculation cannot constitute sound economic and factual predicates, and therefore, a damages award cannot be "based only on speculation and guesswork." *Wordtech Sys., Inc. v. Integrated Network Sols., Inc.*, 609 F.3d 1308, 1322 (Fed. Cir. 2010) (quoting *Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 95 F.3d 1422, 1435 (9th Cir. 1996)); *see also Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1327 (Fed. Cir. 2009). Damages me be awarded only to compensate the patentee, "not to punish the infringer." *See, e.g., Pall Corp. v. Micron Separations, Inc.*, 66 F.3d 1211, 1223 (Fed. Cir. 1995) (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 507 (1964)).

1.      Lost Profits

The availability of lost profits is a question of law for the court, reviewable de novo on appeal. *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1544 (Fed. Cir. 1995) (en banc). The finding of the amount of damages is a question of fact on which the patent owner bears the burden of proof. *SmithKline Diagnostics, Inc. v. Helena Laboratories Corp.*, 926 F.2d 1161, 1164 (Fed.Cir.1991).

To recover lost profits, the plaintiff must demonstrate a causal relationship between the defendant's infringement and the plaintiff's loss of profit. *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999). That is, the plaintiff must prove that "but for" the infringement it would have made the sales in question. *BIC Leisure Prods., Inc. v.*

*Windsurfing Int'l, Inc.*, 1 F.3d 1214, 1218 (Fed. Cir. 1993). To show this, the plaintiff must establish that, if there had been no infringement, it would have made some or all of the sales that the defendant made of the infringing product. *Id.*; *BIC Leisure*, 1 F.3d at 1218. Otherwise, a patentee normally recovers damages based on a "reasonable royalty" theory. *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F. 2d 1152, 1157 (6th Cir. 1978).

If the patentee is able to prove causation, then the patentee bears the burden of proving the amount of lost profits damages with reasonable certainty. *Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1118 (Fed. Cir. 1996). A failure of proof of lost profits damages can result in an award of no damages. *Promega Corp. v. Life Tech. Corp.*, 875 F.3d 651, 664, 666 (Fed. Cir. 2017).

"An award of lost profits may not be speculative. Rather[,] the patent owner must show a reasonable probability that, absent the infringement, it would have made the infringer's sales." *BIC Leisure*, 1 F.3d at 1218.

A plaintiff may demonstrate but-for causation for lost profits if it establishes each of the following, often referred to as the "*Panduit* factors":

1) That there was a demand for the patented product;

2) That there were no available, acceptable, noninfringing substitute products, or, if there were, its market share of the number of the sales made by the defendant that the plaintiff would have made, despite the availability of other acceptable noninfringing substitutes;

3) That the plaintiff had the manufacturing and marketing capacity to make any infringing sales actually made by the defendant and for which the plaintiff seeks an award of lost profits – in other words, that the plaintiff was capable of satisfying the demand; and

4) The amount of profit that the plaintiff would have made if the defendant had not infringed.

*See Rite-Hite*, 56 F.3d at 1544 (citing *Panduit*, 575 F.2d at 1156). "[A] patentee is not entitled to lost profits if the patentee fails to establish any of the above requirements." *SmithKline Diagnostics*, 926 F.2d at 1165 (affirming decision that the patentee was not entitled to lost profits).

A lost profits analysis requires a detailed consideration of the market—it is necessary to determine what would have occurred had there never been any infringement. *Grain Processing*, 185 F.3d at 1350. While such a market reconstruction is a hypothetical exercise, it must not "laps[e] into pure speculation." *Id.* Hence, a determination of lost profits "requires sound economic proof of the nature of the market and likely outcomes with infringement factored out of the economic picture." *Id.*

The first *Panduit* factor "presupposes that [the] demand for the infringer's and patent owner's products is interchangeable," such that the parties "sell substantially the same product." *BIC Leisure*, 1 F.3d at 1218-19; *see also Biacore v. Thermo Bioanalysis Corp.*, 79 F. Supp. 2d 422, 469 (D. Del. 1999). A patentee must demonstrate a reasonable probability that a customer, when faced with the patentee's product and an alternative, would have chosen the patentee's product but for infringement.[4] *Biacore*, 79 F. Supp. 2d at 471. If a patentee's product and the infringer's product are not sufficiently similar to compete in the same market for the same customers, the infringer's customers would not necessarily transfer their demand to the patent owner's product in the absence of the infringer's product. In that case, the first Panduit factor does not operate to satisfy the elemental "but for" test. *BIC Leisure Prods., Inc.*, 1 F.3d at 1219.

The second *Panduit* factor, the absence of acceptable, non-infringing alternatives, "presupposes that the patentee and the infringer sell substantially similar products in the same

---

[4] Amgen contends in its Statement of Issues of law that "[i]t is not disputed that the patented features constitutes the entire basis for customer demand, and the entire market value rule applies." Exh. at 4. Defendants disagree and Amgen bears the burden of proof on each element of its claim for damages.

market [and] . . . ensures that any proffered alternative competes in the same market for the same product for the same customers as the infringer's product." *BIC Leisure*, 1 F.3d at 1219. Similar to the first *Panduit* factor, a patentee must demonstrate a reasonable probability that a customer, when faced with the patentee's product and an alternative, would have chosen the patentee's product but for infringement. *Biacore*, 79 F. Supp. 2d at 471.

To be a non-infringing substitute, the alternative must be: (1) available or on the market at the time of infringement; (2) acceptable; and (3) non-infringing.  *See Grain Processing*, 185 F.3d at 1353. There is no requirement for the non-infringing alternative to be sold by the accused infringer. *See id.*; *see also Shockley v. Arcan, Inc.*, 248 F.3d 1349, 1362-64 (Fed. Cir. 2001) (vacating an award of lost profits where patentee was unable to prove lost sales were due to the infringing product rather than non-infringing substitutes by anything more than speculation); *Calico Brand, Inc. v. Ameritek Imps., Inc.*, 527 Fed. Appx. 987, 997 (Fed. Cir. 2013) (vacating an award of lost profits where patentee failed to prove, in the absence of the infringing products, it would have made the sales).

The Federal Circuit has held that products not claiming the advantages of patented technology can be acceptable non-infringing alternatives. *Slimfold Mfg. Co. v. Kinkead Indus.*, 932 F.2d 1453, 1458 (Fed. Cir. 1991). A patentee must prove that customers specifically select for the patented features of its patented technology, as opposed to the advantages provided by both the patented technology and other extant technology. *Id.*

A patentee is not entitled to recover lost profits damages if it fails to establish that there are no acceptable non-infringing alternatives for the patented product. *SmithKline Diagnostics*, 926 F.2d at 1165-66. Once a defendant posits a non-infringing alternative, the burden is on the

patentee to prove that it is not acceptable. *See Zygo Corp. v. Wyko Corp.*, 79 F.3d 1563, 1571 (Fed. Cir. 1996).

A non-infringing alternative need not be a perfect substitute for the infringing product: "The correct inquiry under *Panduit* is whether a non-infringing alternative would be acceptable compared to the patent owner's product, not whether it is a substitute for the infringing product." *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 875 F.3d 1369, 1381 (Fed. Cir. 2017).

A plaintiff must prove that it had the capacity to manufacture *and* market the patented product during the entire period of infringement. *Wechsler v. Macke Int'l Trade, Inc.*, 486 F.3d 1286, 1293-1294 (Fed. Cir. 2007). Proof that the plaintiff would have been able to supply the market in the future, or for a subset of the period of infringement, does not satisfy the third *Panduit* factor. *See id.*

"The issue, however, is not whether [plaintiff] *could* have sold his product to those individuals; the issue is whether [plaintiff] *would* have sold his product to those individuals." *Id.* at 1294 (emphasis in original). This must be proven with specific evidence. *See id.*

2.      Price Erosion

"For price erosion damages the patentee must show that, but for the infringement, it would have been able to charge and receive a higher price." *Vulcan Eng'g*, 278 F.3d at 1377 (Fed. Cir. 2002) (citing *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1065 (Fed. Cir. 1983); *see also BIC Leisure*, 1 F.3d at 1220. Price erosion damages are considered a subset of lost profit damages. *See BIC Leisure*, 1 F.3d at 1220; *Crystal Semiconductor Corp. v. Tritech Microelecs. Int'l, Inc.*, 246 F.3d 1336, 1357 (Fed. Cir. 2001).

"[I]n a credible economic analysis, the patentee cannot show entitlement to a higher price divorced from the effect of that higher price on demand for the product." *Crystal*

*Semiconductor*, 246 F.3d at 1357. "[T]he patentee's price erosion theory must account for the nature, or definition, of the market, similarities between any benchmark market and the market in which price erosion is alleged, and the effect of the hypothetically increased price on the likely number of sales at that price in the market." *Id.* Specifically, "the patentee must also present evidence of the (presumably reduced) amount of product the patentee would have sold at the higher price." *Id.* Conclusory statements that a price was reduced or that a price could have been higher but for the infringement are not sufficient to prove that price was actually eroded. *TA Instruments, Inc. v. Perkin-Elmer Corp.*, 277 F. Supp. 2d 367, 377 (D. Del. 2003). In *Grain Processing*, the Federal Circuit instructed that,

> Reconstructing the market, by definition a hypothetical enterprise, requires the patentee to project economic results that did not occur. To prevent the hypothetical from lapsing into pure speculation, this court requires sound economic proof of the nature of the market and likely outcomes with infringement factored out of the economic picture.

*Grain Processing*, 185 F.3d at 1350.

Price elasticity must also be taken into account when determining whether lost profit damages from price erosion occurred. *Crystal Semiconductor*, 246 F.3d at 1359. "According to the law of demand, consumers will almost always purchase fewer units of a product at a higher price than at a lower price, possibly substituting other products." *Id.* at 1357.

3.     Reasonable Royalty

A reasonable royalty is the amount to which a "willing" licensor and licensee would agree at a hypothetical negotiation occurring at the time infringement began. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009). "The hypothetical negotiation tries, as best as possible, to recreate the *ex ante* licensing negotiation scenario and to describe the resulting agreement. In other words, if infringement had not occurred, willing parties would have

executed a license agreement specifying a certain royalty payment scheme. The hypothetical negotiation also assumes that the asserted patent claims are valid and infringed." *Id.* at 1325.

In determining a reasonable royalty, courts often apply the fifteen factors first enunciated in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified and aff'd*, 446 F.2d 295 (2d Cir.), *cert. denied*, 404 U.S. 870 (1971). *See also Unisplay, S.A. v. Am. Elec. Sign Co.*, 69 F.3d 512, 517 n.7 (Fed. Cir. 1995) (citing *Georgia-Pacific* factors). These factors are:

1) The royalties received by the patentee for the licensing of the patent in suit, proving or tending to prove an established royalty.

2) The rates paid by the licensee for the use of other patents comparable to the patent in suit.

3) The nature and scope of the license, as exclusive or non-exclusive; or as restricted or nonrestricted in terms of territory or with respect to whom the manufactured product may be sold.

4) The licensor's established policy and marketing program to maintain his patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly.

5) The commercial relationship between the licensor and licensee, such as, whether they are competitors in the same territory in the same line of business; or whether they are inventor and promoter.

6) The effect of selling the patented specialty in promoting sales of other products of the licensee; the existing value of the invention to the licensor as a generator of sales of his non-patented items; and the extent of such derivative or convoyed sales.

7) The duration of the patent and the term of the license.

8) The established profitability of the product made under the patent; its commercial success; and its current popularity.

9) The utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results.

10) The nature of the patented invention; the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention.

11) The extent to which the infringer has made use of the invention; and any evidence probative of the value of that use.

12) The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions.

13) The portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.

14) The opinion testimony of qualified experts.

15) The amount that a licensor (such as the patentee) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee – who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention – would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.

*Georgia Pacific*, 318 F. Supp. at 1120.

"The very definition of a reasonable royalty assumes that, after payment, 'the infringer will be left with a profit.'" *Id.* at 1122.

The plaintiff has the burden to prove reasonable royalty damages, and "must sufficiently tie [any] expert testimony on damages to the facts of the case," otherwise, "the

testimony must be excluded." *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1315 (Fed.

Cir. 2011) (quotation marks and alterations in original omitted).   Specifically, "[t]o be

admissible, expert testimony opining on a reasonable royalty rate must carefully tie proof of

damages to the claimed invention's footprint in the market place" and "any evidence unrelated to

the claimed invention does not support compensation for infringement but punishes beyond the

reach of the statute." *Id.* at 1316-17 (quotation marks and alterations in original omitted).   "[T]he

hypothetical negotiation analysis 'permits and often requires a court to look to events and facts

that occurred thereafter and that could not have been known to or predicted by the hypothesized

negotiators.'"   *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1333 (Fed. Cir. 2009)

(citation omitted).

     The availability of non-infringing alternatives present at the time infringement first

began should be accounted for in a hypothetical negotiation. *Riles v. Shell Expl. & Prod. Co.*,

298 F.3d 1302, 1312 (Fed. Cir. 2002)

     A court may award nominal reasonable royalty damages if the patentee fails to offer

sufficient proof regarding its damages. *Apple, Inc. v. Motorola, Inc.*, 757 F.3d 1286 (Fed. Cir.

2014), overruled on other grounds by *Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir.

2015).

          4.     Attorneys' Fees

     Section 285 provides that "[t]he court in exceptional cases may award reasonable

attorney fees to the prevailing party."   In *Octane Fitness*, the Supreme Court construed the text

of 35 U.S.C. § 285 and rejected the prevailing framework for evaluating whether a case is

"exceptional" under section 285. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct.

1749, 1755-56 (2014). The Court held that, in accordance with its ordinary meaning, an

"'exceptional' case is one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated," to be determined at the district court's discretion under the totality of the circumstances based on a preponderance of the evidence. *Id.* at 1756, 1758.

A district court may award fees in the rare case in which a party's unreasonable conduct --- while not necessarily independently sanctionable -- is still so "exceptional" that it justifies an award of fees. *Id.* at 1757. Prejudgment Interest

"Prejudgment interest is awarded to compensate for the delay in payment of the damages, and not to punish the infringer." *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1066 (Fed. Cir. 1983); *see also Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655-57 (U.S. 1983) (stating § 284 should "not [be] construed as requiring the award of prejudgment interest whenever infringement is found" and expressly noting § 284 "states that interest shall be 'fixed by the court,' . . . leav[ing] the court some discretion in awarding prejudgment interest.").

Although prejudgment interest "should ordinarily be awarded," the Court has discretion to limit, or deny entirely, prejudgment interest where appropriate. *Gen. Motors*, 461 U.S. at 655-57 (1983). For example, "where the patent owner has been responsible for undue delay in prosecuting the lawsuit," a Court may limit or deny prejudgment interest. *Id.; see also Crystal Semiconductor Corp. v. Tritech Microelecs. Int'l, Inc.*, 246 F.3d 1336, 1362 (Fed. Cir. 2001). "[P]rejudgment interest cannot be assessed on the increased or punitive portion of [a] damage award." *Lam*, 718 F.2d at 1066; *see also Underwater Devices, Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380, 1389 (Fed. Cir. 1983) *overruled on other grounds by In re Seagate Tech. LLC*, 487 F.3d 1360, 1371 (Fed. Cir. 2007). The applicable interest rate is left to the discretion of the Court; however, in exercising its discretion, the Court "must be guided by the purpose of

prejudgment interest, which is 'to ensure that the patent owner is placed in as good a position as he would have been had the infringer entered into a reasonable royalty agreement.'" *Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986) (quoting *Gen. Motors*, 461 U.S. at 655)).

Because prejudgment interest has no punitive purpose, it must be applied only to the compensatory damages, not enhanced or other punitive damages. *See Gen. Motors*, 461 U.S. at 654-56; *Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 923 F.2d 1576, 1580 (Fed. Cir. 1991); *see also SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1094 (Fed. Cir. 2014) ("The purpose of prejudgment interest is to place the patentee in as good a position as he would have been had the infringer paid a reasonable royalty rather than infringe.").[5]

### 5.    Enhanced Damages and Willfulness

Section 284 gives the Court discretion to "increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284. The Court's discretion "should be exercised in light of the considerations underlying that grant of discretion." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1926 (2016). Enhanced damages are "designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior," such as behavior that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrong, flagrant, or—indeed—characteristic of a pirate." *Id.* at 1932. Enhanced damages "are not to be meted out in a typical infringement case." *Id.*; *see also id.* at 1934 ("[S]uch punishment should generally be reserved for egregious cases typified by willful misconduct.").

When exercising its discretion, a district court should "'tak[e] into account the particular

---

[5] Pursuant to the Scheduling Order, Amgen's request for a permanent injunction will not be tried with liability and damages issues, but will instead be submitted to the Court through briefing and, potentially, a subsequent hearing should the Court deem it necessary. Accordingly, Defendants have not addressed permanent injunction issues in their pretrial order materials.

circumstances of each case,' and consider all relevant factors in determining whether to award enhanced damages." *WesternGeco L.L.C.*, 837 F.3d at 1363 (citing *Halo*, 136 S.Ct. at 1933-34). A jury's finding of willful infringement is not by itself sufficient for enhancement. *Nox Medical Ehf v. Natus Neurology Inc.*, 2018 WL 4062626, at *2 (D. Del. Aug. 27, 2018) (citing *Halo*, 136 S. Ct. at 1932). Where an infringer's behavior is willful, the Court may evaluate a set of "non-exclusive" factors set forth in *Read Corp. v. Portec, Inc.*, to determine if damages should be enhanced and the extent to which they should be enhanced. 970 F.2d 816, 826-27 (Fed. Cir. 1992). The *Read* factors include: "(1) whether the infringer deliberately copied the ideas or design of another"; "(2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed"; "(3) the infringer's behavior as a party to the litigation"; "(4) [d]efendant's size and financial condition"; "(5) [c]loseness of the case"; "(6) [d]uration of defendant's misconduct"; "(7) [r]emedial action by the defendant"; "(8) [d]efendant's motivation for harm"; and (9) "[w]hether defendant attempted to conceal its misconduct." *Read Corp.*, 970 F.2d at 826-27; *see also Georgetown Rail Equipment Co. v. Holland L.P.*, 867 F.3d 1229, 1244-46 (Fed. Cir. 2017) (approving district court's application of *Read* factors).

Even when willfulness is found by the jury, consideration of the *Read* factors often weighs against enhancement of damages. Indeed, "[i]n the wake of *Halo*, district courts have been wary of awarding enhanced damages absent evidence of exceptionally malicious conduct." *See Halo Elecs., Inc v. Pulse Elecs., Inc.*, 2017 WL 3896672, *1-*6 (D. Nev. 2017) (declining to award enhanced damages despite jury's verdict of willful infringement); *see also Nox Medical Ehf v. Natus Neurology Inc.*, 2018 WL 4062626, at *6 (D. Del. Aug. 27, 2018) (denying enhanced damages despite finding of deliberate copying), *as modified*, 2018 WL 6427686 (Dec.

7, 2018); *Tr. of Boston Univ. v. Everlight Elecs. Co.*, 2016 WL 3976617 (D. Mass. July 22, 2016) (denying enhanced damages despite finding of willful infringement where defendant obtained non-infringement opinions and did not deliberately copy the patent's technology or conceal its use). Moreover, while the reasonableness of litigation-inspired defenses is no longer a complete bar to a finding of willfulness post-*Halo*, the reasonableness of such defenses is still relevant to the fifth *Read* factor, namely the closeness of the case. *See, e.g., Nox Medical*, 2018 WL 6427686, at * 3 ("[T]he fifth Read factor deals with the closeness of the case, not how close the Defendant felt the case was at the time of first infringement."); *PPC Broadband, Inc. v. Corning Optical Communications RF, LLC*, 193. F. Supp. 3d 133, 143 (N.D.N.Y. 2016).

Willful infringement is an issue of fact for the jury. *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016). The patentee has the burden to prove willfulness by a preponderance of the evidence. *Halo*, 136 S. Ct. at 1934. Knowledge of the asserted patent is a prerequisite to willfulness, but knowledge alone is insufficient to support a finding of willfulness. *WBIP*, 829 F.3d at 1341; *Halo*, 136 S. Ct. 1936 (concurring opinion). The willful infringement inquiry considers whether the defendant knew or believed, or it was so obvious that it should have known, that there was a high likelihood that they were infringing a valid patent. *See Halo*, 136 S. Ct. at 1933; *id.* at 1936 (concurring); *see also Exmark Mfg. Co. v. Briggs & Stratton Corp.*, No. 8:10CV187, 2018 WL 6171817, at *9 (D. Neb. Nov. 26, 2018) ("Subjective willfulness is characterized by recklessness, or 'knowing or *having reason to know* of facts which would lead a reasonable man to realize his action is unreasonably risky.'" (quoting *Halo*, 136 S. Ct. 1933)). In this regard, evidence of deliberate copying (or lack thereof) is highly relevant to whether infringement was willful. *See, e.g., DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1336 (Fed. Cir. 2009) ("evidence of copying . . . may show what the

accused infringer knew or should have known about the likelihood of its infringement").

"Culpability is to be 'measured against the knowledge of the actor at the time of the challenged conduct' and nothing in the law 'suggests that [the court] should look to facts that the defendant neither knew nor had reason to know at the time he acted.'" *Exmark*, 2018 WL 6171817, at *9 (quoting *Halo*, 136 S. Ct. 1933). Generally, the time of challenged conduct can be no earlier than the issuance of the patent, since a patent cannot be infringed, much less willfully infringed, prior to being issued. *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe a patent, the patent must exist and one must have knowledge of it. . . . Filing an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents. What the scope of claims in patents that do issue will be is something totally unforeseeable.").

An important factor in determining willfulness is whether a defendant acted in good faith reliance upon a competent opinion of counsel regarding non-infringement and/or invalidity of the asserted patent. *See, e.g.*, *Ortho Pharma. Corp. v. Smith*, 959 F.2d 936, 944 (Fed. Cir. 1992). A competent opinion of counsel may be from in-house or outside counsel, and may be oral or written. *Studiengesellschaft Kohle, m.b.H. v. Dart Industries, Inc.*, 862 F.2d 1564, 1574-75 (Fed. Cir. 1988) (in-house opinion); *Radio Steel & Mfg. Co. v. MTD Products, Inc.*, 788 F.2d 1554, 1558-59 (Fed. Cir. 1986) (oral opinion); *Underwater Devices Inc. v. Morrison–Knudsen Co.*, 717 F.2d 1380, 1390, (Fed. Cir. 1983) (in-house, non-patent counsel opinion). Moreover, the importance of an opinion of counsel "does not depend on its legal correctness," since "the question arises only where counsel was wrong." *Ortho*, 959 F.2d at 944. "Rather, counsel's opinion must be thorough enough, as combined with other factors, to instill a belief in the infringer that a court might reasonably hold the patent is invalid, not infringed, or

unenforceable." *Id.*

## B.    JUDICIAL ESTOPPEL AND QUASI-ESTOPPEL

Judicial estoppel "is an 'extraordinary remed[y] to be invoked when a party's inconsistent behavior will otherwise result in a miscarriage of justice.'" *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 424 (3d Cir.1988). It is "an equitable doctrine that prevents a litigant from 'perverting' the judicial process by, after urging and prevailing on a particular position in one litigation, urging a contrary position in a subsequent proceeding—or at a later phase of the same proceeding—against one who relied on the earlier position." *SanDisk Corp. v. Memorex Products, Inc.*, 415 F.3d 1278, 1290 (Fed. Cir. 2005). Like other "procedural matters that do not pertain to patent issues," judicial estoppel is governed by "the applicable regional circuit law" rather than by Federal Circuit precedent. *Wang Labs., Inc. v. Applied Computer Sciences, Inc.*, 958 F.2d 355, 358 (Fed. Cir. 1992).

In *New Hampshire v. Maine*, the Supreme Court set forth the factors in determining whether judicial estoppel applies: "(1) the party's later position must be 'clearly inconsistent' with the earlier position; (2) the party must have succeeded in persuading a court to adopt the earlier position in the earlier proceeding; and (3) the courts consider 'whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.'" *SanDisk Corp.*, 415 F.3d at 1290-91 (quoting *New Hampshire*, 532 U.S. 742, 751 (2001)). In the Third Circuit, moreover, judicial estoppel only applies when "the party changed his or her position in *bad faith*, i.e., with an intent to play fast and loose with the court," and when its use is "*tailored* to address the affront to the court's authority or integrity and *no lesser sanction* would adequately remedy the situation." *Cooper Notification, Inc. v. Twitter, Inc.*, 867 F. Supp. 2d 485, 498 (D. Del. 2012).

27

Quasi-estoppel, also known as the "duty of consistency," is a "seldom-utilized doctrine that appears predominately in tax cases." *In re Baker Hughes Inc.*, 215 F.3d 1297, 1301-02 (Fed. Cir. 2000). Like judicial estoppel, it prevents a litigant from "shifting to a contrary position touching on the same facts or transaction." *Id.* at 1301 (quoting *Union Carbide Corp. v. United States*, 612 F.2d 558, 566 (Ct. Cl. 1979); *see Cahall v. Carey's Diesel, Inc.*, 2018 WL 2370869, at *2 (D. Del. May 24, 2018) (quasi-estoppel doctrine "precludes a party from asserting, to another's disadvantage, a right inconsistent with a position it has previously taken"). However, quasi-estoppel "only applies when the earlier position amounts to a misstatement of fact, not of law." *Baker Hughes*, 215 F.3d at 1302. Moreover, the doctrine applies only when the government (in agency proceedings) or the opposing party "reasonably relied" on the previous misstatement. *Id.*; *see Black's Law Dictionary* 669 (10th ed. 2014) (quasi-estoppel "prevent[s] one from repudiating an act or assertion if it would harm another who reasonably relied on the act or assertion"). Additionally, the "public interest lies in having valid patents upheld and invalid patents rendered invalid . . . irrespective of [Defendants'] role in the process." *Baker Hughes*, 215 F.3d at 1302.

**EXHIBIT 6 TO PROPOSED FINAL PRETRIAL ORDER**

**AMGEN'S STATEMENT OF INTENDED PROOFS**

Amgen respectfully submits the following statement of intended proofs. Further details regarding these intended proofs have been explained at length in Amgen's pleadings and discovery responses, including in its contentions, interrogatory responses, expert reports, and by fact witnesses and experts at depositions, which Amgen incorporates by reference. Amgen reserves the right to revise, modify, supplement, or change its statement of intended proofs in light of the Court's rulings and in light of Defendants' identification of issues of law and fact to be litigated, and Defendants' intended proofs.

In February 2016, Defendants stipulated to infringement of, among other claims, claims 2, 7, 9, 15, 19, 29 of the '165 Patent and claim 7 of the '741 Patent. On March 14, 2016, the Court granted Amgen's motion for judgment as a matter of law of non-obviousness of claims 2, 7, 9, 15, 19, 29 of the '165 Patent and claim 7 of the '741 Patent, and the Federal Circuit affirmed. Therefore, the non-obviousness of claims 2, 7, 9, 15, 19, 29 of the '165 Patent and claim 7 of the '741 Patent (the "Post-Remand Selected Claims") and Defendants' infringement of the Post-Remand Selected Claims are excluded from the statement of intended proofs.

**I.     VALIDITY**

1.     Although issues of validity such as written description and enablement are issues for which Defendants bear the burden of proof, Amgen states the following:

**A.     WRITTEN DESCRIPTION**

2.     Defendants will be unable to prove by clear and convincing evidence that the specifications of the '165 and '741 Patents do not describe the full scope of the claimed inventions and do not reasonably convey to those of skill in the art that the inventors were in possession of

the claimed inventions on or before the priority date (in this case, January 9, 2008) of the selected claims. Specifically:

### 1.    Claim 2 of the '165 Patent

3.      Defendants will be unable to prove by clear and convincing evidence that the specification of the '165 Patent does not describe the full scope of the claimed invention and does not reasonably convey to one skilled in the art that the inventors had possession of the claimed invention of claim 2 of the '165 Patent on or before the priority date.  Defendants will be unable to prove by clear and convincing evidence that the '165 Patent does not describe a sufficient number of representative species falling within the scope of the genus of the invention of claim 2. Defendants will be unable to prove by clear and convincing evidence that the specification of the '165 Patent does not describe structural features common to the members of the genus such that a person of ordinary skill in the art could visualize or recognize the members of the genus of the invention of claim 2.  Defendants will be unable to prove by clear and convincing evidence that the specification of the '165 Patent does not establish a reasonable correlation between structure and function for the members of the genus of the invention of claim 2.

4.      Amgen will prove by a preponderance of evidence that Defendants' own patent applications, granted patents, and arguments to the U.S. Patent and Trademark Office in support of their own patent applications estop Defendants from presenting their inconsistent written description defenses in this case.

### 2.    Claim 7 of the '165 Patent

5.      Defendants will be unable to prove by clear and convincing evidence that the specification of the '165 Patent does not describe the full scope of the claimed invention and does not reasonably convey to one skilled in the art that the inventors had possession of the claimed invention of claim 7 of the '165 Patent on or before the priority date.  Defendants will be unable

2

to prove by clear and convincing evidence that the '165 Patent does not describe a sufficient number of representative species falling within the scope of the genus of the invention of claim 7. Defendants will be unable to prove by clear and convincing evidence that the specification of the '165 Patent does not describe structural features common to the members of the genus such that a person of ordinary skill in the art could visualize or recognize the members of the genus of the invention of claim 7. Defendants will be unable to prove by clear and convincing evidence that the specification of the '165 Patent does not establish a reasonable correlation between structure and function for the members of the genus of the invention of claim 7.

6.      Amgen will prove by a preponderance of evidence that Defendants' own patent applications, granted patents, and arguments to the U.S. Patent and Trademark Office in support of their own patent applications estop Defendants from presenting their inconsistent written description defenses in this case.

### 3.      Claim 9 of the '165 Patent

7.      Defendants will be unable to prove by clear and convincing evidence that the specification of the '165 Patent does not describe the full scope of the claimed invention and does not reasonably convey to one skilled in the art that the inventors had possession of the claimed invention of claim 9 of the '165 Patent on or before the priority date. Defendants will be unable to prove by clear and convincing evidence that the '165 Patent does not describe a sufficient number of representative species falling within the scope of the genus of the invention of claim 9. Defendants will be unable to prove by clear and convincing evidence that the specification of the '165 Patent does not describe structural features common to the members of the genus such that a person of ordinary skill in the art could visualize or recognize the members of the genus of the invention of claim 9. Defendants will be unable to prove by clear and convincing evidence that

the specification of the '165 Patent does not establish a reasonable correlation between structure and function for the members of the genus of the invention of claim 9.

8.     Amgen will prove by a preponderance of evidence that Defendants' own patent applications, granted patents, and arguments to the U.S. Patent and Trademark Office in support of their own patent applications estop Defendants from presenting their inconsistent written description defenses in this case.

### 4.     Claim 15 of the '165 Patent

9.     Defendants will be unable to prove by clear and convincing evidence that the specification of the '165 Patent does not describe the full scope of the claimed invention and does not reasonably convey to one skilled in the art that the inventors had possession of the claimed invention of claim 15 of the '165 Patent on or before the priority date.  Defendants will be unable to prove by clear and convincing evidence that the '165 Patent does not describe a sufficient number of representative species falling within the scope of the genus of the invention of claim 15.  Defendants will be unable to prove by clear and convincing evidence that the specification of the '165 Patent does not describe structural features common to the members of the genus such that a person of ordinary skill in the art could visualize or recognize the members of the genus of the invention of claim 15.  Defendants will be unable to prove by clear and convincing evidence that the specification of the '165 Patent does not establish a reasonable correlation between structure and function for the members of the genus of the invention of claim 15.

10.     Amgen will prove by a preponderance of evidence that Defendants' own patent applications, granted patents, and arguments to the U.S. Patent and Trademark Office in support of their own patent applications estop Defendants from presenting their inconsistent written description defenses in this case.

4

### 5.   Claim 19 of the '165 Patent

11.     Defendants will be unable to prove by clear and convincing evidence that the specification of the '165 Patent does not describe the full scope of the claimed invention and does not reasonably convey to one skilled in the art that the inventors had possession of the claimed invention of claim 19 of the '165 Patent on or before the priority date.  Defendants will be unable to prove by clear and convincing evidence that the '165 Patent does not describe a sufficient number of representative species falling within the scope of the genus of the invention of claim 19.  Defendants will be unable to prove by clear and convincing evidence that the specification of the '165 Patent does not describe structural features common to the members of the genus such that a person of ordinary skill in the art could visualize or recognize the members of the genus of the invention of claim 19.  Defendants will be unable to prove by clear and convincing evidence that the specification of the '165 Patent does not establish a reasonable correlation between structure and function for the members of the genus of the invention of claim 19.

12.     Amgen will prove by a preponderance of evidence that Defendants' own patent applications, granted patents, and arguments to the U.S. Patent and Trademark Office in support of their own patent applications estop Defendants from presenting their inconsistent written description defenses in this case.

### 6.   Claim 29 of the '165 Patent

13.     Defendants will be unable to prove by clear and convincing evidence that the specification of the '165 Patent does not describe the full scope of the claimed invention and does not reasonably convey to one skilled in the art that the inventors had possession of the claimed invention of claim 29 of the '165 Patent on or before the priority date.  Defendants will be unable to prove by clear and convincing evidence that the '165 Patent does not describe a sufficient number of representative species falling within the scope of the genus of the invention of claim

5

29. Defendants will be unable to prove by clear and convincing evidence that the specification of the '165 Patent does not describe structural features common to the members of the genus such that a person of ordinary skill in the art could visualize or recognize the members of the genus of the invention of claim 29.  Defendants will be unable to prove by clear and convincing evidence that the specification of the '165 Patent does not establish a reasonable correlation between structure and function for the members of the genus of the invention of claim 29.

14.     Amgen will prove by a preponderance of evidence that Defendants' own patent applications, granted patents, and arguments to the U.S. Patent and Trademark Office in support of their own patent applications estop Defendants from presenting their inconsistent written description defenses in this case.

### 7.     Claim 7 of the '741 Patent

15.     Defendants will be unable to prove by clear and convincing evidence that the specification of the '741 Patent does not describe the full scope of the claimed inventions and does not reasonably convey to one skilled in the art that the inventors had possession of the claimed invention of claim 7 of the '741 Patent on or before the priority date.  Defendants will be unable to prove by clear and convincing evidence that the '741 Patent does not describe a sufficient number of representative species falling within the scope of the genus of the invention of claim 7. Defendants will be unable to prove by clear and convincing evidence that the specification of the '741 Patent does not describe structural features common to the members of the genus such that a person of ordinary skill in the art could visualize or recognize the members of the genus of the invention of claim 7.  Defendants will be unable to prove by clear and convincing evidence that the specification of the '741 Patent does not establish a reasonable correlation between structure and function for the members of the genus of the invention of claim 7.

16.     Amgen will prove by a preponderance of evidence that Defendants' own patent applications, granted patents, and arguments to the U.S. Patent and Trademark Office in support of their own patent applications estop Defendants from presenting their inconsistent written description defenses in this case.

## B.     ENABLEMENT

17.     Defendants will be unable to prove by clear and convincing evidence that any of the Post-Remand Selected Claims of the patents-in-suit are invalid for failure to comply with the enablement requirement in the first paragraph of 35 U.S.C. § 112.  Specifically:

### 1.     Claim 2 of the '165 Patent

18.     Defendants will be unable to prove by clear and convincing evidence that the specification of the '165 Patent does not teach a person skilled in the art how to make and use the full scope of the invention described by claim 2 without undue experimentation.

19.     Amgen will prove by a preponderance of evidence that Defendants' own patent applications, granted patents, and arguments to the U.S. Patent and Trademark Office in support of their own patent applications estop Defendants from presenting their inconsistent enablement defenses in this case.

### 2.     Claim 7 of the '165 Patent

20.     Defendants will be unable to prove by clear and convincing evidence that the specification of the '165 Patent does not teach a person skilled in the art how to make and use the full scope of the invention described by claim 7 without undue experimentation.

21.     Amgen will prove by a preponderance of evidence that Defendants' own patent applications, granted patents, and arguments to the U.S. Patent and Trademark Office in support of their own patent applications estop Defendants from presenting their inconsistent enablement defenses in this case.

### 3.    Claim 9 of the '165 Patent

22.    Defendants will be unable to prove by clear and convincing evidence that the specification of the '165 Patent does not teach a person skilled in the art how to make and use the full scope of the invention described by claim 9 without undue experimentation.

23.    Amgen will prove by a preponderance of evidence that Defendants' own patent applications, granted patents, and arguments to the U.S. Patent and Trademark Office in support of their own patent applications estop Defendants from presenting their inconsistent enablement defenses in this case.

### 4.    Claim 15 of the '165 Patent

24.    Defendants will be unable to prove by clear and convincing evidence that the specification of the '165 Patent does not teach a person skilled in the art how to make and use the full scope of the invention described by claim 15 without undue experimentation.

25.    Amgen will prove by a preponderance of evidence that Defendants' own patent applications, granted patents, and arguments to the U.S. Patent and Trademark Office in support of their own patent applications estop Defendants from presenting their inconsistent enablement defenses in this case.

### 5.    Claim 19 of the '165 Patent

26.    Defendants will be unable to prove by clear and convincing evidence that the specification of the '165 Patent does not teach a person skilled in the art how to make and use the full scope of the invention described by claim 19 without undue experimentation.

27.    Amgen will prove by a preponderance of evidence that Defendants' own patent applications, granted patents, and arguments to the U.S. Patent and Trademark Office in support of their own patent applications estop Defendants from presenting their inconsistent enablement defenses in this case.

### 6.    Claim 29 of the '165 Patent

28.    Defendants will be unable to prove by clear and convincing evidence that the specification of the '165 Patent does not teach a person skilled in the art how to make and use the full scope of the invention described by claim 29 without undue experimentation.

29.    Amgen will prove by a preponderance of evidence that Defendants' own patent applications, granted patents, and arguments to the U.S. Patent and Trademark Office in support of their own patent applications estop Defendants from presenting their inconsistent enablement defenses in this case.

### 7.    Claim 7 of the '741 Patent

30.    Defendants will be unable to prove by clear and convincing evidence that the specification of the '741 Patent does not teach a person skilled in the art how to make and use the full scope of the invention described by claim 7 without undue experimentation.

31.    Amgen will prove by a preponderance of evidence that Defendants' own patent applications, granted patents, and arguments to the U.S. Patent and Trademark Office in support of their own patent applications estop Defendants from presenting their inconsistent enablement defenses in this case.

## II.    REMEDIES

32.    Amgen will prove by a preponderance of the evidence the amount of past damages to which it is entitled in the form of lost profits due to lost sales and lost profits due to price erosion relating to Defendants' infringing U.S. sales of Praluent® made between February 1, 2016 and September 30, 2018.  Amgen will seek an accounting for remaining past damages from October 1, 2018 forward at the appropriate time.

33.    Amgen will prove by a preponderance of the evidence the amount of past damages to which it is entitled in the form of a reasonable royalty relating to the portion, if any, of

9

Defendants' infringing U.S. sales of Praluent® made between February 1, 2016 and September 30, 2018 for which lost profits due to lost sales and lost profits due to price erosion are not awarded.

34.     Amgen will prove by a preponderance of the evidence that it is entitled to enhanced damages pursuant to 35 U.S.C. § 284, including, but not limited to, as a result of Defendants' willful infringement of one or more of the selected claims of the '165 Patent and/or the '741 Patent.

35.     Amgen will prove by a preponderance of the evidence that it is entitled to a permanent injunction pursuant to 35 U.S.C. § 283, enjoining each Defendant, its officers, agents, servants, employees, and those persons acting in active concert or participation with all or any of them from making, using, offering to sell, or selling alirocumab or Praluent® within the United States, or importing alirocumab or Praluent® into the United States, or contributing to or inducing such activities by another, prior to the expiration of the selected claims of the '165 Patent and/or the '741 Patent.

**EXHIBIT 7 TO PROPOSED FINAL PRETRIAL ORDER**

**DEFENDANTS' STATEMENT OF INTENDED PROOFS**

Defendants respectfully submit the following statement of intended proofs at trial. Further details regarding these intended proofs have been explained at length in Defendants' pleadings and discovery responses, including in its contentions, interrogatory responses, expert reports, and by fact witnesses and experts at depositions, which Defendants incorporate by reference. Defendants reserve the right to revise, modify, supplement, or change its statement of intended proofs in light of the Court's rulings.[1]

Defendants respectfully submit their statement of intended proof as to what they expect to prove in support of their claims. Defendants' statement is based on the current disposition and status of the case and the Court's current rulings. Defendants reserve the right to revise this statement in light of further decisions or orders of the Court, including without limitation any rulings on pending motions.

**I.      INVALIDITY**

1.      Defendants intend to prove by clear and convincing evidence that claims 2, 7, 9, 15, 19, and 29 of the '165 Patent are invalid under § 112 for lack of written description and/or lack of enablement.

2.      Defendants intend to prove by clear and convincing evidence that claim 7 of the '741 Patent is invalid under § 112 for lack of written description and/or lack of enablement.

**II.     DAMAGES**

3.      To the extent that at least one of claims 2, 7, 9, 15, 19, and 29 of the '165 Patent and claim 7 of the '741 Patent is not invalid, Amgen will not be able to prove by a preponderance

---

[1] Defendants' position is that willfulness is not at issue in this case. See Defendants' Motion for Judgment on the Pleadings regarding willfulness, which is still pending before the Court. D.I. 448. However, consistent with the Court's comments at the January 3, 2019 hearing, Defendants have supplemented their pretrial order materials to address willfulness without waiver.

of evidence that Amgen is entitled to lost profits and price erosion damages and, likewise, will not be able to prove to a reasonable degree of certainty that it is entitled to lost profits in the amount of $254.7 million and price erosion damages in the amount of $497.3 million as a result of Defendants' infringement of one or more valid claims.

4.       To the extent that at least one of claims 2, 7, 9, 15, 19, and 29 of the '165 Patent and claim 7 of the '741 Patent is not invalid, Amgen will not be able to prove by a preponderance of evidence that Amgen is entitled to reasonable royalty in the amount of $125/dose as a result of Defendants' infringement of one or more valid claims.

5.       To the extent that at least one of claims 2, 7, 9, 15, 19, and 29 of the '165 Patent and claim 7 of the '741 Patent is not invalid, Amgen will not be able to prove by a preponderance of evidence that it is entitled to enhanced damages pursuant to 35 U.S.C. § 284 or that Defendants have willfully infringed one or more valid claims.

6.       Defendants will prove by a preponderance of the evidence that this case is an exceptional case pursuant to 35 U.S.C. § 285, and that Defendants should be awarded their attorneys' fees and costs.[2]

---

[2] Pursuant to the Scheduling Order, Amgen's request for a permanent injunction will not be tried with liability and damages issues, but will instead be submitted to the Court through briefing and, potentially, a subsequent hearing should the Court deem it necessary. D.I. 458 at 12. Accordingly, Defendants have not addressed permanent injunction issues in their pretrial order materials.

# EXHIBIT 8

*Amgen Inc. v. Sanofi, sanofi-aventis U.S. LLC, Aventisub LLC, f/d/b/a Aventis Pharmaceuticals Inc. and Regeneron Pharmaceuticals, Inc.*, No. 1:14-cv-1317-SLR (consolidated)

### Exhibit Objection Key

| Code | Objection |
|------|-----------|
| A | Authenticity: It is a forgery or is not what it purports to be (FRE 901 & 902) |
| BRPL | Brief, Pleading, or Order: It is a brief, pleading, order, or discovery request and is not evidence |
| C | Cumulative: It is duplicative and/or cumulative of other exhibits |
| Dep | Improper Inclusion of Deposition or Trial Transcript |
| Expert | Improper Use of Expert Report |
| F | Form |
| FL | Foreign Language Without Translation |
| FN | Foundation |
| FRE 106 | Incomplete: The exhibit, as submitted, does not contain the complete document |
| FRE 403 | Unfair Prejudice: Probative value is substantially outweighed by unfair prejudice and/or confusion of the issues (FRE 403) |
| FRE 408 | Compromise/Offers to Compromise |
| FRE 1002 | Original Document |
| FRE 1004 | Other Content Evidence: It is not an original writing, and an exception does not apply |
| H | Hearsay: Constitutes or contains hearsay and no exception applies (FRE 801 & 802) |
| L | Conclusion of Law: Contains conclusions of law |
| M | Multiple Documents: Contains more than one document |
| MIL | Inadmissible on a ground asserted in a motion in limine |
| NR | Not relied on: Exhibit was not relied on by any expert in support of opinion |

| Code | Objection |
|---|---|
| O | Opinion Testimony By Lay Witness: Constitutes or contains improper opinion by a lay witness (FRE 701 & 702) |
| Priv | Privileged: Protected from disclosure by the attorney-client privilege and/or work product doctrine |
| Privacy | Contains private personal information protected from disclosure under relevant law |
| Q | Quality: Exhibit, as submitted, is illegible or otherwise of low quality |
| R | Relevance: Not relevant to any issue to be decided in this case (FRE 401 & 402) |
| S | Speculative: Includes statements that are speculative as to matters of fact or law or for which the witness lacks otherwise personal knowledge per FRE 602 |
| V | Vague question |
| VO | Violates Special Master Order |
| U | Untimely: Exhibit was not disclosed at the proper time |

# REMAINDER REDACTED

# EXHIBIT 9

# Redacted in its Entirety

# EXHIBIT 10

# Redacted in its Entirety

**EXHIBIT 11 TO PROPOSED FINAL PRETRIAL ORDER**

**AMGEN'S WITNESS LIST**

Set forth below is a list of witnesses that Amgen currently intends to call at trial ("Amgen's Witness List").

Amgen reserves the right to modify Amgen's Witness List, including to: (1) add or remove witnesses as necessary, including, but not limited to, in response to the Court's rulings on motions and the submission of witness testimony, exhibits or other evidence that Defendants may proffer; (2) change the designation of "will testify" versus "may testify" and/or of "in person" versus "by deposition" versus "by declaration" for any witness for any reason, including, but not limited to, based on Defendants' Witness List; (3) add witnesses who are necessary to lay the foundation for the admissibility of evidence should the parties prove unable to stipulate to admissibility; (4) call additional witnesses not on this list for the purposes of rebuttal or impeachment; and (5) call any witness on Defendants' Witness List.  By including any of the witnesses on this list, Amgen assumes no obligation to call or make available any witness at trial.

## I.   Witnesses Whom Amgen Will Call at Trial

Amgen currently expects that it will call the following witnesses to testify at the liability or damages/willfulness trial.  For the witnesses whose names are marked with an asterisk (*), Amgen currently intends to present the testimony of the witness live.  For remaining witnesses, Amgen currently intends to present the witness by deposition.

### A.   Witnesses Whom Amgen Will Call at the Liability Trial.

1. Robert Bradway*
2. Simon Jackson*
3. Gregory Petsko*
4. Anthony Rees*

### B.   Witnesses Whom Amgen Will Call at the Damages/Willfulness Trial.

1. Robert Bradway*
2. Frank Cottingham
3. Gwen Cummings*
4. Jay Edelberg
5. Karl-Christian Engel
6. Hank Kessler*
7. Joel Martin
8. Douglas MacDonald
9. Paul Meyer*
10. Nicholas Papadopoulos
11. Steven Pieri*
12. Robert Sanchez
13. Evan Stein*

## II.   Witnesses Whom Amgen May Call at Trial

Amgen currently expects that it may call the following additional witnesses to testify at the liability or damages/willfulness trial.  For witnesses whose names are marked with an asterisk (*), Amgen currently intends to present the testimony of the witness live.  For remaining witnesses, Amgen currently intends to present the witness by deposition.

### A.   Witnesses Whom Amgen May Call at the Liability Trial.

1. David Buckler
2. Teresa Carabeo

2

3. Umesh Chaudhari
4. Susan Chwat-Myers
5. Frank Cottingham
6. Karl-Christian Engel
7. Jeannette Fairhurst
8. Tammy Huang
9. Randal Ketchem
10. Chadwick King*
11. Douglas MacDonald
12. Joel Martin
13. Andrew Murphy
14. Nicholas Papadopoulos
15. Derek Piper*
16. Jeffrey Ravetch
17. Donald Siegel
18. Mark Sleeman
19. Neil Stahl
20. Doris Weber

B. Witnesses Whom Amgen May Call at the Damages/Willfulness Trial.

1. Ernst Berndt*
2. Jana Bodorova
3. Victoria Carey
4. Michelle Carnahan
5. Som Chattopadhyay*
6. Eugenia Dubuk
7. Shannon Faught
8. Jeremy Grunstein*
9. Bruno Lacombe
10. Mary Lehmann*
11. Marion McCourt
12. Charles McCulloch*
13. Richard O'Neal
14. Robert Terifay
15. Eric Warren

3

### III. Permanent Injunction Hearing Witnesses

A.  Witnesses Whom Amgen Will Call at the Permanent Injunction Hearing.

Amgen currently expects that it will call the following witnesses to testify live at the permanent injunction hearing (if one is held).  Amgen may also present the testimony of one or more of those witnesses through submission of a declaration in support of Amgen's motion for a permanent injunction.

1.  Ernst Berndt
2.  Robert Bradway
3.  Som Chattopadhyay
4.  Hank Kessler
5.  Steven Pieri
6.  Evan Stein

B.  Witnesses Whom Amgen May Call at the Permanent Injunction Hearing.

Amgen currently expects that it may call the following witnesses to testify live at the permanent injunction hearing (if one is held).  Amgen may also present the testimony of one or more of those witnesses through submission of a declaration in support of Amgen's motion for a permanent injunction.

1.  Jeremy Grunstein
2.  Charles McCulloch
3.  Scott Wasserman

In addition, Amgen may use at the permanent injunction hearing or cite in Amgen's permanent injunction papers:  the March 2016 trial transcript, the February 2019 trial transcript, the March 2016 injunction hearing transcript, expert deposition testimony and/or the deposition testimony designated herewith (*see* Exhibit 13 to the Joint Proposed Pretrial Order).

## IV.   Amgen's Objections to Defendants' Witness List (Exhibit 12)

1.     Amgen objects to Defendants' inclusion of Michelle Carnahan on Defendants' list of witnesses whom Defendants "will call" at the liability trial.  Defendants' Amended Disclosure of Witnesses identified Ms. Carnahan as a replacement for Victoria Carey and limited the subject matter of her testimony to "[s]ales, marketing, and commercial affairs of Praluent; impact of injunction on Sanofi." (*See* Aug. 17, 2018, Defendants' Amended Disclosure of Witnesses.) Based on this disclosure, Amgen allotted its limited deposition time to ask Ms. Carnahan questions related to the topics for which she was identified.  Now, for the first time, Defendants have designated Ms. Carnahan as a "Sanofi company witness" who "will introduce Sanofi as an innovator company and explain Sanofi's commercial reasons for choosing to enter into an alliance with Regeneron to engage in PCSK9 antibody research that lead to Praluent." (*See* Jan. 11, 2019 Email from Czerwonka to Kim.)  Amgen objects to this expansion in the proposed scope of Ms. Carnahan's testimony and Defendants' own description of Ms. Carnahan's testimony demonstrates it is relevant only to damages or injunction.  Further, Ms. Carnahan did not join Sanofi until 2018, thus her ability to testify regarding a business decision that took place in 2009 is highly dubious.  Changing the scope of Ms. Carnahan's testimony after the time for depositions has passed is prejudicial to Amgen.  To the extent the Court permits Ms. Carnahan to testify in the liability trial as a "company witness", Defendants should be required to prepare a proffer for her, as Judge Robinson required for the company witnesses at the last trial, including Leonard Schleifer and Robert Bradway, detailing the contents of her proposed testimony. (*See* D.I. 250, D.I. 255, Appendix A.)  Any trial testimony by such "company witnesses" during the liability phase of the trial should be limited in the same manner in which it was limited during the last trial. (*See id.*) Further, if deemed necessary after reviewing Ms. Carnahan's proffer, Amgen should be permitted

5

to conduct a limited deposition of Ms. Carnahan on these new topics in order to properly prepare for trial.

2.      Defendants have included Jay Edelberg as "may call" witness for the liability phase of the trial.  Dr. Edelberg was not specifically disclosed in Defendants' updated May 21, 2018 witness disclosure.  Instead, Defendants included only the names of witnesses replacing witnesses used in the first trial and then included a blanket statement that the updated witness list does not comprise Defendants' trial witness list, and that Defendants reserve the right to introduce testimony at trial of other witnesses who previously testified at trial or were previously deposed. Thus, the only disclosure for Dr. Edelberg upon which Amgen can rely is Defendants' March 26, 2015, Rule 26(a) initial disclosure from the first trial.  In this disclosure, the subject matter of Dr. Edelberg's testimony was disclosed as related to "research, development and testing of alirocumab."  As Judge Robinson made clear in the first trial, Defendants' development of alirocumab is of "limited relevance" to the issues relating to Defendants' challenges to Amgen's patents under section 112 and "introduce[s] issues that are prejudicial." (D.I. 414, March 4, 2016, Status Conference Transcript at 32:10–33:5.)  Such evidence is as irrelevant and prejudicial today as it was during the first trial.  (*See* Amgen's Motion in Limine to Exclude From the Liability Phase of Trial Evidence re Patented Antibodies (Jan. 14, 2019) at pp. 2–3.)  Thus, as disclosed in Defendants' 2015 disclosure, the subject matter of Dr. Edelberg's testimony has no relevance to the liability phase of the trial, nor is there anything in the Defendants' pre-trial order materials to indicate the potential relevance of Dr. Edelberg's testimony.  Unless Defendants can demonstrate the relevance of Dr. Edelberg's testimony to the liability phase of this case, Amgen objects to his being called as a liability witness.  At a minimum, if permitted to testify at the liability trial, Dr.

6

Edelberg should be limited to the scope of his testimony at the first trial. (*See* D.I. 342, March 9, 2016, Trial Transcript at pp. 354–65.)

3.      Defendants have included Leonard Schleifer on their "will call" witness for the liability phase of the trial. Amgen expects that Mr. Schleifer will limit his testimony in the same manner required by the Court in the last trial. (*See* Appendix A, D.I. 255.)

4.      Defendants have included Michael Szarek as a "may call" witness for the damages phase of the trial, but not the liability phase. Amgen objects to Defendants' inclusion of Michael Szarek on Defendants' list of "may call" witnesses for the damages phase of the jury trial. Both parties have listed their respective experts on biostatistics, Michael Szarek (Defendants) and Charles McCulloch (Amgen), as witnesses they "may call" during the damages phase of the jury trial. Amgen's position is that neither expert should testify at trial. First, Amgen has filed a motion *in limine* to preclude reference at trial (as opposed to later permanent injunction proceedings) to any purported clinical difference between Repatha and Praluent. This is the only subject to which the biostatisticians' testimony relates, and this subject should not, for the reasons stated in Amgen's pending motion, be the subject of any testimony, fact or expert, at trial. Second, testimony from these experts should also be precluded pursuant to agreement of the parties, as set forth in correspondence exchanged last summer, that neither side offer testimony from their respective biostatistical experts at trial. Amgen listed Dr. McCulloch as a "may call" witness for the damages phase of the jury trial only to preserve its right to call Dr. McCulloch if Defendants seek to call Dr. Szarek (as they have indicated they "may") and the court does not preclude his testimony on the ground that it is in derogation of the parties' agreement as set forth above. Third, Defendants' listing of Dr. Szarek violates the Court's May 16, 2018 scheduling order. That order required identification of any new expert witness by May 21, 2018. Defendants did not identify

7

Dr. Szarek until July 25, 2018. As set forth in correspondence the parties exchanged last summer, Amgen consented to the untimely identification of Dr. Szarek but only to serve as an expert rebutting opinions that Amgen's biostatistician expert, Dr. McCulloch, might offer. Although Defendants originally agreed to submit a report from Dr. Szarek only in response to opinions Dr. McCulloch offered, Defendants reversed their position thereafter. They submitted a report from Dr. Szarek on October 5, 2018 not in response to any report from Dr. McCulloch (who had not then filed any) but to the report from a different, non-statistician expert retained by Amgen, Dr. Evan Stein. Therefore, testimony from Dr. Szarek at the jury trial violates the May 16, 2018 scheduling order. Should proceedings concerning injunctive relief proceed, Amgen has reserved the right to challenge the presentation of expert opinions from Dr. Szarek at those proceedings as well on the ground that Dr. Szarek's identification was untimely.

5. Amgen objects to Defendants' calling, through designated deposition testimony, Dr. Florin Moisiuc. During the April 20, 2018 Rule 16 conference, the Court expressed its strong reluctance to permit third-party physician testimony at trial because such testimony would be cumulative of the testimony the parties' own experts would be offering. (April 20, 2018 Tr. at 31 ("You know, that's what you have experts for. If there's a problem with their product, your expert should be in the know. . . . I don't think there should be any third-party depositions. This is now just a dispute between the two of you, and I think you can get what you are talking about from each other or from your experts.").) Despite the Court's ruling, Defendants sought and obtained leave in August 2018 from the Special Master to depose four physicians solely "to obtain discovery from these physicians regarding differences in clinical responses (or lack thereof) and adverse events that these physicians have observed first-hand in prescribing Praluent and Repatha to patients." (Aug. 14, 2018 Letter from D. Wilks. to Y.T. Saville, at 4.) In granting the request, the

Special Master made clear that her ruling was without prejudice to Amgen's seeking to exclude any physician testimony as inadmissible. (Aug. 21, 2018 Tr. at 118–19 ("And I think at the end of the day Judge Andrews will probably make the decision because I suspect you'll challenge the admissibility of whatever that evidence brings to bear.").) Defendants have designated from the deposition transcript of only one (Dr. Moisiuc) of the four doctors they deposed. The designations Defendants have offered from Dr. Moisiuc's deposition transcript steer clear of whether Dr. Moisiuc had a patient who responded to Praluent but not Repatha—the theory on which Defendants sought and obtained leave to depose Dr. Moisiuc. The designations instead show that Dr. Moisiuc prescribes statins first, before prescribing PCSK9 antibodies. That is cumulative of expert testimony Defendants' expert, Dr. Robert Eckel, may offer ███████████████████ ███████████████████████████████████████████████████████████ ████████████████████████████████ and is not contested either ██████████ ███████████████████████████████████████████████ ████████████████████████████████████ Dr. Moisiuc's testimony will be cumulative of Dr. Eckel's and inadmissible as such under Rule 403.

6.      Defendants state in a footnote that their "position is that willfulness is not at issue in this case" and that "Defendants have supplemented their pretrial order materials to address willfulness without waiver". Amgen's position is that while willfulness discovery had been delayed pending the Court's resolution of Defendants' Fed. R. Civ. P. 12(c) motion, but is no longer delayed by order of the Court during the January 3, 2018 hearing, the issue of willfulness is and has been at issue in this case unless and until there is a Court order that states otherwise. Defendants should have included their willfulness evidence in the pretrial order that they served

on Amgen on January 4, 2019, in accordance with the Scheduling Order and the Delaware Local Rules.

7.     Defendants state in their witness list that they "understand that, for any Amgen fact or expert witness identified as appearing live on its witness list, Amgen will produce that witness for trial.  Should Amgen fail to call any witness on its 'will call' or 'may call' lists, Defendants reserve the right to either call such witness live or by deposition designation."  Amgen disagrees with Defendants' position.  As Amgen states in the preamble to <u>Exhibit 11</u>, "By including any of the witnesses on this list, Amgen assumes no obligation to call or make available any witness at trial."

8.     For any exhibits appearing with Defendants' designated testimony, Amgen states that Defendants may not rely on any exhibits that appear in Defendants' designations but that are not included in Defendants' exhibit list (<u>Exhibit 9</u>).

9.     Amgen objects to Defendants' attempt to introduce Dr. Siegel's opinions on representative species, common structural features and enablement  through their excessive counter designations of Dr. Siegel's trial testimony.  Defendants successfully moved the Court to substitute Dr. Boyd for Dr. Siegel over Amgen's objection.  (D.I. 441.)  Defendants cannot now reintroduce Dr. Siegel as a third expert witness and present his testimony on the ultimate issues of written description and enablement.  Furthermore, while Dr. Siegel's testimony constitutes an admissible adoptive admission of a party opponent when offered by Amgen (Fed. R. Evid. 801(d)(2)(B)), Dr. Siegel's testimony is inadmissible hearsay if offered by Defendants.

## V.     Amgen's Responses to Defendants' Objections

1.     Defendants object to "Amgen's Witness List as excessive" "as it does not fairly disclose who Amgen intends to call at trial".  (<u>Exhibit 12</u> § III.1.)  Defendants already raised these

10

objections with the Special Master on December 27, 2018, and the Special Master "den[ied] defendants' request that plaintiff's witness list be pared down." (D.I. 699.)  With respect to Defendants' objection that Amgen has not provided "fair" disclosure, Amgen intends to present many of its "may call" witnesses through designated testimony, as shown above.  For those witnesses, Amgen has disclosed the testimony that may be played at trial in Exhibit 13.  Under the parties' joint proposed pretrial order, Amgen must also disclose to Defendants the "particular designated testimony" that will be played two days before it is offered at trial.  (*See* Joint Proposed Pretrial Order ¶ 57.)  These steps ensure that Defendants have ample disclosure of Amgen's trial witnesses.

2.      Defendants object to Amgen's affirmative designations of testimony from its own witnesses, and cites Amgen's designations from Teresa Carabeo (a former Amgen employee), Randal Ketchem (a former Amgen employee) and Chadwick King (a current Amgen employee), and state that Amgen may not designate testimony from any witness who is not shown to be unavailable (*see* Exhibit 12 §§ III.2 & III.3).  Amgen's position is that the parties may designate from the deposition testimony, trial testimony or injunction hearing testimony for their own fact witnesses who are not listed as testifying live, subject to the other side's objections and counter-designations.  Indeed, Defendants have provided affirmative designations of testimony for their own witnesses, including Victoria Carey (a former Sanofi employee) and Robert Terifay (a former Regeneron employee).  Nevertheless, with respect to Mr. King, Amgen has revised its witness list above and denoted that it "may call" Mr. King "live" at the liability trial, and Amgen also withdraws its affirmative designations for Mr. King.  With respect to Ms. Carabeo and Mr. Ketchem, Amgen "may call" these witnesses through their designated testimony, as denoted

11

above.  In addition, Amgen notes that under Fed. R. Civ. P. 32, Ms. Carabeo and Mr. Ketchem are considered "unavailable."

3.        Defendants state that "Amgen has designated testimony from 2015 and 2016" and object "to the playing of any deposition without a clear indication of the date on which it occurred" because "[o]therwise, the deposition testimony is potentially confusing and misleading under Fed. R. Evid. 403".  (Exhibit 12 § III.4.)  Amgen is willing to agree to specify the date of the deposition, trial or injunction hearing testimony at the time it is played or presented so long as Defendants agree to do the same for their extensive affirmative designations of testimony from 2015 and 2016.

4.        Defendants object to Amgen's injunction-only witnesses and state that they "have not addressed permanent injunction issues in their pretrial order materials."  (Exhibit 12 § III.6.)[1] Amgen's position is that the injunction issues are part of this case and should be addressed in the pretrial order materials.  Defendants should have included their injunction evidence in the pretrial order in accordance with the Scheduling Order and the Delaware Local Rules, including any objections and counter designations to the testimony that Amgen designated for the injunction witnesses.

5.        Defendants object to Amgen's designation of testimony from Drs. Siegel and Ravetch.  (Exhibit 12 § III.8.)  Amgen maintains that the parties may designate from the trial testimony of the other side's expert witnesses who submitted expert reports only during the pre-

---

[1] Amgen has listed above nine witnesses that it "will" or "may" call live at the permanent injunction hearing (if one is scheduled).  Of these nine injunction witnesses, only one witness (Scott Wasserman), is not also listed as a "will call" or "may call" witness for the liability or damages/willfulness phases of the trial.  In addition to Scott Wasserman, Amgen has provided designated testimony (in Exhibit 13) for 15 witnesses (Eric Besse, Ned Braunstein, Vanessa Broadhurst, Michael Doyle, Mary McGowan, Aaron Ondrey, Ophra Rebiere, Kerry Reinertsen, Michael Ryan, William Sasiela, Leonard Schleifer, Robert Scott, Rakesh Shah, Yannick Traversino and Rayne Waller) who are not otherwise listed as "will call" or "may call" witnesses for the liability or damages/willfulness phases of the trial.

remand proceedings and did not submit expert reports during post-remand proceedings, subject to the other side's counter designations and objections. Testimony elicited from Defendants' experts, Dr. Siegel and Dr. Ravetch, in support of their invalidity case up through and during the March 2016 trial are relevant and admissible as this testimony, among other things, constitute adoptive admissions that are admissible under Fed. R. Evid. 801(d)(2)(B). *Pernix Ireland Pain Dac v. Alvogen Malta Operations Ltd.*, 316 F. Supp. 3d 816, 824-825 (D. Del. 2018) ("The expert's statements, whether in the form of a deposition, an expert report, or testimony in another proceeding, will be regarded as an adoptive admission and thus not hearsay as to the retaining party if the circumstances in which the statement is made, used, or proposed to be used indicate that the party supports the statement as representing its position. For example, if the party has called the expert as a witness, in the same or another proceeding, to prove a particular fact and the witness has so testified, the party will be held to have adopted the expert's testimony on that point as an admission.").

**EXHIBIT 12 TO PROPOSED FINAL PRETRIAL ORDER**

**DEFENDANTS' WITNESS LIST**

Set forth below is a list of witnesses that Defendants currently intend to call at trial ("Defendants' Witness List").

Defendants reserve the right to modify Defendants' Witness List, including to: (1) add or remove witnesses as necessary, including, but not limited to, in response to the Court's rulings on motions and the submission or witness testimony, exhibits or other evidence that Amgen may proffer; (2) add witnesses who are necessary to lay the foundation for the admissibility of evidence should the parties prove unable to stipulate to admissibility; (3) call additional witnesses not on this list for the purposes of rebuttal or impeachment; and (4) call any witness on Amgen's Will Call or May Call Witness List. By including any of the witnesses on this list, Defendants assume no obligation to call or make available any witness at trial.[1]

**I.   Witnesses Whom Defendants Will Call at Trial**

Defendants currently expect that it will call the following witnesses to testify at the liability or damages trial. For the witnesses whose names are marked with an asterisk (*), Defendants currently intend to present the testimony of the witness live. For remaining witnesses, Defendants currently intend to present the witness by deposition.

A. Witnesses Whom Defendants Will Call at the Liability Trial.

1   Scott Boyd*
2   Michelle Carnahan*
3   Michael Eck*
4   Leonard Schleifer*

---

[1] Defendants' position is that willfulness is not at issue in this case. *See* Defendants' Motion for Judgment on the Pleadings regarding willfulness, which is still pending before the Court.  D.I. 448.  However, consistent with the Court's comments at the January 3, 2019 hearing, Defendants have supplemented their pretrial order materials to address willfulness without waiver. Additionally Defendants reserve all rights to supplement their witness and exhibit list based on the outcome of any discovery dispute that Amgen raises with the Court on willful infringement.

B. Witnesses Whom Defendants Will Call at the Damages Trial.

1   Michelle Carnahan*
2   Mark Duggan*
3   Shannon Faught*
4   Carla Mulhern*
5   Leonard Schleifer*

## II.   Witnesses Whom Defendants May Call at Trial

Defendants currently expect that it may call the following additional witnesses to testify at the liability or damages trial. For witnesses whose names are marked with an asterisk (*), Defendants currently intend to present the testimony of the witness live. For remaining witnesses, Defendants currently intend to present the witness by deposition testimony.

A. Witnesses Whom Defendants May Call at the Liability Trial.

1   Chadwick King
2   Derek Piper
3   Wei Wang
4   Simon Jackson*
5   Randal Ketchem
6   Christopher Mehlin
7   Teresa Carabeo
8   Nigel Walker
9   Wenyan Shen
10   Jay Edelberg*

B. Witnesses Whom Defendants May Call at the Damages Trial.

1   Ernst Berndt*
2   Victoria Carey
3   Eugenia Dubuk*
4   Robert Eckel*
5   Jay Edelberg*
6   Mary Lehmann
7   Florin Moisiuc
8   Michael Szarek*
9   Robert Terifay
10   Scott Wasserman
11   Frank Cottingham*

Defendants understand that, for any Amgen fact or expert witness identified as appearing live on its witness list, Amgen will produce that witness for trial.  Should Amgen fail to call any witness on its "will call" or "may call" lists, Defendants reserve the right to either call such witness live or by deposition designation.

### III.   Objections to Amgen's Witness List

1.   Defendants object to Amgen's Witness list as excessive, and in violation of the Federal Rules of Civil Procedure and Local Rules, as it does not fairly disclose who Amgen's intends to call at trial.  Specifically, for a three-day liability trial (when Amgen will be allotted no more than 50% of trial time), Amgen has designated four witnesses on its "Will Call" list and 20 witnesses on its "May Call" list.  For a 1-2 day remedies trial (when Amgen will be allotted no more than 50% of trial time), Amgen has designated 13 witnesses on its "Will Call" list and 14 witnesses on its "May Call" list.  Defendants reserve the right to seek relief from the Court should Amgen fail to provide adequate disclosure of the witnesses it will actually call sufficiently in advance of trial.

2.   Defendants object to Amgen affirmatively designating testimony from its own witnesses or witnesses whose availability it could reasonably secure.  *See, e.g.,* Fed. R. Evid. 801-804.  These include:  Chadwick King.  Per ¶ 53 of the Pretrial Order, Defendants have not objected to Amgen affirmatively designating testimony from Teresa Carabeo and Randall Ketchem.  Defendants reserve the right to provide objections and counter designations should Amgen be permitted to introduce testimony for these witnesses.

3.   Defendants also object to Amgen designating testimony from any witness who is not shown to be unavailable or for whom Amgen has not attempted to secure attendance by reasonable means pursuant to Fed. R. Evid. 804.

3

4.      Amgen has designated testimony from 2015 and 2016.  Defendants object to the playing of any deposition without a clear indication of the date on which it occurred.  Otherwise, the deposition testimony is potentially confusing and misleading under Fed. R. Evid. 403.

5.      For any exhibits appearing within Amgen's designated testimony, Defendants' objections to use of such exhibits may appear both in Exhibit 8 and Exhibit 13.

6.      Defendants object to the use of any witnesses appearing only on Amgen's "Permanent Injunction Hearing" witness lists.  Pursuant to the Scheduling Order, Amgen's request for a permanent injunction will not be tried with liability and damages issues, but will instead be submitted to the Court through briefing and, potentially, a subsequent hearing should the Court deem it necessary.  D.I. 458 at 12.  Accordingly, Defendants have not addressed permanent injunction issues in their pretrial order materials.

7.      Amgen provided deposition designations for Scott Wasserman, who appears only as a live witness on Amgen's witness list if an injunction hearing is held.  Amgen has also provided deposition designations for Aaron Ondrey, Eric Besse, Ned Braunstein, Vanessa Broadhurst, Michael Doyle, Mary McGowan, Ophra Rebiere, Kerry Reinerstsen, Michael Ryan, William Sasiela, Leonard Schleifer, Robert Scott, Rakesh Shah, Yannick Traversino, and Rayne Waller, none of whom appear on Amgen's witness list.  Defendants therefore object to any use of the designated testimony and reserve the right to provide objections and counter designations should Amgen attempt to use any of this deposition testimony at trial.

8.      Defendants object to Amgen affirmatively designating testimony from Drs. Siegel and Ravetch.  Drs. Siegel and Ravetch were pre-remand experts relied upon by Defendants, and are no longer being relied upon by Defendants or being relied upon by any of Defendants' current remand experts.  Thus, their testimony is inapplicable to the case on remand.

4

## IV.   Defendants' Responses to Amgen's Objections in Exhibit 11

1.     Defendants have included Michelle Carnahan on their list of witnesses that they "will call" at the liability trial.  Ms. Carnahan will briefly testify as a Sanofi company witness, and will introduce Sanofi as an innovator company and explain Sanofi's commercial reasons for choosing to enter into an alliance with Regeneron to engage in PSCK9 antibody research that lead to Praluent.  Defendants previously explained in their 8/17/2018 Amended Witness Disclosures that Ms. Carnahan may provide testimony regarding "commercial affairs of Praluent."  This testimony is plainly relevant to the liability phase of the trial, as Sanofi is a Defendant, and is entitled to put forward basic background testimony from a corporate representative regarding its involvement in this case.  Furthermore, Ms. Carnahan has personal knowledge regarding the Sanofi and Regeneron partnership based on her knowledge of the industry and her current role at Sanofi as Senior Vice President, Head of North America Primary Care, the Sanofi business unit that includes Praluent.  As for Amgen's insistence on a deposition of Ms. Carnahan, Amgen already took Ms. Carnahan's deposition in August 2018 and also already had the opportunity to depose Sanofi's 30(b)(6) witness on this topic in both 2015 and 2018.  D.I. 471.  To resolve this dispute, Defendants will provide a proffer of Ms. Carnahan's testimony for the liability trial by Wednesday, January 23, 2019.[2]

2.     Amgen appears to be objecting to Defendants' inclusion of Jay Edelberg in Defendants' list of "may call" witnesses for the liability phase of the trial due to his lack of inclusion in Defendants' updated May 21, 2018 witness disclosures.  But neither Amgen nor Defendants included pre-remand witnesses that were not being replaced in the 2018 updated disclosures, so Defendants' disclosure of Mr. Edelberg in the March 26, 2015 initial disclosures

---

[2] This objection and response do not involve or impact Ms. Carnahan's inclusion as a "will call" witness at the damages phase of the trial.

is entirely sufficient.  Defendants' Disclosure of Witnesses dated May 21, 2018; *see also*

Amgen's Disclosure of Witnesses dated May 21, 2018.  Amgen has not objected to many other

witnesses, including witnesses upon which Amgen is objecting on other grounds, for not being

included in the May 2018 updated witness list.  Additionally, Amgen deposed Mr. Edelberg in

August 2018.  To the extent that Amgen is objecting to Mr. Edelberg's inclusion because his

testimony relates to the "development of alirocumab," this is the subject of one of Amgen's

Motions in Limine ("MIL").  *See* Amgen's Motion to Exclude from Liability Phase of Trial

Evidence that Regeneron, Merck and Pfizer Antibodies are Patented, Evidence that Evolocumab

is Patented by Sequence, and Evidence Concerning the Development of the Regeneron, Merck

and Pfzier Antibodies ("Amgen's Competitor Antibodies MIL").  As set forth in Defendants'

opposition to Amgen's Competitor Antibodies MIL, Defendants contend that such evidence is

relevant and should not be excluded.  *See* Defendants' Opposition to Amgen's Competitor

Antibodies MIL at p. 2.  Any ruling from Judge Robinson regarding such evidence's relevance

was mooted by the Federal Circuit opinion in this case.  *Id.*  Regardless, Defendants have

included Mr. Edelberg as a "may call" witness in the liability trial due to Amgen's objections to

Ms. Carnahan's ability to testify as a company witness for Sanofi.  If Amgen withdraws such

objections, Defendants will not call Mr. Edelberg as a witness in the liability trial.[3]

    3.      Defendants do not agree that Leonard Schleifer's testimony in the liability phase

of the trial should be limited in the same manner required by the Court in the last trial.  To the

extent that Dr. Schleifer's testimony was limited to exclude discussion of Defendants' research

leading to the identification of alirocumab and its ability to bind to PCSK9 and block the LDLR

interaction, such evidence is relevant and should not be excluded in view of the Federal Circuit's

---

[3] This objection and response do not involve or impact Mr. Edelberg's inclusion as a "may call" witness at the damages phase of the trial.

ruling in this case. *See* Opp. MIL regarding Competitor Antibodies at p. 2. Defendants intend to provide Amgen a proffer of Dr. Schleifer's for the liability trial by Wednesday, January 23, 2019, that will, among other things, demonstrate that Dr. Schleifer's testimony in the liability trial is relevant in view of the Federal Circuit's ruling.[4]

4.    Amgen disclosed its trial witness list first under the procedures established by Del. Local Rule 16.3, and identified Dr. Evan Stein (Amgen's clinical expert witness) on its "will call" witness list and Dr. Charles McCulloch (Amgen's biostatistician expert witness) on its "may call" witness list for the damages trial. Based on that disclosure, and without any indication as to which of Dr. Stein's opinions Amgen intended to present at trial, Defendants identified their own biostatistician expert, Dr. Michael Szarek, whose opinions respond to both Dr. Stein and Dr. McCulloch. If Amgen agreed to limit or exclude Dr. Stein's testimony, Dr. Szarek's testimony would likely not be necessary. Amgen resurrects procedural grievances from long ago to argue that Dr. Szarek should be excluded, but the facts are that during fact discovery, Defendants identified Dr. Szarek as an expert witness after Amgen untimely identified its own biostatistician, Dr. Charles McCulloch; two of Amgen's experts issued reports addressing Dr. Szarek's opinions; and Amgen took Dr. Szarek's deposition twice. Even if Amgen's characterization were correct, there is simply no prejudice. While Amgen references the parties' letters limiting the use of biostatistician experts, those were written prior to issuance of expert reports and assumed that Amgen's only witness addressing biostatistical issues would be Dr. McCulloch. Instead, when Amgen served its opening round of reports, Dr. Stein also addressed biostatistical issues to which Dr. Szarek properly responded.

---

[4] This objection and response do not involve or impact Dr. Schleifer's inclusion as a "will call" witness at the damages phase of the trial.

5.     In August 2018, 

6.     Defendants' position is that willful infringement is not at issue for the reasons set forth in Defendants' Motion for Judgment on the Pleadings regarding willfulness, which is still pending before the Court.  (D.I. 448.).  However, consistent with the Court's comments at the January 3, 2019 hearing, Defendants timely supplemented their pretrial order materials to address willful infringement without waiver of their position.  Defendants further maintain their position that discovery relating to willful infringement is closed.  By letter of June 8, 2018, Defendants expressly informed Amgen that based on the clear pre-remand record:

> "Discovery relating to willful infringement . . . is closed and that Amgen waived any objections it may have had to the completeness of such discovery and to the propriety of any objections interposed by Defendants.  Accordingly, Defendants believe that no further discovery relating to willful infringement is warranted, regardless of whether willful infringement is in the case.  If Amgen disagrees with Defendants' position, it is incumbent upon Amgen to promptly seek relief from the Court."

Despite knowing Defendants' position for more than six months, Amgen did not raise the issue of willful infringement discovery with the Court until the January 3, 2019 hearing. Additionally, this issue is going to be raised at the Special Master hearing on January 24, 2019.

7.     With respect to Amgen's objections to Defendants' inclusion of Dr. Siegel's testimony in counter designations, Defendants are entitled to counter Amgen's deposition designations of Dr. Siegel pursuant to Fed R. Civ. P. 32(a)(6).

9

# EXHIBIT 13

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Besse, Eric
**CONFIDENTIAL**
**Date of Deposition:  October 18, 2018**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 8:20-9:3 | | | | | | |
| 14:20-15:4 | | | | | | |
| 17:11-23 | | | | | | |
| 18:2-6 | | | | | | |
| 45:7-22 | | | | | | |
| 45:25-46:2 | | | | | | |
| 46:3-6 | | | | | | |
| 46:7-12 | | | | | | |
| 63:2-4 | | | | | | |
| 63:7-8 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Bordova, Jana
**CONFIDENTIAL**
**Date of Deposition:  September 25 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defs Objs to Pltf's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 6:14-16 | | | | | |
| 7:8-11 | | | | | |
| 12:4-15 | | | | | |
| 13:25-14:14 | | | | | |
| 16:19-23 | | | | | |
| 17:11-22 | | | | | |
| 23:21-24:8 | | | | | |
| 27:9-10 | | | | | |
| 27:18-19 | | | | | |
| 27:21-22 | | | | | |
| 30:8-20 | | | | | |
| 30:21-31:2 | | | | | |
| 45:11-13 | | | | | |
| 46:22-23 | | | | | |
| 58:10-11 | | | | | |
| 58:18-59:4 | | | | | |
| 59:6-60:10 | OBJ (60:9-10); R | 60:21-61:3 | 401-403 | 60:13-20; 61:13-18 | C, R, FRE 403 |
| 60:13-20 | | | | | |
| 61:13-18 | | | | | |
| 63:22-23 | | | | | |
| 69:2-8 | R; FRE 403 | | | | |
| 70:20-25 | | | | | |
| 71:13-72:11 | R; FRE 403; MIL | 71:2-12 | 401-403 | | |
| 72:17-25 | R; FRE 403; MIL | | | | |
| 73:2-25 | R; FRE 403; MIL | | | | |
| 74:2-6 | R; FRE 403; MIL | | | | |
| 75:3-25 | R; FRE 403; MIL | | | | |
| 76:2-24 | R; FRE 403; MIL | | | | |
| 78:6-79:20 | R; FRE 403; MIL | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Braunstein, Ned
**CONFIDENTIAL**
**Date of Deposition:  September 18, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 6:19-7:4 | | | | | | |
| 7:24-8:13 | | | | | | |
| 8:21-25 | | | | | | |
| 9:3-21 | | | | | | |
| 10:20-25 | | | | | | |
| 17:7-18 | | | | | | |
| 18:8-11 | | | | | | |
| 19:19-22 | | | | | | |
| 22:4-12 | | | | | | |
| 22:14-19 | | | | | | |
| 22:21-23:9 | | | | | | |
| 23:12-22 | | | | | | |
| 27:24-28:14 | | | | | | |
| 28:16-29:19 | | | | | | |
| 31:15-32:2 | | | | | | |
| 32:3-6 | | | | | | |
| 32:8-8 | | | | | | |
| 34:7-13 | | | | | | |
| 34:14-35:17 | | | | | | |
| 36:2-15 | | | | | | |
| 39:6-19 | | | | | | |
| 53:20-22 | | | | | | |
| 53:24-54:11 | | | | | | |
| 54:13-19 | | | | | | |
| 54:21-25 | | | | | | |
| 56:14-20 | | | | | | |
| 57:11-13 | | | | | | |
| 58:2-24 | | | | | | |
| 59:2-2 | | | | | | |
| 71:6-20 | | | | | | |
| 76:6-18 | | | | | | |
| 77:15-23 | | | | | | |
| 77:24-78:12 | | | | | | |
| 78:14-16 | | | | | | |
| 78:17-21 | | | | | | |
| 82:3-6 | | | | | | |
| 82:8-20 | | | | | | |
| 82:22-84:13 | | | | | | |
| 84:15-85:3 | | | | | | |
| 85:5-13 | | | | | | |
| 85:17-87:16 | | | | | | |
| 87:18 | | | | | | |
| 88:6-11 | | | | | | |
| 89:23-90:9 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Testifying Witness: Broadhurst, Vanessa
CONFIDENTIAL
**Date of Testimony: Injunction Hearing, March 23, 2016**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 158:23-23 | | | | | | |
| 158:23-159:9 | | | | | | |
| 160:9-161:16 | | | | | | |
| 162:12-14 | | | | | | |
| 163:11-164:1 | | | | | | |
| 164:9-19 | | | | | | |
| 164:25-165:8 | | | | | | |
| 167:1-171:1 | | | | | | |
| 171:2-172:24 | | | | | | |
| 173:3-174:25 | | | | | | |
| 175:3-11 | | | | | | |
| 175:13-177:4 | | | | | | |
| 177:5-178:8 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Testifying Witness:  Broadhurst, Vanessa
CONFIDENTIAL
**Date of Testimony: Injunction Hearing, March 24, 2016**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 515:10-22 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Broadhurst, Vanessa
**HIGHLY CONFIDENTIAL**
Date of Deposition:  October 1, 2015

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 10:6-11 | | | | | | |
| 10:17-25 | | | | | | |
| 11:14-17 | | | | | | |
| 11:18-13:10 | | | | | | |
| 14:8-9 | | | | | | |
| 14:15-17 | | | | | | |
| 14:22-23 | | | | | | |
| 15:16-21 | | | | | | |
| 15:22-17:10 | | | | | | |
| 17:15-18:21 | | | | | | |
| 19:1-20 | | | | | | |
| 19:24-21:16 | | | | | | |
| 21:20-22:7 | | | | | | |
| 22:10-21 | | | | | | |
| 22:25-24:7 | | | | | | |
| 24:14-15 | | | | | | |
| 24:20-25:18 | | | | | | |
| 25:21-27:2 | | | | | | |
| 27:4-11 | | | | | | |
| 27:15-30:4 | | | | | | |
| 30:13-31:2 | | | | | | |
| 31:4-32:2 | | | | | | |
| 32:1-2 | | | | | | |
| 32:6-16 | | | | | | |
| 32:18-33:24 | | | | | | |
| 33:25-35:12 | | | | | | |
| 35:13-20 | | | | | | |
| 35:21-36:8 | | | | | | |
| 36:9-14 | | | | | | |
| 37:3-21 | | | | | | |
| 38:16-17 | | | | | | |
| 38:20-39:2 | | | | | | |
| 39:4-13 | | | | | | |
| 40:17-20 | | | | | | |
| 40:23-41:4 | | | | | | |
| 46:16-22 | | | | | | |
| 46:24-24 | | | | | | |
| 47:10-16 | | | | | | |
| 47:19-48:5 | | | | | | |
| 48:7-9 | | | | | | |
| 48:12-12 | | | | | | |
| 48:14-19 | | | | | | |
| 51:18-20 | | | | | | |
| 51:22-52:5 | | | | | | |
| 52:7-53:11 | | | | | | |
| 54:14-21 | | | | | | |
| 54:24-55:3 | | | | | | |
| 55:6-20 | | | | | | |
| 55:21-25 | | | | | | |
| 56:1-1 | | | | | | |
| 56:3-6 | | | | | | |
| 56:8-10 | | | | | | |
| 56:12-18 | | | | | | |
| 56:21-22 | | | | | | |
| 56:24-25 | | | | | | |
| 59:15-22 | | | | | | |

Amgen Inc. et al. v. Sanofi/Regeneron et al.
C.A. No. 14-1317 (RGA)

# Deponent:  Broadhurst, Vanessa
HIGHLY CONFIDENTIAL
Date of Deposition:  October 1, 2015

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 60:13-61:13 | | | | | | |
| 61:15-16 | | | | | | |
| 61:18-62:1 | | | | | | |
| 62:2-11 | | | | | | |
| 62:14-25 | | | | | | |
| 63:1-3 | | | | | | |
| 63:5-8 | | | | | | |
| 63:10-18 | | | | | | |
| 63:19-22 | | | | | | |
| 64:11-18 | | | | | | |
| 66:3-4 | | | | | | |
| 66:6-13 | | | | | | |
| 66:15-17 | | | | | | |
| 66:24-67:1 | | | | | | |
| 67:3-21 | | | | | | |
| 67:23-25 | | | | | | |
| 68:2-3 | | | | | | |
| 68:5-14 | | | | | | |
| 71:11-22 | | | | | | |
| 73:3-8 | | | | | | |
| 73:11-18 | | | | | | |
| 73:20-75:20 | | | | | | |
| 79:22-23 | | | | | | |
| 80:2-7 | | | | | | |
| 80:9-81:2 | | | | | | |
| 81:19-23 | | | | | | |
| 82:1-8 | | | | | | |
| 82:21-23 | | | | | | |
| 82:25-83:1 | | | | | | |
| 83:3-24 | | | | | | |
| 86:5-7 | | | | | | |
| 86:9-11 | | | | | | |
| 86:13-87:10 | | | | | | |
| 88:5-13 | | | | | | |
| 88:25-89:3 | | | | | | |
| 93:2-13 | | | | | | |
| 95:15-20 | | | | | | |
| 100:20-25 | | | | | | |
| 101:20-103:2 | | | | | | |
| 103:3-22 | | | | | | |
| 103:25-105:20 | | | | | | |
| 105:21-25 | | | | | | |
| 106:1-13 | | | | | | |
| 106:16-25 | | | | | | |
| 107:1-12 | | | | | | |
| 107:13-22 | | | | | | |
| 108:4-12 | | | | | | |
| 110:13-111:10 | | | | | | |
| 111:25-116:4 | | | | | | |
| 117:20-120:4 | | | | | | |
| 121:8-12 | | | | | | |
| 121:14-122:1 | | | | | | |
| 122:25-123:4 | | | | | | |
| 125:12-126:6 | | | | | | |
| 126:15-22 | | | | | | |
| 126:24-25 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Broadhurst, Vanessa
### HIGHLY CONFIDENTIAL
#### Date of Deposition:  October 1, 2015

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 127:2-130:12 | | | | | | |
| 130:17-133:2 | | | | | | |
| 133:11-134:16 | | | | | | |
| 134:21-25 | | | | | | |
| 135:13-137:9 | | | | | | |
| 137:16-23 | | | | | | |
| 138:2-21 | | | | | | |
| 138:24-139:23 | | | | | | |
| 145:8-146:7 | | | | | | |
| 146:13-13 | | | | | | |
| 146:15-16 | | | | | | |
| 146:17-148:5 | | | | | | |
| 148:25-149:4 | | | | | | |
| 149:8-16 | | | | | | |
| 150:12-14 | | | | | | |
| 151:2-17 | | | | | | |
| 156:20-157:6 | | | | | | |
| 158:9-11 | | | | | | |
| 159:8-10 | | | | | | |
| 159:14-20 | | | | | | |
| 166:9-11 | | | | | | |
| 166:13-167:2 | | | | | | |
| 167:4-20 | | | | | | |
| 167:24-168:5 | | | | | | |
| 168:18-21 | | | | | | |
| 168:24-169:5 | | | | | | |
| 169:7-20 | | | | | | |
| 170:4-10 | | | | | | |
| 170:12-12 | | | | | | |
| 170:14-17 | | | | | | |
| 175:13-176:1 | | | | | | |
| 176:10-177:19 | | | | | | |
| 178:1-3 | | | | | | |
| 178:21-179:6 | | | | | | |
| 180:4-8 | | | | | | |
| 180:22-25 | | | | | | |
| 181:22-182:2 | | | | | | |
| 189:6-17 | | | | | | |
| 189:22-190:3 | | | | | | |
| 190:17-19 | | | | | | |
| 191:5-8 | | | | | | |
| 191:9-12 | | | | | | |
| 197:15-24 | | | | | | |
| 198:15-21 | | | | | | |
| 199:24-200:2 | | | | | | |
| 200:7-15 | | | | | | |
| 200:16-201:5 | | | | | | |
| 203:5-204:3 | | | | | | |
| 211:23-212:6 | | | | | | |
| 212:9-11 | | | | | | |
| 212:13-213:4 | | | | | | |
| 213:5-214:2 | | | | | | |
| 214:6-15 | | | | | | |
| 214:17-215:21 | | | | | | |
| 214:23-25 | | | | | | |
| 216:11-18 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent: Broadhurst, Vanessa
**HIGHLY CONFIDENTIAL**
Date of Deposition: October 1, 2015

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 216:21-217:1 | | | | | | |
| 217:3-22 | | | | | | |
| 217:23-218:8 | | | | | | |
| 218:11-15 | | | | | | |
| 218:17-25 | | | | | | |
| 219:1-13 | | | | | | |
| 221:13-19 | | | | | | |
| 221:22-23 | | | | | | |
| 222:13-14 | | | | | | |
| 222:16-22 | | | | | | |
| 225:12-16 | | | | | | |
| 226:21-23 | | | | | | |
| 227:4-12 | | | | | | |
| 227:16-228:6 | | | | | | |
| 231:17-232:12 | | | | | | |
| 234:11-14 | | | | | | |
| 234:17-21 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Buckler, David
### CONFIDENTIAL
Date of Deposition:  September 21, 2018

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 7:12-16 | | | | | |
| 8:8-14 | | | | | |
| 10:5-9 | | | | | |
| 10:10-16 | | | | | |
| 10:18-11:5 | | | | | |
| 11:6-10 | | | | | |
| 13:14-14:1 | | | | | |
| 15:2-10 | | | | | |
| 15:25-17:3 | | | | | |
| 18:11-23 | | | | | |
| 18:24-20:15 | | | | | |
| 20:17-21 | | | | | |
| 20:22-25 | | | | | |
| 21:10-22:20 | O, 403, R, SC | | | | |
| 22:22-23:17 | O, 403, R, SC | | | | |
| 24:11-15 | 403, R, SC | | | | |
| 24:16-25:20 | | | | | |
| 27:8-11 | | | | | |
| 27:12-13 | | | | | |
| 27:14-21 | | | | | |
| 27:21-21 | | | | | |
| 27:22-24 | | | | | |
| 27:25-28:11 | | | | | |
| 28:12-15 | 403, R, SC | | | | |
| 28:25-29:2 | 403, R, SC | | | | |
| 29:7-10 | 403, R, SC | | | | |
| 29:11-25 | 403, R, SC, O | | | | |
| 30:2-5 | 403, R, SC, O | | | | |
| 30:15-17 | 403, R, SC, O | | | | |
| 30:19-23 | 403, R, SC, O | | | | |
| 30:24-31:9 | 403, R, SC, O | | | | |
| 31:11-32:7 | 403, R, SC, O | | | | |
| 32:8-22 | 403, R, SC, O | 32:23-33:3 | 403, 602 | | |
| 33:4-14 | 403, R, SC, O | | | | |
| 35:6-11 | | | | | |
| 35:23-36:13 | | | | | |
| 36:14-20 | | | | | |
| 36:22-37:9 | | | | | |
| 37:18-38:8 | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Buckler, David
**CONFIDENTIAL**
Date of Deposition:  September 21, 2018

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 42:20-43:3 | | | | | |
| 43:9-10 | | | | | |
| 43:12-44:3 | | | | | |
| 44:24-45:11 | | | | | |
| 45:16-18 | | | | | |
| 45:20-23 | | | | | |
| 46:8-20 | | | | | |
| 59:10-60:7 | 403, R, SC, S, O | | | | |
| 60:15-20 | 403, R, SC | | | | |
| 61:14-19 | 403, R, SC | | | | |
| 62:24-65:25 | 403, R, SC | | | | |
| 66:3-15 | 403, R, SC | | | | |
| 66:16-24 | 403, R, SC | | | | |
| 66:24-69:8 | 403, R, SC | | | | |
| 69:9-71:15 | 403, R, SC | | | | |
| 71:22-72:4 | 403, R, SC | | | | |
| 72:12-73:6 | 403, R, SC | | | | |
| 73:7-74:4 | 403, R, SC | | | | |
| 74:9-9 | I, 403, R, SC | | | | |
| 74:9-21 | I, 403, R, SC | | | | |
| 74:22-24 | 403, R, SC | | | | |
| 75:2-76:20 | 403, R, SC, S | 76:21-77:12 | 401-403 | | |
| 77:13-19 | 403, R, SC | | | | |
| 77:22-78:10 | 403, R, SC, S, O | | | | |
| 78:21-24 | 403, R, SC, S, O | | | | |
| 79:4-81:24 | 403, R, SC, S, O | | | | |
| 81:25-82:24 | 403, R, SC, S | | | | |
| 84:18-24 | | | | | |
| 85:4-9 | | | | | |
| 85:14-19 | | | | | |
| 85:20-86:4 | | | | | |
| 86:5-22 | 403, R | | | | |
| 87:13-88:5 | 403, R | | | | |
| 88:14-20 | 403, R | | | | |
| 89:1-10 | 403, R | | | | |
| 91:1-8 | | | | | |
| 93:18-24 | | | | | |
| 94:7-15 | | | | | |
| 94:16-95:16 | SC, FN | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Buckler, David
**CONFIDENTIAL**
**Date of Deposition:  September 21, 2018**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 95:21-96:15 | SC, FN | | | | |
| 96:19-21 | SC, FN | | | | |
| 96:25-100:9 | SC, FN | | | | |
| 100:9-10 | SC, FN | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Carabeo, Teresa

**Date of Deposition:  July 31, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 5:6-7 | | | | | |
| 5:8-8 | | | | | |
| 30:2-14 | | | | | |
| 31:14-37:20 | OBJ | | | | |
| 96:13-97:20 | | | | | |
| 104:5-17 | | | | | |
| 111:2-113:16 | | | | | |
| 125:21-127:2 | | | | | |
| 127:9-21 | | | | | |
| 128:2-4 | | | | | |
| 130:8-25 | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Carey, Victoria
**CONFIDENTIAL**
Date of Deposition:  October 2, 2015

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 14:16-18 | I | 13:10-12 | | | |
| 14:25-15:12 | V | 11:6-7 | | | |
| 15:13-18:21 | I | 19:1-13 | | | |
| 18:22-25 | | | | | |
| 20:5-8 | | | | | |
| 20:25-21:9 | R; BRPL | | | | |
| 21:16-23:8 | R; BRPL | | | | |
| 24:16-25:17 | R; BRPL | | | | |
| 26:21-27:4 | | | | | |
| 28:12-15 | R; BRPL | | | | |
| 29:6-14 | R; BRPL | | | | |
| 31:24-32:1 | R | | | | |
| 32:7-35:23 | V | | | | |
| 37:15-38:11 | V, R | | | | |
| 40:23-41:4 | | | | | |
| 43:3-14 | | | | | |
| 44:23-45:11 | R; BRPL | | | | |
| 46:12-14 | R | | | | |
| 46:23-24 | R | | | | |
| 47:18-20 | R | | | | |
| 47:25-49:4 | R | | | | |
| 53:24-54:22 | R; BRPL | | | | |
| 55:16-19 | R | | | | |
| 56:19-57:6 | | | | | |
| 59:11-20 | | | | | |
| 61:18-62:7 | | | | | |
| 64:12-15 | | | | | |
| 65:22-66:13 | I | 66:14-21 | | | |
| 66:22-67:2 | I | 67:3-15 | | | |
| 68:2-6 | | | | | |
| 68:10-16 | | | | | |
| 68:23-69:21 | | | | | |
| 69:22-70:13 | R; BRPL | | | | |
| 98:4-19 | R; BRPL | | | | |
| 101:14-23 | I | 100:25-101:5 | 401-403 | 101:6-13 | R, FRE 403 |
| 102:13-103:2 | S | | | | |
| 103:22-104:8 | R; BRPL | | | | |
| 107:20-109:3 | I | 109:4-12 | | | |
| 109:22-25 | | | | | |
| 110:2-6 | | | | | |
| 110:10-111:17 | | | | | |
| 115:12-15 | AF; MIS | | | | |
| 115:18-22 | | | | | |
| 117:11-118:14 | | | | | |
| 119:24-120:5 | | | | | |
| 126:25-25 | V | | | | |
| 127:1-25 | V | | | | |
| 128:1-8 | I | 128:9-12; 128:15-130:3 | 401-403; 601-602 | | |
| 131:14-132:14 | | | | | |
| 143:10-144:9 | R | | | | |
| 144:12-15 | R | | | | |
| 149:17-150:13 | | | | | |
| 153:6-14 | | | | | |
| 163:5-165:9 | | | | | |
| 175:11-22 | R | | | | |
| 186:5-187:3 | V; S | | | | |
| 190:1-15 | | | | | |
| 190:18-191:6 | FN; S | | | | |
| 191:9-25 | S | 193:7-14 | 401-403 | 192:16-24; 193:1-4 | OBJ, S |
| 192:3-15 | S | | | | |
| 193:20-194:3 | | | | | |
| 196:16-197:24 | FN | | | | |
| 197:25-198:19 | | | | | |
| 198:20-199:22 | MIS | | | | |
| 199:25-201:21 | V; FRE403 | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Carey, Victoria
**CONFIDENTIAL**
**Date of Deposition:  October 2, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 201:23-202:20 | V, S, FRE403 | | | | |
| 202:23-24 | | | | | |
| 204:25-205:15 | | | | | |
| 226:6-11 | | | | | |
| 228:2-18 | | | | | |
| 233:15-24 | | | | | |
| 234:3-11 | | | | | |
| 238:4-5 | FN | | | | |
| 238:14-239:3 | FN | | | | |
| 239:4-6 | | | | | |
| 240:11-245:2 | | | | | |
| 253:8-13 | R; V; FRE403 | 251:19-252:10 | 401-403 | 252:11-14; 252:16-18; 252:20-25; 253:1-2; 253:5-6 | C, OBJ, R, FRE 403, H |
| 258:8-260:13 | I | 260:14-261:16; 261:21-262:13 | | | |
| 271:1-24 | R; BRPL | | | | |
| 275:17-276:16 | | | | | |
| 282:14-23 | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

## Testifying Witness: Carey, Victoria
CONFIDENTIAL
**Date of Testimony: Injunction Hearing, March 23, 2016**

| Plaintiff's Designation (Page:Line)  [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line)  [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line)  [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 279:4-280:1 | R; FRE403 | 266:6-267:3 | 401-403 | | |
| 287:14-17 | | | | | |
| 288:1-20 | R; FRE403 | 259:23-260:25; 261:14-262:20;263:5-264:21;265:4-267:3 | 401-403; 601-602; 801-802 | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Carnahan, Michelle
CONFIDENTIAL
**Date of Deposition:  August 28, 2018**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 8:25-9:17 | H | | | | |
| 9:18-25 | | | | | |
| 10:1-2 | | | | | |
| 11:11-23 | | | | | |
| 12:13-13:1 | | | | | |
| 13:2-20 | | | | | |
| 13:22-25 | | | | | |
| 16:4-6 | I | 16:7-8; 16:11-17:13 | 401-403; 601-602; 801-802 | | |
| 18:8-11 | | | | | |
| 18:13-20 | | | | | |
| 18:21-19:3 | | | | | |
| 19:9-11 | | | | | |
| 19:17-20:2 | | | | | |
| 20:3-22:7 | R | | | | |
| 22:24-23:1 | R | | | | |
| 23:3-3 | R | | | | |
| 23:6-11 | | | | | |
| 23:12-22 | | | | | |
| 23:23-25 | | | | | |
| 24:3-24 | | | | | |
| 25:4-9 | | | | | |
| 25:13-21 | | | | | |
| 25:23-26:1 | | | | | |
| 26:2-5 | | | | | |
| 26:7-14 | | | | | |
| 26:19-20 | FN | | | | |
| 26:24-27:11 | FN | | | | |
| 28:5-20 | FN; S | | | | |
| 29:2-12 | | | | | |
| 29:14 - 30:3 | | | | | |
| 30:4-12 | | | | | |
| 30:14-15 | | | | | |
| 30:16-22 | | | | | |
| 33:20-23 | | | | | |
| 34:5-10 | H | | | | |
| 34:11-23 | | | | | |
| 35:15-16 | | | | | |
| 35:18-25 | | | | | |
| 36:1-17 | | | | | |
| 36:18-25 | I | 37:23-38:1; 38:4-20 | 401-403; 601-602 | | |
| 37:1-2 | | | | | |
| 37:3-9 | | | | | |
| 37:18-20 | I | 37:23-38:1; 38:4-20 | 401-403; 601-602 | | |
| 37:22-22 | | | | | |
| 38:21-39:1 | R; FRE403 | | | | |
| 39:2-8 | R; FRE403 | | | | |
| 39:10-10 | | | | | |
| 43:12-13 | | | | | |
| 45:19-46:1 | R | | | | |
| 46:2-2 | R | | | | |
| 47:7-21 | I | 47:22-25 | 401-403 | 48:1-2 | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent: Chaudhari, Umesh

**Date of Deposition:  October 5, 2018**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 5:13-13 | I | | | | |
| 5:14-14 | I | | | | |
| 5:15-15 | I | | | | |
| 6:2-19 | | 6:20-8:6 | | | |
| 8:7-9:13 | | | | | |
| 9:18-10:24 | | | | | |
| 11:5-15 | | 11:16-22 | | | |
| 11:23-12:9 | R, FRE 403 | | | | |
| 12:25-13:8 | R, FRE 403, M | | | | |
| 13:25-14:3 | R, FRE 403 | 14:4-16 | 403, 602 | | |
| 14:17-23 | R, FRE 403 | | | | |
| 15:13-16 | R, FRE 403 | | | | |
| 15:19-21 | R, FRE 403 | | | | |
| 15:22-16:8 | R, FRE 403 | | | | |
| 16:9-15 | R, FRE 403 | | | | |
| 16:16-24 | R, FRE 403 | | | | |
| 17:1-20 | R, FRE 403 | | | | |
| 18:5-7 | R, FRE 403 | | | | |
| 18:10-11 | R, FRE 403, S | | | | |
| 18:12-18 | R, FRE 403 | | | | |
| 19:4-25 | R, FRE 403 | | | | |
| 20:1-21:1 | R, FRE 403 | | | | |
| 21:4-14 | R, FRE 403 | | | | |
| 21:23-23:4 | R, FRE 403 | 23:10-15 | 403 | | |
| 23:17-24:17 | R, FRE 403 | 24:18-23 | 403 | | |
| 25:16-19 | R, FRE 403 | | | | |
| 29:9-20 | R, FRE 403 | | | | |
| 30:12-20 | R, FRE 403 | | | | |
| 32:24-33:9 | R, FRE 403 | | | | |
| 33:20-23 | R, FRE 403 | | | | |
| 34:2-22 | R, FRE 403 | | | | |
| 35:6-36:8 | R, FRE 403 | | | | |
| 37:25-38:6 | R, FRE 403 | 36:19-22; 36:25-37:2 | 403, 602 | | |
| 38:8-39:25 | R, FRE 403 | | | | |
| 40:1-5 | R, FRE 403 | | | | |
| 40:13-41:19 | R, FRE 403 | 40:6-12 | 401-403 | | |
| 41:23-42:2 | R, FRE 403, O | | | | |
| 43:3-25 | R, FRE 403, O | | | | |
| 44:1-7 | R, FRE 403, O | 46:2-8; 46:12-20 | 403, 602 | | |
| 49:18-50:1 | R, FRE 403 | | | | |
| 50:6-13 | R, FRE 403 | | | | |
| 50:16-17 | R, FRE 403 | | | | |
| 51:3-12 | R, FRE 403 | | | | |
| 51:15-52:3 | R, FRE 403 | | | | |
| 54:16-20 | R, FRE 403 | | | | |
| 54:22-55:13 | R, FRE 403 | | | | |
| 55:15-15 | R, FRE 403 | | | | |
| 56:7-57:1 | R, FRE 403 | | | | |
| 57:2-8 | R, FRE 403 | | | | |
| 59:2-7 | R, FRE 403 | | | | |
| 59:9-19 | R, FRE 403 | | | | |
| 59:21-24 | R, FRE 403 | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Chwat-Myers, Susan
**CONFIDENTIAL**
**Date of Deposition:  October 17, 2018**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendants' Objections (FRE) | Defendants' Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants' Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 3:19-4:4 | R, 403 | **NOTE:**  Plaintiff has overdesignated testimony from this witness. Defendants reserve the right to rely on any portion of Plaintiff's affirmative designations in counter to what will finally be designated by Plaitniff. | | | |
| 4:8-5:18 | R, 403, V | | | | |
| 5:7-18 | R, 403, C, V | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent: Cottingham, Frank
**HIGHLY CONFIDENTIAL**
Date of Deposition: March 2, 2016

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 7:12-14 | | | | | |
| 7:17-8:22 | | | | | |
| 8:23-25 | | | | | |
| 9:2-25 | | | | | |
| 10:2-20 | | | | | |
| 10:21-12:22 | | | | | |
| 12:23-25 | | | | | |
| 13:2-25 | | | | | |
| 14:2-2 | | | | | |
| 14:3-7 | | | | | |
| 14:8-16:6 | | | | | |
| 16:15-16 | | | | | |
| 18:9-20 | | | | | |
| 18:21-19:25 | OBJ (19:8-16, 19:21-24), I (19:6-7) | | | | |
| 20:8-11 | | | | | |
| 20:20-21 | F | | | | |
| 20:23-24 | F | | | | |
| 21:4-18 | F | | | | |
| 21:20-22:3 | F | | | | |
| 22:4-18 | R, FRE 403 | | | | |
| 22:19-22 | F, R, FRE 403 | | | | |
| 22:24-23:4 | F, R, FRE 403 | | | | |
| 23:6-6 | F | | | | |
| 23:25-24:6 | F, R, FRE 403 | | | | |
| 24:8-8 | F, R, FRE 403 | | | | |
| 24:20-31:21 | F, R, FRE 403, Obj, Priv, I | | | | |
| 33:8-21 | | | | | |
| 34:6-35:12 | | | | | |
| 35:20-21 | | | | | |
| 36:12-16 | | | | | |
| 36:24-39:2 | | | | | |
| 39:4-10 | | | | | |
| 39:12-15 | | | | | |
| 40:9-15 | | | | | |
| 40:18-42:11 | F | | | | |
| 42:13-15 | F | | | | |
| 43:2-11 | | | | | |
| 43:18-44:17 | Obj, Priv | | | | |
| 48:6-12 | | | | | |
| 48:17-49:17 | Obj, Priv | | | | |
| 49:19-52:23 | Obj, Priv, FRE 403 | | | | |
| 57:16-20 | | | | | |
| 58:2-5 | | | | | |
| 62:18-63:6 | | | | | |
| 66:20-24 | | | | | |
| 68:23-25 | | | | | |
| 69:2-2 | | | | | |
| 69:9-13 | | | | | |
| 71:15-22 | | | | | |
| 71:23-72:7 | | | | | |
| 72:21-25 | | | | | |
| 73:2-3 | | | | | |
| 73:18-24 | | | | | |
| 75:15-23 | | 317:9-318:13 | 611; 401-402; 403 | | |
| 89:9-17 | | | | | |
| 90:14-20 | F, R, FRE 403 | 89:24-90:11, 90:13 | | | |
| 92:15-20 | F | | | | |
| 92:22-93:4 | F | | | | |
| 96:10-23 | | | | | |
| 97:10-14 | MIS | 93:9-94:15, 97:10-14 | | | |
| 98:10-24 | | | | | |
| 99:2-8 | F | | | | |
| 99:10-18 | F | | | | |
| 100:16-22 | F | 100:23-101:10 | | | |

Amgen Inc. et al. v. Sanofi/Regeneron et al.
C.A. No. 14-1317 (RGA)

# Deponent:  Cottingham, Frank
HIGHLY CONFIDENTIAL
Date of Deposition:  March 2, 2016

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 116:20-24 | R, FRE 403 | | | | |
| 117:22-25 | R, FRE 403 | | | | |
| 118:2-6 | R, FRE 403 | | | | |
| 118:9-21 | F, R, FRE 403 | | | | |
| 119:6-15 | | 119:16-24, 120:2-16 | | | |
| 120:17-19 | | 121:8-19 | | | |
| 120:24-25 | | | | | |
| 121:2-7 | | | | | |
| 121:25-122:13 | R | 122:14-123:3, 123:5 | | | |
| 132:15-20 | F | 323:5-323:25 | 401-403; 611 | | |
| 132:22-25 | R, V, F, FRE 403 | 323:5-323:25 | 401-403; 611 | | |
| 133:2-12 | R, V, F, FRE 403 | 323:5-323:25 | 401-403; 611 | | |
| 137:24-25 | R, V, F, FRE 403 | | | | |
| 138:2-9 | R, V, F, FRE 403 | | | | |
| 178:5-25 | | 179:1-16 | 403; 801-802 | | |
| 179:17-23 | | | | | |
| 180:24-181:25 | R, V, F, FRE 403 | | | | |
| 182:2-25 | R, V, F, FRE 403 | | | | |
| 183:2-25 | R, V, F, FRE 403 | | | | |
| 184:2-4 | R, V, F, FRE 403 | | | | |
| 184:6-25 | R, V, F, FRE 403 | | | | |
| 185:2-3 | R, V, F, FRE 403 | | | | |
| 186:20-25 | R, V, F, FRE 403 | | | | |
| 187:2-5 | R, V, F, FRE 403 | | | | |
| 187:7-25 | R, V, F, FRE 403 | | | | |
| 188:2-25 | R, V, F, FRE 403 | | | | |
| 189:2-7 | R, V, F, FRE 403 | | | | |
| 189:9-20 | R, V, F, FRE 403 | | | | |
| 189:22-25 | R, V, F, FRE 403 | | | | |
| 190:2-13 | R, V, F, FRE 403, I | 190:14-16 | 401-403 | 197:20-198:18; 195:19-23; 196:2-13 | R, V, F, FRE 403, I |
| 197:20-25 | R, V, F, FRE 403 | | | | |
| 198:2-18 | R, V, F, FRE 403 | | | | |
| 199:15-19 | R, V, F, FRE 403 | | | | |
| 199:21-25 | R, V, F, FRE 403 | | | | |
| 207:14-25 | R, V, F, FRE 403 | | | | |
| 208:2-25 | R, V, F, FRE 403 | | | | |
| 209:2-4 | R, V, F, FRE 403 | | | | |
| 209:7-7 | R, V, F, FRE 403 | | | | |
| 210:17-23 | R, FN, S, F, FRE 403 | | | | |
| 211:2-9 | R, FN, S, F, FRE 403 | | | | |
| 211:18-25 | R, FN, S, F, FRE 403 | | | | |
| 212:2-25 | R, FN, S, F, FRE 403 | | | | |
| 213:2-16 | R, FN, S, F, FRE 403 | | | | |
| 213:18-23 | R, FN, S, F, FRE 403 | | | | |
| 213:24-25 | R, FN, S, F, FRE 403 | | | | |
| 214:2-18 | R, FN, S, F, FRE 403 | | | | |
| 216:18-25 | R, FN, S, F, FRE 403 | | | | |
| 217:2-5 | R, FN, S, F, FRE 403 | | | | |
| 217:6-7 | R, FN, S, F, FRE 403 | | | | |
| 217:14-218:3 | R, FRE 403 | | | | |
| 235:5-25 | R, F, S, FN, FRE 403 | | | | |
| 236:2-22 | R, F, S, FN, FRE 403 | | | | |
| 238:18-25 | R, F, S, FN, FRE 403 | | | | |
| 239:2-25 | R, F, S, FN, FRE 403 | | | | |
| 240:2-10 | R, F, S, FN, FRE 403 | | | | |
| 240:10-19 | R, F, S, FN, FRE 403 | | | | |
| 240:22-25 | R, F, S, FN, FRE 403 | | | | |
| 241:2-2 | R, F, S, FN, FRE 403 | 321:2-323:4 | 401-403; 611 | | |
| 241:3-25 | R, FRE 403 | | | | |
| 242:2-4 | R, FRE 403 | | | | |
| 244:18-22 | R, FRE 403 | | | | |
| 244:25-25 | R, FRE 403 | | | | |
| 245:2-15 | R, FRE 403 | | | | |
| 248:5-25 | R, FRE 403 | | | | |

C.A. No. 14-1317 (RGA)

# Deponent:  Cottingham, Frank

**HIGHLY CONFIDENTIAL**

Date of Deposition:  March 2, 2016

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 249:2-12 | R, FRE 403 | | | | |
| 252:16-24 | R, FRE 403 | 252:25-253:3 | 401-403 | | |
| 253:8-23 | R, FRE 403 | | | | |
| 253:24-25 | R, FRE 403 | | | | |
| 254:2-16 | R, FRE 403 | | | | |
| 254:19-23 | R, FRE 403 | | | | |
| 254:24-25 | R, FRE 403 | | | | |
| 255:2-23 | R, FRE 403 | | | | |
| 256:17-18 | R, FRE 403 | | | | |
| 256:23-257:6 | R, FN, S, FRE 403 | | | | |
| 257:25-25 | R, FN, S, FRE 403 | | | | |
| 258:2-4 | R, FN, S, FRE 403 | | | | |
| 258:6-6 | R, FN, S, FRE 403 | | | | |
| 258:7-10 | R, FN, S, FRE 403 | | | | |
| 261:25-262:8 | R, FN, S, FRE 403 | | | | |
| 262:11-15 | R, FN, S, FRE 403 | 318:14-320:20 | FRE611, FRE403, FRE401-402 | | |
| 269:5-13 | R, FN, S, FRE 403 | 269:14-22 | FRE403, FRE401-402 | | |
| 269:23-25 | R, FN, S, FRE 403 | | | | |
| 270:2-10 | R, FN, S, FRE 403 | | | | |
| 270:13-17 | R, FN, S, FRE 403 | | | | |
| 270:20-25 | R, FN, S, FRE 403 | | | | |
| 271:2-25 | R, FN, S, FRE 403 | | | | |
| 272:19-25 | R, FN, S, FRE 403, I | | | | |
| 273:2-8 | R, FN, S, FRE 403 | | | | |
| 273:13-16 | R, FN, S, FRE 403 | | | | |
| 274:12-25 | R, FN, S, FRE 403, I | | | | |
| 275:3-16 | R, FN, S, FRE 403, I | Should include 275:2 | 401-403 | | |
| 275:17-25 | R, FN, S, FRE 403, I | | | | |
| 276:2-23 | R, FN, S, FRE 403, I | | | | |
| 278:11-16 | R, FRE 403 | | | | |
| 278:22-24 | R, FRE 403 | 278:25-279:3 | | | |
| 279:4-6 | R, FRE 403 | | | | |
| 285:12-15 | R, FRE 403, O | | | | |
| 285:17-18 | R, FRE 403, O | | | | |
| 290:24-25 | R, FRE 403, S | | | | |
| 291:2-25 | R, FN, S, FRE 403 | | | | |
| 292:2-25 | R, FN, S, FRE 403 | | | | |
| 293:2-17 | R, F, FN, S, FRE 403 | | | | |
| 293:20-25 | R, F, FN, S, FRE 403 | | | | |
| 294:2-10 | R, F, FN, S, FRE 403 | | | | |
| 296:3-13 | R, FN, S, FRE 403 | | | | |
| 302:11-23 | R, FN, S, FRE 403 | | | | |
| 304:6-10 | R, FN, S, FRE 403 | | | | |
| 304:14-14 | R, FN, S, FRE 403 | | | | |
| 305:14-25 | R, FN, S, FRE 403 | 304:15-20, 304:23-305:13 | 403 | | |
| 306:2-5 | R, FN, S, FRE 403, O | | | | |
| 306:8-16 | R, FN, S, FRE 403, O | | | | |
| 312:6-10 | R, FN, S, FRE 403, F | | | | |
| 312:20-20 | R, FN, S, FRE 403, F | | | | |
| 312:23-25 | R, FN, S, FRE 403, F | | | | |
| 313:2-3 | R, FN, S, FRE 403, F | | | | |
| 313:8-8 | MIS, I, R, FN, S, FRE 403, F | 313:16-317:8 | 401-403; 611; 801-802 | | |

| Amgen Inc. et al. v. Sanofi/Regeneron et al. |
| :---: |
| C.A. No. 14-1317 (RGA) |
| **Deponent:  Doyle, Michael** |
| CONFIDENTIAL |
| Date of Deposition:  October 12, 2018 |

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
| :--- | :--- | :--- | :--- | :--- | :--- | :--- |
| 10:7-25 | | | | | | |
| 11:1-6 | | | | | | |
| 12:7-8 | | | | | | |
| 12:9-25 | | | | | | |
| 13:8-25 | | | | | | |
| 14:1-15:8 | | | | | | |
| 21:22-22:3 | | | | | | |
| 22:7-17 | | | | | | |
| 40:22-25 | | | | | | |
| 42:15-17 | | | | | | |
| 42:23-44:10 | | | | | | |
| 119:20-24 | | | | | | |
| 119:25-120:16 | | | | | | |
| 174:21-175:19 | | | | | | |
| 176:4-24 | | | | | | |
| 191:1-9 | | | | | | |
| 194:1-5 | | | | | | |
| 194:8-9 | | | | | | |
| 194:12-12 | | | | | | |
| 194:14-20 | | | | | | |
| 194:23-195:12 | | | | | | |
| 204:18-25 | | | | | | |
| 205:1-3 | | | | | | |
| 205:7-8 | | | | | | |
| 228:3-8 | | | | | | |
| 228:11-13 | | | | | | |
| 228:15-22 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent: Dubuk, Eugenia
**CONFIDENTIAL**
**Date of Deposition:  August 3, 2018**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 7:9-10 | | | | | |
| 9:13-25 | BRPL; FRE403 | | | | |
| 10:2-2 | BRPL; FRE403 | | | | |
| 10:12-17 | BRPL; FRE403 | | | | |
| 10:22-11:6 | BRPL; FRE403 | | | | |
| 11:25-13:6 | R (12:14-13:6) | | | | |
| 13:10-14:16 | | | | | |
| 14:21-15:5 | | | | | |
| 15:8-18 | H | | | | |
| 15:20-18:22 | | | | | |
| 18:23-19:8 | R | | | | |
| 19:15-22 | R | | | | |
| 19:23-20:1 | R *(see* 6/28/2018 Tr. at 24:14-18); FRE403 | | | | |
| 20:3-21:1 | R *(see* 6/28/2018 Tr. at 24:14-18); FRE403 | | | | |
| 21:2-22:17 | R (21:11-25); I | 22:18-23:5 | 401-403 | | |
| 23:6-24:25 | SC | | | | |
| 25:2-12 | SC | | | | |
| 25:14-16 | SC | | | | |
| 25:17-25 | SC; R | | | | |
| 26:1-18 | | | | | |
| 27:13-16 | | | | | |
| 27:17-20 | | | | | |
| 27:21-24 | | | | | |
| 28:3-18 | SC | | | | |
| 28:21-25 | SC | | | | |
| 29:2-3 | SC | | | | |
| 29:4-21 | | | | | |
| 30:4-8 | | | | | |
| 30:10-31:6 | | | | | |
| 33:11-34:6 | | | | | |
| 34:8-22 | | | | | |
| 35:1-8 | I; FN | 35:9-13 | | | |
| 35:14-20 | FN | | | | |
| 35:21-36:12 | FN | | | | |
| 36:13-23 | | | | | |
| 37:5-13 | | | | | |
| 37:16-23 | | | | | |
| 38:11-16 | | | | | |
| 39:12-22 | | | | | |
| 39:24-40:11 | | | | | |
| 40:13-25 | FN | | | | |
| 41:1-42:4 | | | | | |
| 46:13-19 | I | 45:18-46:12 | 403 | | |
| 46:20-47:2 | | | | | |
| 47:3-7 | FN | | | | |
| 47:9-13 | FN | | | | |
| 47:14-17 | FN | | | | |
| 47:18-48:2 | FN | | | | |
| 49:7-50:4 | R | | | | |
| 50:5-6 | R | | | | |
| 50:7-21 | R | | | | |
| 55:1-9 | | | | | |
| 55:18-56:15 | | | | | |
| 56:16-25 | I | 57:1-58:2 | | | |
| 58:3-11 | I | 60:19-61:9 | 401-403 | 60:16-18 | R, FRE 403 |
| 59:17-21 | | | | | |
| 60:11-15 | I | 60:19-61:9 | | | |
| 62:15-22 | | | | | |
| 63:14-18 | | | | | |
| 64:18-65:11 | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent: Dubuk, Eugenia
**CONFIDENTIAL**
**Date of Deposition:  August 3, 2018**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 65:12-23 | | | | | |
| 67:1-7 | SC | | | | |
| 67:9-68:6 | SC; I | 68:7-69:12 | 401-403 | | |
| 69:18-70:3 | | | | | |
| 71:16-72:1 | | | | | |
| 72:15-73:19 | | | | | |
| 74:4-8 | | | | | |
| 74:10-20 | I | 74:21-75:12 | 401-403 | | |
| 75:25-77:11 | | | | | |
| 80:1-11 | | | | | |
| 82:17-83:17 | | | | | |
| 83:24-84:13 | I | 84:14-21; 84:23-85:6 | 401-403 | | |
| 85:7-11 | I | 84:14-21; 84:23-85:6 | 401-403 | | |
| 85:13-20 | | | | | |
| 85:24-86:21 | | | | | |
| 87:4-8 | | | | | |
| 87:9-22 | | | | | |
| 87:23-88:13 | | | | | |
| 88:24-89:9 | | | | | |
| 89:18-20 | | | | | |
| 89:22-24 | | | | | |

Amgen Inc. et al. v. Sanofi/Regeneron et al.
C.A. No. 14-1317 (RGA)

# Deponent:  Edelberg, Jay

HIGHLY CONFIDENTIAL

Date of Deposition:  August 9, 2018

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 11:13-12:13 | | | | | |
| 12:14-13:4 | | | | | |
| 13:5-16 | | | | | |
| 13:17-23 | | | | | |
| 16:19-17:15 | R | | | | |
| 17:19-20:22 | R; H; FRE403; SC | | | | |
| 20:25-22:7 | R; H; FRE403; SC | | | | |
| 23:5-24:8 | R; H; FRE403; SC | | | | |
| 24:10-25:1 | R; H; FRE403; SC | | | | |
| 25:4-7 | R; H; FRE403; SC | | | | |
| 25:8-20 | R; I | 25:21-26:7 | 401-403 | | |
| 26:8-10 | | | | | |
| 26:14-27:12 | SC | | | | |
| 27:15-28:14 | SC; R | | | | |
| 28:16-29:5 | SC | | | | |
| 29:7-30:7 | SC; R; FRE403 | | | | |
| 30:8-16 | SC; R; FRE403 | | | | |
| 30:17-20 | | | | | |
| 30:24-31:12 | R; SC; FRE403 | | | | |
| 31:14-32:18 | R; SC; FRE403 | | | | |
| 32:21-33:3 | R; SC; FRE403 | | | | |
| 33:6-16 | F; SC | | | | |
| 33:19-34:2 | SC; R | | | | |
| 34:5-22 | SC; R | | | | |
| 34:23-35:17 | SC; R | | | | |
| 35:19-25 | SC; R | | | | |
| 36:2-4 | SC; R | | | | |
| 36:9-37:3 | SC; R | | | | |
| 37:6-13 | SC; R | | | | |
| 37:16-40:6 | I | 40:7-12 | | | |
| 44:2-7 | | | | | |
| 44:11-21 | | | | | |
| 45:20-47:12 | R; I | 47:13-16 | 401-403, 701 | | |
| 47:17-49:4 | R;I | 49:5-8 | | | |
| 49:10-12 | | | | | |
| 49:16-52:6 | R; H | | | | |
| 52:14-19 | R; H | | | | |
| 52:22-53:18 | R; H | | | | |
| 53:21-54:4 | R; H | | | | |
| 54:5-55:6 | R; H | | | | |
| 55:9-56:2 | R; FRE403 | | | | |
| 56:8-12 | R; FRE403 | 56:13-58:1 | 401-403 | | |
| 58:2-17 | R; FRE403 | | | | |
| 59:3-11 | R; FRE403 | | | | |
| 67:24-68:7 | R; FRE403 | | | | |
| 68:10-69:11 | R; FRE403; H | | | | |
| 71:18-20 | | | | | |
| 71:24-25 | | | | | |
| 72:1-73:9 | | | | | |
| 73:10-74:18 | R; FRE403 | | | | |
| 76:11-12 | | | | | |
| 76:16-25 | R; FRE403; H | | | | |
| 77:1-25 | R; FRE403; H | | | | |
| 78:1-25 | R; FRE403; H | | | | |
| 79:1-5 | R; FRE403; H | | | | |
| 79:8-25 | R; FRE403; H | | | | |
| 80:1-20 | R; FRE403; H | | | | |
| 83:3-84:19 | R; FRE403; H | | | | |
| 84:24-85:4 | R; FRE403; H | 85:5-87:11 | 401-403, 701, 801-802 | | |

Amgen Inc. et al. v. Sanofi/Regeneron et al.
C.A. No. 14-1317 (RGA)

# Deponent:  Edelberg, Jay
HIGHLY CONFIDENTIAL
Date of Deposition:  August 9, 2018

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 87:12-89:6 | R; FRE403 | 89:10-23 | 401-403 | 89:7-9 | R, FRE 403 |
| 89:24-90:10 | R; FRE403 | | | | |
| 94:6-95:21 | R; FRE403; H | | | | |
| 99:6-9 | | | | | |
| 100:1-7 | R; FRE403; H | | | | |
| 100:23-101:9 | | | | | |
| 101:12-103:16 | R; FRE403; H; S | | | | |
| 103:19-104:3 | R; FRE403 | | | | |
| 105:21-106:1 | | | | | |
| 106:5-108:2 | R | | | | |
| 110:23-111:4 | R; FRE403 | | | | |
| 113:22-114:12 | R; FRE403 | | | | |
| 115:1-7 | | | | | |
| 115:20-119:25 | R | | | | |
| 120:1-121:12 | R | | | | |
| 121:15-122:10 | R; OBJ | | | | |
| 122:13-25 | R | | | | |
| 123:6-16 | R; I | 123:1-5 | | | |
| 123:21-124:9 | S; R; IH | | | | |
| 124:12-125:4 | S; R | | | | |
| 125:5-11 | S; R | | | | |
| 125:14-126:2 | S; R | | | | |
| 126:18-25 | I | 126:4-12 | | | |
| 127:1-15 | R; I | 158:7-159:21 | | | |
| 128:4-25 | R; SC | | | | |
| 129:2-9 | R; SC | | | | |
| 132:20-133:25 | R | | | | |
| 134:1-10 | | | | | |
| 134:16-21 | R | | | | |
| 138:25-25 | SC | | | | |
| 139:1-1 | SC | | | | |
| 139:4-5 | SC | | | | |
| 139:16-19 | | | | | |
| 139:22-141:4 | H; FN | | | | |
| 141:5-7 | FN; SC | | | | |
| 141:9-10 | FN; SC | | | | |
| 141:18-25 | | | | | |
| 142:1-11 | | | | | |
| 142:14-143:16 | R; FRE403; SC | | | | |
| 143:16-17 | R; FRE403; SC | | | | |
| 143:20-25 | R; FRE403; SC | | | | |
| 144:1-12 | R; FRE403; SC | | | | |
| 144:14-18 | R; FRE403; SC | | | | |
| 144:20-21 | R; FRE403; SC | | | | |
| 144:23-25 | | | | | |
| 145:4-12 | | | | | |
| 145:24-146:1 | R; FRE403; SC | | | | |
| 146:3-16 | R; FRE403; SC | | | | |
| 146:19-19 | R; FRE403; SC | | | | |
| 148:24-150:5 | R; SC | | | | |
| 150:11-151:8 | R; SC; FN | | | | |
| 151:11-152:2 | R; SC; FN | 152:3-6; 152:10-14 | | | |
| 153:14-19 | | | | | |
| 153:23-155:3 | | | | | |
| 155:7-157:9 | | | | | |
| 160:19-161:16 | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Edelberg, Jay M.

**HIGHLY CONFIDENTIAL**

**Date of Deposition:  March 4, 2016**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 19:17-21 | | 17:14-15, 17:24-18:16 | 401-403, 801-02 | | |
| 20:6-14 | | | | | |
| 22:4-6 | | | | | |
| 22:18-21 | | | | | |
| 22:24-25 | | 23:2-22, 23:24-25, 24:8-25:3 | 401-403, 801-02, 805 | | |
| 25:4-10 | | 25:20-27:13 | 401-403, 701, 801-02, 805 | | |
| 27:14-25 | | | | | |
| 28:2-24 | | | | | |
| 29:2-8 | | | | | |
| 29:10-18 | | 29:19-30:4 | | | |
| 30:5-20 | | | | | |
| 31:6-17 | | 31:18-25 | 401-403, 801-02, 805 | | |
| 32:2-5 | | 32:19-33:11 | 401-403, 801-02, 805 | | |
| 37:8-10 | Priv, R, FRE 403 | | | | |
| 37:17-17 | | | | | |
| 39:20-21 | | 39:6-19 | | | |
| 39:23-25 | | 40:2-3 | 401-403 | | |
| 40:4-13 | | 40:14-20; 41:8-42:4; 42:13-16; 42:25-43:12; 44:20-44:24; 45:3-4; 45:15-46:9; | 401-403, 801-02, 805 | | |
| 46:14-18 | | 46:19-47:15; 48:3-49:14 | 401-403, 801-02, 805 | | |
| 50:16-25 | ARG, NON (50:24-25) | | | | |
| 51:2-2 | ARG, NON (51:2) | | | | |
| 51:4-7 | ARG, NON (51:4) | | | | |
| 51:9-10 | | | | | |
| 73:3-74:3 | | 61:14-62:23, 63:11-66:9, 67:3-5, 67:8-15, 68:11-69:20, 72:15-16, 72:19-73:2 | 401-403, 801-02, 805 | | |
| 74:4-17 | F, OBJ, NON (73:3-8) | 74:18-20, 75:12-76:15 | 401-403, 801-02, 805 | | |
| 77:7-10 | | | | | |
| 77:12-78:4 | | | | | |
| 83:3-10 | | | | | |
| 83:11-84:5 | | 84:6-85:5 | 401-403, 801-02 | | |
| 85:6-16 | | 85:17-25 | 401-403, 801-02, 805 | | |
| 91:7-11 | | | | | |
| 92:10-93:6 | | | | | |
| 96:6-16 | | 158:9-15 | 403 | 158:16-159:10 | R, FRE 403 |
| 96:19-20 | | | | | |
| 97:23-99:6 | | | | | |
| 110:2-5 | 110:2 (incomplete) | | | | |
| 110:8-15 | | | | | |
| 113:13-114:3 | | 115:21-116:18 | 401-403, 801-02, 805 | | |
| 117:2-19 | | | | | |
| 117:22-118:5 | | | | | |
| 118:8-14 | | | | | |
| 125:5-14 | | 124:24-125:4 | | | |
| 125:15-126:24 | R ('914 patent) | | | | |
| 126:25-127:10 | | | | | |
| 127:19-128:12 | | 128:13-22 | 401-403, 801-02 | | |
| 128:23-129:2 | | 129:3-12, 130:7-24; 131:9-19 | 401-403, 801-02, 805 | 132:20-24, 133:3-4 | OBJ, F, R, FRE 403 |
| 161:9-162:5 | | | | | |
| 164:7-165:4 | | | | | |
| 165:7-166:4 | | | | | |
| 166:7-7 | | | | | |
| 167:7-15 | | | | | |
| 167:18-168:24 | | | | | |
| 169:3-4 | | | | | |
| 169:5-7 | | | | | |
| 169:10-25 | | | | | |
| 170:4-9 | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Edelberg, Jay M.

**HIGHLY CONFIDENTIAL**

**Date of Deposition:  March 4, 2016**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 170:12-21 | | | | | |
| 170:23-24 | | | | | |
| 172:12-14 | S, FN, F | | | | |
| 172:17-173:11 | | | | | |
| 173:14-19 | FN, S, FRE 403 | | | | |
| 173:22-174:16 | FN, S, FRE 403 | | | | |
| 174:20-24 | FN, S, FRE 403 | | | | |
| 175:4-15 | FN, S, FRE 403 | | | | |
| 175:18-19 | FN, S, FRE 403 | | | | |
| 178: 13-17 | Incomplete; OBJ; Highlighting | | | | |
| 180:4-22 | FN, S, F | | | | |
| 180:25-181:6 | FN, S, F | | | | |
| 187:20-22 | FN, S, F | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

## Testifying Witness: Edelberg, Jay
**CONFIDENTIAL**
**Date of Testimony: Injunction Hearing, March 24, 2016**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 322:6-323:3 | | | | | |
| 324:1-21 | | | | | |
| 326:18-327:3 | R | | | | |
| 328:1-16 | R | | | | |
| 329:2-7 | R | 329:8-14 | | | |
| 329:18-22 | R | 329:23-330:3 | | | |
| 332:1-24 | | | | | |
| 343:13-344:3 | R; FRE403 | | | | |
| 344:15-25 | R; FRE403 | | | | |
| 345:1-348:25 | R; OBJ | | | | |
| 349:1-352:25 | R; OBJ | | | | |
| 353:1-355:23 | R | | | | |
| 356:16-357:8 | | | | | |
| 361:15-362:3 | R | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

## Testifying Witness: Edelberg, Jay

**Date of Testimony: Jury Trial, March 9, 2016**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 357:11-358:7 | R | | | | |
| 365:18-366:22 | F, Arg, R | 366:23-25, 367:1-2 | | | |
| 367:3-21 | F, Arg, R | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Engel, Karl-Christian
### CONFIDENTIAL
### Date of Deposition:  October 15, 2015

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 9:14-21 | | | | | |
| 10:2-13 | | | | | |
| 11:15-25 | | | | | |
| 12:2-25 | | | | | |
| 13:2-25 | | | | | |
| 14:2-25 | | | | | |
| 15:2-15 | | | | | |
| 23:14-25 | | 16:3-21; 16:24-17:4 | 401-402, 601-602 | | |
| 24:2-11 | H | 24:12-25:5; 26:10-22 | 403, 601-602, 611 | | |
| 30:15-25 | R, 403 | | | | |
| 31:2-9 | R, 403 | 34:12-15 | | 34:3-5, 34:8-11, 34:16-22 | R, 403, OBJ, I |
| 33:19-25 | R, 403 | | | | |
| 34:2-2 | R, 403 | | | | |
| 34:23-25 | R, 403 | | | | |
| 35:2-17 | R, 403 | | | | |
| 35:18-25 | | | | | |
| 36:2-2 | | 38:17-25 | 401 | | |
| 40:17-25 | | | | | |
| 41:2-2 | | | | | |
| 41:16-16 | S | | | | |
| 41:19-20 | S | | | | |
| 42:4-9 | | | | | |
| 42:22-25 | | | | | |
| 43:2-9 | | 43:10-16 | 401-403, 601-602 | 43:17-19 | |
| 44:12-25 | | | | | |
| 45:2-9 | | | | | |
| 45:10-12 | MIS | | | | |
| 45:15-25 | MIS | | | | |
| 46:2-25 | | | | | |
| 47:2-3 | | | | | |
| 47:4-25 | | | | | |
| 48:2-25 | | | | | |
| 49:2-9 | | | | | |
| 50:13-18 | | | | | |
| 51:5-25 | | | | | |
| 52:2-12 | | | | | |
| 53:19-24 | | | | | |
| 54:14-25 | | | | | |
| 55:2-25 | | | | | |

| Amgen Inc. et al. v. Sanofi/Regeneron et al. C.A. No. 14-1317 (RGA) | | | | | |
|---|---|---|---|---|---|
| **Deponent:  Engel, Karl-Christian** CONFIDENTIAL Date of Deposition:  October 15, 2015 | | | | | |
| **Plaintiff's Designation (Page:Line)** **[YELLOW]** | **Defendant's Objection (FRE)** | **Defendant's Counter-Designations (Page:Line)** **[ORANGE]** | **Plaintiff's Objections to Counter-Designations (FRE)** | **Plaintiff's Counter-Counter Designations (Page:Line)** **[GREEN]** | **Defendants Objections to Plaintiff's Counter-Counter Designations (FRE)** |
| 56:2-25 | | | | | |
| 57:2-18 | | | | | |
| 59:19-25 | MIS | | | | |
| 60:2-4 | | | | | |
| 60:7-25 | MIS | | | | |
| 61:2-25 | | | | | |
| 62:2-25 | | 63:2-10; 63:18-21; 64:4-5; 64:24-65:4; 65:6-14; 65:17-19 | 401-403, 601-602, 611, 701, 801-802 | 63:11-17, 65:20-25, 92:20-93:4 | R, 403 |
| 66:24-25 | R, 403 | | | | |
| 67:2-13 | FN, R, 403 | | | | |
| 67:16-25 | R, 403 | | | | |
| 68:2-8 | R, 403 | | | | |
| 68:11-17 | R, 403 | | | | |
| 68:19-19 | R, 403 | | | | |
| 72:24-25 | | | | | |
| 73:2-17 | | | | | |
| 73:20-23 | | | | | |
| 73:25-25 | | | | | |
| 74:2-8 | | | | | |
| 74:10-10 | | | | | |
| 77:23-25 | R | | | | |
| 78:2-25 | R | | | | |
| 79:2-4 | R | | | | |
| 79:22-25 | R | | | | |
| 80:2-12 | R | | | | |
| 80:16-81:12 | R | | | | |
| 81:14-82:15 | R, 403 | 82:19-83:8 | 611 | 83:9-12 | R, 403 |
| 83:17-25 | R, 403 | | | | |
| 84:2-6 | R, 403 | | | | |
| 84:22-25 | R, 403 | | | | |
| 85:2-25 | R, 403 | | | | |
| 86:2-14 | R, 403 | 86:22-87:3; 87:6-10; 87:12-16; 87:18-25; 88:3-5; 88:7-7 | 403, 601-602, 701, 801-802 | 86:15-21, 88:8-12 | R, 403 |
| 88:13-25 | R, 403 | | | | |
| 89:2-8 | R, 403 | | | | |
| 89:9-25 | R, 403 | | | | |
| 90:2-6 | R, 403 | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Engel, Karl-Christian

**CONFIDENTIAL**

Date of Deposition:  October 15, 2015

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 90:7-24 | R, 403 | 91:24-92:7 | 401-403, 601-602, 611, 701, 801-802 | 90:25-91:5, 91:17-19, 91:22-23 | R, 403 |
| 95:2-22 | FN, R, 403 | | | | |
| 96:2-2 | FN, R, 403 | 96:3-9; 96:12-19; 96:21-23 | 403 | 96:24-97:3, 97:6-11, 97:14-23, 97:25-98:6, 98:8-13, 98:15 | FN, R, 403 |
| 98:16-99:13 | FN, R | 100:15-20; 100:24-25 | 403 | 99:14-18, 99:23-100:6, 101:2-5, 101:7-10, 101:12-102:2, 102:4-5 | Improper counter-counter designation, FN, R, 403 |
| 102:17-25 | FN, R | | | | |
| 103:2-8 | FN, R | | | | |
| 107:5-25 | FN, R | | | | |
| 108:2-4 | FN, R | | | | |
| 110:21-111:25 | | | | | |
| 112:2-17 | R | 112:18-24; 302:18-303:19; 305:19-22; 306:12-18; 306:21-24 | 403, 601-602, 801-802 | | |
| 115:15-25 | R | | | | |
| 116:2-4 | R | | | | |
| 121:12-25 | | | | | |
| 122:2-15 | | 123:17-124:6 | 401-403, 611 | | |
| 124:7-15 | FN, R | | | | |
| 129:7-16 | FN, R | 129:7-19 | | | |
| 130:20-25 | FN, R | | | | |
| 131:2-7 | FN, R | 131:8-14; 131:18-132:2 | 403 | | |
| 135:4-8 | | | | | |
| 135:13-17 | FN, R | | | | |
| 135:18-25 | FN, R | | | | |
| 136:2-7 | FN, R | 136:8-20; 137:22-138:5; 138:12; 138:25-139:12; 139:16-17 | 403, 601-602 | | |
| 142:8-16 | FN, R | 142:17-143:2 | 403 | | |
| 143:3-6 | | | | | |
| 146:14-22 | FN, R | 146:23-147:3 | 403 | | |
| 147:4-5 | FN, R | 147:6-16 | 403 | | |
| 147:17-23 | FN, R | | | | |
| 149:2-5 | R, 403 | | | | |
| 149:11-15 | R, 403 | | | | |

| | | Amgen Inc. et al. v. Sanofi/Regeneron et al. | | | |
| | | C.A. No. 14-1317 (RGA) | | | |
| | | **Deponent:  Engel, Karl-Christian** | | | |
| | | CONFIDENTIAL | | | |
| | | Date of Deposition:  October 15, 2015 | | | |
| **Plaintiff's Designation (Page:Line)** [YELLOW] | **Defendant's Objection (FRE)** | **Defendant's Counter-Designations (Page:Line)** [ORANGE] | **Plaintiff's Objections to Counter-Designations (FRE)** | **Plaintiff's Counter-Counter Designations (Page:Line)** [GREEN] | **Defendants Objections to Plaintiff's Counter-Counter Designations (FRE)** |
|---|---|---|---|---|---|
| 150:4-18 | R, 403 | 153:10-154:14; 154:17-18; 155:7-11 | 403, 601-602, 611, 701, 801-802 | 154:19-25, 155:3-6 | R, 403 |
| 150:20-151:2 | FN, R | 151:3-4 | | | |
| 161:9-25 | | | | | |
| 162:2-25 | | | | | |
| 163:2-25 | | | | | |
| 164:2-17 | | | | | |
| 166:9-24 | | | | | |
| 167:7-25 | | | | | |
| 168:2-19 | | | | | |
| 168:21-25 | | | | | |
| 169:2-5 | | | | | |
| 169:6-17 | R | | | | |
| 169:18-23 | R | | | | |
| 169:24-25 | R | | | | |
| 170:2-25 | R | | | | |
| 171:2-25 | R | | | | |
| 172:2-16 | R | | | | |
| 172:17-25 | R | | | | |
| 173:2-25 | R | | | | |
| 174:2-25 | R | | | | |
| 175:2-16 | R | | | | |
| 175:17-25 | R | | | | |
| 176:2-7 | | | | | |
| 176:11-12 | | | | | |
| 176:17-25 | R | | | | |
| 177:2-25 | R | | | | |
| 178:2-3 | R | | | | |
| 181:7-25 | R | | | | |
| 182:2-10 | R | | | | |
| 182:13-14 | R | | | | |
| 182:21-25 | R | | | | |
| 183:2-25 | R | | | | |
| 184:2-25 | R | | | | |
| 185:2-25 | R | | | | |
| 186:2-14 | R | | | | |
| 187:2-25 | R | | | | |
| 188:2-17 | R | | | | |
| 188:18-25 | R | | | | |
| 189:2-25 | R | | | | |

Amgen Inc. et al. v. Sanofi/Regeneron et al.
C.A. No. 14-1317 (RGA)

# Deponent:  Engel, Karl-Christian
CONFIDENTIAL
Date of Deposition:  October 15, 2015

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 190:2-4 | R | | | | |
| 193:19-25 | R, 403 | | | | |
| 194:2-5 | R, 403 | 194:6-17 | 403, 701 | | |
| 194:18-25 | R, 403 | | | | |
| 195:2-25 | R, 403 | | | | |
| 196:2-17 | R, 403 | 196:18-20; 196:23-197:6 | 403, 611, 701 | 197:7-15 | R, 403 |
| 197:16-25 | R, 403 | | | | |
| 198:2-5 | R, 403 | | | | |
| 199:8-25 | | | | | |
| 200:2-9 | | | | | |
| 200:12-18 | | 299:8-300:3; 300:7-22; 301:3-12; 301:15-302:7; 304:16-20; 304:24-305:5; 305:7-8 | 401-403, 601-602, 611, 701, 801-802 | 304:2-15, 305:14-18, 308:4-12, 308:22-309:3, 309:5-7, 309:12-16 | R, 403 |
| 203:5-25 | | | | | |
| 204:2-2 | | | | | |
| 206:17-25 | FN | | | | |
| 207:2-7 | FN | | | | |
| 209:5-12 | FN | | | | |
| 209:15-21 | FN | | | | |
| 209:24-24 | FN | | | | |
| 211:6-25 | | | | | |
| 212:2-7 | | | | | |
| 212:20-213:25 | | | | | |
| 214:2-18 | | | | | |
| 214:19-25 | | | | | |
| 215:2-25 | | | | | |
| 216:2-25 | | | | | |
| 217:2-2 | | | | | |
| 217:3-3 | | | | | |
| 218:10-25 | R | | | | |
| 219:2-23 | R | | | | |
| 220:3-221:11 | | | | | |
| 224:19-25 | | | | | |
| 225:2-16 | | | | | |
| 225:25-25 | | | | | |
| 226:2-25 | | | | | |
| 227:2-11 | R | | | | |
| 229:12-15 | R, S | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Engel, Karl-Christian
**CONFIDENTIAL**
**Date of Deposition:  October 15, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 237:11-16 | R | | | | |
| 238:2-8 | R | | | | |
| 263:20-25 | | | | | |
| 264:2-20 | | | | | |
| 264:23-25 | | | | | |
| 265:2-9 | | | | | |
| 265:12-12 | | | | | |
| 269:10-15 | | | | | |
| 270:2-2 | | | | | |
| 274:11-25 | | | | | |
| 275:2-8 | | | | | |
| 275:18-25 | | | | | |
| 276:2-4 | | | | | |
| 276:9-25 | | | | | |
| 277:2-11 | | | | | |
| 277:24-278:6 | | | | | |
| 278:22-25 | | | | | |
| 279:2-6 | | | | | |
| 279:16-25 | | | | | |
| 280:2-4 | | | | | |
| 284:2-6 | R, 403 | | | | |
| 284:24-25 | R, 403 | | | | |
| 285:2-25 | R, 403 | | | | |
| 286:2-25 | R, 403 | | | | |
| 287:2-10 | R, 403 | | | | |
| 291:23-292:14 | R | | | | |
| 292:15-293:18 | R | | | | |
| 293:24-25 | R, 403 | | | | |
| 294:2-3 | R, 403 | | | | |
| 294:17-25 | I, R, 403 | | | | |
| 295:3-12 | R, 403 | 295:13-17 | 403, 601-602, 801-802 | | |
| 295:18-25 | R, 403 | | | | |
| 296:2-24 | R | | | | |
| 297:8-21 | R | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Engel, Karl-Christian

**CONFIDENTIAL**

**Date of Deposition:  January 29, 2016**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 320:14-322:22 | | | | | |
| 323:21-324:7 | L | | | | |
| 324:12-25 | | | | | |
| 325:17-20 | | | | | |
| 326:5-9 | R, 403 | | | | |
| 326:10-15 | R, 403 | | | | |
| 326:16-327:4 | R, 403 | 325:23-326:4; 418:18-419:12; 419:14-19; 419:21-420:6; 420:8-10 | 403, 601-602 | | |
| 328:18-329:10 | R, 403 | | | | |
| 329:11-13 | R, 403 | | | | |
| 329:19-330:10 | R, 403 | | | | |
| 330:24-331:15 | L, O | | | | |
| 331:19-19 | L, O | | | | |
| 331:24-332:7 | L, O | | | | |
| 332:11-12 | L, O | | | | |
| 332:13-18 | L, O | | | | |
| 332:13-18 | L, O | | | | |
| 332:21-333:5 | L, O | | | | |
| 333:9-25 | L, O | | | | |
| 334:5-13 | L, O | | | | |
| 334:15-21 | L, O | | | | |
| 335:16-21 | L, O | | | | |
| 335:24-336:3 | L, O | | | | |
| 336:4-10 | L, O | | | | |
| 336:14-19 | L, O | | | | |
| 336:23-24 | L, O | | | | |
| 336:25-337:4 | CD, L, O, 403 | | | | |
| 337:6-22 | CD, L, O, 403, R | | | | |
| 338:14-18 | L, O, 403, R | | | | |
| 338:21-339:3 | L, O, 403, R | 339:5; 339:15-17; 339:20-340:4; 340:6-10 | 401-403, 701 | 339:11-14 | Improper counter-counter designation |
| 340:11-19 | L, O, 403, R | | | | |
| 342:2-343:9 | L, O, 403, R | | | | |
| 343:10-25 | L, O, 403, R | 344:2-7 | | | |
| 344:8-18 | L, O, 403, R | | | | |
| 344:22-345:5 | L, O, 403, R | | | | |
| 345:7-11 | L, O, 403, R | | | | |
| 345:16-18 | L, O, 403, R | 345:20-346:5; 346:12-347:18 | 403, 601-602, 701 | | |
| 349:2-5 | L, O, 403, R | | | | |
| 349:9-350:21 | L, O, 403, R | | | | |
| 350:24-351:3 | L, O, 403, R | | | | |
| 352:7-354:5 | L, O, 403, R | 355:3-20; 413:4-10; 413:12-20; 413:23-414:6; 414:8-18; 414:20-415:4; 415:6-21; 415:24-416:8; 416:11-19 | 401-403, 601-602, 611, 701, 801-802 | 354:6-10, 354:22-355:3 | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Engel, Karl-Christian

**CONFIDENTIAL**

**Date of Deposition:  January 29, 2016**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 356:5-24 | L, O, 403, R | | | | |
| 356:25-357:4 | R, 403 | | | | |
| 359:13-360:3 | R, 403 | | | | |
| 360:6-24 | R, 403 | | | | |
| 361:7-17 | R, 403 | | | | |
| 363:20-364:2 | I, R, 403 | | | | |
| 364:6-365:7 | I, R, 403 | | | | |
| 372:22-373:7 | R, 403 | | | | |
| 373:13-16 | R, 403 | | | | |
| 373:21-374:2 | R, 403 | | | | |
| 375:25-377:25 | R, 403 | | | | |
| 378:7-20 | R, 403 | | | | |
| 379:11-380:7 | R, 403 | 420:15-16; 420:19-421:4; 421:8-12; 421:20-22 | 401-403, 601-602, 611, 701, 801-802 | | |
| 380:18-22 | | | | | |
| 386:2-387:19 | R, 403 | | | | |
| 387:23-388:6 | R, 403 | | | | |
| 391:2-392:15 | R, 403 | 416:20-22; 416:24-417:3; 417:6-23; 418:10-14; 418:16-17 | 401-403, 601-602, 611, 701, 801-802 | | |
| 396:3-398:21 | PRIV, R, 403 | 416:20-22; 416:24-417:3; 417:6-23; 418:10-14; 418:16-17 | 401-403, 601-602, 611, 701, 801-802 | | |
| 399:14-400:7 | PRIV, R, 403 | | | | |
| 400:18-401:20 | R, 403 | 416:20-22; 416:24-417:3; 417:6-23; 418:10-14; 418:16-17 | 401-403, 601-602, 611, 701, 801-802 | | |
| 402:24-403:20 | R, 403 | | | | |
| 407:20-25 | R, 403 | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Fairhurst, Jeanette
### CONFIDENTIAL
**Date of Deposition: September 1, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiffs' Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 8:13-16 | | | | | |
| 12:14-13:9 | | | | | |
| 16:7-12 | | | | | |
| 17:2-13 | | | | | |
| 17:20-18:6 | | | | | |
| 18:7-19:8 | | | | | |
| 19:11-18 | | | | | |
| 19:19-21 | | | | | |
| 19:24-20:7 | | | | | |
| 20:13-21:3 | | | | | |
| 21:4-19 | | | | | |
| 22:2-23:9 | | | | | |
| 23:10-24 | | | | | |
| 24:7-11 | | | | | |
| 26:4-10 | | | | | |
| 26:11-27:3 | R | | | | |
| 27:17-21 | | | | | |
| 28:3-16 | | | | | |
| 28:19-29:9 | | | | | |
| 31:4-13 | R, 403 | | | | |
| 31:16-32:8 | R, 403 | | | | |
| 32:9-22 | R, 403 | | | | |
| 32:25-33:16 | | | | | |
| 33:18-34:1 | R, 403 | | | | |
| 34:25-35:10 | | | | | |
| 35:22-36:12 | I | 36:13-16 | 403; Improper counter-designation; because no objection to designation. | 35:11-21; 65:4-66:3; 66:6 | Improper counter-counter designation, R, 403 |
| 36:25-37:13 | | | | | |
| 37:14-38:3 | | | | | |
| 38:6-39:7 | | | | | |
| 39:18-40:1 | | | | | |
| 42:4-12 | | | | | |
| 42:15-16 | | | | | |
| 43:18-44:4 | R, O, L, 403 | | | | |
| 46:20-47:1 | R | | | | |
| 47:9-18 | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Fairhurst, Jeanette

### CONFIDENTIAL
### Date of Deposition: September 1, 2015

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiffs' Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 47:19-48:6 | R, 403 | | | | |
| 48:15-17 | | | | | |
| 48:22-49:4 | | | | | |
| 49:5-21 | R, 403 | | | | |
| 49:24-25 | I | 50:7-10 | 403; Improper counter-designation; because no objection to designation. | 51:12-13; 51:16-52:1 | |
| 50:3-6 | I | 50:7-10 | 403; Improper counter-designation; because no objection to designation. | 51:12-13; 51:16-52:1 | |
| 51:1-11 | | | | | |
| 57:11-20 | R, ARG, 403 | | | | |
| 58:4-20 | | | | | |
| 58:23-59:9 | | | | | |
| 59:12-60:6 | | | | | |
| 61:18-63:5 | | | | | |
| 66:15-18 | R, 403 | 66:19-22 | 401-403 | 65:4-66:3; 66:6 | Improper counter-counter designation, R, 403 |
| 66:23-68:24 | R, 403 | | | | |
| 68:25-69:20 | R, 403 | | | | |
| 69:23-23 | R, 403 | | | | |
| 69:24-71:6 | R, 403 | | | | |
| 71:9-20 | R, 403 | | | | |
| 71:23-24 | R, 403 | | | | |
| 75:4-76:3 | R, S | | | | |
| 76:6-14 | R, S | | | | |
| 76:17-21 | R, S | | | | |
| 76:24-77:1 | R | | | | |
| 77:15-78:19 | R, 403 | | | | |
| 79:20-80:14 | R, 403 | | | | |
| 80:16-18 | R, 403 | | | | |
| 81:5-20 | R, 403 | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Fairhurst, Jeanette
### CONFIDENTIAL
**Date of Deposition: September 1, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiffs' Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 81:23-82:3 | R, 403 | | | | |
| 82:5-6 | | | | | |
| 82:18-23 | | | | | |
| 83:4-24 | | | | | |
| 86:3-6 | | | | | |
| 86:9-15 | R, 403 | | | | |
| 89:1-20 | R, 403 | | | | |
| 89:21-90:15 | R, 403 | | | | |
| 90:16-91:2 | R, 403 | | | | |
| 94:21-25 | R, 403 | | | | |
| 95:1-96:11 | | | | | |
| 96:14-20 | | | | | |
| 96:21-97:19 | R, 403, S, L | | | | |
| 97:22-23 | R, 403, S, L | | | | |
| 98:1-7 | R, 403, S, L | | | | |
| 98:16-24 | R, 403 | | | | |
| 100:3-19 | | | | | |
| 101:23-102:3 | | | | | |
| 102:4-8 | | | | | |
| 103:4-105:17 | R, 403 | | | | |
| 107:14-15 | | | | | |
| 107:18-110:4 | | | | | |
| 110:8-111:1 | | | | | |
| 112:18-113:6 | | | | | |
| 113:17-21 | | | | | |
| 116:4-20 | | | | | |
| 116:23-117:4 | | | | | |
| 117:7-7 | | | | | |
| 119:24-120:24 | | | | | |
| 123:3-125:3 | | | | | |
| 125:6-23 | | | | | |
| 125:25-127:4 | | | | | |
| 129:6-130:3 | | | | | |
| 130:4-131:14 | | | | | |
| 131:15-132:15 | | | | | |
| 133:8-24 | | | | | |
| 133:25-135:7 | R, 403 | | | | |
| 135:23-136:6 | | | | | |
| 139:4-140:8 | R, 403 | | | | |
| 140:11-14 | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Fairhurst, Jeanette
**CONFIDENTIAL**
**Date of Deposition: September 1, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiffs' Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 140:17-24 | | | | | |
| 141:2-2 | | | | | |
| 141:5-142:3 | | | | | |
| 142:8-14 | | | | | |
| 143:25-145:11 | | | | | |
| 146:16-24 | | | | | |
| 149:6-150:19 | | | | | |
| 150:22-151:18 | | | | | |
| 151:19-152:25 | | | | | |
| 153:3-17 | | | | | |
| 153:23-154:1 | | | | | |
| 154:19-156:9 | | | | | |
| 156:12-12 | | | | | |
| 156:13-157:8 | | | | | |
| 157:16-158:1 | | | | | |
| 158:4-4 | | | | | |
| 158:5-159:2 | | | | | |
| 159:5-10 | | | | | |
| 159:13-13 | | | | | |
| 162:12-163:11 | | | | | |
| 163:12-164:11 | | | | | |
| 165:1-12 | | | | | |
| 166:11-167:7 | R, 403 | | | | |
| 167:19-168:9 | R, 403 | | | | |
| 169:4-6 | R, 403 | | | | |
| 169:9-9 | R, 403 | | | | |
| 169:17-24 | R, 403 | | | | |
| 170:2-10 | R, 403 | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Fairhurst, Jeanette
## CONFIDENTIAL
### Date of Deposition:  September 18, 2018

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 6:12-16 | | | | | |
| 11:17-22 | | | | | |
| 12:13-17 | | | | | |
| 13:9-10 | | | | | |
| 13:16-16 | | | | | |
| 18:2-7 | | | | | |
| 19:8-11 | FN, S | | | | |
| 19:15-19 | FN, S | | | | |
| 20:2-6 | FN, S | | | | |
| 20:11-14 | FN, S | 20:18-22 | 401-403 | | |
| 20:16-17 | FN, S | 20:18-22 | 401-403 | | |
| 21:4-18 | | | | | |
| 21:22-22:17 | | | | | |
| 22:24-23:5 | | | | | |
| 24:5-13 | | | | | |
| 26:12-25 | | | | | |
| 27:12-15 | FN | | | | |
| 27:18-25 | FN | | | | |
| 28:10-25 | | | | | |
| 29:3-8 | | | | | |
| 29:17-30:2 | | | | | |
| 30:9-31:16 | | | | | |
| 31:18-32:9 | | | | | |
| 33:14-21 | | | | | |
| 34:14-35:10 | | | | | |
| 35:16-36:14 | | | | | |
| 36:19-21 | | | | | |
| 36:23-24 | | | | | |
| 38:10-39:7 | FN | | | | |
| 39:10-40:10 | FN | | | | |
| 40:23-41:1 | | | | | |
| 46:12-14 | | | | | |
| 46:20-22 | FN, S | | | | |
| 46:25-47:10 | FN, S | | | | |
| 49:16-50:14 | R, 403 | 44:18-45:4 | 401-403 | 45:5-14; 52:23-25; 53:1-17 | Improper counter-counter designation, R, 403 |
| 50:18-21 | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Fairhurst, Jeanette
### CONFIDENTIAL
**Date of Deposition:  September 18, 2018**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 51:9-21 | I | 51:3-8 | 401-403; Improper counter designation; Original Designation not objected to. | | |
| 52:10-18 | R, 403 | | | | |
| 52:19-22 | R, 403 | | | | |
| 53:18-21 | R, 403 | | | | |
| 54:6-9 | R, 403 | | | | |
| 54:14-22 | S, R, 403 | | | | |
| 55:13-17 | | | | | |
| 56:3-10 | | | | | |
| 56:16-57:7 | S | | | | |
| 57:22-58:1 | | | | | |
| 58:13-24 | R | | | | |
| 62:3-8 | | | | | |
| 62:12-19 | | | | | |
| 63:14-66:12 | | | | | |
| 66:24-71:21 | R | | | | |
| 71:25-72:4 | | | | | |
| 72:5-14 | | | | | |
| 72:15-73:8 | | | | | |
| 73:12-16 | | | | | |
| 73:22-74:9 | R | | | | |
| 74:16-75:4 | R | | | | |
| 75:14-20 | | | | | |
| 75:25-78:7 | R | | | | |
| 78:12-79:8 | | | | | |
| 79:14-24 | | | | | |
| 83:9-84:2 | | | | | |
| 84:7-25 | | | | | |
| 86:1-88:2 | R, CD, V | | | | |
| 88:4-6 | R, CD, V | | | | |
| 90:16-91:8 | | | | | |
| 91:25-95:24 | | | | | |
| 95:25-96:12 | | | | | |
| 96:13-17 | | | | | |
| 97:11-24 | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Fairhurst, Jeanette
### CONFIDENTIAL
Date of Deposition:  September 18, 2018

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 98:3-13 | | | | | |
| 98:19-99:6 | | | | | |
| 99:14-15 | V | | | | |
| 99:17-100:1 | V | | | | |
| 100:10-101:1 | | | | | |
| 101:6-24 | | | | | |
| 102:4-14 | | | | | |
| 103:3-104:20 | | | | | |
| 104:25-105:1 | | | | | |
| 105:3-3 | | | | | |
| 105:10-13 | | | | | |
| 106:4-7 | | | | | |
| 106:15-107:3 | | | | | |
| 107:5-6 | I | 107:7-13 | 401-403;  Improper counter-designation (no objection to designation by Defendants) | 107:15-17, 107:19-20; 107:25-108:7 | Improper counter-counter designation |
| 108:9-18 | CD, FN | | | | |
| 108:21-21 | CD, FN | | | | |
| 109:3-110:16 | | | | | |
| 110:24-111:8 | | | | | |
| 113:7-114:3 | | | | | |
| 114:11-24 | | | | | |
| 115:3-24 | R, 403 | | | | |
| 116:10-14 | R, 403 | | | | |
| 117:2-118:10 | | | | | |
| 118:22-120:6 | | | | | |
| 120:24-121:3 | | | | | |
| 121:7-25 | | | | | |
| 122:4-7 | | | | | |
| 123:16-124:9 | | | | | |
| 125:3-7 | | | | | |
| 125:11-14 | FN, S | | | | |
| 125:17-126:3 | FN, S | | | | |
| 126:8-11 | | | | | |
| 126:22-127:16 | | | | | |
| 127:23-25 | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Fairhurst, Jeanette
## CONFIDENTIAL
### Date of Deposition:  September 18, 2018

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 128:4-14 | | | | | |
| 128:18-129:21 | | | | | |
| 129:22-130:1 | | | | | |
| 130:2-131:2 | | | | | |
| 131:6-12 | | | | | |
| 132:8-14 | | | | | |
| 133:5-9 | | | | | |
| 133:12-134:25 | | | | | |
| 135:4-136:3 | | | | | |
| 136:9-13 | | | | | |
| 136:25-137:10 | | | | | |
| 137:14-25 | | | | | |
| 138:20-140:9 | | | | | |
| 140:16-142:1 | | | | | |
| 142:2-8 | | | | | |
| 142:19-143:4 | | | | | |
| 143:8-13 | | | | | |
| 143:20-144:16 | R | | | | |
| 144:17-145:7 | R | | | | |
| 145:8-12 | R | | | | |
| 145:19-24 | | | | | |
| 145:25-146:5 | | | | | |
| 146:5-16 | | | | | |
| 147:8-14 | I | 147:15-22 | 401-403; 602; Improper counter-designation (no objection to designation by Defendants) | | |
| 147:23-148:24 | I | 148:24-149:3 | 401-403 | | |
| 150:9-152:17 | R, 403 | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent: Faught, Shannon
**CONFIDENTIAL**
Date of Deposition:  August 15, 2018

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 9:14-24 | | | | | |
| 10:21-11:2 | | | | | |
| 11:9-14 | R | | | | |
| 11:17-18 | R | | | | |
| 11:21-13:9 | R | | | | |
| 15:3-18 | R | | | | |
| 16:19-18:19 | | | | | |
| 18:20-19:23 | | | | | |
| 19:24-20:10 | I | 20:11-13 | | | |
| 20:14-17 | | | | | |
| 20:18-21:6 | | | | | |
| 21:9-15 | I | 21:16-22:3; 22:6-7; 23:2-4; 23:7-14 | 401-403 | 23:15-21 | |
| 23:22-24:6 | | | | | |
| 24:20-25 | I | 25:1-3; 25:6-7; 25:24-26:2; 26:5-13 | 401-403, 601, 602 | | |
| 25:18-23 | | | | | |
| 30:15-31:3 | I | 31:4-9 | 401-403, 601, 602 | | |
| 31:10-16 | | | | | |
| 32:23-33:9 | | | | | |
| 34:10-16 | R(34:10-16) | 34:2-9 | 401-403 | | |
| 34:17-25 | | | | | |
| 35:3-7 | | | | | |
| 35:10-13 | | 35:14-21 | 401-403; 601-602 | | |
| 35:22-36:3 | R | | | | |
| 39:5-21 | | | | | |
| 44:7-22 | | | | | |
| 44:25-45:12 | | | | | |
| 45:13-22 | | | | | |
| 46:23-25 | R | | | | |
| 47:3-3 | R | | | | |
| 47:4-7 | R | 47:8-13 | | | |
| 47:18-20 | R | | | | |
| 47:21-48:8 | R | | | | |
| 48:14-16 | R | | | | |
| 48:17-24 | R | | | | |
| 49:2-5 | R | | | | |
| 49:11-14 | R | | | | |
| 49:15-50:9 | | | | | |
| 50:10-51:2 | I | 51:10-14; 51:16-18 | FRE 403 | | |
| 52:7-12 | | | | | |
| 52:18-53:8 | | | | | |
| 53:18-55:4 | | | | | |
| 55:5-8 | | | | | |
| 55:11-17 | | | | | |
| 55:18-56:4 | | 56:5-11 | 401-403, 601-602 | 56:25-57:3, 57:6 | F, OBJ, SC, S, R, FRE 403 |
| 57:7-11 | R; FRE403 | | | | |
| 57:15-58:11 | R; FRE403 | | | | |
| 58:21-59:25 | | | | | |
| 60:8-16 | I | 60:1-7 | | | |
| 64:4-16 | | | | | |
| 64:19-65:5 | R | | | | |
| 65:6-21 | R | | | | |
| 66:4-15 | R | 69:15-21 | 801-802 | 69:22-24 | R |
| 73:20-23 | | | | | |
| 73:25-74:1 | | | | | |
| 75:23-25 | | 76:12-25 | 401-403 | | |
| 77:4-12 | | | | | |
| 78:2-7 | I | 78:8-12 | | | |
| 79:18-80:13 | R | | | | |
| 80:16-81:20 | R | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent: Faught, Shannon

**CONFIDENTIAL**
**Date of Deposition:  August 15, 2018**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 82:3-7 | I | 82:8-13 | | | |
| 82:14-18 | | | | | |
| 86:25-88:10 | | | | | |
| 88:11-22 | R | | | | |
| 88:23-24 | R | | | | |
| 90:11-21 | R | | | | |
| 91:25-92:20 | | | | | |
| 94:9-15 | I | 95:4-96:24 | | | |
| 96:25-97:22 | | | | | |
| 98:14-99:9 | I | 99:10-23 | 601-602 | | |
| 99:24-100:6 | | | | | |
| 103:8-19 | | | | | |
| 104:10-105:4 | | | | | |
| 105:5-7 | I; FRE403 | 105:8-10; 105:13-14 | 401-403 | | |
| 105:16-23 | | | | | |
| 106:1-4 | | | | | |
| 106:7-18 | | | | | |
| 106:19-22 | R | | | | |
| 106:25-107:9 | R | | | | |
| 107:10-19 | | | | | |
| 107:23-108:6 | | | | | |
| 108:7-19 | | | | | |
| 114:10-115:7 | | | | | |
| 115:12-23 | | | | | |
| 115:24-116:11 | | | | | |
| 116:17-117:8 | | | | | |
| 117:9-13 | | | | | |
| 118:17-119:16 | I | 119:17-23 | 401-403; 601-602 | | |
| 120:2-121:5 | I | 121:6-10 | 401-403; 601-602 | | |
| 123:11-12 | R | | | | |
| 123:16-124:9 | R | | | | |
| 125:8-126:22 | R; H | | | | |
| 128:3-129:5 | R; H | | | | |
| 129:9-130:11 | R; H | | | | |
| 130:12-21 | R; H | | | | |
| 135:22-136:5 | R | | | | |
| 136:15-18 | R | | | | |
| 136:20-21 | R | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**

**C.A. No. 14-1317 (RGA)**

# Deponent:  Huang, Tammy

### CONFIDENTIAL

**Date of Deposition: September 28, 2018**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 6:4-18 | | | | | |
| 7:1-8 | R, 403, FN, L, O | | | | |
| 7:10-25 | R, 403, FN, L, O | | | | |
| 8:1-10 | R, 403, FN, L, O | | | | |
| 8:12-19 | R, 403, FN, L, O | | | | |
| 8:22-10:2 | R, 403, FN, L, O | | | | |
| 10:3-11:6 | R, 403, FN, L, O | | | | |
| 11:8-13 | R, 403, FN, L, O | | | | |
| 11:16-25 | R, 403, FN, L, O | | | | |
| 12:1-2 | R, 403, FN, L, O | | | | |
| 13:20-14:20 | R, 403, FN, L, O | | | | |
| 14:22-15:2 | R, 403, FN, L, O | | | | |
| 15:4-10 | R, 403, FN, L, O | | | | |
| 15:13-16 | R, 403, FN, L, O | | | | |
| 15:25-16:4 | R, 403, FN, L, O | | | | |
| 16:6-11 | R, 403, FN, L, O | | | | |
| 16:15-17:8 | R, 403, FN, L, O | | | | |
| 17:10-12 | R, 403, FN, L, O | | | | |
| 17:24-18:9 | R, 403, FN, L, O | | | | |
| 18:16-19:3 | R, 403, FN, L, O | | | | |
| 19:5-6 | R, 403, FN, L, O | | | | |
| 19:17-23 | R, 403, FN, L, O | | | | |
| 19:25-25 | R, 403, FN, L, O | | | | |
| 20:1-21 | R, 403, FN, L, O | | | | |
| 21:1-5 | R, 403, FN, L, O | | | | |
| 21:7-7 | R, 403, FN, L, O | | | | |
| 21:16-19 | R, 403, FN, L, O | | | | |
| 22:4-11 | R, 403, FN, L, O | | | | |
| 22:13-19 | R, 403, FN, L, O | | | | |
| 24:8-11 | R, 403 | | | | |
| 24:23-25:22 | R, 403, FN, L, O | | | | |
| 25:24-26:15 | R, 403, FN, L, O | | | | |
| 26:17-19 | R, 403, FN, L, O | | | | |
| 29:5-18 | R, 403, FN, L, O | | | | |
| 29:20-22 | R, 403, FN, L, O | | | | |
| 30:4-15 | R, 403, FN, L, O | | | | |
| 31:4-12 | R, 403, FN, L, O | | | | |
| 37:5-6 | R, 403 | | | | |
| 37:12-25 | R, 403 | | | | |
| 38:2-2 | R, 403 | | | | |
| 39:8-9 | R, 403, FN, L, O | | | | |
| 39:12-12 | R, 403, FN, L, O | | | | |
| 39:12-15 | R, 403, FN, L, O | | | | |
| 39:16-19 | R, 403, FN, L, O | | | | |

Amgen Inc. et al. v. Sanofi/Regeneron et al.

C.A. No. 14-1317 (RGA)

# Deponent:  Huang, Tammy

## CONFIDENTIAL

### Date of Deposition: September 28, 2018

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 42:14-43:24 | R, 403, FN, L, O | | | | |
| 44:9-12 | R, 403, FN, L, O | | | | |
| 44:20-45:3 | R, 403, FN, L, O | | | | |
| 45:5-8 | R, 403, FN, L, O | | | | |
| 45:10-14 | R, 403, FN, L, O | | | | |
| 45:15-46:8 | R, 403, FN, L, O | | | | |
| 46:10-11 | R, 403, FN, L, O | | | | |
| 47:5-19 | | | | | |
| 49:20-22 | | | | | |
| 50:24-51:6 | R, FN, S | | | | |
| 51:7-9 | R, FN, S | | | | |
| 51:11-15 | R, FN, S | | | | |
| 52:5-11 | R, 403 | | | | |
| 56:12-20 | R, 403, L, O | | | | |
| 56:22-58:14 | R, 403, L, O | | | | |
| 58:17-25 | R, 403, L, O | | | | |
| 60:14-61:9 | R, 403, L, O | | | | |
| 62:7-15 | R, 403, L, FN, O | | | | |
| 62:22-63:15 | R, 403, L, FN, O | | | | |
| 63:17-25 | R, 403, L, FN, O | | | | |
| 64:2-3 | R, 403, L, FN, O | | | | |
| 70:10-16 | R, 403, L, FN, O | | | | |
| 70:20-71:12 | R, 403, L, MIS, FN, O | | | | |
| 71:19-72:1 | R, 403, L, MIS, FN, O | | | | |
| 74:15-18 | R, 403, L, FN, O | | | | |
| 74:20-75:5 | R, 403, L, FN, O | | | | |
| 75:7-22 | R, 403, L, FN, O | | | | |
| 75:24-76:9 | R, 403, L, FN, O | | | | |
| 77:19-22 | R, 403, L, FN, O | | | | |
| 77:24-78:3 | R, 403, L, FN, O | | | | |
| 78:5-5 | R, 403, L, FN, O | | | | |
| 81:16-21 | R, 403, L, FN, O, I | | | | |
| 84:10-17 | R, 403, L, O | | | | |
| 84:21-85:16 | R, 403, L, O | | | | |
| 85:19-86:10 | R, 403, L, O | | | | |
| 91:15-20 | R, 403, L, O | | | | |
| 91:22-22 | R, 403, L, O | | | | |
| 101:2-3 | | | | | |
| 101:18-21 | | | | | |
| 102:13-25 | | | | | |
| 103:7-13 | R, FN | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**

**C.A. No. 14-1317 (RGA)**

# Deponent:  Huang, Tammy

**CONFIDENTIAL**

**Date of Deposition: September 28, 2018**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 103:16-23 | R, FN | | | | |
| 109:12-111:14 | S | | | | |
| 111:17-112:15 | S | | | | |
| 112:17-21 | | | | | |
| 114:21-24 | | | | | |
| 115:5-6 | | | | | |
| 115:8-9 | | | | | |
| 116:15-18 | | | | | |
| 116:21-22 | | 116:23-25; 117:3-15 | 403 | | |
| 117:16-118:8 | R, 403, L, O | | | | |
| 125:4-11 | R, 403 | | | | |
| 125:15-126:22 | R, 403 | | | | |
| 126:25-127:1 | R, 403 | | | | |
| 127:6-18 | R, 403 | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Ketchem, Randal R.
**CONFIDENTIAL**
**Date of Deposition:  August 21, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 5:8-10 | I | 5:10-11 | 401 | | |
| 92:9-15 | OBJ | 92:23-25; 93:3-8, 93:10-11 | 601-602, 611, 701, FRCP 30(b)(6) | 92:16-19, 92:21-22 | 403 |
| 94:16-25 | | 45:2-7 | 401-403, 601-602, 611, 701, 801-802, FRCP 30(b)(6) | | |
| 95:5-8 | | | | | |
| 95:15-25 | | | | | |
| 96:1-13 | | | | | |
| 96:17-25 | | | | | |
| 97:1-25 | | | | | |
| 98:1-16 | I | 98:17-24 | | | |
| 103:10-25 | | | | | |
| 104:1-1 | | | | | |
| 104:3-10 | | | | | |
| 106:1-4 | | | | | |
| 125:14-25 | R, 403 | | | | |
| 126:1-25 | R, 403 | 122:16-21; 122:24-25; 123:1-2; 123:4 | 401-403, 601-602, 611, 701, 801-802, FRCP 30(b)(6) | 123:5, 123:7-8,123:21-124:2 | 403, R |
| 127:1-11 | R, 403 | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent: Lacombe, Bruno
**CONFIDENTIAL**
**Date of Deposition: September 23, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 9:21-24 | R | | | | |
| 10:11-14 | R | | | | |
| 11:20-13:24 | I | 7:4-6; 9:11-16 | | | |
| 13:10-11 | duplicative | | | | |
| 13:12-24 | duplicative | | | | |
| 14:3-16:12 | R, S | | | | |
| 16:5-12 | I | 7:4-6 | | | |
| 17:18-20:20 | R; BRPL | | | | |
| 21:24-22:10 | | | | | |
| 22:14-23:20 | R | | | | |
| 24:4-28:5 | R | | | | |
| 28:9-29:21 | R | | | | |
| 30:3-31:5 | R | | | | |
| 31:11-20 | S, R | | | | |
| 32:12-21 | | | | | |
| 32:22-35:1 | R; SC | | | | |
| 35:14-38:23 | R; SC | | | | |
| 39:3-42:2 | S, R | | | | |
| 42:9-46:1 | R, SC, R | | | | |
| 44:7-16 | duplicative | | | | |
| 44:17 - 46:1 | duplicative | | | | |
| 46:9-47:7 | SC, R | | | | |
| 61:9-17 | MIS, SC, CD, I | 49:3-7, 49:9-52:10 | 401-403; 701 | | |
| 61:21-23 | MIS, SC, CD, I | 49:3-7, 49:9-52:10 | 401-403; 701 | | |
| 62:20-63:1 | R, FRE 403 | | | | |
| 63:12-65:14 | SC, R | | | | |
| 66:13-25 | R | | | | |
| 68:24-72:16 | | | | | |
| 80:4-10 | I, V | 78:7-9, 78:11-17; 79:12-16; 79:18-80-3 | 401-403 | 79:5-11 | R, FRE 403 |
| 91:18-93:1 | R, S | | | | |
| 97:12-100:2 | R | | | | |
| 106:23-107:3 | R | | | | |
| 107:5-11 | R, I | 107:15-20 | | | |
| 107:21-108:11 | R | | | | |
| 108:17-109:3 | R | | | | |
| 111:2-9 | H | | | | |
| 117:23-118:13 | | | | | |
| 118:23-122:14 | R; FRE 403 | | | | |
| 124:11-125:19 | R, MIL, FRE 403 | | | | |
| 126:11-14 | R, MIL, FRE 403 | | | | |
| 127:3-17 | R, MIL, FRE 403 | | | | |
| 128:3-18 | BRPL, R | | | | |
| 129:13-130:14 | R, V | | | | |
| 134:16-135:1 | FN | | | | |
| 138:24-139:2 | I | 139:10-14 | | | |
| 139:15-140:9 | S, SC | | | | |
| 140:10-14 | OBJ, SC | | | | |
| 140:23-141:7 | FN, R, SC | | | | |
| 148:9-22 | | | | | |
| 155:11-13 | SC | | | | |
| 155:14-16 | SC, I, V | | | | |
| 156:2-4 | SC | | | | |
| 156:21-157:11 | SC | | | | |
| 157:21-158:2 | SC, V | | | | |
| 158:17-21 | SC | | | | |
| 163:20-164:25 | SC, FN | | | | |
| 165:8-16 | SC | | | | |
| 165:21-23 | SC | | | | |
| 166:1-168:16 | SC, FN, R | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  MacDonald, Douglas
CONFIDENTIAL
Date of Deposition:  September 3, 2015

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 44:8-14 | | | | | |
| 44:19-45:1 | | | | | |
| 55:17-20 | | | | | |
| 55:22-23 | | | | | |
| 65:13-16 | R | | | | |
| 66:19-23 | R | | | | |
| 66:24-25 | | | | | |
| 67:3-5 | | | | | |
| 67:6-11 | | | | | |
| 67:12-21 | R, 403 | | | | |
| 67:22-25 | R, 403 | | | | |
| 68:1-3 | R, 403 | | | | |
| 69:3-8 | | | | | |
| 71:1-9 | R, 403 | | | | |
| 71:9-15 | R, 403 | | | | |
| 71:15-15 | R, 403 | | | | |
| 71:16-72:3 | R, 403 | 74:19-75:1 | | 74:13-18; 75:2-12 | R, 403 |
| 72:16-73:4 | R, 403 | | | | |
| 74:2-12 | | | | | |
| 75:13-25 | | | | | |
| 76:1-2 | | | | | |
| 87:25-25 | | | | | |
| 88:1-23 | | | | | |
| 89:1-2 | | | | | |
| 90:6-91:1 | R | | | | |
| 91:2-13 | R | | | | |
| 91:17-25 | R | | | | |
| 92:1-11 | R | | | | |
| 101:8-16 | R, 403 | | | | |
| 101:17-20 | | | | | |
| 102:12-103:6 | R, 403 | | | | |
| 103:7-104:13 | R, 403 | | | | |
| 104:14-23 | R, 403 | | | | |
| 105:1-4 | R, 403 | | | | |
| 109:12-19 | R, 403 | | | | |
| 109:22-24 | R, 403 | | | | |
| 109:25-25 | R, 403 | | | | |
| 110:1-1 | R, 403 | | | | |
| 110:2-25 | R, 403 | | | | |
| 111:1-2 | R, 403 | | | | |
| 111:16-21 | R, 403 | | | | |
| 111:24-112:9 | R, 403 | 112:13-113:11 | 401 | 113:12-14 | R, 403 |
| 112:10-10 | R, 403, I | | | | |
| 112:10-12 | R, 403 | | | | |
| 115:11-23 | R, 403 | 117:12-21 | | 117:22-24 | R, 403 |
| 118:2-18 | I, R, 403 | 117:25-118:1 | | | |
| 121:17-124:8 | R, 403 | | | | |
| 124:9-20 | R, 403 | | | | |
| 125:11-25 | R, 403 | | | | |
| 126:1-7 | R, 403 | | | | |
| 126:10-11 | R, 403 | | | | |
| 126:18-21 | R, 403 | | | | |
| 126:24-127:2 | R, 403 | | | | |
| 129:25-130:8 | R, 403 | | | | |
| 130:6-20 | R, 403, F, S | | | | |
| 130:21-23 | R, 403 | | | | |
| 132:15-23 | R, 403 | | | | |
| 137:12-20 | | | | | |
| 137:23-25 | | | | | |
| 138:1-1 | | | | | |
| 138:4-7 | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  MacDonald, Douglas

**CONFIDENTIAL**

**Date of Deposition:  September 3, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 141:21-25 | | | | | |
| 142:1-24 | | | | | |
| 152:11-153:8 | R, 403 | 153:9-21 | | | |
| 176:17-177:20 | R, 403 | | | | |
| 181:20-182:4 | R | | | | |
| 182:5-9 | R | | | | |
| 182:12-20 | R | | | | |
| 219:12-220:5 | R, 403 | | | | |
| 220:6-221:23 | R, 403 | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

## Deponent:  Martin, Joel H.

CONFIDENTIAL

Date of Deposition:  October 6, 2015

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 9:2-6 | | | | | |
| 9:19-10:17 | | | | | |
| 11:13-16 | | | | | |
| 13:25-15:3 | | | | | |
| 15:4-10 | | | | | |
| 15:23-17:5 | | 15:4-10, 15:19-22 | 15:4-10 is already designated; 401-402 | | |
| 17:8-16 | | | | | |
| 18:19-23 | | | | | |
| 22:2-5 | | | | | |
| 22:8-23 | | | | | |
| 25:2-25 | O | | | | |
| 26:6-8 | I, O | | | | |
| 27:7-9 | I, O | | | | |
| 27:11-12 | O | | | | |
| 27:15-20 | O | | | | |
| 36:4-21 | R | | | | |
| 44:13-45:19 | | | | | |
| 45:22-22 | | | | | |
| 53:20-54:6 | R | | | | |
| 56:1-14 | R | | | | |
| 56:17-57:21 | R | | | | |
| 57:22-58:1 | R | | | | |
| 58:4-5 | R | | | | |
| 58:6-11 | R | | | | |
| 58:14-59:5 | R | | | | |
| 59:6-11 | R | | | | |
| 59:13-61:23 | R | | | | |
| 70:20-71:7 | R | | | | |
| 71:10-10 | R | | | | |
| 72:12-20 | R | | | | |
| 72:21-73:1 | R | | | | |
| 80:12-20 | R, 403 | | | | |
| 80:21-81:20 | R, 403 | | | | |
| 82:14-23 | R, 403 | | | | |
| 82:24-83:12 | R, 403 | | | | |
| 83:13-24 | R, 403 | | | | |
| 109:6-110:19 | O | | | | |
| 111:23-112:1 | O | | | | |
| 112:6-10 | O | | | | |
| 137:12-22 | R | | | | |
| 142:4-12 | R, 403 | | | | |
| 142:15-18 | R, 403 | | | | |
| 142:21-21 | R, 403 | | | | |
| 142:25-143:23 | R, 403 | | | | |
| 145:5-7 | R | | | | |
| 145:14-146:2 | R | | | | |
| 146:3-147:10 | R, 403 | | | | |
| 155:5-156:12 | R | | | | |
| 156:15-18 | R | | | | |
| 156:21-22 | R | | | | |
| 157:12-160:6 | R | | | | |
| 171:21-174:3 | R | | | | |
| 174:13-15 | R | | | | |
| 174:18-20 | R | | | | |
| 175:13-16 | R, O | | | | |
| 175:17-176:1 | R, O | | | | |
| 176:4-4 | R, O | | | | |
| 189:10-190:1 | R | | | | |
| 193:18-194:7 | R, 403, S, F | 192:17-22 | 403 | 190:4-17 | 403 |
| 194:8-21 | R | | | | |
| 195:11-196:9 | R | | | | |
| 196:17-197:3 | R | | | | |
| 197:5-198:14 | R | | | | |
| 198:15-199:25 | R | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Martin, Joel H.
**CONFIDENTIAL**
**Date of Deposition:  October 6, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 204:23-206:4 | R | | | | |
| 206:5-207:6 | R | | | | |
| 209:13-210:16 | R | | | | |
| 218:1-220:1 | R, 403, O | 220:2-5 | 403; 601-602 | 217:7-25 | SC |
| 221:12-222:4 | R | | | | |
| 226:23-227:22 | R | 227:24 | No objection | | |
| 228:4-5 | R | 228:1-3 | No objection | | |
| 231:16-232:7 | R | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  McCourt, Marion
**CONFIDENTIAL**
**Date of Deposition:  August 23, 2018**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 13:7-18 | | | | | |
| 21:6-23:11 | | | | | |
| 27:20-28:15 | R | | | | |
| 29:12-30:16 | R; FRE 403 | | | | |
| 30:22-31:7 | R; FRE 403 | | | | |
| 31:10-22 | R | | | | |
| 31:23-32:9 | R | | | | |
| 34:12-18 | I | 12:8-10; 13:19-22 | | | |
| 34:20-35:14 | | | | | |
| 37:6-25 | R | | | | |
| 38:1-25 | R | | | | |
| 39:1-25 | R | | | | |
| 40:1-25 | R | | | | |
| 41:1-4 | R | | | | |
| 41:5-20 | R | 41:21-42:2 | 401-403 | 42:3-11 | R, FRE 403 |
| 49:13-19 | FN; S | | | | |
| 52:6-20 | FN; S | | | | |
| 53:18-25 | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  McGowan, Mary
**CONFIDENTIAL**
Date of Deposition: November 7, 2018

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 6:23-8:1 | | | | | | |
| 8:17-10:13 | | | | | | |
| 10:14-12:13 | | | | | | |
| 13:15-14:3 | | | | | | |
| 14:6-11 | | | | | | |
| 14:16-15:1 | | | | | | |
| 15:18-16:9 | | | | | | |
| 18:7-7 | | | | | | |
| 18:8-15 | | | | | | |
| 20:20-21:7 | | | | | | |
| 22:10-23:11 | | | | | | |
| 27:11-13 | | | | | | |
| 41:7-12 | | | | | | |
| 49:9-9 | | | | | | |
| 49:9-52:13 | | | | | | |
| 52:15-55:9 | | | | | | |
| 55:18-57:6 | | | | | | |
| 57:8-60:24 | | | | | | |
| 61:24-62:25 | | | | | | |
| 63:7-10 | | | | | | |
| 63:15-65:5 | | | | | | |
| 66:20-67:5 | | | | | | |
| 67:10-10 | | | | | | |
| 67:11-25 | | | | | | |
| 68:7-70:10 | | | | | | |
| 70:14-22 | | | | | | |
| 70:24-73:5 | | | | | | |
| 73:11-75:7 | | | | | | |
| 77:1-8 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

**Deponent:  Murphy, Andrew**
**CONFIDENTIAL**
**Date of Deposition:  September 16, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 5:18-25 | | | | | |
| 6:2-2 | | | | | |
| 8:10-25 | R, 403 | | | | |
| 9:2-11 | R, 403 | | | | |
| 9:14-17 | R, 403 | | | | |
| 10:9-18 | | | | | |
| 10:19-23 | R, 403 | | | | |
| 11:2-3 | R, 403 | | | | |
| 11:6-25 | R, 403 | | | | |
| 12:2-6 | R, 403 | | | | |
| 12:10-25 | R, 403 | | | | |
| 13:2-8 | R, 403 | | | | |
| 13:16-25 | R, 403 | | | | |
| 14:2-3 | R, 403 | | | | |
| 16:2-15 | R, 403 | | | | |
| 16:18-20 | R, 403 | | | | |
| 22:4-7 | R, 403 | | | | |
| 22:10-19 | R, 403 | | | | |
| 22:22-23 | R, 403 | | | | |
| 23:12-19 | | | | | |
| 23:22-23 | R, 403 | | | | |
| 23:24-25 | R, 403 | | | | |
| 24:2-4 | R, 403 | | | | |
| 24:10-12 | R, 403 | | | | |
| 24:15-15 | R, 403 | | | | |
| 24:22-25 | R, 403 | | | | |
| 25:2-11 | R, 403 | | | | |
| 25:14-14 | R, 403 | | | | |
| 28:10-13 | R, 403 | | | | |
| 28:16-25 | R, 403 | | | | |
| 29:2-5 | R, 403 | | | | |
| 29:11-13 | | | | | |
| 33:5-25 | | | | | |
| 36:6-23 | | | | | |
| 37:2-6 | | | | | |
| 41:23-24 | | | | | |
| 42:3-10 | | | | | |
| 42:13-25 | | | | | |
| 43:2-16 | | | | | |
| 48:10-15 | | | | | |
| 48:18-25 | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

**Deponent:  Murphy, Andrew**
**CONFIDENTIAL**
**Date of Deposition:  September 16, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 49:2-25 | | | | | |
| 50:2-21 | | | | | |
| 52:4-19 | | | | | |
| 53:7-25 | | | | | |
| 54:5-6 | | | | | |
| 55:18-25 | FN, 403, O, S | | | | |
| 56:2-25 | FN, 403, O, S | | | | |
| 57:2-8 | FN, 403, O, S | | | | |
| 57:11-20 | FN, 403, O, S | | | | |
| 57:23-58:23 | FN, 403, O, S | | | | |
| 59:2-11 | FN, 403, O, S | | | | |
| 59:14-25 | FN, 403, O, S | | | | |
| 60:2-6 | FN, 403, O, S | | | | |
| 60:9-16 | FN, 403, O, S | | | | |
| 60:19-25 | FN, 403, O, S | | | | |
| 61:2-6 | FN, 403, O, S | | | | |
| 61:9-13 | FN, 403, O, S | | | | |
| 61:20-25 | FN, 403, O, S | | | | |
| 62:2-4 | FN, 403, O, S | | | | |
| 62:7-12 | FN, 403, O, S | | | | |
| 64:6-25 | S, FN | | | | |
| 65:2-2 | S, FN | | | | |
| 71:9-9 | R, 403 | | | | |
| 71:9-13 | R, 403 | | | | |
| 71:22-25 | R, 403 | | | | |
| 72:5-9 | O, R, 403, S | | | | |
| 72:12-18 | O, R, 403, S | | | | |
| 73:11-11 | R, 403, S | | | | |
| 73:11-21 | R, 403, S | | | | |
| 90:4-25 | R, S | | | | |
| 91:2-6 | R, S | | | | |
| 91:5-11 | R, S | | | | |
| 91:20-22 | | | | | |
| 91:25-25 | | | | | |
| 92:2-2 | | | | | |
| 98:19-25 | R, S | | | | |
| 99:2-18 | R, S | | | | |
| 99:21-25 | R, S | | | | |
| 100:2-25 | R, S | | | | |
| 101:2-11 | R, S | | | | |
| 101:14-19 | R, S | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

**Deponent:  Murphy, Andrew**
**CONFIDENTIAL**
**Date of Deposition:  September 16, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 101:22-25 | R, S | | | | |
| 102:2-2 | R, S | | | | |
| 104:8-10 | | | | | |
| 104:13-18 | | | | | |
| 119:13-14 | | | | | |
| 119:17-20 | | | | | |
| 119:23-25 | | | | | |
| 120:2-9 | | | | | |
| 121:8-11 | R, 403, S | | | | |
| 121:14-21 | R, 403, S | | | | |
| 121:24-25 | R, 403, S | | | | |
| 122:2-3 | R, 403, S | 122:4-7; 122:10-13 | | | |
| 127:13-23 | R, 403, S | | | | |
| 127:25-25 | R, 403, S | | | | |
| 128:2-14 | R, 403, S | | | | |
| 128:17-25 | R, 403, S | | | | |
| 129:2-5 | R, 403, S | | | | |
| 129:8-22 | R, 403, S | | | | |
| 129:25-25 | R, 403, S | | | | |
| 130:2-6 | R, 403, S | | | | |
| 130:9-9 | R, 403, S | | | | |
| 132:2-4 | R, 403, S | | | | |
| 132:7-15 | R, 403, S | | | | |
| 132:18-24 | R, 403, S | | | | |
| 132:25-25 | R, 403, S, FN | 133:13-19 | 403; 801-802 | | |
| 133:2-3 | R, 403, S, FN | 133:13-19 | 403; 801-802 | | |
| 133:6-8 | R, 403, S, FN | 133:13-19 | 403; 801-802 | | |
| 134:18-22 | R | | | | |
| 134:25-25 | R | | | | |
| 135:2-2 | R | | | | |
| 135:3-9 | R, 403, S | | | | |
| 135:12-12 | R, 403, S | | | | |
| 135:15-23 | R, 403, S | | | | |
| 136:5-5 | R, 403, S | | | | |
| 136:6-21 | FN, R, 403, S | | | | |
| 138:12-24 | | | | | |
| 139:3-7 | | | | | |
| 139:10-10 | | | | | |
| 139:15-23 | | 140:3-4; 140:10-19 | 403; 801-802 | | |
| 143:6-18 | R, 403 | | | | |
| 143:22-25 | R, 403 | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

**Deponent:  Murphy, Andrew**
**CONFIDENTIAL**
**Date of Deposition:  September 16, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 144:2-2 | R, 403 | | | | |
| 144:7-12 | R, 403 | | | | |
| 145:23-25 | R, 403 | | | | |
| 146:2-3 | R, 403 | | | | |
| 146:6-10 | R, 403 | | | | |
| 146:13-15 | R, 403 | | | | |
| 146:18-20 | R, 403 | | | | |
| 146:23-24 | R, 403 | | | | |
| 146:25-25 | R, 403 | | | | |
| 147:2-8 | R, 403 | | | | |
| 147:11-17 | R, 403 | | | | |
| 149:12-13 | R, S, FN | | | | |
| 149:16-16 | R, S, FN | | | | |
| 150:4-25 | R | 152:11-12; 152:15-153:5 | 401-403; 801-802 | | |
| 151:2-2 | R | | | | |
| 151:5-13 | R | | | | |
| 151:16-17 | R | | | | |
| 170:9-20 | R, S | | | | |
| 170:23-25 | R, S | | | | |
| 171:2-17 | R, S | | | | |
| 171:20-20 | R, S | | | | |
| 172:25-25 | | | | | |
| 173:2-7 | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Murphy, Andrew
### CONFIDENTIAL
**Date of Deposition:  October 5, 2018**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection () | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 6:13-15 | | | | | |
| 7:17-20 | | | | | |
| 7:21-8:2 | | | | | |
| 8:9-16 | R, 403, SC | | | | |
| 8:19-22 | R, 403, SC | | | | |
| 9:24-10:4 | R, 403, SC | | | | |
| 10:5-5 | R, 403, SC | | | | |
| 11:3-25 | R, 403, SC | | | | |
| 12:1-10 | R, 403, SC | | | | |
| 13:6-8 | R, 403, SC | | | | |
| 13:10-21 | R, 403, SC | | | | |
| 13:23-14:1 | R, 403, SC | | | | |
| 14:15-17 | R, 403, L, SC | | | | |
| 14:21-15:15 | R, 403, L, SC | | | | |
| 15:16-25 | R, 403, L, SC | | | | |
| 16:9-12 | R, 403, L, SC | | | | |
| 16:15-20 | R, 403, L, SC | | | | |
| 16:23-17:3 | R, 403, L, SC | 17:10-13; 17:15-17 | 401-403 | | |
| 17:7-9 | R, 403, L, SC | | | | |
| 21:25-22:4 | R, 403, L, SC | | | | |
| 22:8-11 | R, 403, L, SC | | | | |
| 31:21-25 | R, 403, L, SC | 32:11-15; 32:20-33:3 | 401-403, 601, 602, 701 | | |
| 32:3-10 | R, 403, L, SC | | | | |
| 36:1-17 | R, 403, SC | | | | |
| 36:18-23 | R, 403, SC | | | | |
| 36:25-37:3 | R, 403, SC | | | | |
| 37:7-7 | R, 403, SC | | | | |
| 37:25-38:9 | R, 403, SC | | | | |
| 38:10-13 | R, 403, SC | | | | |
| 41:4-7 | | | | | |
| 41:9-12 | | | | | |
| 41:14-16 | | | | | |
| 41:17-21 | R, 403, SC | | | | |
| 41:24-24 | R, 403, SC | | | | |
| 41:25-42:6 | R, 403, SC | | | | |
| 42:9-14 | R, 403, SC | | | | |
| 42:16-44:10 | R, 403, SC | | | | |
| 44:11-15 | R, 403, SC, L | | | | |
| 44:17-25 | R, 403, SC | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Murphy, Andrew
### CONFIDENTIAL
**Date of Deposition:  October 5, 2018**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection () | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 45:20-21 | R, 403, SC | | | | |
| 45:25-46:4 | R, 403, SC | | | | |
| 46:5-20 | R, 403, SC | | | | |
| 46:25-47:7 | R, 403, SC | | | | |
| 47:10-13 | R, 403, SC | | | | |
| 47:16-19 | R, 403, SC | | | | |
| 48:15-49:4 | R, 403, SC | | | | |
| 49:7-8 | R, 403, SC | | | | |
| 52:24-53:15 | R, 403, SC | | | | |
| 53:18-54:5 | R, 403, SC | | | | |
| 54:7-56:10 | R, 403, SC | | | | |
| 56:14-17 | R, 403, SC | | | | |
| 56:18-57:1 | R, 403, SC | | | | |
| 57:2-2 | R, 403, SC | | | | |
| 57:8-11 | R, 403, SC | | | | |
| 58:8-12 | R, 403, SC | | | | |
| 58:17-59:5 | R, 403, SC | | | | |
| 59:7-11 | R, 403, SC | | | | |
| 59:15-19 | R, 403, SC | | | | |
| 59:22-60:4 | R, 403, SC | | | | |
| 60:8-21 | R, 403, SC | | | | |
| 60:24-61:3 | R, 403, SC | | | | |
| 61:6-13 | R, 403, SC | | | | |
| 61:17-19 | R, 403, SC | | | | |
| 64:16-21 | R, 403, SC | | | | |
| 64:22-65:2 | R, 403, SC | | | | |
| 65:5-20 | R, 403, SC | | | | |
| 65:21-24 | R, 403, SC | | | | |
| 66:2-14 | R, 403, SC | | | | |
| 66:15-19 | R, 403, SC | | | | |
| 66:22-67:19 | R, 403, SC | | | | |
| 71:22-72:6 | R, 403, SC | 72:10-12, 72:15-25 | 401-403 | | |
| 73:13-17 | R, 403 | | | | |
| 74:10-15 | R, 403 | | | | |
| 74:23-78:11 | R, 403 | | | | |
| 78:13-21 | R, 403 | | | | |
| 78:24-79:5 | R, 403 | | | | |
| 79:7-9 | R, 403 | | | | |
| 79:13-14 | R, 403 | | | | |
| 79:17-23 | R, 403 | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Murphy, Andrew
**CONFIDENTIAL**
**Date of Deposition:  October 5, 2018**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection () | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 79:24-81:2 | R, 403 | | | | |
| 83:3-7 | R, 403 | | | | |
| 83:10-12 | R, 403 | | | | |
| 84:11-18 | R, 403 | | | | |
| 84:21-85:3 | R, 403 | | | | |
| 87:17-88:8 | R, 403 | | | | |
| 88:12-14 | R, 403 | | | | |
| 88:15-25 | R, 403, S | | | | |
| 89:4-15 | R, 403, S | | | | |
| 89:17-18 | R, 403 | | | | |
| 92:13-93:5 | R, 403, S, F | | | | |
| 93:9-15 | R, S | | | | |
| 94:9-14 | R, 403 | | | | |
| 95:19-96:4 | R, 403 | | | | |
| 96:7-10 | R, 403 | | | | |
| 96:12-13 | R, 403 | | | | |
| 98:1-21 | R, 403 | | | | |
| 100:10-13 | R, 403 | | | | |
| 100:16-20 | R, 403 | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Amgen Inc. et al. v. Sanofi/Regeneron et al.**<br>**C.A. No. 14-1317 (RGA)**<br><br>**Deponent:  Ondrey, Aaron A.**<br>**CONFIDENTIAL**<br>**Date of Deposition:  August 1, 2018** | | | | | | |
| **Plaintiff's Designation (Page:Line)**<br><br>**[YELLOW]** | **Defendant's Objection (FRE)** | **Defendant's Counter-Designations (Page:Line)**<br><br>**[BLUE]** | **Plaintiff's Objections to Counter-Designations (FRE)** | **Plaintiff's Counter-Counter Designations (Page:Line)**<br><br>**[YELLOW]** | **Defendants Objections to Plaintiff's Counter-Counter Designations (FRE)** | **Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE)** |
| 9:11-15 | | | | | | |
| 9:16-19 | | | | | | |
| 9:22-10:17 | | | | | | |
| 10:19-19 | | | | | | |
| 11:3-12 | | | | | | |
| 11:13-12:15 | | | | | | |
| 12:16-22 | | | | | | |
| 13:7-14 | | | | | | |
| 13:15-25 | | | | | | |
| 14:1-4 | | | | | | |
| 14:7-10 | | | | | | |
| 14:11-13 | | | | | | |
| 14:14-16 | | | | | | |
| 14:17-18 | | | | | | |
| 14:20-15:7 | | | | | | |
| 15:8-11 | | | | | | |
| 15:12-23 | | | | | | |
| 16:19-18:10 | | | | | | |
| 18:13-20 | | | | | | |
| 19:9-20:8 | | | | | | |
| 20:20-21:15 | | | | | | |
| 22:7-23:7 | | | | | | |
| 24:2-14 | | | | | | |
| 24:15-25:13 | | | | | | |
| 25:14-26:12 | | | | | | |
| 26:13-27:14 | | | | | | |
| 27:15-28:17 | | | | | | |
| 28:22-29:5 | | | | | | |
| 29:6-23 | | | | | | |
| 30:4-10 | | | | | | |
| 30:22-31:13 | | | | | | |
| 31:24-32:3 | | | | | | |
| 32:4-33:9 | | | | | | |
| 34:10-35:7 | | | | | | |
| 35:8-23 | | | | | | |
| 35:23-36:3 | | | | | | |
| 36:14-37:14 | | | | | | |
| 37:15-38:2 | | | | | | |
| 38:3-14 | | | | | | |
| 39:12-40:10 | | | | | | |
| 43:15-44:14 | | | | | | |
| 46:5-8 | | | | | | |
| 46:9-48:19 | | | | | | |
| 49:13-17 | | | | | | |
| 49:18-22 | | | | | | |
| 49:24-50:6 | | | | | | |
| 50:10-51:9 | | | | | | |
| 52:3-17 | | | | | | |
| 52:24-53:12 | | | | | | |
| 54:4-7 | | | | | | |
| 54:8-23 | | | | | | |
| 55:7-57:9 | | | | | | |
| 57:10-15 | | | | | | |
| 57:22-25 | | | | | | |
| 58:1-6 | | | | | | |

| Amgen Inc. et al. v. Sanofi/Regeneron et al. |
|:---:|
| C.A. No. 14-1317 (RGA) |

**Deponent:  Ondrey, Aaron A.**
CONFIDENTIAL
Date of Deposition:  August 1, 2018

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 58:10-17 | | | | | | |
| 58:21-59:5 | | | | | | |
| 59:6-21 | | | | | | |
| 59:22-60:13 | | | | | | |
| 60:19-21 | | | | | | |
| 60:22-61:20 | | | | | | |
| 62:15-18 | | | | | | |
| 62:22-63:12 | | | | | | |
| 63:13-19 | | | | | | |
| 63:21-22 | | | | | | |
| 63:23-25 | | | | | | |
| 65:21-66:6 | | | | | | |
| 66:7-10 | | | | | | |
| 66:11-17 | | | | | | |
| 67:10-17 | | | | | | |
| 67:21-68:5 | | | | | | |
| 69:4-18 | | | | | | |
| 70:18-71:18 | | | | | | |
| 71:21-72:5 | | | | | | |
| 72:8-11 | | | | | | |
| 73:10-13 | | | | | | |
| 74:24-75:15 | | | | | | |
| 79:8-20 | | | | | | |
| 79:21-80:14 | | | | | | |
| 81:6-82:22 | | | | | | |
| 83:6-84:1 | | | | | | |
| 85:14-86:10 | | | | | | |
| 86:12-19 | | | | | | |
| 87:4-13 | | | | | | |
| 87:14-88:6 | | | | | | |
| 89:16-25 | | | | | | |
| 90:24-91:18 | | | | | | |
| 92:4-6 | | | | | | |
| 92:19-21 | | | | | | |
| 92:23-23 | | | | | | |
| 94:2-16 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  O'Neal, Rich
**CONFIDENTIAL**
**Date of Deposition:  August 23, 2018**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 8:6-7 | R (see 6/28/2018 Tr. at 24:14-18); FRE 403; H | | | | |
| 8:11-23 | | | | | |
| 9:1-11 | R (see 6/28/2018 Tr. at 24:14-18); FRE 403 | | | | |
| 9:16-19 | | | | | |
| 10:9-14 | | | | | |
| 11:12-15 | | | | | |
| 11:16-12:1 | R (see 6/28/2018 Tr. at 24:14-18); FRE 403 | | | | |
| 12:2-8 | R (see 6/28/2018 Tr. at 24:14-18); FRE 403 | | | | |
| 12:18-25 | R (see 6/28/2018 Tr. at 24:14-18); FRE 403 | | | | |
| 13:1-3 | R (see 6/28/2018 Tr. at 24:14-18); FRE 403 | | | | |
| 13:10-17 | R (see 6/28/2018 Tr. at 24:14-18); FRE 403 | | | | |
| 13:23-14:8 | | | | | |
| 14:9-15 | | | | | |
| 14:24-15:3 | | | | | |
| 15:6-8 | | | | | |
| 18:16-22 | | | | | |
| 20:7-10 | | | | | |
| 20:12-22 | | | | | |
| 20:23-25 | | | | | |
| 21:1-13 | | | | | |
| 22:6-20 | FN; I | 15:9-12 | 401-403 | 15:13-16:13 | R, 403, V |
| 22:22-25 | FN; I | 15:9-12 | 401-403 | 15:13-16:13 | R, 403, V |
| 23:1-12 | I | 23:13-16 | 601-602 | | |
| 23:17-24:4 | S | | | | |
| 24:5-11 | | | | | |
| 24:13-14 | | | | | |
| 24:16-23 | | | | | |
| 24:24-25:1 | | | | | |
| 25:2-7 | | | | | |
| 25:9-15 | R | | | | |
| 25:16-20 | R | | | | |
| 25:21-26:2 | R | | | | |
| 26:3-11 | R | | | | |
| 26:13-22 | R | | | | |
| 26:24-28:2 | | | | | |
| 28:3-5 | | | | | |
| 28:6-10 | | | | | |
| 29:2-16 | | | | | |
| 29:21-22 | | | | | |
| 30:1-1 | | | | | |
| 30:2-25 | | | | | |
| 31:1-1 | | | | | |
| 31:2-25 | | | | | |
| 32:1-22 | I | 32:23-25 | 601-602; 801-802 | | |
| 33:1-3 | I | 33:7-8 | 401-403 | | |
| 33:12-34:12 | FN | 33:7-8 | 401-403 | | |
| 35:12-17 | | | | | |
| 35:18-36:4 | | | | | |
| 36:5-25 | | | | | |
| 37:1-4 | | | | | |
| 37:5-8 | | | | | |
| 37:9-38:6 | I | 38:8-12 | 601-602; 801-802 | | |
| 38:14-39:2 | | | | | |
| 39:3-8 | | | | | |
| 39:16-40:4 | | | | | |
| 40:5-9 | | | | | |
| 40:15-19 | | | | | |
| 40:20-24 | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  O'Neal, Rich
**CONFIDENTIAL**
**Date of Deposition:  August 23, 2018**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 40:25-42:1 | | | | | |
| 43:1-4 | | | | | |
| 44:1-10 | | | | | |
| 44:14-25 | | | | | |
| 45:3-11 | | | | | |
| 45:12-19 | | | | | |
| 45:20-25 | | | | | |
| 46:1-9 | | | | | |
| 46:11-25 | | | | | |
| 47:1-9 | I | 47:10-16 | | | |
| 47:20-48:6 | ; | | | | |
| 48:25-49:22 | | | | | |
| 50:12-16 | | | | | |
| 50:18-25 | | | | | |
| 51:20-25 | | | | | |
| 52:1-1 | | | | | |
| 52:6-17 | | | | | |
| 52:19-53:1 | | | | | |
| 53:3-25 | | | | | |
| 54:1-1 | | | | | |
| 54:3-7 | | | | | |
| 54:9-21 | | | | | |
| 55:15-56:1 | | | | | |
| 56:2-9 | | | | | |
| 56:10-20 | | | | | |
| 57:5-7 | | | | | |
| 57:20-58:5 | I; FN | 57:8-19; 58:6-9 | | 59:4-11 | FN |
| 58:14-59:3 | FN | | | | |

Amgen Inc. et al. v. Sanofi/Regeneron et al.
C.A. No. 14-1317 (RGA)

# Deponent:  Papadopoulus, Nicholas
CONFIDENTIAL
Date of Deposition:  September 10, 2015

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 7:19-24 | | | | | |
| 10:18-25 | | | | | |
| 11:2-2 | | | | | |
| 13:7-14:5 | R, 403 | 14:6-10; 15:4-12; 15:19-22; 16:18-25; 17:2-9; 17:16-23; 18:5 | 401-403 | | |
| 14:11-15:3 | R, 403 | 14:6-10; 15:4-12; 15:19-22; 16:18-25; 17:2-9; 17:16-23; 18:5 | 401-403 | | |
| 16:11-16 | R, 403 | | | | |
| 18:6-9 | R, 403 | 14:6-10; 15:4-12; 15:19-22; 16:18-25; 17:2-9; 17:16-23; 18:5 | 401-403 | | |
| 18:24-19:5 | | | | | |
| 19:15-25 | | | | | |
| 20:2-25 | | | | | |
| 21:2-16 | I | 21:17-20 | 401-403; Improper counter-designation (no objection indicated by Defendants) | | |
| 21:21-22:14 | R, 403 | | | | |
| 22:15-22 | R, 403 | 23:25-25:15 | 401-403 | | |
| 22:23-23:19 | R, 403 | 23:25-25:15 | 401-403 | | |
| 23:20-24 | R, 403 | 23:25-25:15 | 401-403 | | |
| 25:22-25 | R, 403, O, L | | | | |
| 26:2-15 | R, 403, O, L | | | | |
| 26:16-18 | R, 403, O, L | | | | |
| 26:23-27:6 | R, 403, O, L | | | | |
| 27:14-17 | R, 403, O, L | | | | |
| 27:19-19 | R, 403, O, L | | | | |
| 27:22-23 | R, 403, O, L | | | | |
| 28:2-17 | R, 403, O, L | | | | |
| 28:18-29:12 | R, 403 | | | | |
| 29:13-24 | R, 403 | | | | |
| 29:22-32:6 | R, 403 | | | | |
| 32:21-25 | R, 403 | | | | |
| 33:4-34:9 | R, 403 | | | | |
| 34:10-23 | R, 403 | | | | |
| 34:24-35:23 | R, 403 | | | | |
| 36:8-21 | R, 403, O | | | | |
| 37:5-19 | R, 403, O | | | | |

Amgen Inc. et al. v. Sanofi/Regeneron et al.
C.A. No. 14-1317 (RGA)

# Deponent:  Papadopoulus, Nicholas

CONFIDENTIAL

Date of Deposition:  September 10, 2015

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 37:20-25 | R, 403, O | | | | |
| 38:2-2 | R, 403, O | | | | |
| 38:2-4 | R, 403, O | | | | |
| 38:9-15 | R, 403, O | | | | |
| 39:3-8 | R, 403, O | | | | |
| 39:19-25 | R, 403, O | | | | |
| 40:3-11 | R, 403, O | | | | |
| 41:25-25 | R, 403, O | | | | |
| 42:2-16 | R, 403, O | | | | |
| 42:19-21 | R, 403, O | | | | |
| 43:11-17 | R, 403, O | | | | |
| 43:20-24 | R, 403, O, unanswered question | | | | |
| 44:6-9 | R, 403, O | | | | |
| 44:12-45:6 | R, 403, O | | | | |
| 45:9-13 | R, 403, O | | | | |
| 45:9-13 | R, 403, O | | | | |
| 45:9-13 | R, 403, O | | | | |
| 45:16-16 | R, 403, O | | | | |
| 45:16-21 | R, 403, O | | | | |
| 45:24-46:5 | R, 403, O | | | | |
| 45:24-46:8 | R, 403, O | | | | |
| 46:11-20 | R, 403, O | | | | |
| 48:4-49:12 | R, 403, O | | | | |
| 49:13-25 | R, 403, O | | | | |
| 50:2-2 | R, 403, O | | | | |
| 50:15-22 | R, 403, O | | | | |
| 50:24-51:6 | R, 403, O | 51:7-13 | 401-403 | | |
| 51:17-25 | R, 403 | | | | |
| 52:2-19 | R, 403 | | | | |
| 52:20-20 | R, 403, O, L | | | | |
| 52:24-25 | R, 403, O, L | | | | |
| 53:2-6 | R, 403, O, L | | | | |
| 53:10-14 | R, 403, O, L | | | | |
| 53:18-22 | R, 403, O, L | | | | |
| 54:2-7 | R, 403, O, L | | | | |
| 55:15-20 | R, 403, O, L | | | | |
| 55:24-25 | R, 403, O, L | | | | |
| 56:2-2 | R, 403, O, L | | | | |
| 56:3-12 | R, 403, O, L | 57:2-10; 57:13-22 | 401-403 | | |
| 57:23-58:4 | R, 403, O, L | | | | |
| 58:8-25 | R, 403, O, L | | | | |
| 59:2-22 | R, 403, O, L | | | | |

Amgen Inc. et al. v. Sanofi/Regeneron et al.
C.A. No. 14-1317 (RGA)

# Deponent:  Papadopoulus, Nicholas

CONFIDENTIAL

Date of Deposition:  September 10, 2015

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 59:25-60:7 | R, 403, O, L | | | | |
| 60:10-18 | R, 403, O, L | | | | |
| 60:21-25 | R, 403, O, L | | | | |
| 61:2-3 | R, 403, O, L | | | | |
| 61:13-18 | R, 403, O, L | | | | |
| 61:21-25 | R, 403, O, L | | | | |
| 62:2-2 | R, 403, O, L | | | | |
| 66:22-68:24 | I, question not designated | 65:4-6; 65:10-14; 65:16-66:21 | 401-403 | | |
| 69:18-25 | | | | | |
| 70:2-71:1 | | | | | |
| 71:2-8 | | | | | |
| 71:9-9 | | | | | |
| 71:10-14 | | | | | |
| 71:11-11 | | | | | |
| 71:15-19 | | | | | |
| 71:20-72:5 | | | | | |
| 75:9-9 | | | | | |
| 75:10-25 | | | | | |
| 76:2-3 | | | | | |
| 76:4-77:12 | | | | | |
| 77:15-25 | | | | | |
| 78:2-7 | | | | | |
| 78:8-10 | | | | | |
| 78:13-22 | | | | | |
| 78:23-79:7 | R, 403, O, L | | | | |
| 79:10-16 | R, 403, O, L | | | | |
| 79:19-24 | R, 403, O, L | | | | |
| 80:3-3 | R, 403, O, L | | | | |
| 80:4-9 | | | | | |
| 80:13-22 | | | | | |
| 80:25-25 | | | | | |
| 81:3-8 | | | | | |
| 81:11-13 | | | | | |
| 81:11-21 | | | | | |
| 81:24-24 | | | | | |
| 81:24-25 | | | | | |
| 81:24-24 | | | | | |
| 82:20-25 | | | | | |
| 83:2-21 | R | | | | |
| 84:15-86:5 | R, I, question not designated | | | | |

Amgen Inc. et al. v. Sanofi/Regeneron et al.
C.A. No. 14-1317 (RGA)

# Deponent:  Papadopoulus, Nicholas

CONFIDENTIAL

Date of Deposition:  September 10, 2015

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 85:20-25 | I, question not designated | | | | |
| 86:2-5 | I, question not designated | | | | |
| 88:3-18 | R, 403 | 88:19-91:22; 91:23-92:6; 92:9-94:4, 94:7-10 | 401-403 | | |
| 88:19-19 | R, 403 | 88:19-91:22; 91:23-92:6; 92:9-94:4, 94:7-10 | 401-403 | | |
| 100:20-101:12 | R, 403 | | | | |
| 102:22-103:8 | R | | | | |
| 103:12-104:19 | R, 403, S | 104:23-105:12 | 401-403 | 105:13-18 | |
| 105:19-21 | R | | | | |
| 105:22-106:17 | R | | | | |
| 106:20-107:6 | R | | | | |
| 107:9-17 | R | | | | |
| 107:20-23 | R | | | | |
| 108:2-7 | R | | | | |
| 108:10-25 | R | | | | |
| 109:2-4 | R | | | | |
| 109:7-12 | R | | | | |
| 109:15-16 | R | | | | |
| 109:19-19 | R | | | | |
| 109:22-110:14 | R | | | | |
| 110:15-111:15 | R | | | | |
| 111:18-25 | R | | | | |
| 112:4-16 | R | | | | |
| 112:19-20 | R | | | | |
| 112:24-113:25 | R, S | | | | |
| 114:4-7 | R, S | | | | |
| 114:11-14 | R, S | | | | |
| 114:17-20 | R, S | | | | |
| 114:23-25 | R, S | | | | |
| 115:2-2 | R, S | | | | |
| 115:5-7 | R, S | | | | |
| 115:10-17 | R, S | | | | |
| 115:20-116:22 | R, S | | | | |
| 121:10-25 | | | | | |
| 122:2-5 | | | | | |
| 122:8-123:5 | | | | | |
| 123:6-24 | | | | | |
| 124:4-20 | | | | | |
| 124:23-23 | | | | | |
| 124:23-125:23 | | | | | |

| Amgen Inc. et al. v. Sanofi/Regeneron et al. | | | | | |
| --- | --- | --- | --- | --- | --- |
| C.A. No. 14-1317 (RGA) | | | | | |
| **Deponent:  Papadopoulus, Nicholas** | | | | | |
| CONFIDENTIAL | | | | | |
| Date of Deposition:  September 10, 2015 | | | | | |
| **Plaintiff's Designation (Page:Line)** [YELLOW] | **Defendant's Objection (FRE)** | **Defendant's Counter-Designations (Page:Line)** [ORANGE] | **Plaintiff's Objections to Counter-Designations (FRE)** | **Plaintiff's Counter-Counter Designations (Page:Line)** [GREEN] | **Defendants Objections to Plaintiff's Counter-Counter Designations (FRE)** |
| 127:3-7 | R, 403, S | | | | |
| 127:10-22 | R, 403, S | | | | |
| 127:23-25 | | | | | |
| 128:2-5 | | | | | |
| 128:15-129:20 | R, 403 | | | | |
| 129:21-130:14 | R, 403 | | | | |
| 131:17-22 | R, 403 | | | | |
| 131:25-133:18 | R, 403 | | | | |
| 133:22-24 | R, 403 | | | | |
| 133:25-134:5 | R, 403 | | | | |
| 134:19-22 | R, 403 | | | | |
| 134:25-135:10 | R, 403 | | | | |
| 136:8-15 | | | | | |
| 136:18-25 | | | | | |
| 137:2-6 | | | | | |
| 137:9-16 | | | | | |
| 137:19-20 | | | | | |
| 137:21-138:2 | R, 403, L | | | | |
| 138:5-139:19 | R | | | | |
| 139:22-140:8 | R | | | | |
| 140:11-17 | R | | | | |
| 140:20-25 | | | | | |
| 141:2-6 | | | | | |
| 141:7-142:2 | | | | | |
| 151:4-10 | | | | | |
| 151:11-13 | | | | | |
| 151:21-152:2 | | | | | |
| 153:21-24 | | | | | |
| 153:25-154:2 | I | | | | |
| 158:3-8 | R | | | | |
| 158:11-15 | R | | | | |
| 158:18-20 | R | | | | |
| 158:23-159:4 | R | | | | |
| 159:7-14 | R | | | | |
| 159:17-160:7 | R | | | | |
| 160:10-14 | | | | | |
| 160:17-161:17 | | | | | |
| 161:20-23 | | | | | |
| 162:5-14 | | | | | |
| 162:18-163:17 | | | | | |
| 163:20-20 | | | | | |
| 170:23-171:4 | R, FN | 175:6-10; 175:14-19 | 401-403 | | |
| 171:8-8 | R, SC | | | | |

Amgen Inc. et al. v. Sanofi/Regeneron et al.
C.A. No. 14-1317 (RGA)

# Deponent:  Papadopoulus, Nicholas

CONFIDENTIAL

Date of Deposition:  September 10, 2015

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 171:8-20 | R, SC | | | | |
| 171:23-24 | R, SC | | | | |
| 172:3-9 | R, SC | | | | |
| 172:11-13 | R, SC | | | | |
| 172:16-21 | R, SC | | | | |
| 172:25-25 | R, SC | | | | |
| 173:4-12 | R, SC | | | | |
| 173:14-14 | R, SC | | | | |
| 173:17-19 | R, SC | | | | |
| 174:22-25 | R, FN | 175:6-10; 175:14-19 | 401-403 | | |
| 175:4-5 | R, FN | 175:6-10; 175:14-19 | 401-403 | | |
| 176:2-11 | | | | | |
| 176:15-177:9 | | | | | |
| 177:10-22 | | | | | |
| 178:23-179:8 | | | | | |
| 179:9-15 | | | | | |
| 179:18-25 | | | | | |
| 180:2-3 | | | | | |
| 181:3-8 | | | | | |
| 181:17-22 | | | | | |
| 181:25-25 | | | | | |
| 182:2-23 | | | | | |
| 183:2-3 | | | | | |
| 183:4-11 | | | | | |
| 184:2-16 | | | | | |
| 184:24-185:25 | | | | | |
| 186:2-25 | | | | | |
| 187:2-3 | | | | | |
| 187:6-25 | | | | | |
| 188:2-15 | | | | | |
| 188:18-23 | | | | | |
| 188:24-25 | | | | | |
| 189:2-7 | | | | | |
| 189:10-14 | | | | | |
| 189:17-23 | | | | | |
| 190:2-3 | | | | | |
| 190:4-8 | | | | | |
| 190:10-14 | | | | | |
| 190:18-191:2 | | | | | |
| 191:5-5 | | | | | |
| 192:2-193:14 | | | | | |
| 193:15-16 | | | | | |
| 193:19-23 | | | | | |

Amgen Inc. et al. v. Sanofi/Regeneron et al.
C.A. No. 14-1317 (RGA)

# Deponent:  Papadopoulus, Nicholas

CONFIDENTIAL

Date of Deposition:  September 10, 2015

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 193:25-25 | | | | | |
| 194:4-195:5 | | | | | |
| 195:10-25 | | | | | |
| 196:6-18 | | | | | |
| 197:9-16 | | | | | |
| 197:19-23 | | | | | |
| 198:3-3 | | | | | |
| 199:18-200:6 | | | | | |
| 200:7-25 | | | | | |
| 201:2-25 | | | | | |
| 202:2-5 | | | | | |
| 202:9-25 | | | | | |
| 203:7-12 | R, 403 | | | | |
| 203:16-204:2 | R, 403 | | | | |
| 204:3-25 | R, 403 | | | | |
| 205:2-10 | R, 403 | | | | |
| 205:11-19 | R, 403 | | | | |
| 206:15-23 | R, 403 | | | | |
| 207:3-5 | R, 403 | | | | |
| 207:14-18 | R, 403 | | | | |
| 207:14-18 | R, 403 | | | | |
| 207:21-208:5 | R, 403 | | | | |
| 208:6-11 | R, 403 | | | | |
| 208:14-17 | R, 403 | | | | |
| 208:19-23 | R, 403 | | | | |
| 209:7-12 | R, 403 | 209:13-17; 209:20 | 401-403 | 210:15-24 | Improper counter-counter designation, R, 403 |
| 209:21-210:10 | R, 403, S | | | | |
| 210:13-14 | R, 403, S | | | | |
| 210:25-211:14 | R, 403, S | 211:15-20 | 401-403 | 210:15-24 | Improper counter-counter designation, R, 403 |
| 211:21-212:2 | R, 403 | | | | |
| 212:3-7 | R, 403 | | | | |
| 212:20-25 | R, 403 | | | | |
| 213:2-2 | R, 403 | | | | |
| 213:3-15 | R, 403 | | | | |
| 214:24-25 | R, 403 | | | | |
| 215:2-12 | R, 403 | | | | |
| 215:19-25 | R, 403 | | | | |

Amgen Inc. et al. v. Sanofi/Regeneron et al.
C.A. No. 14-1317 (RGA)

# Deponent:  Papadopoulus, Nicholas
CONFIDENTIAL
Date of Deposition:  September 10, 2015

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 216:2-6 | R, 403 | | | | |
| 216:7-19 | R, 403 | | | | |
| 217:3-218:12 | R, 403 | | | | |
| 218:15-15 | R, 403 | | | | |
| 219:4-9 | R, 403 | | | | |
| 219:13-19 | R, 403 | | | | |
| 220:13-25 | R, 403 | | | | |
| 220:25-25 | R, 403 | | | | |
| 221:2-19 | R, 403 | | | | |
| 221:22-23 | R, 403 | | | | |
| 221:24-222:20 | R, 403 | | | | |
| 223:8-15 | R, 403 | | | | |
| 223:18-25 | R, 403 | | | | |
| 224:2-5 | R, 403 | | | | |
| 224:8-13 | R, 403 | | | | |
| 224:17-24 | R, 403 | | | | |
| 228:4-25 | R, 403 | | | | |
| 229:2-10 | R, 403 | | | | |
| 229:14-15 | R, 403 | | | | |
| 229:24-25 | R, 403 | | | | |
| 230:2-2 | R, 403 | | | | |
| 230:5-16 | R, 403 | | | | |
| 231:23-232:8 | R, 403 | | | | |
| 232:13-25 | R, 403 | | | | |
| 233:2-5 | R, 403 | | | | |
| 233:12-16 | R, 403 | | | | |
| 239:18-21 | R, 403 | | | | |
| 239:24-24 | R, 403 | | | | |
| 240:9-14 | R, 403 | | | | |
| 240:17-17 | R, 403 | | | | |
| 241:3-13 | R, 403 | | | | |
| 244:3-10 | R, 403 | | | | |
| 244:12-18 | R, 403 | | | | |
| 244:22-25 | R, 403 | | | | |
| 245:2-19 | R, 403 | | | | |
| 245:22-246:2 | R, 403 | | | | |
| 246:22-247:17 | R, 403 | | | | |
| 248:10-15 | R, 403 | | | | |
| 250:11-18 | R, 403 | | | | |
| 250:23-251:9 | R, 403, I, S | 251:10-11 | 401-403 | 249:4-250:8 | Improper counter-counter designation, R, 403 |

Amgen Inc. et al. v. Sanofi/Regeneron et al.
C.A. No. 14-1317 (RGA)

# Deponent:  Papadopoulus, Nicholas
CONFIDENTIAL
Date of Deposition:  September 10, 2015

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 251:18-25 | R, 403 | | | | |
| 253:2-10 | R, 403 | | | | |
| 253:11-15 | R, 403 | | | | |
| 253:16-21 | R, 403 | | | | |
| 254:6-23 | R, 403 | | | | |
| 254:24-25 | R, 403 | | | | |
| 255:2-12 | R, 403 | | | | |
| 255:15-16 | R, 403 | | | | |
| 260:9-24 | R, 403 | | | | |
| 260:25-25 | R, 403 | | | | |
| 261:2-25 | R, 403 | | | | |
| 262:2-12 | R, 403 | | | | |
| 262:15-21 | R, 403 | | | | |
| 263:10-13 | | | | | |
| 263:14-264:17 | R, 403, L, O | | | | |
| 264:23-25 | R, 403, L, O | | | | |
| 265:2-6 | R, 403, L, O | | | | |
| 265:9-9 | R, 403, L, O | | | | |
| 265:10-25 | R, 403, L, O | | | | |
| 266:2-2 | R, 403, L, O | | | | |
| 266:5-6 | R, 403, L, O | | | | |
| 266:7-24 | R, 403, L, O | | | | |
| 267:4-7 | R, 403 | | | | |
| 268:3-16 | R, 403 | 268:17-24; 269:3-25 | 401-403 | | |
| 270:16-19 | R, 403, FN, S | | | | |
| 270:22-23 | R, 403, FN, S | 270:23-271:12 | 401-403 | | |
| 271:13-22 | R, 403, FN, S | | | | |
| 271:25-25 | R, 403, FN, S | | | | |
| 272:2-25 | R, 403, FN, S | | | | |
| 273:2-3 | R, 403 | | | | |
| 273:7-10 | R, 403 | | | | |
| 273:25-274:5 | R, 403 | | | | |
| 274:12-275:3 | R, 403 | | | | |
| 275:4-15 | R, 403 | | | | |
| 276:11-277:9 | R, 403 | | | | |
| 277:10-18 | R, 403 | | | | |
| 277:23-24 | R, 403 | | | | |
| 278:18-23 | R, 403 | | | | |
| 278:24-279:17 | R, 403 | | | | |
| 279:18-25 | R, 403, L, O | | | | |
| 280:2-11 | R, 403, L, O | | | | |
| 280:14-20 | R, 403, L, O | | | | |
| 280:21-25 | | | | | |

Amgen Inc. et al. v. Sanofi/Regeneron et al.
C.A. No. 14-1317 (RGA)

# Deponent:  Papadopoulus, Nicholas
CONFIDENTIAL
Date of Deposition:  September 10, 2015

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 281:2-3 | | | | | |
| 283:16-18 | I | 282:23-283:2; 283:5-6 | 401-403; Improper counter-designation (no objection indicated by Defendants) | 281:4-21; 281:24-282:9; 282:12-13 | Improper counter-counter designation, R |
| 283:21-25 | I | 282:23-283:2; 283:5-6 | 401-403; Improper counter-designation (no objection indicated by Defendants) | 281:4-21; 281:24-282:9; 282:12-13 | Improper counter-counter designation, R |
| 284:7-7 | I | 282:23-283:2; 283:5-6 | 401-403; Improper counter-designation (no objection indicated by Defendants) | 281:4-21; 281:24-282:9; 282:12-13 | Improper counter-counter designation, R |
| 284:25-285:10 | R, 403, L, SC, O | | | | |
| 285:11-21 | R, 403, L, SC, O | | | | |
| 285:22-22 | R, 403, L, SC | | | | |
| 285:22-286:2 | R, 403, L, SC | | | | |
| 286:3-10 | R, 403, L, SC | | | | |
| 286:13-25 | R, 403, L, SC | | | | |
| 287:2-2 | R, 403, L, SC | | | | |
| 292:15-25 | | | | | |
| 293:2-6 | | | | | |
| 293:14-20 | R, 403 | | | | |
| 293:21-294:7 | | | | | |
| 295:15-296:16 | R, 403 | | | | |
| 304:22-306:25 | | | | | |
| 307:2-5 | | | | | |
| 307:6-14 | R, 403 | | | | |
| 307:18-23 | R, 403 | | | | |
| 308:2-9 | R, 403 | | | | |
| 309:10-22 | R, 403 | | | | |
| 313:24-315:2 | I | 345:7-23 | 401-403; Improper counter-designation (no objection indicated by Defendants) | 345:24-346:18 | |

Amgen Inc. et al. v. Sanofi/Regeneron et al.
C.A. No. 14-1317 (RGA)

# Deponent:  Papadopoulus, Nicholas
CONFIDENTIAL
Date of Deposition:  September 10, 2015

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 315:3-23 | I | 345:7-23 | 401-403; Improper counter-designation (no objection indicated by Defendants) | 345:24-346:18 | |
| 317:12-25 | | | | | |
| 318:9-319:10 | R, 403 | | | | |
| 320:8-19 | R, 403 | | | | |
| 321:3-16 | R, 403 | | | | |
| 323:6-18 | R, 403 | | | | |
| 323:21-21 | R, 403 | | | | |
| 323:22-324:3 | R, 403 | | | | |
| 324:7-8 | R, 403 | | | | |
| 325:25-326:6 | R, 403 | | | | |
| 326:9-9 | R, 403 | | | | |
| 326:14-22 | R, 403 | | | | |
| 329:13-22 | R, 403 | | | | |
| 329:24-330:2 | R, 403 | | | | |
| 330:6-331:3 | R, 403 | | | | |
| 331:4-332:10 | R, 403 | | | | |
| 332:11-333:15 | R, 403 | | | | |
| 333:16-334:21 | R, 403 | | | | |
| 334:22-336:12 | R, 403 | | | | |
| 336:13-337:16 | R, 403 | | | | |
| 337:18-339:11 | R, 403, FN | | | | |
| 339:25-25 | O, S, SC | | | | |
| 340:2-341:6 | O, S, SC | | | | |
| 341:10-12 | O, S, SC | | | | |
| 341:13-14 | O, S, SC | | | | |
| 341:17-19 | O, S, SC | | | | |
| 341:22-23 | O, S, SC | | | | |
| 342:2-2 | O, S, SC | | | | |
| 342:20-23 | O, S, SC | | | | |
| 343:2-2 | O, S, SC | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**

**C.A. No. 14-1317 (RGA)**

# Deponent: Papadopoulos, Nicholas

## CONFIDENTIAL

### Date of Deposition: September 26, 2018

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 9:5-7 | | | | | |
| 9:25-10:6 | | | | | |
| 11:2-6 | | | | | |
| 11:10-15 | | | | | |
| 13:4-10 | | | | | |
| 13:18-14:6 | | | | | |
| 14:12-17 | | | | | |
| 15:2-6 | FN, S | | | | |
| 15:10-22 | FN, S | | | | |
| 16:10-17 | | | | | |
| 17:3-6 | | | | | |
| 17:8-10 | | | | | |
| 19:21-20:17 | SC | | | | |
| 20:19-21:3 | SC | | | | |
| 21:4-13 | SC | | | | |
| 21:25-22:3 | SC | | | | |
| 24:4-13 | SC | | | | |
| 24:14-23 | R, SC | | | | |
| 24:25-25:16 | R, SC | | | | |
| 26:15-20 | R | | | | |
| 26:23-25 | R | | | | |
| 27:1-8 | R, SC | | | | |
| 27:11-17 | R, SC | | | | |
| 28:1-2 | R, SC, S | | | | |
| 28:4-6 | R, SC, S | | | | |
| 28:11-12 | R, SC, S | | | | |
| 28:14-17 | R, SC, S | | | | |
| 30:6-11 | SC | | | | |
| 30:14-20 | SC | | | | |
| 30:22-25 | SC | | | | |
| 31:2-4 | SC | | | | |
| 31:15-19 | SC | | | | |
| 31:22-24 | SC | | | | |
| 31:25-32:2 | SC | | | | |
| 32:22-33:9 | SC | | | | |
| 33:12-18 | SC | | | | |
| 33:19-21 | | | | | |
| 33:22-34:3 | | | | | |
| 34:5-13 | SC | | | | |
| 34:14-18 | SC | | | | |
| 34:19-21 | SC | | | | |
| 34:23-35:10 | SC | | | | |
| 43:10-13 | R, SC | | | | |
| 43:15-18 | R, SC | | | | |

Amgen Inc. et al. v. Sanofi/Regeneron et al.

C.A. No. 14-1317 (RGA)

# Deponent:  Papadopoulos, Nicholas

CONFIDENTIAL

Date of Deposition: September 26, 2018

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 44:2-4 | R, SC | | | | |
| 44:7-10 | R, SC | | | | |
| 45:4-11 | R, SC | | | | |
| 45:13-16 | R, SC | | | | |
| 46:24-47:6 | R, SC | | | | |
| 48:19-49:4 | R | | | | |
| 49:7-15 | R | | | | |
| 49:18-50:3 | R | | | | |
| 50:6-13 | R, SC | | | | |
| 51:8-19 | R, SC | | | | |
| 52:11-24 | R, S | | | | |
| 56:17-22 | | | | | |
| 57:3-6 | SC, S | | | | |
| 57:8-12 | SC, S | | | | |
| 57:14-23 | SC, S | | | | |
| 59:5-8 | SC, S | | | | |
| 59:11-14 | SC, S | | | | |
| 60:13-19 | SC | | | | |
| 60:21-61:6 | SC, S | | | | |
| 61:8-24 | SC, S | | | | |
| 62:1-8 | | | | | |
| 62:10-17 | V | | | | |
| 62:20-25 | V | | | | |
| 63:4-11 | | | | | |
| 63:21-64:10 | | | | | |
| 64:11-25 | | | | | |
| 65:3-16 | | | | | |
| 65:17-66:10 | | | | | |
| 66:12-15 | | | | | |
| 67:18-68:12 | | | | | |
| 69:25-70:15 | | | | | |
| 70:16-71:5 | | | | | |
| 75:2-7 | R, 403, SC, S | | | | |
| 75:9-17 | R, 403, SC | | | | |
| 75:21-76:3 | R, 403, SC | | | | |
| 76:5-12 | R, 403, SC | | | | |
| 76:14-15 | R, 403, SC | | | | |
| 77:15-20 | | | | | |
| 78:13-20 | I | 78:21-79:3 | 401-403; Improper counter-designation (Defendant made no objection) | | |
| 79:4-7 | | | | | |

Amgen Inc. et al. v. Sanofi/Regeneron et al.

C.A. No. 14-1317 (RGA)

# Deponent:  Papadopoulos, Nicholas

## CONFIDENTIAL

### Date of Deposition: September 26, 2018

| Plaintiff's Designation (Page:Line)  [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line)  [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line)  [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 79:23-81:4 | R, 403, SC | | | | |
| 81:5-7 | R, 403, SC | | | | |
| 81:9-11 | R, 403, SC | | | | |
| 82:17-83:2 | R, FN | | | | |
| 83:4-8 | R, FN | 83:9-13; 83:16-23 | 401-403 | | |
| 83:24-84:10 | R, FN | | | | |
| 84:14-16 | R, ARG, FN | | | | |
| 84:25-85:2 | R, FN | | | | |
| 85:3-13 | | | | | |
| 85:15-16 | | | | | |
| 85:17-23 | R, SC | | | | |
| 86:3-5 | R, SC | | | | |
| 86:7-16 | R, SC | | | | |
| 87:4-21 | R, SC | | | | |
| 88:4-7 | R, SC | | | | |
| 88:9-14 | R, SC | | | | |
| 88:16-89:1 | R, SC | | | | |
| 92:5-7 | | | | | |
| 92:9-25 | | | | | |
| 93:24-94:3 | | | | | |
| 96:24-97:12 | R, SC | | | | |
| 97:14-15 | R, SC | | | | |
| 98:21-99:9 | R, SC | | | | |
| 99:10-14 | R, FN, SC | | | | |
| 100:17-101:4 | R, FN, SC | | | | |
| 101:20-102:4 | R, FN, SC | | | | |
| 102:7-21 | R, FN, SC | | | | |
| 102:24-103:15 | R, FN, SC | | | | |
| 103:18-21 | R, FN, SC | 103:22-24; 104:2-7; 104:12-14 | 401-403 | 104:15-17; 104:20-105:8;107:2-6 | R, FN, SC, I |
| 109:17-110:4 | R, SC | 110:5-8; 110:10 | 401-403 | | |
| 114:12-16 | FN | | | | |
| 114:20-115:5 | FN | | | | |
| 115:10-12 | FN | | | | |
| 120:15-18 | FN | 120:22-25 | 401-403 | | |
| 121:1-3 | FN | | | | |
| 121:5-7 | FN | | | | |
| 123:22-124:19 | | | | | |
| 124:20-24 | | | | | |
| 125:1-2 | | | | | |
| 125:3-5 | | | | | |
| 126:9-23 | | | | | |
| 126:25-127:2 | | | | | |
| 127:5-12 | | | | | |

Amgen Inc. et al. v. Sanofi/Regeneron et al.

**C.A. No. 14-1317 (RGA)**

# Deponent: Papadopoulos, Nicholas

**CONFIDENTIAL**

Date of Deposition: September 26, 2018

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 130:18-21 | | | | | |
| 131:1-7 | | | | | |
| 131:1-7 | | | | | |
| 131:9-20 | | | | | |
| 131:22-132:9 | | | | | |
| 132:11-21 | | | | | |
| 136:6-137:8 | R, 403 | | | | |
| 137:12-16 | | | | | |
| 138:11-18 | SC | | | | |
| 138:20-21 | SC | | | | |
| 138:22-139:11 | | | | | |
| 139:14-140:8 | | | | | |
| 140:11-12 | | | | | |
| 140:13-141:11 | | | | | |
| 141:11-15 | | | | | |
| 141:17-22 | | | | | |
| 141:24-142:18 | | | | | |
| 142:20-143:11 | | | | | |
| 143:17-144:20 | | | | | |
| 145:4-15 | | | | | |
| 145:18-21 | R, 403 | | | | |
| 145:25-146:6 | R, 403 | | | | |
| 146:8-25 | R, 403 | | | | |
| 147:2-148:7 | R, 403 | | | | |
| 150:11-18 | R, 403 | | | | |
| 151:1-5 | R, 403 | | | | |
| 151:6-152:20 | R, 403 | | | | |
| 152:21-153:4 | R, 403 | | | | |
| 153:9-154:3 | R, 403 | | | | |
| 154:5-11 | R, 403 | | | | |
| 154:14-20 | R, 403 | | | | |
| 155:2-11 | R, 403 | | | | |
| 155:23-156:3 | R, 403, S | | | | |
| 156:5-16 | R, 403, S | | | | |
| 156:18-157:2 | R, 403, S | | | | |
| 157:5-19 | R, 403 | | | | |
| 157:21-158:13 | R, 403 | | | | |
| 158:22-23 | R, 403, S | | | | |
| 158:25-159:11 | R, 403, S | | | | |
| 159:13-15 | R, 403, S | | | | |
| 162:13-163:10 | R, 403 | | | | |
| 163:14-164:7 | R, 403 | | | | |
| 164:8-165:2 | R, 403, S | | | | |
| 165:5-5 | R, 403, S | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**

**C.A. No. 14-1317 (RGA)**

# Deponent: Papadopoulos, Nicholas

### CONFIDENTIAL

### Date of Deposition: September 26, 2018

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 165:16-166:4 | R, 403 | | | | |
| 166:6-8 | R, 403 | | | | |
| 166:15-17 | R, 403 | | | | |
| 166:20-167:5 | R, 403, S | | | | |
| 167:6-168:2 | R, 403 | | | | |
| 168:5-12 | R, 403 | | | | |
| 168:14-21 | R, 403 | | | | |
| 168:24-169:7 | R, 403 | | | | |
| 169:9-11 | R, 403 | | | | |
| 169:12-14 | R, 403 | | | | |
| 169:15-20 | R, 403 | | | | |
| 169:22-170:13 | R, 403 | | | | |
| 170:17-171:1 | R, 403 | | | | |
| 171:6-11 | R, 403, FN | 171:15-172:10 | 401-403 | 173:14-17 | Improper counter-counter designation |
| 172:18-22 | R, 403 | | | | |
| 172:24-173:11 | R, 403, FN, S | | | | |
| 173:18-24 | R, 403, FN | | | | |
| 174:3-10 | R, 403, FN | | | | |
| 174:12-18 | R, 403, FN | | | | |
| 174:20-175:1 | R, 403, FN | | | | |
| 175:2-24 | R, 403, FN | | | | |
| 175:25-176:4 | R, 403 | | | | |
| 176:19-23 | R, 403, FN | 177:2-5 | 401-403 | | |
| 177:6-10 | R, 403, FN | 177:11-178:7 | 401-403 | | |
| 178:8-14 | R, 403, FN | | | | |
| 185:10-186:5 | R, 403, L, O | 186:23-187:2; 187:18-23; 192:7-10; 192:13-20; 192:24-193:1 | 401-403 | | |
| 186:6-13 | R, 403, L, O | 186:23-187:2; 187:18-23; 192:7-10; 192:13-20; 192:24-193:1 | 401-403 | | |
| 186:14-18 | R, 403, L, O | 186:23-187:2; 187:18-23; 192:7-10; 192:13-20; 192:24-193:1 | 401-403 | | |
| 186:20-22 | R, 403, L, O | 186:23-187:2; 187:18-23; 192:7-10; 192:13-20; 192:24-193:1 | 401-403 | | |
| 189:10-18 | R, 403 | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**

**C.A. No. 14-1317 (RGA)**

# Deponent:  Papadopoulos, Nicholas

**CONFIDENTIAL**

**Date of Deposition: September 26, 2018**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 189:20-24 | R, 403 | | | | |
| 194:23-195:3 | R, 403 | | | | |

Amgen Inc. et al. v. Sanofi/Regeneron et al.
C.A. No. 14-1317 (RGA)

# Testifying Witness:  Ravetch, Jeffrey

Date of Testimony: Jury Trial, March 9, 2016

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 368:13-14 | 403, R | 368:15-18 | 401-403 | | |
| 369:12-16 | 403, R | | | | |
| 369:21-372:21 | 403, R | | | | |
| 372:22-374:6 | 403, R | 374:8-24; 376:25-378:23; 379:8-380:3; 399:8-400:3 | 401-403, incomplete | 400:4-13; 478:5-11; 481:22-482:18; 462:20-463:18; 472:5-19; 473:7-474:1 | Improper counter-counter designation, R, 403 |
| 401:23-402:4 | I, 403, R | 400:14-401:22; 402:5-409:3; 417:22-418:12 | 401-403 | 478:5-11; 481:22-482:18; 462:20-463:18; 472:5-19; 473:7-474:1; 476:2-17; 477:11-18 | Improper counter-counter designation, R, 403 |
| 409:4-11 | I, 403, R | 409:12-17 | 401-403 | | |
| 409:18-416:10 | I, 403, R | 416:11-417:21 | 401-403 | | |
| 440:11-22 | I, 403, R | 427:23-440:10 | 401-403 | 462:20-463:18; 472:5-19; 473:7-474:1 | Improper counter-counter designation, R, 403 |
| 441:16-442:3 | I, 403, R | 440:23-441:15 | 401-403 | 462:20-463:18; 472:5-19; 473:7-474:1 | Improper counter-counter designation, R, 403 |
| 442:4-443:11 | I, 403, R | 443:12-21 | 401-403 | 462:20-463:18; 472:5-19; 473:7-474:1 | Improper counter-counter designation, R, 403 |
| 443:24-444:23 | I, 403, R | 444:24-445:1 | 401-403 | 462:20-463:18; 472:5-19; 473:7-474:1 | Improper counter-counter designation, R, 403 |
| 445:2-447:1 | I, 403, R | 447:2-454:6 | 401-403 | 462:20-463:18; 472:5-19; 473:7-474:1 | Improper counter-counter designation, R, 403 |
| 454:7-17 | I, 403, R | 454:18-455:18 | 401-403 | 476:2-17; 477:11-18 | R, 403 |
| 455:19-456:2 | I, 403, R | 456:2-457:9 | 401-403 | 476:2-17; 477:11-18 | R, 403 |

| | | | | | |
|---|---|---|---|---|---|
| **Amgen Inc. et al. v. Sanofi/Regeneron et al.**<br>**C.A. No. 14-1317 (RGA)**<br><br>**Testifying Witness:  Ravetch, Jeffrey**<br><br>**Date of Testimony: Jury Trial, March 9, 2016** | | | | | |
| **Plaintiff's Designation (Page:Line)**<br><br>**[YELLOW]** | **Defendant's Objection (FRE)** | **Defendant's Counter-Designations (Page:Line)**<br><br>**[ORANGE]** | **Plaintiff's Objections to Counter-Designations (FRE)** | **Plaintiff's Counter-Counter Designations (Page:Line)**<br><br>**[GREEN]** | **Defendants Objections to Plaintiff's Counter-Counter Designations (FRE)** |
| 468:4-19 | I, 403, R | 467:15-468:4 | 401-403 | 478:5-11; 481:22-482:18 | Improper counter-counter designation, R, 403 |
| 482:24-484:17 | I, 403, R | 484:18-485:7 | 401-403 | 478:5-11; 481:22-482:18 | Improper counter-counter designation, R, 403 |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Rebiere, Ophra
**CONFIDENTIAL**
**Date of Deposition: September 30, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 12:23-13:5 | | | | | | |
| 14:2-25 | | | | | | |
| 15:2-2 | | | | | | |
| 23:6-9 | | | | | | |
| 23:18-20 | | | | | | |
| 23:21-25:4 | | | | | | |
| 25:7-21 | | | | | | |
| 25:24-28:7 | | | | | | |
| 28:11-15 | | | | | | |
| 28:18-21 | | | | | | |
| 29:5-8 | | | | | | |
| 29:13-30:6 | | | | | | |
| 30:16-32:11 | | | | | | |
| 32:12-17 | | | | | | |
| 32:18-33:3 | | | | | | |
| 33:6-34:15 | | | | | | |
| 37:4-38:19 | | | | | | |
| 41:8-42:11 | | | | | | |
| 42:16-44:20 | | | | | | |
| 45:4-46:6 | | | | | | |
| 46:9-14 | | | | | | |
| 46:15-47:3 | | | | | | |
| 48:23-49:20 | | | | | | |
| 50:23-51:11 | | | | | | |
| 51:17-52:14 | | | | | | |
| 52:15-21 | | | | | | |
| 53:24-54:24 | | | | | | |
| 55:3-13 | | | | | | |
| 55:18-20 | | | | | | |
| 66:10-21 | | | | | | |
| 67:15-20 | | | | | | |
| 68:13-16 | | | | | | |
| 75:6-11 | | | | | | |
| 75:13-16 | | | | | | |
| 75:18-76:12 | | | | | | |
| 85:4-7 | | | | | | |
| 87:3-88:3 | | | | | | |
| 93:8-12 | | | | | | |
| 93:24-94:12 | | | | | | |
| 94:17-19 | | | | | | |
| 95:11-14 | | | | | | |
| 95:22-23 | | | | | | |
| 96:9-97:22 | | | | | | |
| 97:23-98:7 | | | | | | |
| 98:19-99:5 | | | | | | |
| 99:8-10 | | | | | | |
| 99:11-14 | | | | | | |
| 99:15-17 | | | | | | |
| 99:18-20 | | | | | | |
| 99:24-24 | | | | | | |
| 100:9-15 | | | | | | |
| 100:17-17 | | | | | | |
| 102:14-21 | | | | | | |
| 104:6-14 | | | | | | |
| 104:17-105:9 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Rebiere, Ophra
CONFIDENTIAL
Date of Deposition: September 30, 2015

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 105:12-17 | | | | | | |
| 105:18-21 | | | | | | |
| 106:3-7 | | | | | | |
| 106:8-12 | | | | | | |
| 107:4-14 | | | | | | |
| 110:18-111:4 | | | | | | |
| 116:20-25 | | | | | | |
| 117:2-2 | | | | | | |
| 117:5-25 | | | | | | |
| 118:2-19 | | | | | | |
| 118:22-25 | | | | | | |
| 119:6-17 | | | | | | |
| 128:21-24 | | | | | | |
| 129:10-14 | | | | | | |
| 129:15-130:17 | | | | | | |
| 130:19-131:8 | | | | | | |
| 131:11-19 | | | | | | |
| 131:23-132:3 | | | | | | |
| 132:6-8 | | | | | | |
| 132:11-17 | | | | | | |
| 132:23-25 | | | | | | |
| 133:4-8 | | | | | | |
| 133:11-19 | | | | | | |
| 133:25-25 | | | | | | |
| 134:2-8 | | | | | | |
| 134:9-10 | | | | | | |
| 134:24-135:2 | | | | | | |
| 135:5-18 | | | | | | |
| 135:21-136:12 | | | | | | |
| 141:14-142:15 | | | | | | |
| 163:7-15 | | | | | | |
| 164:3-16 | | | | | | |
| 164:19-19 | | | | | | |
| 164:22-165:4 | | | | | | |
| 165:19-25 | | | | | | |
| 166:3-7 | | | | | | |
| 166:13-15 | | | | | | |
| 166:17-167:3 | | | | | | |
| 167:6-19 | | | | | | |
| 172:24-25 | | | | | | |
| 173:8-174:4 | | | | | | |
| 174:7-175:3 | | | | | | |
| 175:4-6 | | | | | | |
| 175:21-176:6 | | | | | | |
| 180:6-19 | | | | | | |
| 180:23-181:2 | | | | | | |
| 181:6-8 | | | | | | |
| 181:11-14 | | | | | | |
| 184:22-185:3 | | | | | | |
| 225:11-16 | | | | | | |
| 225:20-24 | | | | | | |
| 226:3-6 | | | | | | |
| 226:9-14 | | | | | | |
| 232:11-16 | | | | | | |
| 239:16-18 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Rebiere, Ophra
CONFIDENTIAL
Date of Deposition: September 30, 2015

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 239:21-25 | | | | | | |
| 240:2-8 | | | | | | |
| 254:22-24 | | | | | | |
| 256:15-24 | | | | | | |
| 258:6-13 | | | | | | |
| 258:18-259:4 | | | | | | |
| 260:23-25 | | | | | | |
| 261:2-2 | | | | | | |
| 263:19-21 | | | | | | |
| 263:25-25 | | | | | | |
| 264:2-5 | | | | | | |
| 265:15-19 | | | | | | |
| 266:4-13 | | | | | | |
| 267:4-11 | | | | | | |
| 267:16-16 | | | | | | |
| 268:10-20 | | | | | | |
| 268:25-269:5 | | | | | | |
| 269:6-12 | | | | | | |
| 269:17-17 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Reinertsen, Kerry

**CONFIDENTIAL**
**Date of Deposition:  October 2, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 8:9-11 | | | | | | |
| 10:1-5 | | | | | | |
| 10:12-14 | | | | | | |
| 10:17-21 | | | | | | |
| 12:19-13:6 | | | | | | |
| 13:7-9 | | | | | | |
| 13:17-15:21 | | | | | | |
| 15:22-16:24 | | | | | | |
| 17:5-9 | | | | | | |
| 17:17-19:15 | | | | | | |
| 19:16-21:10 | | | | | | |
| 23:5-16 | | | | | | |
| 30:14-16 | | | | | | |
| 30:19-19 | | | | | | |
| 32:24-24 | | | | | | |
| 32:25-33:18 | | | | | | |
| 34:19-25 | | | | | | |
| 35:5-24 | | | | | | |
| 36:2-5 | | | | | | |
| 37:9-38:25 | | | | | | |
| 40:17-20 | | | | | | |
| 40:23-41:7 | | | | | | |
| 42:12-19 | | | | | | |
| 42:22-43:2 | | | | | | |
| 43:5-12 | | | | | | |
| 43:13-19 | | | | | | |
| 44:1-48:2 | | | | | | |
| 48:9-15 | | | | | | |
| 49:5-50:18 | | | | | | |
| 51:1-19 | | | | | | |
| 57:13-25 | | | | | | |
| 58:1-13 | | | | | | |
| 58:14-14 | | | | | | |
| 61:21-62:13 | | | | | | |
| 64:9-17 | | | | | | |
| 64:24-65:21 | | | | | | |
| 66:3-25 | | | | | | |
| 70:19-71:3 | | | | | | |
| 71:11-18 | | | | | | |
| 72:6-10 | | | | | | |
| 72:22-73:10 | | | | | | |
| 85:8-23 | | | | | | |
| 86:20-87:20 | | | | | | |
| 88:9-14 | | | | | | |
| 105:14-25 | | | | | | |
| 106:1-1 | | | | | | |
| 106:10-14 | | | | | | |
| 106:17-18 | | | | | | |
| 106:21-23 | | | | | | |
| 109:5-10 | | | | | | |
| 110:8-13 | | | | | | |
| 124:15-25 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Reinertsen, Kerry
**CONFIDENTIAL**
**Date of Deposition:  October 2, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 125:1-18 | | | | | | |
| 125:21-126:1 | | | | | | |
| 126:2-4 | | | | | | |
| 126:5-10 | | | | | | |
| 126:11-13 | | | | | | |
| 126:16-17 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Ryan, Michael L.
**CONFIDENTIAL**
**Date of Deposition: September 25, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 10:9-11 | | | | | | |
| 11:12-22 | | | | | | |
| 11:24-12:22 | | | | | | |
| 12:23-13:11 | | | | | | |
| 13:11-24 | | | | | | |
| 14:2-17 | | | | | | |
| 14:18-15:21 | | | | | | |
| 15:24-16:7 | | | | | | |
| 16:8-16 | | | | | | |
| 16:17-17:17 | | | | | | |
| 17:18-25 | | | | | | |
| 18:1-7 | | | | | | |
| 18:8-15 | | | | | | |
| 18:20-19:4 | | | | | | |
| 19:5-7 | | | | | | |
| 19:9-14 | | | | | | |
| 19:16-20:21 | | | | | | |
| 21:17-24:20 | | | | | | |
| 25:15-26:17 | | | | | | |
| 28:7-24 | | | | | | |
| 29:4-8 | | | | | | |
| 29:9-20 | | | | | | |
| 29:21-30:7 | | | | | | |
| 30:8-12 | | | | | | |
| 30:14-14 | | | | | | |
| 30:16-22 | | | | | | |
| 31:5-10 | | | | | | |
| 31:19-21 | | | | | | |
| 31:22-32:1 | | | | | | |
| 32:2-10 | | | | | | |
| 32:11-16 | | | | | | |
| 32:17-19 | | | | | | |
| 32:20-33:2 | | | | | | |
| 33:4-14 | | | | | | |
| 33:25-34:11 | | | | | | |
| 34:12-16 | | | | | | |
| 34:17-22 | | | | | | |
| 34:24-35:2 | | | | | | |
| 35:4-22 | | | | | | |
| 35:23-36:6 | | | | | | |
| 36:7-12 | | | | | | |
| 36:18-21 | | | | | | |
| 37:2-3 | | | | | | |
| 37:5-16 | | | | | | |
| 37:18-21 | | | | | | |
| 37:22-25 | | | | | | |
| 38:20-22 | | | | | | |
| 38:23-25 | | | | | | |
| 39:2-11 | | | | | | |
| 39:16-25 | | | | | | |
| 40:3-4 | | | | | | |
| 40:6-12 | | | | | | |
| 40:13-16 | | | | | | |
| 40:18-21 | | | | | | |
| 41:7-10 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Ryan, Michael L.
**CONFIDENTIAL**
**Date of Deposition: September 25, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 41:13-18 | | | | | | |
| 41:20-42:3 | | | | | | |
| 42:5-7 | | | | | | |
| 42:9-43:16 | | | | | | |
| 43:19-19 | | | | | | |
| 43:21-44:17 | | | | | | |
| 44:18-21 | | | | | | |
| 44:23-25 | | | | | | |
| 45:4-46:2 | | | | | | |
| 46:3-19 | | | | | | |
| 47:4-6 | | | | | | |
| 47:8-18 | | | | | | |
| 47:20-50:14 | | | | | | |
| 50:17-51:5 | | | | | | |
| 51:6-8 | | | | | | |
| 51:9-11 | | | | | | |
| 51:13-52:2 | | | | | | |
| 52:4-9 | | | | | | |
| 52:10-13 | | | | | | |
| 53:22-55:10 | | | | | | |
| 55:13-56:14 | | | | | | |
| 56:18-57:3 | | | | | | |
| 57:4-16 | | | | | | |
| 57:19-25 | | | | | | |
| 58:21-25 | | | | | | |
| 59:3-4 | | | | | | |
| 59:6-61:1 | | | | | | |
| 61:21-62:5 | | | | | | |
| 62:6-22 | | | | | | |
| 62:23-63:21 | | | | | | |
| 65:11-66:5 | | | | | | |
| 66:14-19 | | | | | | |
| 66:21-67:18 | | | | | | |
| 67:20-68:24 | | | | | | |
| 69:5-17 | | | | | | |
| 76:22-77:6 | | | | | | |
| 81:20-82:23 | | | | | | |
| 83:7-85:12 | | | | | | |
| 85:14-90:8 | | | | | | |
| 90:12-91:7 | | | | | | |
| 91:10-93:20 | | | | | | |
| 94:1-9 | | | | | | |
| 94:11-98:23 | | | | | | |
| 99:3-19 | | | | | | |
| 99:20-100:18 | | | | | | |
| 100:20-101:2 | | | | | | |
| 101:4-17 | | | | | | |
| 101:18-102:9 | | | | | | |
| 102:11-15 | | | | | | |
| 102:17-18 | | | | | | |
| 102:20-22 | | | | | | |
| 106:2-6 | | | | | | |
| 106:8-8 | | | | | | |
| 106:10-13 | | | | | | |
| 106:15-23 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Ryan, Michael L.
**CONFIDENTIAL**
**Date of Deposition: September 25, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 106:25-107:2 | | | | | | |
| 107:5-8 | | | | | | |
| 107:25-108:3 | | | | | | |
| 108:5-25 | | | | | | |
| 109:24-110:18 | | | | | | |
| 110:21-111:2 | | | | | | |
| 111:4-5 | | | | | | |
| 111:8-10 | | | | | | |
| 111:12-23 | | | | | | |
| 111:24-112:16 | | | | | | |
| 112:17-20 | | | | | | |
| 112:23-113:5 | | | | | | |
| 113:7-13 | | | | | | |
| 113:15-114:11 | | | | | | |
| 114:12-21 | | | | | | |
| 115:9-11 | | | | | | |
| 115:19-116:2 | | | | | | |
| 116:13-24 | | | | | | |
| 117:7-11 | | | | | | |
| 117:12-25 | | | | | | |
| 118:2-4 | | | | | | |
| 120:13-15 | | | | | | |
| 120:20-121:9 | | | | | | |
| 124:24-25 | | | | | | |
| 125:5-13 | | | | | | |
| 133:8-135:4 | | | | | | |
| 138:1-139:16 | | | | | | |
| 139:21-140:1 | | | | | | |
| 142:15-17 | | | | | | |
| 142:20-24 | | | | | | |
| 147:19-24 | | | | | | |
| 147:25-148:3 | | | | | | |
| 148:4-13 | | | | | | |
| 148:14-23 | | | | | | |
| 148:24-150:15 | | | | | | |
| 151:18-19 | | | | | | |
| 151:24-24 | | | | | | |
| 151:25-152:2 | | | | | | |
| 152:3-11 | | | | | | |
| 154:8-10 | | | | | | |
| 156:10-23 | | | | | | |
| 158:6-8 | | | | | | |
| 158:13-22 | | | | | | |
| 161:20-21 | | | | | | |
| 162:2-7 | | | | | | |
| 163:7-13 | | | | | | |
| 163:18-22 | | | | | | |
| 163:24-164:6 | | | | | | |
| 164:15-22 | | | | | | |
| 164:25-166:8 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Ryan, Michael L.

**Date of Deposition: March 16, 2016**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 5:5-18:7 | | | | | | |
| 18:21-19:1 | | | | | | |
| 19:2-4 | | | | | | |
| 19:5-7 | | | | | | |
| 19:8-11 | | | | | | |
| 19:19-22 | | | | | | |
| 23:20-24:13 | | | | | | |
| 30:6-8 | | | | | | |
| 31:15-24 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Testifying Witness: Ryan, Michael
**CONFIDENTIAL**
**Date of Testimony: Injunction Hearing, March 23, 2016**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 137:16-140:25 | | | | | | |
| 141:1-142:25 | | | | | | |
| 144:2-8 | | | | | | |
| 144:20-146:25 | | | | | | |
| 147:1-148:7 | | | | | | |
| 149:9-152:4 | | | | | | |
| 154:25-155:9 | | | | | | |
| 155:18-25 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Sanchez, Robert
### CONFIDENTIAL
Date of Deposition: July 27, 2018

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 9:20-24 | BRPL | | | | |
| 10:6-25 | H | | | | |
| 11:1-5 | | | | | |
| 11:11-15 | | | | | |
| 12:6-18 | I | 11:16-12:5 | | | |
| 12:21-13:4 | | | | | |
| 13:6-15 | | | | | |
| 13:21-14:6 | R; I | 22:4-7; 22:13-23:11 | 401-403 | 24:4-13 | R, FRE 403, I |
| 15:1-5 | | | | | |
| 15:7-7 | | | | | |
| 15:13-16:1 | R; H | | | | |
| 16:21-25 | R | | | | |
| 17:2-4 | R | | | | |
| 17:9-25 | R | | | | |
| 18:1-6 | R | | | | |
| 18:12-19:9 | OBJ(18:18-25) | | | | |
| 19:11-14 | | | | | |
| 19:16-16 | | | | | |
| 19:22-25 | | | | | |
| 20:1-9 | | | | | |
| 20:11-13 | | | | | |
| 24:14-20 | R | | | | |
| 24:23-25:1 | R | | | | |
| 25:2-5 | R | | | | |
| 25:7-20 | R | | | | |
| 25:23-25 | R | | | | |
| 26:1-3 | R | | | | |
| 26:5-5 | R | | | | |
| 26:10-25 | R; H | 28:6-12 | 401-403 | | |
| 27:1-11 | R; S | 28:6-12 | 401-403 | | |
| 27:2-11 | R; S; duplicative | | | | |
| 28:13-17 | R; FRE403; H | | | | |
| 28:18-25 | R; FRE403 | | | | |
| 29:1-9 | R; FRE403 | | | | |
| 29:11-20 | R; FRE403 | | | | |
| 29:22-25 | R; FRE403 | | | | |
| 30:1-4 | R; FRE403; MIS | | | | |
| 30:6-11 | R; FRE403 | | | | |
| 30:13-13 | R; FRE403; MIS | | | | |
| 30:22-25 | R | | | | |
| 31:1-3 | R | | | | |
| 31:8-25 | R; H | | | | |
| 32:1-25 | R | 75:24-76:7 | 401-403; 601-602; 611; 801-802 | | |
| 33:1-1 | R; FRE403; I | 14:7-20 | 401-403 | | |
| 33:2-10 | R; FRE 403; H | | | | |
| 33:20-25 | R | | | | |
| 34:4-11 | | | | | |
| 34:17-24 | R | | | | |
| 34:25-35:4 | R | | | | |
| 35:12-16 | R | | | | |
| 35:19-19 | R | | | | |
| 35:20-36:5 | R; H | | | | |
| 36:6-18 | R; FRE403 | | | | |
| 36:20-20 | R; FRE403 | | | | |
| 37:3-5 | | | | | |
| 37:6-15 | | | | | |
| 38:17-39:18 | R | | | | |
| 39:19-25 | R | | | | |
| 40:1-4 | | | | | |
| 40:6-6 | | | | | |
| 41:11-21 | R; FRE403 (41:18-21) | 41:22-42:10 | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Sanchez, Robert
**CONFIDENTIAL**
**Date of Deposition: July 27, 2018**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 42:11-21 | R; FRE403 | 41:22-42:10 | | | |
| 42:24-43:2 | | | | | |
| 43:4-44:6 | H; FN | | | | |
| 44:8-8 | S | | | | |
| 44:9-11 | H; S | | | | |
| 44:13-16 | H; S; FN | | | | |
| 44:22-45:14 | | | | | |
| 45:15-19 | FN | | | | |
| 45:22-46:1 | FN | | | | |
| 46:7-11 | S | | | | |
| 47:18-24 | | | | | |
| 47:25-48:8 | R | 75:24-76:7 | 401-403; 601-602; 611; 801-802 | | |
| 52:2-8 | | | | | |
| 52:12-53:9 | R; FRE403 | | | | |
| 54:4-9 | R; FRE403 | | | | |
| 54:10-25 | R; FRE403 | | | | |
| 55:2-3 | R; FRE403 | | | | |
| 55:6-15 | R; FRE403 | 55:16-19 | | | |
| 55:20-56:17 | R; FRE403; H | | | | |
| 56:19-57:16 | R; FRE403; H; MIS | | | | |
| 58:1-3 | R; FRE403; H; MIS | | | | |
| 58:5-59:11 | R; FRE403; H | | | | |
| 60:17-61:12 | R; FRE403; H | | | | |
| 63:11-23 | R | | | | |
| 64:8-25 | R | | | | |
| 65:1-7 | R | | | | |
| 66:10-19 | R; H | | | | |
| 67:5-6 | R; FRE404 | | | | |
| 67:8-13 | | | | | |
| 67:25-68:6 | | | | | |
| 68:10-25 | R | | | | |
| 69:1-25 | R | | | | |
| 70:1-10 | R | 75:24-76:7 | 401-403; 601-602; 611; 801-802 | | |
| 70:12-15 | R | | | | |
| 70:17-17 | R | | | | |
| 71:6-8 | R | | | | |
| 71:11-17 | R | | | | |
| 71:21-72:15 | R; H | 72:16-19; 72:22-74:13 | 401-403; 601-602; 801-802 | 74:14-20 | H, R, FRE 403 |

| Amgen Inc. et al. v. Sanofi/Regeneron et al. |
|---|
| C.A. No. 14-1317 (RGA) |

**Deponent:  Sasiela, William Jeffrey**

CONFIDENTIAL

Date of Deposition:  September 30, 2015

| Plaintiff's Designation (Page:Line)<br><br>[YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line)<br><br>[BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line)<br><br>[YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 6:21-24 | | | | | | |
| 10:19-23 | | | | | | |
| 11:17-12:13 | | | | | | |
| 12:16-25 | | | | | | |
| 13:6-8 | | | | | | |
| 13:11-25 | | | | | | |
| 15:22-16:7 | | | | | | |
| 16:10-18 | | | | | | |
| 24:25-32:6 | | | | | | |
| 34:21-37:12 | | | | | | |
| 37:15-23 | | | | | | |
| 38:2-40:23 | | | | | | |
| 41:2-43:17 | | | | | | |
| 43:20-44:7 | | | | | | |
| 44:10-45:3 | | | | | | |
| 45:6-11 | | | | | | |
| 45:14-46:6 | | | | | | |
| 46:9-9 | | | | | | |
| 46:13-47:16 | | | | | | |
| 47:20-25 | | | | | | |
| 48:4-49:4 | | | | | | |
| 49:7-11 | | | | | | |
| 49:14-16 | | | | | | |
| 49:19-23 | | | | | | |
| 50:2-6 | | | | | | |
| 50:9-13 | | | | | | |
| 50:16-51:12 | | | | | | |
| 51:15-17 | | | | | | |
| 51:20-22 | | | | | | |
| 51:25-52:3 | | | | | | |
| 52:6-10 | | | | | | |
| 52:12-13 | | | | | | |
| 52:16-19 | | | | | | |
| 52:22-53:22 | | | | | | |
| 87:14-17 | | | | | | |
| 87:20-88:3 | | | | | | |
| 88:6-15 | | | | | | |
| 88:19-89:7 | | | | | | |
| 89:10-12 | | | | | | |
| 90:4-15 | | | | | | |
| 90:18-92:4 | | | | | | |
| 92:8-93:21 | | | | | | |
| 93:25-94:13 | | | | | | |
| 94:16-16 | | | | | | |
| 94:19-95:16 | | | | | | |
| 95:20-23 | | | | | | |
| 96:2-5 | | | | | | |
| 96:8-20 | | | | | | |
| 96:23-97:4 | | | | | | |
| 97:7-7 | | | | | | |
| 106:22-107:5 | | | | | | |
| 107:9-13 | | | | | | |
| 107:16-21 | | | | | | |
| 107:25-108:8 | | | | | | |
| 108:12-22 | | | | | | |
| 108:25-109:5 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Sasiela, William Jeffrey
**CONFIDENTIAL**
Date of Deposition:  September 30, 2015

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 109:8-9 | | | | | | |
| 115:16-22 | | | | | | |
| 116:2-117:2 | | | | | | |
| 117:5-23 | | | | | | |
| 118:1-20 | | | | | | |
| 119:2-7 | | | | | | |
| 119:10-120:16 | | | | | | |
| 120:19-24 | | | | | | |
| 121:13-24 | | | | | | |
| 125:4-126:18 | | | | | | |
| 126:21-127:18 | | | | | | |
| 127:21-131:17 | | | | | | |
| 135:2-137:18 | | | | | | |
| 137:21-138:11 | | | | | | |
| 138:18-139:4 | | | | | | |
| 154:4-17 | | | | | | |
| 155:10-164:20 | | | | | | |
| 160:16-161:19 | | | | | | |
| 164:23-166:4 | | | | | | |
| 167:18-169:11 | | | | | | |
| 173:24-175:12 | | | | | | |
| 177:10-17 | | | | | | |
| 188:4-11 | | | | | | |
| 188:15-192:21 | | | | | | |
| 192:22-193:3 | | | | | | |
| 193:7-16 | | | | | | |
| 199:19-22 | | | | | | |
| 200:2-201:19 | | | | | | |
| 201:22-202:10 | | | | | | |
| 202:13-19 | | | | | | |
| 202:22-203:11 | | | | | | |
| 203:14-15 | | | | | | |
| 206:13-207:16 | | | | | | |
| 207:19-24 | | | | | | |
| 208:3-21 | | | | | | |
| 208:24-209:6 | | | | | | |
| 216:7-217:21 | | | | | | |
| 221:5-8 | | | | | | |
| 221:11-13 | | | | | | |
| 221:16-222:2 | | | | | | |
| 238:11-16 | | | | | | |
| 238:19-239:21 | | | | | | |
| 239:24-240:10 | | | | | | |
| 240:13-19 | | | | | | |
| 240:23-241:21 | | | | | | |
| 241:24-243:10 | | | | | | |
| 243:13-249:4 | | | | | | |
| 246:13-248:22 | | | | | | |
| 249:8-250:9 | | | | | | |
| 250:12-15 | | | | | | |
| 250:18-24 | | | | | | |
| 256:12-18 | | | | | | |
| 256:22-262:8 | | | | | | |
| 262:11-17 | | | | | | |
| 262:20-263:4 | | | | | | |
| 263:7-21 | | | | | | |

| Amgen Inc. et al. v. Sanofi/Regeneron et al. | | | | | | |
|---|---|---|---|---|---|---|
| C.A. No. 14-1317 (RGA) | | | | | | |
| **Deponent:  Sasiela, William Jeffrey** | | | | | | |
| CONFIDENTIAL | | | | | | |
| Date of Deposition:  September 30, 2015 | | | | | | |
| **Plaintiff's Designation (Page:Line)** [YELLOW] | **Defendant's Objection (FRE)** | **Defendant's Counter-Designations (Page:Line)** [BLUE] | **Plaintiff's Objections to Counter-Designations (FRE)** | **Plaintiff's Counter-Counter Designations (Page:Line)** [YELLOW] | **Defendants Objections to Plaintiff's Counter-Counter Designations (FRE)** | **Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE)** |
| 263:23-23 | | | | | | |
| 264:2-7 | | | | | | |
| 288:10-289:4 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Testifying Witness: Schleifer, Leonard

**Date of Testimony: Jury Trial, March 9, 2016**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 350:21-351:5 | | | | | | |
| 351:12-15 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Schleifer, Leonard Steven
**HIGHLY CONFIDENTIAL**
**Date of Deposition:  March 3, 2016**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 13:21-14:12 | | | | | | |
| 23:10-24:7 | | | | | | |
| 28:20-23 | | | | | | |
| 71:11-14 | | | | | | |
| 72:8-73:6 | | | | | | |
| 73:21-74:9 | | | | | | |
| 88:23-89:8 | | | | | | |
| 89:11-18 | | | | | | |
| 94:24-25 | | | | | | |
| 95:19-97:14 | | | | | | |
| 134:6-135:16 | | | | | | |
| 136:6-17 | | | | | | |
| 136:23-137:13 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Testifying Witness: Scott, Robert
**CONFIDENTIAL**
**Date of Testimony: Injunction Hearing, March 24, 2016**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 509:21-512:25 | | | | | | |
| 513:1-5 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Scott, Robert
**CONFIDENTIAL**
**Date of Deposition:  September 23, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 40:25-41:22 | | | | | | |
| 74:25-75:5 | | | | | | |
| 75:7-9 | | | | | | |
| 129:2-130:12 | | | | | | |
| 165:15-172:3 | | | | | | |
| 172:5-196:18 | | | | | | |
| 197:4-8 | | | | | | |
| 197:11-198:13 | | | | | | |
| 207:4-209:2 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent: Shah, Rakesh
CONFIDENTIAL
**Date of Deposition:  October 4, 2018**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 12:1-22 | | | | | | |
| 48:2-6 | | | | | | |
| 48:8-12 | | | | | | |
| 48:19-24 | | | | | | |
| 72:5-75:1 | | | | | | |
| 75:19-77:6 | | | | | | |
| 83:4-20 | | | | | | |
| 84:3-86:16 | | | | | | |
| 86:19-87:13 | | | | | | |
| 87:16-88:7 | | | | | | |
| 88:9-14 | | | | | | |
| 94:11-95:9 | | | | | | |
| 98:16-19 | | | | | | |
| 98:24-100:12 | | | | | | |
| 100:14-16 | | | | | | |
| 102:10-103:15 | | | | | | |
| 105:4-106:18 | | | | | | |
| 107:7-109:14 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Testifying Witness:  Siegel, Donald

**Date of Testimony:  Jury Trial, March 10, 2016**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 601:18-602:4 | | 602:5-603:12 | | 603:13-604:7 | |
| 604:12-25 | | | | | |
| 606:4-13 | | 605:14-606:3 | | | |
| 611:15-21 | | 607:1-10; 612:9-17 | 611, 403 | 610:16-611:14 | I |
| 680:1-10 | 403, R | | | | |
| 685:1-5 | 403, R | 684:3-25; 628:3-15; 630:13-631:8; 632:20-634:5; 634:23-25; 635:9-24; 639:24-644:9; 644:24-645:24; 650:22-651:14; 658:1-661:7; 700:7-701:8; 706:19-707:3; 707:18-22; 711:12-712:8 | 401, 402, 403, 611, 801 | 675:20-678:1; 679:15-25; 678:13-20; 682:4-684:2; 689:25-690:7; 692:1-18; 698:15-20; 708:2-6; 709:9-711:4 | R, 403, Improper counter-counter designation |
| 685:20-23 | 403, R | 685:11-19 | 403, 611 | 675:20-678:1 | R, 403, Improper counter-counter designation |
| 688:25-689:8 | 403, R | 645:25-648:11; 706:19-707:3 | 403, 611 | 692:1-18 | |
| 689:16-22 | 403, R | 645:25-648:11; 706:19-707:3 | 403, 611 | 692:1-18 | |
| 691:3-25 | 403, R | 645:25-648:11; 706:19-707:3 | 403, 611 | 692:1-18 | |
| 695:10-697:8 | 403, R | 694:20-695:9; 661:8-663:10; 668:10-670:7; 671:20-672:19; 672:22-673:20; 674:1-675:5; 700:7-701:8; 714:9-19 | 401, 402, 403, 611, 801 | 663:16-668:9; 670:14-671:19; 697:9-698:7; 698:15-699:14 | R, 403, Improper counter-counter designation |
| 698:8-14 | 403, R | 632:20-633:12 | 403 | 697:9-698:7 | R, 403 |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Sleeman, Mark W.
**CONFIDENTIAL**
**Date of Deposition:  August 13, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 8:12-17 | | | | | |
| 8:25-25 | | | | | |
| 9:2-5 | | | | | |
| 9:12-25 | | | | | |
| 10:2-6 | | | | | |
| 10:24-25 | R | | | | |
| 11:2-25 | R | | | | |
| 12:2-8 | R | | | | |
| 12:17-25 | R | | | | |
| 13:2-25 | R | | | | |
| 14:2-25 | R | | | | |
| 15:2-2 | R | | | | |
| 17:25-18:17 | | | | | |
| 18:25-25 | I | | | | |
| 19:2-25 | | | | | |
| 20:12-16 | | | | | |
| 20:20-22 | | | | | |
| 24:13-16 | I | 25:5-18; 25:25; 26:2-13 | Improper counter-designation (no objection by defendants) | | |
| 27:8-12 | R, FRE 403 | | | | |
| 27:18-29:11 | R, FRE 403 | | | | |
| 33:4-34:6 | R, FRE 403 | | | | |
| 35:19-25 | I | 34:12-23 | 401-402, improper counter-designation (no objection by Defendants) | | |
| 36:2-25 | R | | | | |
| 37:2-12 | R | | | | |
| 37:22-25 | R | | | | |
| 38:2-25 | R | | | | |
| 39:2-25 | R | | | | |
| 40:2-25 | R | | | | |
| 41:2-13 | R | 41:17-19 | 401-402 | | |
| 42:10-24 | R | | | | |
| 43:4-15 | R | | | | |
| 44:4-18 | | | | | |
| 50:17-25 | | | | | |
| 51:7-12 | | | | | |
| 52:14-25 | | | | | |
| 53:2-25 | | | | | |
| 54:2-8 | | | | | |
| 59:22-25 | R, FRE 403 | | | | |
| 60:2-17 | R, FRE 403 | | | | |
| 60:18-61:6 | R, FRE 403 | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Sleeman, Mark W.

**CONFIDENTIAL**

**Date of Deposition:  August 13, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 61:7-10 | R, FRE 403, O | | | | |
| 61:14-25 | R, FRE 403, O | | | | |
| 62:2-2 | R, FRE 403, O | | | | |
| 65:3-4 | | | | | |
| 65:5-12 | | | | | |
| 65:7-12 | | | | | |
| 69:7-25 | R | 64:21-25; 65:2; 67:21-25; 68:2-7; 73:20-25; 74:2-21; 75:18-25; 76:2-9 | 401-403 | | |
| 70:2-17 | R | | | | |
| 75:14-17 | R | | | | |
| 76:10-25 | R | | | | |
| 77:2-25 | | | | | |
| 78:2-19 | | | | | |
| 78:14-24 | | | | | |
| 79:2-23 | I | 79:24-25; 80:2-19; 87:12-25; 88:2-8; 88:21-25; 89:2-10 | 401-403, improper counter-designation (no-objection by defendants) | | |
| 80:20-25 | R | | | | |
| 81:2-25 | R | | | | |
| 82:2-7 | R, FRE 403 | | | | |
| 82:25-83:19 | R, FRE 403 | | | | |
| 90:3-14 | R, FRE 403 | | | | |
| 91:5-11 | R, FRE 403 | | | | |
| 91:12-18 | R | | | | |
| 91:19-19 | R, FRE 403 | 90:15-21 | 401-403 | | |
| 91:19-25 | R, FRE 403 | | | | |
| 92:2-23 | R, FRE 403 | | | | |
| 94:2-25 | | 96:12-24; 98:24-25; 99:2-25; 100:2-25 | 401-403, improper counter-designation (no-objection by defendants) | | |
| 95:2-3 | | | | | |
| 95:4-96:11 | | 96:12-96:24; 98:24-25; 99:2-25; 100:2-25 | 401-403, improper counter-designation (no-objection by defendants) | | |
| 101:2-9 | R, FRE 403 | 96:12-96:24; 98:24-25; 99:2-25; 100:2-25 | 401-403 | | |
| 101:10-16 | | | | | |
| 102:23-25 | | | | | |
| 103:2-22 | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Sleeman, Mark W.
### CONFIDENTIAL
**Date of Deposition:  August 13, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 103:23-25 | | | | | |
| 104:2-6 | | | | | |
| 108:3-17 | | | | | |
| 108:18-109:18 | R, FRE 403, S | | | | |
| 111:22-25 | R | | | | |
| 112:2-10 | R, O, L, V | | | | |
| 112:17-20 | R, O, L, V | | | | |
| 113:10-18 | | | | | |
| 114:5-21 | R, O, L, V | | | | |
| 114:22-25 | R, O, L, V | | | | |
| 115:2-10 | R, O, L, V | | | | |
| 128:12-25 | R, O | | | | |
| 129:2-15 | R, O, FRE 403 | | | | |
| 129:18-25 | R, O, FRE 403 | | | | |
| 130:2-14 | R, O, FRE 403 | | | | |
| 131:19-25 | R | | | | |
| 132:2-25 | R | | | | |
| 133:2-25 | R | | | | |
| 134:2-3 | R | | | | |
| 134:20-25 | R | | | | |
| 135:2-25 | R | | | | |
| 136:2-3 | R | | | | |
| 144:9-25 | S, R, FRE 403 | | | | |
| 145:2-5 | R, FRE 403 | | | | |
| 145:6-10 | R, FRE 403 | | | | |
| 145:11-25 | R, FRE 403 | | | | |
| 146:2-11 | R, FRE 403 | | | | |
| 146:12-20 | R, FRE 403 | | | | |
| 146:21-147:3 | R, FRE 403 | | | | |
| 150:3-20 | R, FRE 403 | | | | |
| 150:21-25 | R, FRE 403 | | | | |
| 151:2-3 | R, FRE 403 | | | | |
| 152:24-25 | I, R, FRE 403 | 152:20-23; 153:2-153:25;154:2-154:25; 155:2-11 | 401-403 | | |
| 155:12-25 | R, FRE 403 | | | | |
| 156:2-15 | R, FRE 403 | | | | |
| 156:16-25 | R, FRE 403 | | | | |
| 157:2-2 | R, FRE 403 | | | | |
| 158:23-161:9 | R, FRE 403 | 151:4-17 | 401-403 | | |
| 161:10-22 | R | | | | |
| 167:19-25 | R, I | | | | |
| 168:2-25 | R | | | | |
| 169:2-2 | R | | | | |
| 179:19-25 | R | | | | |
| 180:2-18 | R | | | | |
| 184:10-18 | R, V | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Sleeman, Mark W.

**CONFIDENTIAL**

**Date of Deposition:  August 13, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 184:19-25 | R, V, O | | | | |
| 185:2-20 | R, V, O | | | | |
| 185:22-25 | R, V, O | | | | |
| 186:2-11 | R | | | | |
| 186:12-25 | R | | | | |
| 187:2-13 | R | 187:14-22 | 401-403 | 187:23-188:12 | 403 |
| 188:13-20 | R, O, FRE 403 | 187:14-22 | 401-403 | 187:23-188:12 | 403 |
| 189:9-16 | R, O, S, FRE 403 | | | | |
| 192:3-25 | R | | | | |
| 193:2-14 | R | | | | |
| 197:17-198:3 | I, R | 198:3-9 | 403 | 198:10-199:11 | R, SC |
| 200:18-25 | R, O, S | | | | |
| 202:3-25 | R, O, S, V | | | | |
| 203:2-25 | R | | | | |
| 204:2-8 | R | | | | |
| 204:9-25 | R | | | | |
| 206:4-25 | R | | | | |
| 207:2-3 | R | | | | |
| 209:2-16 | R, I | | | | |
| 213:8-25 | R | | | | |
| 214:2-2 | R | | | | |
| 219:23-25 | R | | | | |
| 220:2-23 | R | | | | |
| 222:11-22 | R | | | | |
| 225:5-20 | R | | | | |
| 227:12-25 | R | | | | |
| 228:2-25 | R | | | | |
| 229:2-25 | R, S | | | | |
| 230:2-20 | R, S | | | | |
| 230:21-25 | R, S, V | | | | |
| 231:2-22 | R, S, V | | | | |
| 232:5-17 | R | | | | |
| 234:22-25 | R | 235:10-17 | 401 | | |
| 235:2-9 | R | 235:10-17 | 401 | | |
| 236:19-25 | R, | 237:10-14 | 401 | | |
| 237:2-9 | R | 237:10-14 | 401 | | |
| 237:15-25 | R | | | | |
| 238:2-19 | R, S | | | | |
| 238:20-25 | R, S | | | | |
| 239:2-25 | R, FRE 403 | | | | |
| 240:2-8 | R, FRE 403, S | | | | |
| 241:20-25 | R | | | | |
| 242:2-18 | R | | | | |
| 245:4-25 | R, S | | | | |
| 246:2-24 | R, S | | | | |
| 246:25-247:5 | R | | | | |
| 255:2-11 | R, FRE 403, I | 254:22-25 | 401-403 | 255:12-18 | R, 403, SC |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Sleeman, Mark W.

**CONFIDENTIAL**

**Date of Deposition:  August 13, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 257:11-25 | R,O, FRE 403 | 82:8-13; 82:16-21 | 401-403 | | |
| 258:2-9 | R, O, FRE 403 | 82:8-13; 82:16-21 | 401-403 | | |

| Amgen Inc. et al. v. Sanofi/Regeneron et al. |
| :---: |
| C.A. No. 14-1317 (RGA) |
| **Deponent: Stahl, Neil** |
| CONFIDENTIAL |
| Date of Deposition:  October 8, 2015 |

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
| :--- | :--- | :--- | :--- | :--- | :--- |
| 10:13-17 | | | | | |
| 13:14-14:6 | | | | | |
| 17:15-18:9 | | | | | |
| 18:20-22 | | | | | |
| 18:23-19:3 | | | | | |
| 22:2-5 | | | | | |
| 22:13-25 | | | | | |
| 25:15-26:1 | | | | | |
| 26:12-27:1 | | | | | |
| 27:21-28:8 | | | | | |
| 28:9-12 | | | | | |
| 28:21-29:14 | | | | | |
| 29:24-31:2 | | | | | |
| 31:21-32:5 | | | | | |
| 34:3-21 | | | | | |
| 37:10-18 | | | | | |
| 37:24-38:5 | | | | | |
| 38:6-39:1 | | | | | |
| 39:14-25 | | | | | |
| 40:3-11 | V | | | | |
| 40:14-21 | V | | | | |
| 40:24-41:1 | | | | | |
| 42:7-9 | | | | | |
| 42:15-19 | | | | | |
| 42:22-43:1 | | | | | |
| 43:2-5 | | | | | |
| 43:8-11 | | | | | |
| 45:14-20 | | | | | |
| 45:23-46:3 | | | | | |
| 46:16-18 | | | | | |
| 46:23-47:4 | | | | | |
| 49:10-21 | | | | | |
| 50:24-51:7 | | | | | |
| 51:11-12 | SC | | | | |
| 51:15-18 | SC | | | | |
| 51:21-23 | SC | | | | |
| 52:1-5 | SC | | | | |
| 52:8-14 | SC | | | | |
| 52:15-53:7 | 403, AF | 221:12-222:14 | 401-403 | | |
| 53:8-15 | 403, R, FN | | | | |
| 53:16-54:13 | 403, R, FN | 54:14-55:3 | 401-403 | | |
| 55:4-11 | 403, R, FN | | | | |
| 55:15-56:9 | 403, R, FN | 221:12-222:14 | 401-403 | 58:22-24; 59:3-6 | |

1 of 7

| Amgen Inc. et al. v. Sanofi/Regeneron et al. C.A. No. 14-1317 (RGA) Deponent: Stahl, Neil CONFIDENTIAL Date of Deposition: October 8, 2015 | | | | | |
|---|---|---|---|---|---|
| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
| 56:10-57:23 | 403, R, FN | 221:12-222:14 | 401-403 | 58:22-24; 59:3-6 | Improper counter-counter designation, 403, R, FN |
| 57:24-58:10 | 403, R, FN | 221:12-222:14 | 401-403 | 58:22-24; 59:3-6 | Improper counter-counter designation, 403, R, FN |
| 58:13-21 | 403, R, FN | 221:12-222:14 | 401-403 | 58:22-24; 59:3-6 | Improper counter-counter designation, 403, R, FN |
| 59:7-19 | 403, R, SC | | | | |
| 59:22-25 | 403, R, SC | | | | |
| 60:1-8 | | | | | |
| 60:12-12 | | | | | |
| 60:13-15 | 403, R, AF, S, SC | | | | |
| 60:18-21 | 403, R, AF, S, SC | | | | |
| 60:22-25 | | | | | |
| 61:7-13 | | | | | |
| 62:3-6 | 403, R, SC | | | | |
| 62:9-11 | 403, R, SC | | | | |
| 62:14-16 | 403, R, SC | | | | |
| 62:18-63:7 | 403, R, SC | 63:8-9; 63:12-15 | 401-403 | | |
| 63:16-64:11 | 403, R, SC | | | | |
| 64:14-17 | 403, R, SC | | | | |
| 64:20-24 | 403, R, SC | 222:15-23 | 401-403 | | |
| 65:2-5 | 403, R, SC | 222:15-23 | 401-403 | | |
| 65:8-14 | 403, R, SC | 222:15-23 | 401-403 | | |
| 65:17-20 | 403, R, SC | 222:15-23 | 401-403 | | |
| 65:23-66:17 | | | | | |
| 66:18-67:6 | | | | | |
| 67:7-18 | | | | | |
| 67:19-24 | | | | | |
| 67:25-68:17 | SC | 68:22-24; 69:2-4 | 401-403 | 69:5-13; 69:16-70:5; 70:8-12; 70:15-17 | |
| 68:20-21 | SC | | | | |
| 70:18-24 | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent: Stahl, Neil

**CONFIDENTIAL**

**Date of Deposition:  October 8, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 71:2-18 | I | 71:19-21; 71:24-72:2 | 401-403; Improper counter-designation; Original designation not objected to | | |
| 72:3-5 | | | | | |
| 72:8-17 | | | | | |
| 72:21-73:5 | I | 73:6-8; 73:12-14 | 401-403; Improper counter-designation; Original designation not objected to | | |
| 73:15-74:12 | | | | | |
| 75:4-6 | SC | | | | |
| 75:9-14 | SC | | | | |
| 75:17-20 | SC | | | | |
| 75:23-76:8 | | | | | |
| 82:9-12 | | | | | |
| 82:19-83:3 | | | | | |
| 83:4-24 | | | | | |
| 84:22-85:9 | | | | | |
| 85:13-86:7 | | | | | |
| 87:10-12 | SC | | | | |
| 87:18-20 | SC | | | | |
| 87:22-25 | SC | | | | |
| 89:24-25 | | | | | |
| 90:3-12 | | | | | |
| 90:20-22 | | | | | |
| 90:25-91:6 | R, SC, S | | | | |
| 91:9-15 | R, SC, S | | | | |
| 91:18-25 | R, SC, S | | | | |
| 92:3-7 | R, SC, S | | | | |
| 92:10-17 | R, SC | | | | |
| 92:20-93:5 | R, SC | | | | |
| 93:8-11 | R, SC | | | | |
| 94:15-19 | | | | | |
| 94:22-95:2 | | | | | |
| 98:19-99:6 | | | | | |
| 99:10-100:2 | | | | | |
| 100:11-15 | | | | | |
| 100:22-24 | | | | | |

| | Amgen Inc. et al. v. Sanofi/Regeneron et al. | | | | |
|---|---|---|---|---|---|
| | C.A. No. 14-1317 (RGA) | | | | |
| | **Deponent: Stahl, Neil** | | | | |
| | CONFIDENTIAL | | | | |
| | Date of Deposition:  October 8, 2015 | | | | |
| **Plaintiff's Designation (Page:Line)** [YELLOW] | **Defendant's Objection (FRE)** | **Defendant's Counter-Designations (Page:Line)** [ORANGE] | **Plaintiff's Objections to Counter-Designations (FRE)** | **Plaintiff's Counter-Counter Designations (Page:Line)** [GREEN] | **Defendants Objections to Plaintiff's Counter-Counter Designations (FRE)** |
| 101:3-21 | | | | | |
| 102:3-13 | | | | | |
| 102:15-25 | | | | | |
| 103:1-104:1 | | | | | |
| 104:2-5 | | | | | |
| 104:8-9 | | | | | |
| 105:6-106:3 | | | | | |
| 106:4-6 | | | | | |
| 106:9-10 | | | | | |
| 109:15-110:4 | | | | | |
| 110:10-24 | | | | | |
| 112:9-113:17 | | | | | |
| 113:22-114:3 | | | | | |
| 114:5-20 | | | | | |
| 114:23-115:25 | | | | | |
| 116:23-24 | SC | | | | |
| 117:2-13 | SC | | | | |
| 122:6-14 | | | | | |
| 122:23-123:3 | | | | | |
| 123:7-25 | 403, R | | | | |
| 124:1-1 | 403, R | | | | |
| 124:6-10 | 403, R | | | | |
| 124:18-19 | 403, R | | | | |
| 124:25-125:2 | 403, R | | | | |
| 125:5-13 | 403, R | | | | |
| 125:16-20 | 403, R | | | | |
| 125:23-126:2 | 403, R | | | | |
| 126:3-8 | 403, R | | | | |
| 126:9-21 | | | | | |
| 126:24-127:6 | SC, S | | | | |
| 127:9-13 | SC, S | | | | |
| 127:16-21 | SC | | | | |
| 127:24-128:3 | SC | | | | |
| 128:6-15 | SC | | | | |
| 128:24-129:18 | | | | | |
| 130:18-131:7 | | | | | |
| 131:8-17 | | | | | |
| 131:24-25 | | | | | |
| 132:4-4 | | | | | |
| 132:5-6 | | | | | |
| 132:9-13 | | | | | |
| 135:9-14 | | | | | |
| 136:9-137:5 | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent: Stahl, Neil
**CONFIDENTIAL**
**Date of Deposition:  October 8, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 137:8-11 | | | | | |
| 137:14-25 | | | | | |
| 138:2-10 | | | | | |
| 138:13-25 | | | | | |
| 140:5-25 | 403, R | | | | |
| 141:6-25 | 403, R | | | | |
| 142:1-9 | 403, R | | | | |
| 142:12-143:1 | 403, R | | | | |
| 143:5-144:3 | | | | | |
| 144:4-14 | | | | | |
| 144:21-145:4 | | | | | |
| 145:7-13 | | | | | |
| 145:16-19 | R, SC | | | | |
| 145:22-146:2 | R, SC | | | | |
| 146:5-9 | R, SC | | | | |
| 146:12-14 | R, SC | | | | |
| 146:16-147:14 | R, SC | | | | |
| 147:17-19 | R, SC | 148:7-14; 148:18-19 | 401-403 | | |
| 147:22-23 | R, SC | 148:7-14; 148:18-19 | 401-403 | | |
| 148:20-149:11 | | | | | |
| 149:12-150:3 | | | | | |
| 150:12-17 | | | | | |
| 150:20-151:2 | R | | | | |
| 151:6-8 | R | | | | |
| 151:9-11 | R | | | | |
| 151:14-16 | R | | | | |
| 151:19-20 | R | | | | |
| 152:5-153:1 | | | | | |
| 153:5-7 | | | | | |
| 154:15-18 | | | | | |
| 154:22-155:9 | | | | | |
| 155:12-17 | | | | | |
| 155:21-22 | | | | | |
| 156:1-3 | | | | | |
| 156:6-157:7 | | | | | |
| 157:8-23 | | | | | |
| 158:7-17 | | | | | |
| 158:20-21 | | | | | |
| 159:3-17 | | | | | |
| 160:2-5 | | | | | |
| 160:9-21 | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent: Stahl, Neil

**CONFIDENTIAL**

**Date of Deposition:  October 8, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 163:1-11 | | | | | |
| 163:25-165:1 | | | | | |
| 165:4-6 | | | | | |
| 165:9-15 | S | | | | |
| 165:18-20 | S | | | | |
| 166:21-25 | R, 403 | | | | |
| 167:7-22 | R, 403 | | | | |
| 167:25-168:4 | R, 403, FN, S | | | | |
| 168:8-169:2 | R, 403, FN, S | | | | |
| 169:5-11 | R, 403, AF | 169:12-18 | 401-403 | | |
| 169:19-170:8 | R, 403, AF | 169:12-18 | 401-403 | | |
| 170:9-171:3 | R, 403 | | | | |
| 172:21-173:14 | R, 403 | | | | |
| 173:15-25 | R, 403 | | | | |
| 174:1-24 | R, 403 | | | | |
| 174:25-175:18 | R, 403 | | | | |
| 175:19-176:7 | R, 403 | | | | |
| 176:10-177:1 | R, 403 | | | | |
| 177:2-178:1 | R, 403 | | | | |
| 178:2-6 | R, 403 | | | | |
| 178:11-179:11 | R, 403 | | | | |
| 180:6-22 | R, 403, S | | | | |
| 181:7-182:5 | R, 403 | | | | |
| 182:6-183:3 | R, 403 | | | | |
| 183:6-184:1 | R, 403 | | | | |
| 184:2-185:4 | R, 403 | | | | |
| 185:5-17 | R, 403 | | | | |
| 185:19-186:13 | R, 403 | | | | |
| 186:18-187:21 | R, 403 | | | | |
| 187:22-189:2 | R, 403 | | | | |
| 189:3-25 | R, 403 | | | | |
| 190:8-191:3 | R, 403 | | | | |
| 191:4-192:2 | R, 403 | | | | |
| 192:3-193:10 | R | | | | |
| 193:11-194:15 | R, SC | | | | |
| 194:16-23 | R, SC, S | | | | |
| 195:1-16 | R, SC, S | | | | |
| 195:19-20 | R, SC | 195:21-23; 196:2-3 | 401-403 | | |
| 196:4-13 | R, SC | | | | |
| 196:16-18 | R, SC | | | | |
| 197:1-5 | R, SC | 197:6-8; 197:11-14 | 401-403 | | |
| 197:23-198:22 | R, SC | | | | |
| 198:25-199:6 | R, SC, S | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent: Stahl, Neil

**CONFIDENTIAL**

**Date of Deposition:  October 8, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 199:9-15 | R, SC, S | | | | |
| 199:19-200:10 | R, SC, S | | | | |
| 200:21-201:5 | R, SC, CD, S | | | | |
| 201:9-12 | R, SC, CD, S | | | | |
| 201:15-16 | R, SC | | | | |
| 203:2-4 | SC | | | | |
| 203:7-12 | SC | | | | |
| 203:15-16 | SC | | | | |
| 203:17-23 | SC | | | | |
| 203:25-204:14 | SC, S | | | | |
| 204:17-20 | SC, S | | | | |
| 204:23-205:5 | SC, S | | | | |
| 205:8-11 | SC | | | | |
| 205:14-16 | SC | | | | |
| 207:8-19 | SC | | | | |
| 207:22-25 | SC | | | | |
| 209:5-13 | SC | | | | |
| 209:16-210:6 | SC | | | | |
| 211:18-20 | SC | | | | |
| 211:24-212:5 | SC | | | | |
| 212:8-11 | SC | | | | |
| 212:14-18 | SC | | | | |
| 212:21-21 | SC | | | | |
| 212:25-213:7 | SC | | | | |
| 213:24-214:1 | SC | | | | |
| 214:4-6 | SC | | | | |
| 217:3-21 | SC | | | | |
| 217:24-218:3 | SC | | | | |
| 218:6-10 | SC | | | | |
| 218:11-23 | SC | | | | |
| 218:25-219:16 | SC, AF | | | | |
| 219:19-220:2 | SC | | | | |
| 220:5-9 | SC | | | | |
| 220:12-19 | SC | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Testifying Witness: Stahl, Neil
**CONFIDENTIAL**
**Date of Testimony: Injunction Hearing, March 24, 2016**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 363:18-364:5 | | | | | |
| 364:12-17 | | 364:18-365:25; 366:14-367:24; 370:9-371:3 | 401-403; 801-802 | | |
| 372:7-11 | 403, R | | | | |
| 372:15-373:8 | 403, R | 373:9-23; 371:11-372:6; 375:22-376:6 | 401-403; 801-802 | | |
| 377:22-25 | 403, R | 378:3-9 | 403 | | |
| 378:10-15 | 403, R, L, O | 378:16-379:8 | 401-403 | | |
| 380:18-25 | 403, R | | | | |
| 381:1-382:24 | 403, R | 382:25-383:8 | 401-403 | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Terifay, Robert

**HIGHLY CONFIDENTIAL EXCERPTS**
**Date of Deposition:  October 9, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 72:2-21 | | | | | |
| 74:19-75:23 | V | | | | |
| 76:2-77:14 | V | | | | |
| 77:17-79:5 | AF; R; MIS; FRE403 | | | | |
| 79:8-81:13 | I; R; FRE403 | 81:14-82:9 | 401-403 | | |
| 100:21-25 | | | | | |
| 101:20-25 | I, F | 101:2-19 | 401-403 | | |
| 102:4-23 | | | | | |
| 103:9-21 | | | | | |
| 144:1-8 | I | | | | |
| 144:16-145:19 | R | | | | |
| 145:23-146:13 | R | | | | |
| 147:7-13 | V | | | | |
| 147:16-16 | | | | | |
| 147:20-148:5 | V | | | | |
| 148:9-12 | | | | | |
| 148:24-25 | I | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent: Terifay, Robert
**CONFIDENTIAL**
**Date of Deposition:  October 9, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 10:20-11:4 | BRPL; R | | | | |
| 11:12-12:17 | BRPL; R | | | | |
| 12:22-13:10 | BRPL; R | | | | |
| 14:11-15:6 | BRPL; R | | | | |
| 16:23-17:5 | I | | | | |
| 21:19-22:6 | | | | | |
| 22:16-25 | | | | | |
| 30:20-31:15 | | | | | |
| 37:18-38:25 | | | | | |
| 39:11-40:25 | | | | | |
| 41:1-42:23 | | | | | |
| 43:4-44:17 | | | | | |
| 45:16-20 | | | | | |
| 46:4-19 | FN; R | | | | |
| 51:9-52:18 | | | | | |
| 52:19-53:2 | MIS; I; R | | | | |
| 53:5-14 | I; R | | | | |
| 53:15-19 | I; R | | | | |
| 53:23-54:18 | | | | | |
| 54:19-22 | R | | | | |
| 54:23-55:14 | R | | | | |
| 56:8-57:4 | I; R | 55:15-17; 55:20-56:7 | | | |
| 66:4-8 | I, F | 65:13-66:3 | | | |
| 66:11-17 | | | | | |
| 66:18-67:6 | | | | | |
| 83:10-17 | R | | | | |
| 84:5-6 | SC; R | | | | |
| 84:10-12 | SC; R | | | | |
| 84:13-16 | R | | | | |
| 86:22-25 | | | | | |
| 88:2-89:14 | | | | | |
| 91:17-92:3 | | | | | |
| 93:6-12 | I | 93:13-14 | | | |
| 93:15-96:16 | | | | | |
| 96:20-97:2 | | | | | |
| 98:2-24 | I | 98:25-99:6 | 401-403 | | |
| 99:7-21 | | | | | |
| 108:4-109:24 | I | 109:25-110:6 | 401-403 | | |
| 111:2-19 | | | | | |
| 115:8-116:8 | I | 116:9-16 | 401-403 | | |
| 116:17-22 | I | 116:23-117:5 | 401-403 | | |
| 119:20-120:5 | | | | | |
| 120:21-122:10 | FN | | | | |
| 122:13-123:6 | FN | | | | |
| 130:2-24 | I | 129:24-25 | | | |
| 130:25-25 | | | | | |
| 131:2-6 | | | | | |
| 131:10-132:14 | V; R | | | | |
| 132:17-133:3 | | | | | |
| 133:9-18 | | | | | |
| 133:24-134:11 | | | | | |
| 135:2-136:5 | I; FN | 133:19-23 | 401-403 | | |
| 137:11-17 | | | | | |
| 140:20-141:11 | V | | | | |
| 141:14-20 | | | | | |
| 142:13-143:25 | | | | | |
| 149:1-5 | | | | | |
| 154:25-155:6 | | | | | |
| 155:7-156:16 | R; SC | | | | |
| 160:5-14 | | | | | |
| 161:14-162:8 | | | | | |
| 163:6-16 | R, SC, MIL; FRE403 | | | | |
| 163:20-164:6 | R, SC, MIL; FRE403 | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Terifay, Robert
**CONFIDENTIAL**
**Date of Deposition:  October 9, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 164:9-18 | R, SC, MIL; FRE403 | | | | |
| 164:22-165:4 | R, SC, MIL; FRE403 | | | | |
| 165:22-166:14 | R, SC, MIL; FRE403 | | | | |
| 166:17-168:2 | R, SC, MIL; FRE403 | | | | |
| 168:12-170:13 | R, SC, MIL; FRE403 | | | | |
| 173:11-17 | R, SC, MIL; FRE403 | | | | |
| 173:20-21 | R, SC, MIL; FRE403 | | | | |
| 178:10-24 | R; FRE408 | | | | |
| 179:7-7 | R; FRE408 | | | | |
| 182:14-183:18 | | | | | |
| 183:24-184:18 | | | | | |
| 187:14-22 | | | | | |
| 188:14-189:15 | I | 188:5-13 | 401-403; 801-802 | | |
| 189:19-25 | H | | | | |
| 190:14-19 | | | | | |
| 191:8-192:14 | V | | | | |
| 192:17-194:10 | F, V | | | | |
| 194:13-21 | | | | | |
| 197:16-24 | H | | | | |
| 209:20-210:3 | H | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

## Testifying Witness: Terifay, Robert J.
**CONFIDENTIAL**
**Date of Testimony: Injunction Hearing, March 23, 2016**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 294:9-24 | | 291:2-292:4 | | | |
| 299:3-9 | | 294:25-295:11 | 401-403 | | |
| | | 297:7-15; 298:6-299:2; 299:16-300:1 | 401-403; 701 | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

## Testifying Witness: Terifay, Robert J.
**CONFIDENTIAL**
**Date of Testimony: Injunction Hearing, March 24, 2016**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 312:10-18 | | | | | |
| 314:12-18 | R | | | | |
| 315:7-15 | I, R; FRE403 | 313:3-9; 313:16-314:7; 315:17-18; 321:3-13 | 401-403 | | |
| 315:20-316:6 | R | | | | |
| 316:13-20 | I, R; FRE403 | 313:3-9; 313:16-314:7; 315:17-18; 321:3-13; 316:21-317:3 | 401-403 | | |

| | Amgen Inc. et al. v. Sanofi/Regeneron et al. | | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| | C.A. No. 14-1317 (RGA) | | | | | |
| | **Deponent: Waller, Rayne** | | | | | |
| | CONFIDENTIAL | | | | | |
| | Date of Deposition:  August 2, 2015 | | | | | |
| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
| 9:5-10 | | | | | | |
| 10:2-24 | | | | | | |
| 11:6-12:15 | | | | | | |
| 13:18-14:15 | | | | | | |
| 15:5-16:22 | | | | | | |
| 18:5-20 | | | | | | |
| 18:22-24 | | | | | | |
| 19:2-20 | | | | | | |
| 19:23-20:1 | | | | | | |
| 20:3-4 | | | | | | |
| 20:14-21:9 | | | | | | |
| 21:11-11 | | | | | | |
| 21:13-22:15 | | | | | | |
| 22:17-23:1 | | | | | | |
| 23:4-4 | | | | | | |
| 24:12-25:6 | | | | | | |
| 25:8-8 | | | | | | |
| 25:10-11 | | | | | | |
| 25:13-27:1 | | | | | | |
| 27:18-21 | | | | | | |
| 27:22-28:7 | | | | | | |
| 28:9-9 | | | | | | |
| 28:18-22 | | | | | | |
| 28:24-29:3 | | | | | | |
| 29:15-18 | | | | | | |
| 29:24-30:2 | | | | | | |
| 30:6-32:24 | | | | | | |
| 33:9-20 | | | | | | |
| 34:1-24 | | | | | | |
| 35:7-36:19 | | | | | | |
| 36:21-21 | | | | | | |
| 36:23-37:3 | | | | | | |
| 37:6-9 | | | | | | |
| 37:11-11 | | | | | | |
| 37:14-16 | | | | | | |
| 37:18-19 | | | | | | |
| 37:21-23 | | | | | | |
| 38:4-6 | | | | | | |
| 38:9-40:2 | | | | | | |
| 40:4-5 | | | | | | |
| 41:4-6 | | | | | | |
| 41:12-16 | | | | | | |
| 44:18-21 | | | | | | |
| 45:3-5 | | | | | | |
| 46:15-47:15 | | | | | | |
| 47:17-23 | | | | | | |
| 47:25-48:2 | | | | | | |
| 48:4-4 | | | | | | |
| 48:6-11 | | | | | | |
| 48:13-18 | | | | | | |
| 48:21-21 | | | | | | |
| 48:22-49:4 | | | | | | |
| 49:13-50:14 | | | | | | |
| 51:7-21 | | | | | | |
| 51:23-23 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent: Waller, Rayne
**CONFIDENTIAL**
**Date of Deposition:  August 2, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 51:24-52:5 | | | | | | |
| 52:7-7 | | | | | | |
| 52:9-15 | | | | | | |
| 52:25-54:4 | | | | | | |
| 54:6-6 | | | | | | |
| 54:8-16 | | | | | | |
| 54:18-23 | | | | | | |
| 55:1-6 | | | | | | |
| 55:19-56:17 | | | | | | |
| 56:20-21 | | | | | | |
| 56:22-25 | | | | | | |
| 57:9-58:5 | | | | | | |
| 58:7-7 | | | | | | |
| 58:9-10 | | | | | | |
| 58:11-12 | | | | | | |
| 58:14-14 | | | | | | |
| 58:15-16 | | | | | | |
| 58:18-23 | | | | | | |
| 58:25-59:5 | | | | | | |
| 59:7-7 | | | | | | |
| 59:8-12 | | | | | | |
| 59:14-14 | | | | | | |
| 60:4-9 | | | | | | |
| 60:25-61:4 | | | | | | |
| 61:7-18 | | | | | | |
| 61:20-25 | | | | | | |
| 62:4-5 | | | | | | |
| 62:7-22 | | | | | | |
| 65:2-15 | | | | | | |
| 65:17-66:1 | | | | | | |
| 67:3-4 | | | | | | |
| 67:7-13 | | | | | | |
| 67:15-17 | | | | | | |
| 67:19-68:8 | | | | | | |
| 68:17-19 | | | | | | |
| 68:21-69:23 | | | | | | |
| 69:25-70:1 | | | | | | |
| 70:7-14 | | | | | | |
| 71:16-20 | | | | | | |
| 71:23-72:8 | | | | | | |
| 72:16-73:5 | | | | | | |
| 73:9-14 | | | | | | |
| 73:16-24 | | | | | | |
| 74:6-14 | | | | | | |
| 74:16-75:13 | | | | | | |
| 76:6-77:22 | | | | | | |
| 78:1-12 | | | | | | |
| 78:14-24 | | | | | | |
| 79:7-19 | | | | | | |
| 79:24-80:4 | | | | | | |
| 80:10-21 | | | | | | |
| 80:23-24 | | | | | | |
| 82:5-7 | | | | | | |
| 83:2-84:3 | | | | | | |
| 84:7-22 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent: Waller, Rayne
**CONFIDENTIAL**
**Date of Deposition:  August 2, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 85:3-88:9 | | | | | | |
| 88:11-12 | | | | | | |
| 88:13-17 | | | | | | |
| 88:19-19 | | | | | | |
| 89:7-90:13 | | | | | | |
| 90:21-91:9 | | | | | | |
| 91:11-17 | | | | | | |
| 92:3-21 | | | | | | |
| 93:2-4 | | | | | | |
| 93:6-6 | | | | | | |
| 93:25-94:19 | | | | | | |
| 94:21-95:4 | | | | | | |
| 95:7-16 | | | | | | |
| 95:23-96:9 | | | | | | |
| 97:7-99:9 | | | | | | |
| 99:13-15 | | | | | | |
| 99:17-100:1 | | | | | | |
| 101:5-13 | | | | | | |
| 101:16-102:6 | | | | | | |
| 102:8-10 | | | | | | |
| 102:16-20 | | | | | | |
| 102:22-104:14 | | | | | | |
| 104:16-16 | | | | | | |
| 104:20-24 | | | | | | |
| 105:1-17 | | | | | | |
| 106:3-16 | | | | | | |
| 107:3-12 | | | | | | |
| 108:1-109:2 | | | | | | |
| 115:2-7 | | | | | | |
| 119:13-15 | | | | | | |
| 119:17-21 | | | | | | |
| 120:21-23 | | | | | | |
| 120:25-25 | | | | | | |
| 122:8-123:1 | | | | | | |
| 123:4-124:21 | | | | | | |
| 124:23-125:9 | | | | | | |
| 125:12-13 | | | | | | |
| 127:17-25 | | | | | | |
| 134:9-13 | | | | | | |
| 134:15-17 | | | | | | |
| 135:9-18 | | | | | | |
| 135:20-20 | | | | | | |
| 135:25-136:13 | | | | | | |
| 136:15-19 | | | | | | |
| 137:13-19 | | | | | | |
| 139:25-140:2 | | | | | | |
| 140:6-141:2 | | | | | | |
| 141:5-5 | | | | | | |
| 141:20-142:5 | | | | | | |
| 142:7-8 | | | | | | |
| 142:19-143:2 | | | | | | |
| 143:4-13 | | | | | | |
| 143:15-17 | | | | | | |
| 146:1-3 | | | | | | |
| 146:6-19 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent: Waller, Rayne
**CONFIDENTIAL**
**Date of Deposition:  August 2, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 147:25-148:2 | | | | | | |
| 148:6-11 | | | | | | |
| 148:18-23 | | | | | | |
| 148:25-149:5 | | | | | | |
| 149:24-150:4 | | | | | | |
| 150:6-17 | | | | | | |
| 154:5-7 | | | | | | |
| 154:11-155:11 | | | | | | |
| 155:18-22 | | | | | | |
| 155:25-156:5 | | | | | | |
| 156:7-17 | | | | | | |
| 156:19-157:1 | | | | | | |
| 157:6-7 | | | | | | |
| 157:10-12 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Testifying Witness:  Waller, Rayne
**CONFIDENTIAL**
**Date of Testimony: Injunction Hearing, March 23, 2016**

| Plaintiff's Designation (Page:Line)  [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line)  [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line)  [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 131:23-132:10 | | | | | | |
| 132:13-135:25 | | | | | | |

Amgen Inc. et al. v. Sanofi/Regeneron et al.
C.A. No. 14-1317 (RGA)

# Deponent:  Warren, Eric
CONFIDENTIAL
Date of Deposition:  August 8, 2018

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 7:7-14 | | | | | |
| 8:18-25 | | | | | |
| 9:1-15 | | | | | |
| 9:16-23 | | | | | |
| 10:2-12 | | | | | |
| 10:24-11:8 | | 11:23-12:4 | | | |
| 12:5-23 | | | | | |
| 18:2-6 | | | | | |
| 18:9-20 | | | | | |
| 19:21-20:8 | | | | | |
| 20:25-21:19 | | | | | |
| 22:2-25 | S | | | | |
| 23:12-25:14 | | | | | |
| 25:15-24 | F, V | | | | |
| 25:25-26:2 | | | | | |
| 26:3-12 | F | | | | |
| 26:13-15 | | | | | |
| 29:13-31:2 | F | | | | |
| 31:4-19 | F | 31:20-22 | | | |
| 32:2-18 | OS, F, S | | | | |
| 32:21-23 | OS | | | | |
| 33:16-34:6 | | | | | |
| 34:12-15 | | | | | |
| 34:16-19 | | | | | |
| 34:25-35:3 | | | | | |
| 35:7-16 | | | | | |
| 35:17-25 | OS | | | | |
| 36:1-17 | | 36:18-22 | | | |
| 37:1-15 | | | | | |
| 37:16-20 | | 37:22-23 | | | |
| 37:24-38:3 | | | | | |
| 45:20-24 | | 45:25-46:1 | | | |
| 46:2-47:18 | | | | | |
| 47:23-48:9 | | | | | |
| 48:18-22 | | | | | |
| 49:1-6 | | 49:7-9 | | | |
| 49:20-25 | | | | | |
| 50:4-11 | V | | | | |
| 50:20-51:1 | F,V | 51:2-11 | | | |
| 52:13-53:10 | | 53:11-14 | 401-403 | 54:8-21 | R, FRE 403 |
| 57:1-7 | F,V | 56:15-18; 56:20-25 | | | |
| 57:9-9 | | | | | |
| 57:13-16 | F, V | | | | |
| 57:18-19 | | | | | |
| 58:2-59:7 | SC, F | | | | |
| 59:8-60:2 | SC, F | | | | |
| 60:3-14 | | 60:15-61:6 | 401-403 | | |
| 61:10-62:2 | | | | | |
| 62:3-15 | | 62:16-63:2 | 401-403 | 63:3-15 | R, FRE 403 |
| 64:5-22 | | | | | |
| 66:11-67:5 | F, V | | | | |
| 68:20-69:1 | | | | | |
| 69:2-16 | I | 70:2-10 | | 69:17-24 | F, OBJ |
| 72:19-73:13 | | | | | |
| 75:10-76:6 | | | | | |
| 76:21-24 | | | | | |
| 78:22-25 | R | | | | |
| 83:3-84:17 | | | | | |
| 84:18-24 | | | | | |
| 86:19-23 | SC | 86:2-18; 87:19-88:8 | | | |
| 86:25-87:15 | SC, V | | | | |
| 87:17-18 | SC, V | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Warren, Eric
**CONFIDENTIAL**
**Date of Deposition:  August 8, 2018**

| Plaintiff's Designation (Page:Line)<br><br>[YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line)<br><br>[ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line)<br><br>[GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 92:1-14 | | | | | |
| 92:22-25 | | | | | |
| 93:1-12 | | | | | |
| 94:22-95:17 | | | | | |
| 108:23-110:4 | | | | | |
| 110:14-18 | | | | | |
| 112:4-18 | | | | | |
| 113:2-114:12 | | | | | |
| 116:22-117:4 | R; FRE403 | | | | |
| 117:23-118:1 | F, V, S; R; FRE403 | | | | |
| 118:3-10 | | 118:11-15 | 401-403 | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent: Wasserman, Scott
**CONFIDENTIAL**
**Date of Deposition:  August 15, 2018**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 22:23-24 | | | | | | |
| 24:1-25:25 | | | | | | |
| 26:1-27:25 | | | | | | |
| 28:1-20 | | | | | | |
| 37:7-12 | | | | | | |
| 37:14-25 | | | | | | |
| 38:1-10 | | | | | | |
| 38:12-39:1 | | | | | | |
| 39:20-25 | | | | | | |
| 40:1-3 | | | | | | |
| 40:8-16 | | | | | | |
| 40:18-25 | | | | | | |
| 41:4-5 | | | | | | |
| 41:8-19 | | | | | | |
| 42:9-16 | | | | | | |
| 44:21-23 | | | | | | |
| 44:25-45:13 | | | | | | |
| 45:15-24 | | | | | | |
| 46:1-47:13 | | | | | | |
| 47:18-25 | | | | | | |
| 48:1-3 | | | | | | |
| 48:13-25 | | | | | | |
| 49:1-6 | | | | | | |
| 49:13-25 | | | | | | |
| 50:1-25 | | | | | | |
| 51:1-25 | | | | | | |
| 52:3-53:25 | | | | | | |
| 54:1-56:1 | | | | | | |
| 56:2-12 | | | | | | |
| 56:19-57:25 | | | | | | |
| 58:1-4 | | | | | | |
| 59:7-25 | | | | | | |
| 60:1-25 | | | | | | |
| 61:1-25 | | | | | | |
| 62:1-65:25 | | | | | | |
| 66:1-16 | | | | | | |
| 67:4-68:2 | | | | | | |
| 68:3-69:19 | | | | | | |
| 69:23-71:4 | | | | | | |
| 71:5-74:1 | | | | | | |
| 74:2-4 | | | | | | |
| 74:6-14 | | | | | | |
| 74:16-76:1 | | | | | | |
| 76:2-77:25 | | | | | | |
| 78:1-80:14 | | | | | | |
| 80:21-82:2 | | | | | | |
| 82:3-83:15 | | | | | | |
| 84:9-10 | | | | | | |
| 84:25-85:9 | | | | | | |
| 86:5-14 | | | | | | |
| 92:2-93:12 | | | | | | |
| 93:14-24 | | | | | | |
| 94:1-9 | | | | | | |
| 94:11-17 | | | | | | |
| 94:22-95:18 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent: Wasserman, Scott
**CONFIDENTIAL**
**Date of Deposition:  August 15, 2018**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 97:9-17 | | | | | | |
| 97:19-25 | | | | | | |
| 98:1-99:19 | | | | | | |
| 101:8-103:2 | | | | | | |
| 103:3-18 | | | | | | |
| 103:20-23 | | | | | | |
| 117:11-25 | | | | | | |
| 118:1-120:20 | | | | | | |
| 121:4-8 | | | | | | |
| 123:16-19 | | | | | | |
| 124:1-125:1 | | | | | | |
| 125:2-126:3 | | | | | | |
| 126:4-6 | | | | | | |
| 126:8-127:25 | | | | | | |
| 128:5-13 | | | | | | |
| 128:15-130:1 | | | | | | |
| 130:2-13 | | | | | | |
| 130:21-132:7 | | | | | | |
| 132:9-134:2 | | | | | | |
| 134:3-16 | | | | | | |
| 134:20-22 | | | | | | |
| 134:24-135:15 | | | | | | |
| 136:23-137:17 | | | | | | |
| 157:1-5 | | | | | | |
| 157:6-158:2 | | | | | | |
| 158:3-13 | | | | | | |
| 158:15-161:2 | | | | | | |
| 161:4-25 | | | | | | |
| 162:2-10 | | | | | | |
| 162:12-16 | | | | | | |
| 162:18-163:2 | | | | | | |
| 163:15-165:7 | | | | | | |
| 165:12-166:15 | | | | | | |
| 169:16-25 | | | | | | |
| 170:1-171:9 | | | | | | |
| 172:8-173:13 | | | | | | |
| 174:11-25 | | | | | | |
| 175:1-176:11 | | | | | | |
| 176:13-25 | | | | | | |
| 177:1-7 | | | | | | |
| 177:9-25 | | | | | | |
| 178:1-10 | | | | | | |
| 179:10-180:15 | | | | | | |
| 180:16-181:4 | | | | | | |
| 194:1-196:20 | | | | | | |
| 196:23-197:5 | | | | | | |
| 197:9-199:1 | | | | | | |
| 199:2-13 | | | | | | |
| 199:15-201:6 | | | | | | |
| 201:10-202:6 | | | | | | |
| 202:8-21 | | | | | | |
| 202:22-205:14 | | | | | | |
| 205:15-206:1 | | | | | | |
| 206:2-3 | | | | | | |
| 206:16-207:13 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent: Wasserman, Scott
**CONFIDENTIAL**
**Date of Deposition: August 15, 2018**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 207:15-25 | | | | | | |
| 208:1-5 | | | | | | |
| 208:7-13 | | | | | | |
| 208:23-209:25 | | | | | | |
| 210:1-212:12 | | | | | | |
| 212:21-213:12 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Weber, Doris
**CONFIDENTIAL**
Date of Deposition:  October 17, 2018

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 5:15-6:3 | | NOTE:  Plaintiff has overdesignated testimony from this witness. Defendants reserve the right to rely on any portion of Plaintiff's affirmative designations in counter to what will finally be designated by Plaitniff. | | | |
| 6:5-7:2 | | | | | |
| 7:16-8:25 | R, 403 | | | | |
| 9:12-10:9 | R, 403 | | | | |
| 10:15-22 | R, 403 | | | | |
| 11:2-4 | R, 403 | | | | |
| 11:6-19 | R, 403 | | | | |
| 11:20-12:23 | R, 403 | | | | |
| 12:24-13:24 | R, 403 | | | | |
| 13:25-14:3 | R, 403 | | | | |
| 14:4-6 | R, 403 | | | | |
| 14:7-13 | R, 403 | | | | |
| 14:14-15 | R, 403 | | | | |
| 14:16-20 | R, 403 | | | | |
| 14:21-22 | R, 403 | | | | |
| 14:23-16:2 | R, 403 | | | | |
| 16:3-25 | R, 403 | | | | |
| 17:1-2 | R, 403, SC | | | | |
| 17:5-6 | R, 403, SC | | | | |
| 17:14-21 | R, 403 | | | | |
| 17:23-18:18 | R, 403 | | | | |
| 18:24-19:1 | R, 403 | | | | |
| 19:2-3 | R, 403 | | | | |
| 19:4-20:2 | R, 403 | | | | |
| 20:3-12 | R, 403, S | | | | |
| 20:15-21:4 | R, 403 | | | | |
| 21:9-22:5 | R, 403 | | | | |
| 22:6-13 | R, 403, S | | | | |
| 22:15-23 | R, 403, S | | | | |
| 22:25-23:15 | R, 403 | | | | |
| 23:19-24:5 | R, 403, MIS, F | | | | |
| 24:8-8 | R, 403 | | | | |
| 24:16-19 | R, 403 | | | | |
| 24:24-25:4 | R, 403 | | | | |
| 25:11-11 | R, 403 | | | | |
| 25:20-23 | R, 403 | | | | |
| 26:1-19 | R, 403 | | | | |
| 26:21-27:2 | R, 403 | | | | |
| 27:13-28:8 | R, 403 | | | | |
| 28:12-29:13 | R, 403 | | | | |
| 29:14-22 | R, 403 | | | | |
| 29:25-31:1 | R, 403 | | | | |
| 31:5-32:1 | R, 403, F | | | | |
| 32:5-19 | R, 403, F, V | | | | |
| 32:21-33:20 | R, 403 | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Traversino, Yannick
**CONFIDENTIAL**
Date of Deposition: September 25, 2015

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 6:21-23 | | | | | | |
| 7:6-24 | | | | | | |
| 10:15-22 | | | | | | |
| 10:23-11:3 | | | | | | |
| 11:8-13:7 | | | | | | |
| 13:11-15:9 | | | | | | |
| 15:13-18:9 | | | | | | |
| 18:21-21:22 | | | | | | |
| 22:2-24:13 | | | | | | |
| 28:22-29:4 | | | | | | |
| 29:8-21 | | | | | | |
| 29:22-31:15 | | | | | | |
| 37:16-19 | | | | | | |
| 37:24-38:4 | | | | | | |
| 38:8-13 | | | | | | |
| 38:14-18 | | | | | | |
| 38:19-39:2 | | | | | | |
| 39:5-19 | | | | | | |
| 39:23-40:4 | | | | | | |
| 40:8-45:14 | | | | | | |
| 45:15-46:11 | | | | | | |
| 46:14-22 | | | | | | |
| 49:18-50:11 | | | | | | |
| 52:6-13 | | | | | | |
| 56:6-11 | | | | | | |
| 59:13-25 | | | | | | |
| 64:15-19 | | | | | | |
| 64:20-65:5 | | | | | | |
| 65:8-19 | | | | | | |
| 65:22-66:2 | | | | | | |
| 66:5-12 | | | | | | |
| 66:15-15 | | | | | | |
| 68:19-24 | | | | | | |
| 69:4-10 | | | | | | |
| 70:14-71:16 | | | | | | |
| 72:7-73:2 | | | | | | |
| 73:6-7 | | | | | | |
| 73:9-17 | | | | | | |
| 73:18-74:7 | | | | | | |
| 74:8-13 | | | | | | |
| 74:14-76:1 | | | | | | |
| 76:4-17 | | | | | | |
| 76:18-78:2 | | | | | | |
| 78:3-9 | | | | | | |
| 78:13-79:12 | | | | | | |
| 79:19-80:5 | | | | | | |
| 80:11-16 | | | | | | |
| 80:24-25 | | | | | | |
| 81:4-8 | | | | | | |
| 81:19-82:7 | | | | | | |
| 82:10-11 | | | | | | |
| 82:15-83:20 | | | | | | |
| 83:21-25 | | | | | | |
| 84:5-19 | | | | | | |
| 84:22-22 | | | | | | |

**Amgen Inc. et al. v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Deponent:  Traversino, Yannick
**CONFIDENTIAL**
**Date of Deposition: September 25, 2015**

| Plaintiff's Designation (Page:Line) [YELLOW] | Defendant's Objection (FRE) | Defendant's Counter-Designations (Page:Line) [BLUE] | Plaintiff's Objections to Counter-Designations (FRE) | Plaintiff's Counter-Counter Designations (Page:Line) [YELLOW] | Defendants Objections to Plaintiff's Counter-Counter Designations (FRE) | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|---|
| 84:23-85:10 | | | | | | |
| 87:12-88:9 | | | | | | |
| 88:13-89:2 | | | | | | |
| 89:5-21 | | | | | | |
| 89:23-90:15 | | | | | | |
| 90:18-91:3 | | | | | | |
| 91:5-17 | | | | | | |
| 91:19-20 | | | | | | |
| 91:24-92:22 | | | | | | |
| 93:11-18 | | | | | | |
| 94:7-12 | | | | | | |
| 94:16-95:5 | | | | | | |
| 95:12-16 | | | | | | |
| 95:19-97:4 | | | | | | |
| 99:6-9 | | | | | | |
| 99:11-16 | | | | | | |
| 100:7-101:15 | | | | | | |
| 101:16-102:4 | | | | | | |
| 102:17-103:23 | | | | | | |
| 104:3-106:3 | | | | | | |
| 106:6-18 | | | | | | |
| 106:23-107:3 | | | | | | |
| 109:8-111:3 | | | | | | |
| 111:6-22 | | | | | | |
| 111:24-114:6 | | | | | | |
| 114:9-16 | | | | | | |
| 114:18-115:1 | | | | | | |
| 115:4-8 | | | | | | |
| 115:9-14 | | | | | | |
| 115:18-116:2 | | | | | | |
| 116:23-117:21 | | | | | | |
| 117:22-118:13 | | | | | | |
| 118:16-22 | | | | | | |
| 118:24-120:22 | | | | | | |
| 121:14-24 | | | | | | |
| 122:4-19 | | | | | | |
| 122:20-123:2 | | | | | | |
| 123:3-9 | | | | | | |
| 123:10-125:16 | | | | | | |
| 125:20-126:7 | | | | | | |
| 126:8-127:12 | | | | | | |
| 127:14-21 | | | | | | |
| 127:22-128:10 | | | | | | |
| 128:13-17 | | | | | | |
| 129:12-130:4 | | | | | | |
| 131:20-23 | | | | | | |
| 132:3-5 | | | | | | |
| 137:12-17 | | | | | | |
| 137:22-24 | | | | | | |
| 137:25-138:5 | | | | | | |
| 138:8-14 | | | | | | |

# EXHIBIT 14

*Amgen Inc., Amgen Manufacturing, Limited, and Amgen USA Inc. v. Sanofi, Sanofi-aventis U.S. LLC, Aventisub LLC, f/d/b/a Aventis Pharmaceuticals Inc. and Regeneron Pharmaceuticals, Inc.*, No. 1:14-cv-1317-SLR (consolidated)

**Deposition Designation Objection Key**

| Code | Objection |
|------|-----------|
| A | Authenticity: It is a forgery or is not what it purports to be (FRE 901 & 902) |
| AF | Assumes facts not in evidence |
| ARG | Argumentative |
| BRPL | Brief, Pleading, or Order: It is a brief, pleading, order, or discovery request and is not evidence |
| C | Cumulative: It is duplicative and/or cumulative of other exhibits |
| CD | Compound question |
| Dep | Improper Inclusion of Deposition or Trial Transcript |
| Expert | Improper Use of Expert Report |
| F | Form |
| FL | Foreign Language Without Translation |
| FN | Foundation |
| FRE | Other Content Evidence: It is not an original writing, and an exception does not apply |
| FRE 106 | Incomplete: The exhibit, as submitted, does not contain the complete document |
| FRE 403 | Unfair Prejudice: Probative value is substantially outweighed by unfair prejudice and/or confusion of the issues (FRE 403) |
| FRE 408 | Compromise/Offers to Compromise |
| FRE 1002 | Original Document |
| FRE 1004 | Other Content Evidence: It is not an original writing, and an exception does not apply |
| H | Hearsay: Constitutes or contains hearsay and no exception applies (FRE 801 & 802) |

| Code | Objection |
|---|---|
| I | Incomplete designation |
| IE | Improper exhibit |
| IH | Incomplete hypothetical |
| L | Conclusion of Law: Contains conclusions of law |
| M | Multiple Documents: Contains more than one document |
| MIL | Inadmissible on a ground asserted in a motion *in limine* |
| MIS | Misstates prior testimony |
| NON | Non-responsive answer or designation |
| NR | Not relied on: Exhibit was not relied on by any expert in support of opinion |
| O | Opinion Testimony By Lay Witness: Constitutes or contains improper opinion by a lay witness (FRE 701 & 702) |
| OBJ | Includes objection or attorney commentary in designation |
| Priv | Privileged: Protected from disclosure by the attorney-client privilege and/or work product doctrine |
| Privacy | Contains private personal information protected from disclosure under relevant law |
| Q | Quality: Exhibit, as submitted, is illegible or otherwise of low quality |
| R | Relevance: Not relevant to any issue to be decided in this case (FRE 401 & 402) |
| S | Speculative: Includes statements that are speculative as to matters of fact or law or for which the witness lacks otherwise personal knowledge per FRE 602 |
| SC | Outside the scope |
| U | Untimely: Exhibit was not disclosed at the proper time |
| V | Vague: Exhibit includes vague and indefinite statements |

Amgen Inc. et al v. Sanofi/Regeneron et al.
C.A. No. 14-1317 (RGA)

# Testifying Witness: Carabeo, Teresa

Date of Testimony: July 31, 2015

| Defendant's Designations (Page:Line) [PINK] | Plaintiff's Objection (FRE) | Plaintiff's Counter-Designations (Page:Line) [GREEN] | Defendants' Objections to Plaintiff's Counter Designations (FRE) | Defendants' Counter-Counter Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Defendants' Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 5:5-8 | | | | | |
| 15:9-12 | | | | | |
| 15:21-16:3 | | | | | |
| 79:8-13 | | | | | |
| 79:17-20 | | | | | |
| 110: 6-9 | 403, 601-602, 611, 701 | 104:23-106:3, 107:21-24, 108:1-9, 108:12-16, 109:15-17, 109:20-110:2 | | | |
| 110:11-22 | 403, 601-602, 611, 701 | 104:23-106:3, 107:21-24, 108:1-9, 108:12-16, 109:15-17, 109:20-110:2 | | | |
| 110:25-25 | 403, 601-602, 611, 701 | 104:23-106:3, 107:21-24, 108:1-9, 108:12-16, 109:15-17, 109:20-110:2 | | | |
| 144: 17-21 | 403, 601-602, 611, 701 | 143:15-17, 143:20-144:14, 144:16 | | | |
| 144:24-24 | 403, 601-602, 611, 701 | 143:15-17, 143:20-144:14, 144:16 | | | |
| 154:4 - 15 | 401-403, 601-602, 611, 801-802 | | | | |
| 154:17 - 162:18 | 401-403, 501-502, 601-602, 611, 701, 801-802 | | | | |
| 162:20 - 20 | 401-403, 501-502, 601-602, 611, 701, 801-802, 805 | 162:21-22, 162:25, 163:4-8 | OBJ | | |
| 162:23 - 24 | 401-403, 501-502, 601-602, 611, 701, 801-802, 805 | 162:21-22, 162:25, 163:4-8 | OBJ | | |
| 163:2- 3 | 401-403, 501-502, 601-602, 611, 701, 801-802, 805 | 162:21-22, 162:25, 163:4-8 | OBJ | | |
| 163:9 - 164:5 | 401-403, 501-502, 601-602, 611, 701, 801-802, 805 | | | | |

Amgen Inc. et al v. Sanofi/Regeneron et al.
C.A. No. 14-1317 (RGA)

## Testifying Witness: Carabeo, Teresa

**Date of Testimony: July 31, 2015**

| Defendant's Designations (Page:Line) [PINK] | Plaintiff's Objection (FRE) | Plaintiff's Counter-Designations (Page:Line) [GREEN] | Defendants' Objections to Plaintiff's Counter Designations (FRE) | Defendants' Counter-Counter Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Defendants' Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 164:9 - 13 | 401-403, 501-502, 601-602, 611, 701, 801-802, 805 | | | | |
| 164:18 - 179:2 | 401-403, 501-502, 601-602, 611, 701, 801-802, 805 | | | | |
| 179:9 - 184:21 | 401-403, 601-602, 611, 701, 801-802, 805 | | | | |
| 184:23 - 187:21 | 401-403, 601-602, 611, 701, 801-802 | | | | |
| 188:10 - 189:12 | 401-403, 601-602, 701 | 189:14-15 | OBJ | | |
| 189:16 - 193:20 | 401-403, 601-602, 611, 701, 801-802, 805 | | | | |
| 193:23 - 194:9 | 401-403, 601-602, 611, 701, 801-802, 805 | | | | |
| 194:12 - 195:9 | 401-403, 601-602, 611, 701, 801-802, 805 | | | | |
| 195:11 - 196:18 | 401-403, 601-602, 611, 701, 801-802, 805 | | | | |
| 196:24 - 198:22 | 401-403, 601-602, 611, 701, 801-802 | | | | |
| 199:2 - 202:6 | 401-403, 601-602, 611, 701, 801-802 | | | | |
| 202:10 - 16 | 401-403, 601-602, 611, 701, 801-802 | | | | |
| 202:18 - 205:2 | 401-403, 601-602, 611, 701, 801-802 | | | | |

**Amgen Inc. et al v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Testifying Witness: Carey, Victoria

**Date of Testimony: October 2, 2015**

| Defendant's Designations (Page:Line) [PINK] | Plaintiff's Objection (FRE) | Plaintiff's Counter-Designations (Page:Line) [GREEN] | Defendants' Objections to Plaintiff's Counter Designations (FRE) | Defendants' Counter-Counter Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Defendants' Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 11:6-7 | | | | | |
| 13:10-12 | | | | | |
| 14:25-15:12 | | | | | |
| 15:13-18:21 | | | | | |
| 19:1-13 | | 20:5-8; 29:7-19; 31:24-25; 32:1; 32:7-11 | BRPL; R; NON | | |
| 33:10-35:23 | | 153:6-14 | NON; R | | |
| 56:19-57:6 | | 57:7-58:6 | R | | |
| 65:22-67:15 | 401-403 | 68:2-6; 68:10-12; 68:23-69:21 | | | |
| 100:25-101:5 | | | | | |
| 101:14-101:23 | | 101:6-13; 102:13-103:2 | NON; R | | |
| 108:21-109:12 | | | | | |
| 110:10-111:3 | | 112:15-19; 115:12-15; 115:18-22; 143:10-144:9 | R | | |
| 117:11-118:8 | | 118:9-14; 144:12-15; 149:17-150:13 | R (144:12-14) | | |
| 126:25-127:25 | 401-403 | 128:1-8 | NON | | |
| 128:9-12 | 401-403; 601-602 | | | | |
| 128:15-130:3 | 401-403; 601-602 | | | | |
| 245:15-246:13 | 401-403 | 246:14-19; 248:4--249:7; 249:10-16; 249:19-24; 250:1-5; 250:9-251:8; 251:11-18 | R; FRE 403 | | |
| 251:19-252:14 | 401-403; 601-602; 701 | | | | |
| 252:16-18 | 401-403; 601-602; 701 | | | | |
| 252:20-22 | 401-403; 601-602; 701 | 252:23-253:2; 253:5-6; 253:8-13 | ARG; I | | |
| 258:9-261:14 | 401-403 | | | | |
| 261:21-262:13 | 401-403 | 275:17-276:16; 282:14-23 | NON | | |
| | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Amgen Inc. et al v. Sanofi/Regeneron et al.** | | | | | |
| **C.A. No. 14-1317 (RGA)** | | | | | |
| **Testifying Witness: Victoria Carey -  Injunction Hearing** | | | | | |
| **Date of Testimony: March 23, 2016** | | | | | |
| **Defendant's Designations (Page:Line)** **[PINK]** | **Plaintiff's Objection (FRE)** | **Plaintiff's Counter-Designations (Page:Line)** **[GREEN]** | **Defendants' Objections to Plaintiff's Counter Designations (FRE)** | **Defendants' Counter-Counter Designations (Page:Line)** **[ORANGE]** | **Plaintiff's Objections to Defendants' Counter-Counter Designations (FRE)** |
| 267:4-24 01/17/2019 correction 267:4-25 | 401-403 | | | | |
| 270:4-274:18 | 401-403 | | | | |
| 276:23-277:10 | 401-403 | 278:19-280:1; 287:14-288:21 | NON | | |
| | | | | | |

**Amgen Inc. et al v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Testifying Witness: Ketchem, Randal

**Date of Testimony: August 21, 2015**

| Defendant's Designations (Page:Line) [PINK] | Plaintiff's Objection (FRE) | Plaintiff's Counter-Designations (Page:Line) [GREEN] | Defendants' Objections to Plaintiff's Counter Designations (FRE) | Defendants' Counter-Counter Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Defendants' Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 5:8-11 | 401, FRCP 30(b)(6) | | | | |
| 27:14-17 | 403, 601-602, 611, 701, FRCP 30(b)(6) | 27:4-13 | | | |
| 27:24-28:4 | 403, 601-602, 611, 701, FRCP 30(b)(6) | 27:4-13 | | | |
| 28:7-7 | 403, 601-602, 611, 701, FRCP 30(b)(6) | 28:8, 28:10-24, 29:2-4, 29:6-11 | R, 403, SC | 29:12-30:8 | 403, 601-602, 611, 701, FRCP 30(b)(6) |
| 30:9-21 | 401, FRCP 30(b)(6) | | | | |
| 40:2-4 | 401, 611, FRCP 30(b)(6) | | | | |
| 51:23-52:5 | 401-403, 601-602, 611, 701, 801-802, FRCP 30(b)(6) | 52:6-11 | | 52:12-15; 52:17-19; 53:4-11 | 401-403, 601-602, 611, 701, 801-802, FRCP 30(b)(6) |
| 84:11-14 | 401-403, 601-602, 611, 701, FRCP 30(b)(6) | 82:3-4, 82:7-12, 82:16-18, 83:5-7, 83:9-10, 83:22-24, 84:3-7, 84:9-10 | | 93:3-8; 93:10-11 | 401-403, 601-602, 611, 701, FRCP 30(b)(6) |
| 84:18-20 | 401-403, 601-602, 611, 701, FRCP 30(b)(6) | 82:3-4, 82:7-12, 82:16-18, 83:5-7, 83:9-10, 83:22-24, 84:3-7, 84:9-10 | | 93:3-8; 93:10-11 | 401-403, 601-602, 611, 701, FRCP 30(b)(6) |
| 93:12-15 | 401-403, 601-602, 611, 701, FRCP 30(b)(6) | | | | |
| 93:18-24 | 401-403, 601-602, 611, 701, FRCP 30(b)(6) | | | | |
| 115:9-116:7 | 401-403, 501-502, 601-602, 611, 801-802, FRCP 30(b)(6) | | | | |

Amgen Inc. et al v. Sanofi/Regeneron et al.
C.A. No. 14-1317 (RGA)

# Testifying Witness: King, Chadwick

**Date of Deposition: September 10, 2015**

| Defendant's Designations (Page:Line) [PINK] | Plaintiff's Objection (FRE) | Plaintiff's Counter-Designations (Page:Line) [GREEN] | Defendants' Objections to Plaintiff's Counter Designations (FRE) | Defendants' Counter-Counter Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Defendants' Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 11:18-21 | | | | | |
| 11:24-12:4 | | 25:17-26:9, 27:18-28:18, | 402 | 26:10-12, 26:18-23 | |
| 112:7-22 | | 112:2-6; 112:23-113:5 | 402 | | |
| 146:16-147:7 | 601-602, 611, 701 | 145:21-25; 146:1-15 | 402 | 147:8-148:14 | 402, 403, 611 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Amgen Inc. et al v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Testifying Witness: King, Chadwick

**Date of Deposition: August 10, 2018**

| Defendant's Designations (Page:Line) [PINK] | Plaintiff's Objection (FRE) | Plaintiff's Counter-Designations (Page:Line) [GREEN] | Defendants' Objections to Plaintiff's Counter Designations (FRE) | Defendants' Counter-Counter Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Defendants' Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 17:19-22 | | | | | |
| 19:21-20:7 | | | | | |
| 22:23-23:2 | | | | | |
| 23:4-8 | | | | | |
| 23:13-17 | | 24:1-10; 26:5-11; 31:8-19; 36:5-37:6; 45:14-46:1; 46:23-47:7; 138:5-13 | 402 | | |
| 25:20-26:4 | | | | | |
| 29:3-9 | 403, 611 | 24:1-10; 26:5-11; 29:17-23 | 402 | | |
| 48:13-50:8 | | 29:17-23,31:8-19; 36:5-37:6;45:14-46:1;  50:9-13; 136:8-138:13 | 402, NT | | |
| 59:11-12 | 403, 602, 611 | 59:13 | NT | | |
| 59:14-60:2 | 403, 611, 701 | 59:13; 172:3-16; 186:22-187:15; 187:17-188:1; 188:3-7; 188:9-10 | NT, 702/703, 602, 402 | 187:16, 188:2, 188:8, 82:24-83:3, 87:14-89:5 | 401, 403, 611, 701 |
| 62:15-20 | 403, 602, 611 | 62:21-63:3 | 402, 602 | | |
| 78:6-10 | 611 | | | | |
| 82:24-84:10 | 611 | 84:11-12; 99:16-101:4; 101:25-102:6; 181:16-18; 181:21-22 | NT, 602, 402 | | |
| 84:13-25 | 403, 602, 611 | 85:1-3; 85:6; 99:16-101:4; 101:25-102:6; 181:16-18; 181:21-22 | 402, 602, NT | | |
| 87:14-89:5 | 403, 602, 611 | 92;20-93:1; 99:16-101:4; 101:25-102:6; 107:11-108:10; 172;3-16; 186:22-187:15; 187:17-188:1; 188:3-7; 188:9-10 | 402, 602, NT, 702/703 | 82:24-83:3, 87:14-89:5, 187:16, 188:2, 188:8 | 401, 403, 611, 701 |

**Amgen Inc. et al v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Testifying Witness: King, Chadwick

**Date of Deposition: August 10, 2018**

| Defendant's Designations (Page:Line) [PINK] | Plaintiff's Objection (FRE) | Plaintiff's Counter-Designations (Page:Line) [GREEN] | Defendants' Objections to Plaintiff's Counter Designations (FRE) | Defendants' Counter-Counter Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Defendants' Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 128:24-131:14 | 403, 602, 611 | 131:15-16; 140:4-141:5; 141:17-143:11; 144:4-145:21; 146:13-147:18 176:3-6; 176:8-10; 176:12-16; 176:18-24; 177:2-8; 177:10-13; 184:17-24; 185:3-4; 185:7-8; 185:10-186:14; 186:16-20; 193:18-194:4; 194:7-13; 194:15-20; 194:22-195:1; | NT, 402 | 177:9, 185:5-6, 186:15, 194:5-6, 194:14, 194:21, 169:16-20; 197:3-198:5 | |
| 131:17-132:18 | 403, 602, 611 | 131:15-16; 132:19-20; 140:4-141:5; 141:17-143:11; 144:4-145:21; 146:13-147:18; 154:23-155:20; 175:2-4; 175:6-13; 175:15-16; 176:3-6; 176:8-10; 176:12-16; 176:18-24; 177:2-8; 177:10-13; 177:15-23; 177:25-178:6; 178:8-15; 183:19-22; 183:25-184:3; 184:8-10; 184:11-13, 184:15; 184:17-24; 185:3-4; 185:7-8; 185:10-186:14; 186:16-20; 193:18-194:4; 194:7-13; 194:15-20; 194:22-195:1; 198:6-199:20; 202:4-22; 205:5-7; 205:11-14; 205:16-206:8; 206:10-21 | NT, 402, L | 177:9, 185:5-6, 186:15, 194:5-6, 194:14, 194:21, 169:16-20; 197:3-198:5, 22:23-23:2; 200:6-201:4, 175:5, 175:14, 176:7, 176:17, 177:24, 178:7, 200:12-201:4, 183:23-24, 185:5-6, 205:9, 205:15, 206:9 | |
| 132:21-133:2 | 403, 602, 611 | 132:19-20; 133:3-4 | NT | | |
| 133:5-16 | 403, 602, 611 | 133:3-4; 133:17-18 | NT | | |
| 133:19-24 | 403, 602, 611 | 133:17-18;133:25-134:1 | NT | | |
| 134:2-7 | 403, 602, 611 | 133:25-134:1; 134:8-10 | NT | | |

| Amgen Inc. et al v. Sanofi/Regeneron et al. | | | | | |
| --- | --- | --- | --- | --- | --- |
| C.A. No. 14-1317 (RGA) | | | | | |
| **Testifying Witness: King, Chadwick** | | | | | |
| Date of Deposition: August 10, 2018 | | | | | |
| **Defendant's Designations (Page:Line)** <br><br>**[PINK]** | **Plaintiff's Objection (FRE)** | **Plaintiff's Counter-Designations (Page:Line)** <br><br>**[GREEN]** | **Defendants' Objections to Plaintiff's Counter Designations (FRE)** | **Defendants' Counter-Counter Designations (Page:Line)** <br><br>**[ORANGE]** | **Plaintiff's Objections to Defendants' Counter-Counter Designations (FRE)** |
| 134:11-16 | 403, 602, 611 | 134:8-10; 134:17-19; 154:23-155:20; 175:2-4; 175:6-13; 175:15-16; 177:15-23; 177:25-178:6; 178:8-15; 183:19-22; 183:25-184:3; 184:8-10; 184:11-13, 184:15 198:6-199:20;  202:4-22; 205:5-7; 205:11-14; 205:16-206:8; 206:10-21; | NT, 402, L | 177:9, 185:5-6, 186:15, 194:5-6, 194:14, 194:21, 169:16-20; 197:3-198:5, 22:23-23:2; 200:6-201:4, 175:5, 175:14, 176:7, 176:17, 177:24, 178:7, 200:12-201:4, 183:23-24, 185:5-6, 205:9, 205:15, 206:9 | |
| 134:20-23 | 403, 602, 611 | 134:17-19; 134:24-135:3; 146:13-147:18;  176:3-6; 176:8 10; 176:12-16; 176:18-24; 177:2-8; 177:10-13; 184:11-13, 184:15; 184:17-24; 185:3-4; 185:7-8 | NT, 402, L | 176:7, 176:17, 177:9, 184:14, 185:5-6 | |
| 135:4-15 | 403, 602, 611 | 134:24-135:3; 135:16-18; 146:13-147:18; 154:23-155:20; 175:2-4; 175:6-13; 175:15-16; 176:3-6; 176:8-10; 176:12-16; 176:18-24; 177:2-8; 177:10-13; 177:15-23; 177:25-178:6; 178:8-15; 183:19-22; 183:25-184:3; 184:8-10; 184:11-13, 184:15; 184:17-24; 185:3-4; 185:7-8; 198:6-199:20; 202:4-22; 205:5-7; 205:11-14; 205:16 206:8; 206:10-21 | NT, 402, L | 22:23-23:2; 200:6-201:4, 175:5, 175:14, 176:7, 176:17, 177:24, 178:7, 183:23-24, 184:4-7, 184:14, 185:5-6 | |

**Amgen Inc. et al v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Testifying Witness: King, Chadwick

### Date of Deposition: August 10, 2018

| Defendant's Designations (Page:Line) [PINK] | Plaintiff's Objection (FRE) | Plaintiff's Counter-Designations (Page:Line) [GREEN] | Defendants' Objections to Plaintiff's Counter Designations (FRE) | Defendants' Counter-Counter Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Defendants' Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 135:19-136:2 | 403, 602, 611 | 135:16-18; 136:3-4; 154:23-155:20; 175:2-4; 175:6-13; 175:15-16; 177:15-23; 177:25-178:6; 178:8-15; 183:19-22; 183:25-184:3; 184:8-10; 184:11-13, 184:15; 198:6-199:20;  202:4-22; 205:5-7; 205:11-14; 205:16-206:8; 206:10-21 | NT, 402, L | 22:23-23:2; 200:6-201:4, 175:5, 175:14, 176:7, 176:17, 177:24, 178:7, 183:23-24, 184:4-7, 184:14, 185:5-6 | |
| 136:5-6 | 403, 602, 611 | 136:3-4; 154:23-155:20; 175:2-4; 175:6-13; 175:15-16; 177:15-23;  177:25-178:6; 178:8-15; 183:19-22; 183:25-184:3; 184:8-10; 184:11-13, 184:15; 198:6-199:20; 202:4-22; 205:5-7; 205:11-14; 205:16-206:8; 206:10-21 | NT, 402, L | 22:23-23:2; 200:6-201:4, 175:5, 175:14, 176:7, 176:17, 177:24, 178:7, 183:23-24, 184:4-7, 184:14, 185:5-6 | |
| 149:3-6 | 403, 602, 611 | 149:7-8; 154:23-155:20; 175:2-4; 175:6-13; 175:15-16; 177:15-23; 177:25-178:6; 178:8-15; 183:19-22; 183:25-184:3; 184:8-10; 184:11-13, 184:15; 198:6-199:20; 202:4-22; 205:5-7; 205:11-14; 205:16-206:8; 206:10-21 | NT, 402, L | 22:23-23:2; 200:6-201:4, 175:5, 175:14, 176:7, 176:17, 177:24, 178:7, 183:23-24, 184:4-7, 184:14, 185:5-6 | |
| 149:9-150:4 | 403, 602, 611 | 149:7-8; 150:5; 154:23-155:20; 175:2-4; 175:6-13; 175:15-16; 177:15-23; 177:25-178:6; 178:8-15; 183:19-22; 183:25-184:3; 184:8-10; 184:11-13, 184:15; 198:6-199:20; 202:4-22; 205:5-7; 205:11-14; 205:16-206:8; 206:10-21 | NT, 402, L | 22:23-23:2; 200:6-201:4, 175:5, 175:14, 176:7, 176:17, 177:24, 178:7, 183:23-24, 184:4-7, 184:14, 185:5-6 | |

**Amgen Inc. et al v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Testifying Witness: King, Chadwick

**Date of Deposition: August 10, 2018**

| Defendant's Designations (Page:Line) [PINK] | Plaintiff's Objection (FRE) | Plaintiff's Counter-Designations (Page:Line) [GREEN] | Defendants' Objections to Plaintiff's Counter Designations (FRE) | Defendants' Counter-Counter Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Defendants' Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 150:6-10 | 403, 602, 611 | 150:5; 150:11-12; 154:23-155:20; 175:2-4; 175:6-13; 175:15-16; 177:15-23; 177:25-178:6; 178:8-15; 183:19-22; 183:25-184:3; 184:8-10; 184:11-13, 184:15; 198:6-199:20; 202:4-22; 205:5-7; 205:11-14; 205:16-206:8; 206:10-21 | NT, 402, L | 22:23-23:2; 200:6-201:4, 175:5, 175:14, 176:7, 176:17, 177:24, 178:7, 183:23-24, 184:4-7, 184:14, 185:5-6 | |
| 150:13-21 | | 150:11-12; 154:23-155:20; 175:2-4; 175:6-13; 175:15-16; 177:15-23; 177:25-178:6; 178:8-15; 183:19-22; 183:25-184:3; 184:8-10; 184:15; 198:6-199:20;  202:4-22; 205:5-7; 205:11-14; 205:16 206:8; 206:10-21 | NT, 402, L | 22:23-23:2; 200:6-201:4, 175:5, 175:14, 176:7, 176:17, 177:24, 178:7, 183:23-24, 184:4-7, 184:14, 185:5-6 | |

**Amgen Inc. et al v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Testifying Witness: King, Chadwick

**Date of Testimony: Jury Trial, March 10, 2016**

| Defendant's Designations (Page:Line) [PINK] | Plaintiff's Objection (FRE) | Plaintiff's Counter-Designations (Page:Line) [GREEN] | Defendants' Objections to Plaintiff's Counter Designations (FRE) | Defendants' Counter-Counter Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Defendants' Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 727:2-7 | | | | | |
| 752:12-754:23 | 611, 701 | 729:19-730:8, 730:12-731:7; 731:14-743:9; 743:20-746:7, 754:25; 755:1-3; 755:10-12; 764:4-16 | 402 | | |
| 755:2-8 | 611, 701 | 754:25; 755:1-3; 755:10-12 | NT | | |
| 759:17-763:21 | 701 | 730:12-731:7; 737:5-739:15; 764:4-16 | 402; 602; 701; LC; S; 702/703 | 750:5-751:10; 751:20-752:12 | 403 |

**Amgen Inc. et al v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Testifying Witness: Lehmann, Mary

**Date of Testimony: October 9, 2015**

| Defendant's Designations (Page:Line) [PINK] | Plaintiff's Objection (FRE) | Plaintiff's Counter-Designations (Page:Line) [GREEN] | Defendants' Objections to Plaintiff's Counter Designations (FRE) | Defendants' Counter-Counter Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Defendants' Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 7:21-22 | 401-403 | | | | |
| 9:1-4 | 401-403 | | | | |
| 21:4-22:2 | 401-403 | | | | |
| 24:8-20 | 401-403 | | | | |
| 25:3-5 | 401-403 | 25:21-26:2; 26:4-5; 26:7-17 | | | |
| 34:2-20 | 401-403 | | | | |
| 49:5-6 | 401-403; 30(b)(6) | | | | |
| 49:8-16 | 401-403; 30(b)(6) | | | | |
| 49:18-23 | 401-403 | | | | |
| 51:14-15 | 401-403 | | | | |
| 51:17-22 | 401-403 | 52:9-13; 69:8-9; 69:22-70:2; 70:5-6; 78:17-18; 78:24; 79:1-4; 79:24-25; 80:2-5; 80:7-8; 80:10-15 | I; NON; R | 52:14-15; 52:17-19; 53:4-5; 53:7 | 401-403 |

**Amgen Inc. et al v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Testifying Witness: Mehlin, Christopher

**Date of Testimony: August 19, 2015**

| Defendant's Designations (Page:Line) [PINK] | Plaintiff's Objection (FRE) | Plaintiff's Counter-Designations (Page:Line) [GREEN] | Defendants' Objections to Plaintiff's Counter Designations (FRE) | Defendants' Counter-Counter Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Defendants' Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 8:18 - 22 | 401 | 8:18-21 | | | |
| 15:13 - 15 | | | | | |
| 26:25 - 27:4 | | | | | |
| 30:2 - 8 | | | | | |
| 57:13 - 17 | 403, 601-602, 611, 701 | 55:18-57:12 | | | |
| 57:21 - 58:10 | 403, 601-602, 611, 701 | 55:18-57:12 | | | |
| 58:13 - 16 | 403, 601-602, 611, 701 | 55:18-57:12 | | | |
| 64:10 - 17 | 401-403, 601-602, 611, 701 | 63:10-14, 63:17-23, 63:25-64:9 | | | |
| 64:21-21 | 401-403, 601-602, 611, 701 | 63:10-14, 63:17-23, 63:25-64:9 | | | |
| 64:23 - 65:10 | 401-403, 601-602, 611, 701 | 63:10-14, 63:17-23, 63:25-64:9 | | | |
| 65:14 - 17 | 401-403, 601-602, 611, 701 | 63:10-14, 63:17-23, 63:25-64:9 | | | |
| 65:19 - 23 | 401-403, 601-602, 611, 701 | 63:10-14, 63:17-23, 63:25-64:9 | | | |
| 68:18 - 21 | 401-403, 601-602, 611, 701 | 68:8-17, 98:17-25, 99:2-14 | | 23:19-25:18 | 401-403, 601-602, 611, 701 |
| 68:24 - 69:5 | 401-403, 601-602, 611, 701 | 68:8-17, 98:17-25, 99:2-14 | | 23:19-25:18 | 401-403, 601-602, 611, 701 |
| 69:7 - 16 | 401-403, 601-602, 611, 701 | 68:8-17, 98:17-25, 99:2-14 | | 23:19-25:18 | 401-403, 601-602, 611, 701 |
| 69:19 - 70:22 | 401-403, 601-602, 611, 701 | 68:8-17, 98:17-99:14 | | 23:19-25:18 | 401-403, 601-602, 611, 701 |
| 70:25 - 71:6 | 401-403, 601-602, 611, 701 | 68:8-17, 98:17-99:14 | | 23:19-25:18 | 401-403, 601-602, 611, 701 |
| 71:9 - 14 | 401-403, 601-602, 611, 701 | 68:8-17, 98:17-99:14 | | 23:19-25:18 | 401-403, 601-602, 611, 701 |
| 71:16 - 72:7 | 401-403, 601-602, 611, 701 | 68:8-17, 98:17-99:14 | | 23:19-25:18 | 401-403, 601-602, 611, 701 |
| 199:5 - 10 | 401-403, 601-602, 611, 701 | | | | |
| 199:14 - 200:2 | 401-403, 601-602, 611, 701 | | | | |
| | | | | | |

**Amgen Inc. et al v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Testifying Witness: Moisiuc, Florin

**Date of Testimony: October 16, 2018**

| Defendant's Designations (Page:Line) [PINK] | Plaintiff's Objection (FRE) | Plaintiff's Counter-Designations (Page:Line) [GREEN] | Defendants' Objections to Plaintiff's Counter Designations (FRE) | Defendants' Counter-Counter Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Defendants' Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 4:15 - 18 | 401-403 | | | | |
| 6:13 - 19 | 401-403 | 6:20-7:1 | R; I | 7:2-15 | |
| 8:14 - 9:11 | 401-403 | | | | |
| 10:4 - 20 | 401-403 | | | | |
| 11: 19 - 21 | 401-403 | | | | |
| 12:3 - 23 | 401-403; 601-602 | 13:11-14:3 | NON | | |
| 14:8 - 24 | 401-403 | | | | |
| 25:12 - 21 | 401-403 | | | | |
| 25:23 - 23 | 401-403 | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Amgen Inc. et al v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Testifying Witness: Piper, Derek

**Date of Deposition: August 15, 2018**

| Defendant's Designations (Page:Line) [PINK] | Plaintiff's Objection (FRE) | Plaintiff's Counter-Designations (Page:Line) [GREEN] | Defendants' Objections to Plaintiff's Counter Designations (FRE) | Defendants' Counter-Counter Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Defendants' Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 11:11-15 | | | | | |
| 13:7-13 | | | | | |
| 108:25-109:3 | 401, 402, 403, 602 | 109:12-20 | 402; NT | | |
| 110:1- 111:11 | 401, 402, 403 | | | | |
| 111:14-112:12 | 401, 402, 403, 611, 602 | 111:12-13 | NT | | |
| 112:15-21 | 401, 402, 403, 611, 602 | 112:13-14 | NT | | |
| 112:24-113:6 | 401, 402, 403, 611, 602 | 112:22-23 | NT | | |
| 113:9-15 | 401, 402, 403, 611, 602 | 113:7-8 | NT | | |
| 113:22-114:3 | 401, 402, 403, 611, 602 | 113:16-21 | NT | | |
| 114:6-115:5 | 401, 402, 403, 611, 602 | 114:4-5 | NT | | |
| 115:8-17 | 401, 402, 403, 611, 602 | 115:6-7; 115:18-19 | NT | | |
| 115:20-116:2 | 401, 402, 403, 611, 602 | 116:3-4 | NT | | |
| 116:5-19 | 401, 402, 403, 611, 602 | 116:20-21 | NT | | |
| 116:22-117:18 | 401, 402, 403, 611, 602 | 117:19-25 | NT | | |
| 118:6-11 | 401, 402, 403, 611, 602 | 118:12 | NT | | |
| 118:13-119:18 | 401, 402, 403, 611, 602 | 119:19-20 | NT | | |
| 119:21-120:11 | 401, 402, 403, 611, 602 | 120:12 | NT | | |
| 120:13-21 | 401, 402, 403, 611, 602 | 120:22-23 | NT | | |
| 120:24-121:4 | 401, 402, 403, 611, 602 | 121:5-6 | NT | | |
| 121:7-18 | 401, 402, 403, 611, 602 | 121:19-20 | NT | | |
| 121:21-25 | 401, 402, 403, 611, 602 | 122:1-2 | NT | | |
| 122:3-8 | 401, 402, 403, 611, 602 | 122:9-10 | NT | | |
| 122:11-17 | 401, 402, 403, 611, 602 | 122:18-19 | NT | | |
| 122:20-123:14 | 401, 402, 403, 611, 602 | 123:15-16 | NT | | |
| 123:17-23 | 401, 402, 403, 611, 602 | 123:24-25 | NT | | |
| 124:1-13 | 401, 402, 403, 611, 602 | 124:14-15 | NT | | |

**Amgen Inc. et al v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Testifying Witness: Piper, Derek

**Date of Deposition: August 15, 2018**

| Defendant's Designations (Page:Line) [PINK] | Plaintiff's Objection (FRE) | Plaintiff's Counter-Designations (Page:Line) [GREEN] | Defendants' Objections to Plaintiff's Counter Designations (FRE) | Defendants' Counter-Counter Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Defendants' Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 124:16-23 | 401, 402, 403, 611, 602 | 124:24-25 | NT | | |
| 125:1-6 | 401, 402, 403, 611, 602 | 125:7-8 | NT | | |
| 125:9-17 | 401, 402, 403, 611, 602 | 125:18-19 | NT | | |
| 125:20-126:10 | 401, 402, 403, 611, 602 | 126:11-12 | NT | | |
| 126:13-18 | 401, 402, 403, 611, 602 | 126:19-20 | NT | | |
| 126:21-127:4 | 401, 402, 403, 611, 602 | 127:5-14 | NT | | |
| 127:15-23 | 401, 402, 403, 611, 602 | 127:24-25 | NT | | |
| 128:1-3 | 401, 402, 403, 611, 602 | | | | |
| | | | | | |

**Amgen Inc. et al v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Testifying Witness: Shen, Wenyan

**Date of Testimony: September 30, 2015**

| Defendant's Designations (Page:Line) [PINK] | Plaintiff's Objection (FRE) | Plaintiff's Counter-Designations (Page:Line) [GREEN] | Defendants' Objections to Plaintiff's Counter Designations (FRE) | Defendants' Counter-Counter Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Defendants' Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 8:22 - 25 | | | | | |
| 16:9 - 16 | 401, 402, 403 | 16:17-17:3 | | 45:13-15; 45:17-46:2 | 401-403, 611, Improper counter designation; Original Designation not objected to. |
| 54:9 - 12 | 611, 401, 402, 403 | 54:4-8 | | | |
| 65:5 - 8 | 701, 403 | 65:9-10 | OBJ | | |
| 65:11 - 17 | 611, 701, 403 | 63:21-65:4 | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Amgen Inc. et al v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Terifay, Robert

**Date of Testimony: Injunction Hearing, Day 1 03-23-2016**

| Defendant's Designations (Page:Line) [PINK] | Plaintiff's Objection (FRE) | Plaintiff's Counter-Designations (Page:Line) [GREEN] | Defendants' Objections to Plaintiff's Counter Designations (FRE) | Defendants' Counter-Counter Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Defendants' Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 290:21-291:1 | | | | | |
| 291:2-292:4 | | | | | |
| 293:16-24 | 401-403 | | | | |
| 294:9-295:11 | 701 | | | | |
| 296:13-297:15 | 701 | | | | |
| 298:6-299:2 | 401-403 | 299:3-9 | FRE 403 | | |
| 299:16-300:1 | | | | | |
| | | | | | |

1 of 1

| | Amgen Inc. et al v. Sanofi/Regeneron et al. | | | | |
|---|---|---|---|---|---|
| | C.A. No. 14-1317 (RGA) | | | | |
| | **Terifay, Robert** | | | | |
| | Date of Testimony: Injunction Hearing, Day 2 03-24-2016 | | | | |
| Defendant's Designations (Page:Line) [PINK] | Plaintiff's Objection (FRE) | Plaintiff's Counter-Designations (Page:Line) [GREEN] | Defendants' Objections to Plaintiff's Counter Designations (FRE) | Defendants' Counter-Counter Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Defendants' Counter-Counter Designations (FRE) |
| 306:2-307:20 | 601-602 | 305:15 - 306:1; 310:17 - 311:1-4 | R | | |

**Amgen Inc. et al v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Testifying Witness: Walker, Nigel

**Date of Testimony: August 25, 2015**

| Defendant's Designations (Page:Line) [PINK] | Plaintiff's Objection (FRE) | Plaintiff's Counter-Designations (Page:Line) [GREEN] | Defendants' Objections to Plaintiff's Counter Designations (FRE) | Defendants' Counter-Counter Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Defendants' Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 9:5-7 | | | | | |
| 40:11 - 41:3 | | | | | |
| 41:5 - 5 | | | | | |
| 41:13 - 42:6 | | | | | |
| 43:6-21 | | | | | |
| 96:16-21 | | | | | |
| 101:5 - 9 | 401-403; 602; 701 | 101:10-11; 285:5-12; 285:16-287:15 | OBJ | 48:9-49:8; 99:13-16, 22-25; 100:1-3; 100:18-20; 238:7-16; 238:19-239:2; 256:18-257:4; 257:7-10; 283:22-285:2 | 401-403, 602, 611, 701, F.R.C.P. 30(b)(6) |
| 101:12 - 15 | 401-403; 602; 701 | 101:10-11; 285:5-12; 285:16-287:15 | OBJ | 48:9-49:8; 99:13-16, 22-25; 100:1-3; 100:18-20; 238:7-16; 238:19-239:2; 256:18-257:4; 257:7-10; 283:22-285:2 | 401-403, 602, 611, 701, F.R.C.P. 30(b)(6) |
| 149:12 - 15 | 401-403; 602; 701 | 149:16-17 | OBJ | | |
| 149:18 - 152:6 | 401-403; 602; 701 | 149:16-17; 152:7-8 | OBJ | | |
| 152:9 - 22 | 401-403; 602; 701 | 152:7-8; 152:23 | OBJ | | |
| 152:24 - 153:14 | 401-403; 602; 701 | 152:23; 153:15-16 | OBJ | | |
| 153:17 - 25 | 401-403; 602; 701 | 153:15-16; 154:1 | OBJ | | |
| 154:2 - 7 | 401-403; 602; 701 | 154:1; 154:8-9 | OBJ | | |
| 154:10 - 155:18 | 401-403; 602; 701 | 154:8-9; 155:19-20 | OBJ | | |
| 155:21 - 156:3 | 401-403; 602; 701 | 155:19-20; 156:4 | OBJ | | |
| 156:5 - 5 | 401-403; 602; 701 | 156:4 | OBJ | | |

**Amgen Inc. et al v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Testifying Witness: Wang, Wei

### Date of Deposition: August 16, 2018

| Defendant's Designations (Page:Line) [PINK] | Plaintiff's Objection (FRE) | Plaintiff's Counter-Designations (Page:Line) [GREEN] | Defendants' Objections to Plaintiff's Counter Designations (FRE) | Defendants' Counter-Counter Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Defendants' Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 9:20-21 | | | | | |
| 10:19-11:4 | | | | | |
| 60:9-23 | | | | | |
| 64:10-13 | 401-403 | 64:14-16 | 402 | 73:6-11 | 401-403, 611 |
| 65:20-23 | | | | | |
| 67:2-6 | | | | | |
| 73:6-11 | | | | | |
| 84:9-85:13 | 401-403; 602; 701 | 79:4-10; 85:14; 94:14-95:4; 95:6-7; 96:6-8; 96:24-97:4; 37:17-23 | NT, L, 402 | 95:13-25, 96:2-4 | 401-403, 602, 611 |
| 85:15-22 | 401-403; 602; 701 | 79:4-10; 85:14; 85:23; 94:14-95:4; 95:6-7; 96:6-8; 96:24-97:4; 37:17-23 | NT, L, 402 | 95:13-25, 96:2-4 | 401-403, 602, 611 |
| 85:24-86:10 | 401-403; 602; 701 | 79:4-10; 85:23; 86:11-12; 94:14-95:4; 95:6-7; 96:6-8; 96:24-97:4; 37:17-23 | NT, L, 402 | 95:13-25, 96:2-4 | 401-403, 602, 611 |
| 86:13-17 | 401-403; 602; 701 | 79:4-10; 86:11-12; 86:18; 94:14-95:4; 95:6-7; 96:6-8; 96:24-97:4; 37:17-23 | NT, L, 402 | 95:13-25, 96:2-4 | 401-403, 602, 611 |
| 86:19-87:7 | 401-403; 602; 701 | 79:4-10; 86:18; 87:8; 94:14-95:4; 95:6-7; 96:6-8; 96:24-97:4; 37:17-23 | NT, L, 402 | 95:13-25, 96:2-4 | 401-403, 602, 611 |
| 87:9-24 | 401-403; 602; 701 | 79:4-10; 87:8; 87:25-88:1; 94:14-95:4; 95:6-7; 96:6-8; 96:24-97:4; 37:17-23 | NT, L, 402 | 95:13-25, 96:2-4 | 401-403, 602, 611 |
| 88:2-90:4 | 401-403; 602; 701 | 79:4-10; 87:25-88:1; 90:5; 94:14-95:4; 95:6-7; 96:6-8; 96:24-97:4; 37:17-23 | NT, L, 402 | 95:13-25, 96:2-4 | 401-403, 602, 611 |

**Amgen Inc. et al v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Testifying Witness: Wang, Wei

**Date of Deposition: August 16, 2018**

| Defendant's Designations (Page:Line) [PINK] | Plaintiff's Objection (FRE) | Plaintiff's Counter-Designations (Page:Line) [GREEN] | Defendants' Objections to Plaintiff's Counter Designations (FRE) | Defendants' Counter-Counter Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Defendants' Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 90:6-7 | 401-403; 602; 701 | 79:4-10; 90:5; 94:14-95:4; 95:6-7; 96:6-8; 96:24-97:4; 37:17-23 | NT, L, 402 | 95:13-25, 96:2-4 | 401-403, 602, 611 |

**Amgen Inc. et al v. Sanofi/Regeneron et al.**
**C.A. No. 14-1317 (RGA)**

# Testifying Witness: Wasserman, Scott
### CONFIDENTIAL
**Date of Deposition: August 15, 2018**

| Defendant's Designations (Page:Line) [PINK] | Plaintiff's Objection (FRE) | Plaintiff's Counter-Designations (Page:Line) [GREEN] | Defendants Objections to Plaintiffs' Counter Designations (FRE) | Defendants' Counter-Counter Designations (Page:Line) [ORANGE] | Plaintiff's Objections to Plaintiff's Counter-Counter Designations (FRE) |
|---|---|---|---|---|---|
| 12:24-15 | | | | | |
| 30:14-31:14 | 401-403, 801-802, 805 | 31:15-32:6 | | | |
| 32:18-34:3 | 401-403, 801-802, 805 | | | | |
| 36:14-16 | | | | | |
| 36:23-37:2 | | | | | |
| 37:7-12 | | | | | |
| 37:14-15 | | | | | |
| 37:19-38:7 | | | | | |
| 40:18-25 | 401-403, 30(b)(6) | | | | |
| 41:5-19 | 401-403, 30(b)(6) | 48:1-3; 195:11-196:12 | S, H | 194:1-195:10 | 401-403, 601-602, 805 |
| 59:24-61:4 | 401-403 | 59:7-19 | | | |
| 61:12-62:17 | 401-403 | | | | |
| 67:4-68:22 | 401-403 | | | | |
| 69:16-19 | 401-403, 30(b)(6) | | | | |
| 69:24-70:5 | 401-403, 30(b)(6) | | | | |
| 147:18-148:2 | 401-403, 601-602 | 149:8-21; 149:24-150:16 | R,S | 150:17-25 | |
| 153:12-155:10 | 401-403, 601-602, 701 | | | | |
| 155:12-14 | 401-403, 601-602, 701 | | | | |
| 158:18-159:10 | 401-403, 801-802, 805 | 157:1-158:8; 160:25-161:2; 161:4-18 | R, NON | 158:9-13; 158:15-16 | 401-403, 601-602 |
| 174:11-21 | 401-403 | | | | |
| 175:25-176:8 | 401-403 | | | | |
| 176:22-25 | 401-403, 701 | | | | |
| 192:8-193:19 | 401-403 | 193:20-24 | R, NON | | |