IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMGEN INC.; AMGEN MANUFACTURING, LIMITED; and AMGEN USA INC. | ) ) ) | |
| Plaintiffs, | ) ) ) | C.A. No.: 14-1317-RGA (CONSOLIDATED) |
| v. | ) ) ) | **JURY TRIAL DEMANDED** |
| SANOFI; SANOFI-AVENTIS U.S. LLC; AVENTISUB LLC, f/d/b/a AVENTIS PHARMACEUTICALS INC., and REGENERON PHARMACEUTICALS, INC., | ) ) ) ) ) ) | ▬▬▬▬▬▬▬▬▬ REDACTED - PUBLIC VERSION |
| Defendants. | ) | |

**JOINT PROPOSED PRETRIAL ORDER**

**Exhibit 15 Part 2**

Dated: January 18, 2019

# EXHIBIT 15-C

PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING TO AMGEN'S RESEARCH PROGRAM FOR DEVELOPMENT OF ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMGEN INC.; AMGEN MANUFACTURING, LIMITED; and AMGEN USA INC. | ) ) ) | |
| Plaintiffs, | ) ) ) | C.A. No.: 14-1317-RGA (CONSOLIDATED) |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| SANOFI; SANOFI-AVENTIS U.S. LLC; AVENTISUB LLC, f/d/b/a AVENTIS PHARMACEUTICALS INC., and REGENERON PHARMACEUTICALS, INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE
RELATING TO AMGEN'S RESEARCH PROGRAM FOR
DEVELOPMENT OF** ███████████████

 Defendants' summary judgment briefing, opinions articulated in their two experts' reports, and inclusion of over 130 such documents on their trial exhibit list (about 15% of their total exhibit list)[1] signal that Defendants intend to rely on evidence from this research program as allegedly showing that the Amgen patents have not described and enabled the full scope of the selected patent claims in this case.

The proponent of evidence has the burden of establishing its admissibility. *See, e.g., Brokerage Concepts, Inc. v. U.S. Healthcare, Inc.*, 140 F.3d 494, 517 (3d Cir. 1998) (citing *Pittsburgh Press Club v. U.S.*, 579 F.2d 751, 755–58 (3d Cir. 1978)). Defendants cannot meet this burden here because evidence relating to Amgen's ▓▓▓ is: (1) legally irrelevant under Fed. R. Evid. 401/402 because it encompasses research into technology that indisputably did not exist as of the priority date, reflecting a later state in the art that is not required to be described or enabled under Federal Circuit precedent; and (2) unfairly prejudicial to Amgen, confusing and misleading to the jury, and wasteful of the Court's time under Fed. R. Evid. 403. The Court should preclude Defendants from introducing at trial any and all argument, testimony, and evidence on Amgen's ▓▓▓, including but not limited to the specific documents from Defendants' trial exhibit list set forth in Attachment A.

It is undisputed that ▓▓▓ Amgen developed was not known

---

[1] *See, e.g.*, Defs' Opening Br. at pp. 3, 7, and 20-21; Defs' Reply Br. at p. 10; Ex. A Scott Boyd Opening Report at pp. 54-56, 59-62, and 74; Ex. B Scott Boyd Reply Report at pp. 31, 33, and 37; Ex. C Michael Eck Second Suppl. Report at pp. 5-11; and documents in Attachment A.

in the art as of the January 9, 2008 priority date. For example, 

Defendants have not – and cannot – make the requisite showing that this work was in the state of the art at the priority date. Instead, Defendants cherry pick certain evidence of Amgen's ▮▮▮, primarily generated in 2012 and 2013, in alleging that the patents-in-suit lacked adequate written description as of the January 9, 2008 priority date of the monoclonal antibodies claimed in the patents-in-suit. Introduction of such evidence generated as part of a research program involving a later state of the art violates the Federal Circuit's decision in this case and its *en banc Ariad* decision. The sufficiency of written description and enablement is assessed based on the state of the art *as of the priority date* of an application. *Ariad Pharm., Inc. v. Eli Lilly and Co.*, 598 F.3d 1336, 1355 (Fed. Cir. 2010) (en banc). Consistent with *Ariad*, the Federal Circuit expressly stated in the appeal of the present case that "evidence illuminating the state of the art *subsequent* to the priority date is *not relevant* to written description." *Amgen Inc. v. Sanofi*, 872 F.3d 1367, 1373-74 (Fed. Cir. 2017) (emphasis added) (citations to *Ariad* omitted). *Amgen v. Hoescht,* 339 F. Supp. 2d 202, 266 (D. Mass. Oct. 15, 2004), aff'd in part and rev'd in part on other grounds, 457 F.3d 1293 (Fed. Cir. 2006) ("The section 112 inquiry focuses on what was known by those skilled in the art at the time of filing of the application. . . .

---

[2] *See, e.g.*, Ex. D Papadopoulos 2018 Dep. Ex. 674.
[3] Ex. E Papadopoulos 2018 Dep. Tr. at 168:10-169:18; Ex. F Papadopoulos 2018 Dep. Ex. 671.
[4] Ex. G Boyd 10/25/18 Dep. Tr. at 324:15-325:5, 326:16-327:7, 367:17-22.
[5] Ex. H Jackson 2018 Dep. Tr. at 163:20-24, 165:19-166:2; Ex. I King 2018 Dep. Tr. at 138:5-13.

If later states of the art could be employed as a basis for rejection under 35 U.S.C. 112, the opportunity for obtaining a basic patent upon early disclosure of pioneer inventions would be abolished.").

Exclusion of this evidence is not contrary to the Federal Circuit's decision in this case. Amgen objects to,[6] but does not seek to exclude by this motion, the five post-priority antibodies at issue before the Federal Circuit and identified by Defendants on remand. Although the Court found that the district court erred in *categorically* excluding evidence of Amgen's post-priority research for enablement purposes "simply because it post-dated the claims' priority date," the Court did not affirmatively find that evidence to be relevant. *Amgen v. Sanofi*, 872 F.3d at 1375. The Court further reiterated that post-priority evidence reflecting "a change in the state of the art" should not be used to show lack of enablement. *Id.* Here, ▓▓▓▓▓▓ ▓▓▓▓ documents are direct evidence of a later state of the art, as Defendants themselves have admitted. As such, Defendants cannot meet the requisite burden that this evidence reflects on the state of the art as of the priority date, and this evidence should be excluded.

This legally irrelevant evidence should also be excluded under Fed. R. Evid. 403 as it will be highly prejudicial, confusing, and misleading to the jury. Defendants will try to cast Amgen's documents as allegedly showing that, even five years after the priority date, Amgen had not made the full scope of the invention. But again, these documents reflect Amgen's research into novel technology that was indisputably *not* part of the state of the art until after the priority date. Introducing such legally irrelevant evidence through Defendants' cherry-picked snippets will mislead and confuse the jury on a determination that must rest on the art as of the January 9, 2008 priority date. The evidence should be excluded.

---

[6] Amgen reserves the right to object to the admissibility of these antibodies based on Defendants' failure to satisfy their burden of production that the antibodies reflect the state of the art as of the filing date. *See Amgen v. Sanofi*, 872 F.3d at 1373-74.

## Attachment A

DTX 3218
DTX 3220
DTX 3221
DTX 3222
DTX 3223
DTX 3224
DTX 3225
DTX 3227
DTX 3228
DTX 3229
DTX 3230
DTX 3236
DTX 3237
DTX 3238
DTX 3239
DTX 3240
DTX 3241
DTX 3242
DTX 3243
DTX 3246
DTX 3248
DTX 3249
DTX 3250
DTX 3251
DTX 3253
DTX 3255
DTX 3256
DTX 3258
DTX 3259
DTX 3260
DTX 3261
DTX 3262
DTX 3264
DTX 3265
DTX 3266
DTX 3268
DTX 3269
DTX 3274
DTX 3275
DTX 3280
DTX 3281
DTX 3282
DTX 3283
DTX 3284
DTX 3285
DTX 3296
DTX 3301
DTX 3382
DTX 3427
DTX 3574
DTX 3678
DTX 3683
DTX 3688
DTX 3689
DTX 3690
DTX 3691
DTX 3695
DTX 3696
DTX 3697
DTX 3699
DTX 3701
DTX 3702

DTX 3705
DTX 3706
DTX 3707
DTX 3708
DTX 3709
DTX 3714
DTX 3715
DTX 3716
DTX 3717
DTX 3718
DTX 3719
DTX 3751
DTX 3833
DTX 3834

To the extent that the documents listed above are attachments to e-mails that are also on Defendants' exhibit list, Amgen also objects to those e-mails and requests that the Court exclude them on the same grounds.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC.; AMGEN MANUFACTURING, LIMITED; and AMGEN USA INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SANOFI; SANOFI-AVENTIS U.S. LLC; AVENTISUB LLC, f/d/b/a AVENTIS PHARMACEUTICALS INC., and REGENERON PHARMACEUTICALS, INC.,<br><br>Defendants. | C.A. No.: 14-1317-RGA<br>(CONSOLIDATED)<br><br>**JURY TRIAL DEMANDED** |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO AMGEN'S RESEARCH PROGRAM FOR DEVELOPMENT OF** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

This matter having come before this Court on Plaintiffs' Motion in Limine to Exclude Evidence Relating to Amgen's Research Program for Development of ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓, the Court having considered the supporting and opposing submissions thereto, having heard the arguments of counsel, and having reviewed the record herein, and good cause appearing therefor,

IT IS HEREBY ORDERED that Plaintiffs' Motion in Limine to Exclude Evidence Relating to Amgen's Research Program for Development of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is GRANTED. Defendants are hereby precluded from presenting, through fact witness, expert witness or counsel, any testimony, demonstrative exhibit, or argument during the liability or damages phase, if any, relating to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, including but not limited to the documents from Defendants' trial exhibit list set forth in Attachment A of Plaintiffs' Motion.

SO ORDERED this ___ day of _____, 2019.

_____
United States District Judge

# Exhibits Redacted

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., AMGEN MANUFACTURING LIMITED, and AMGEN USA INC., <br><br> Plaintiffs, <br><br> v. <br><br> SANOFI, SANOFI-AVENTIS U.S. LLC, AVENTISUB LLC, f/d/b/a AVENTIS PHARMACEUTICALS INC., and REGENERON PHARMACEUTICALS, INC., <br><br> Defendants. | C.A. No. 1:14-01317-RGA (CONSOLIDATED) <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO AMGEN'S RESEARCH PROGRAM FOR DEVELOPMENT OF** ▇▇▇▇▇▇▇▇▇▇

Amgen persuaded Judge Robinson to preclude the discovery and use of post-priority-date antibody evidence to determine whether its patents satisfy the written description and enablement requirements. This erroneous judgment was reversed by the Federal Circuit. *Amgen Inc. v. Sanofi*, 872 F.3d 1367 (Fed. Cir. 2017). On remand, Amgen then told this Court that no further discovery of post-priority-date evidence was needed, D.I. 437 at 10—a position that this Court properly rejected, D.I. 441. Undaunted, Amgen now tries for a third time, asking this Court to exclude nearly all of the post-priority-date antibody evidence that Defendants obtained from Amgen in the post-remand discovery. Amgen's motion should be denied.

It is unsurprising why Amgen is trying so hard to keep the post-remand evidence out: it is fatal to Amgen's case. The evidence demonstrates that, even after the January 9, 2008 priority date, Amgen scientists continued to search for PCSK9 antibodies using the same trial-and-error techniques described in its patent, and were unable to find antibodies like the ones their Competitors (Defendants, Pfizer and Merck) had produced.[1] ███████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ████████████████ *See* Competitors' Evidence Opp. at 1-2. The Federal Circuit has already held that this evidence is "relevant." *Amgen*, 872 F.3d at 1375 (post-priority date evidence can be used "to show that Appellees engaged in lengthy and potentially undue experimentation to enable the full scope of the claims").

Amgen's entire argument is predicated on its assertion that its post-priority-date research did not reflect the state of the art as of the priority date. But Amgen used the exact same

---

[1] *See* Defts. Opp. To Pltfs. Mot. To Exclude From Liability Phase Of Trial Evidence That Regeneron, Merck And Pfizer Antibodies Are Patented, Evidence That Evolocumab Is Patented By Sequence, And Evidence Concerning The Development Of The Regeneron, Merck And Pfizer Antibodies ("Competitors' Evidence Opp.").

1

techniques to search for PCSK9 antibodies both before and after the priority date. To find the antibodies described in its patents, ███████████████████████████████████
████████████████████████████████████████████████████████████████████████
██████████████[redacted] ████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
██████████[redacted] ████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████.[4] Rather, it continued to use the same trial-and-error methods that everyone else used and still uses to this day.

Amgen tries to obscure this critical evidence by arguing that its post-priority-date research was meant to find a different ████████████ But Amgen merely set the goal of finding a ████████████" using existing trial-and-error techniques, and it never did more than find potentially ████████████[5] The fact that Amgen set this goal for itself in no way undermines the highly probative value of the fact that it used the same techniques disclosed by its patent to find new PCSK9 antibodies but utterly failed (by its own admission) to find antibodies that bind to PCSK9 in ways similar to Amgen's Competitors.

---

[2] Ex. A (Boyd Opening) at ¶¶97-100, 104-105, Figure 12.
[3] Ex. B (2018 Rees Report) at ¶131 (post-priority date research "us[ed] the techniques disclosed in the Amgen patent."); Ex. C (2018 Jackson Dep.) at 48:6-11, 49:2-22; Ex. D (AM-SA-REM 00057606); Ex. A at ¶147.
[4] Ex. B at ¶436 ("…Amgen did not use the claimed residues to make [the additional] antibodies…"
[5] ████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████

2

████████████████████████████████████████████████████████████████████████

Amgen's own expert relied on that post-priority-date research to assert that the patent *did* enable the claimed genus, because "Amgen scientists were able to readily make additional claimed antibodies *using the disclosure in the patents*." Ex. B at ¶ 23 (emphasis added). Amgen can hardly complain when Defendants use the same evidence to show that Amgen tried but failed to develop any antibodies fully representative of its claims.

Much of Amgen's post-priority-date antibody research is also relevant for a second, independent reason. As the Federal Circuit explained, Defendants seek to rely on the existence and nature of post-priority-date antibodies not only "to illuminate the state of the art on the priority date," but also to show that the patent "did not disclose a representative number of species" of antibodies within the scope of its claims. 872 F.3d at 1374. Post-priority-date research "is relevant to the representativeness question." *Id.*  Evidence of Amgen's research program is thus admissible on that ground as well.

Finally, Amgen grounds its prejudice argument on the false premise that the evidence at issue is irrelevant. Because this evidence does reflect the state of the art as of the filing date, and because, even if it did not, it is independently relevant to show that Amgen's disclosed antibodies are not representative of its Competitors' antibodies, Amgen's motion should be denied.

---

6 █████████████████████████████████████████████

# Exhibits Redacted

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC.; AMGEN MANUFACTURING, LIMITED; and AMGEN USA INC.<br><br>Plaintiffs,<br><br>v.<br><br>SANOFI; SANOFI-AVENTIS U.S. LLC; AVENTISUB LLC, f/d/b/a AVENTIS PHARMACEUTICALS INC., and REGENERON PHARMACEUTICALS, INC.,<br><br>Defendants. | C.A. No.: 14-1317-RGA (CONSOLIDATED)<br><br>**JURY TRIAL DEMANDED**<br><br>[REDACTED] |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO AMGEN'S RESEARCH PROGRAM FOR DEVELOPMENT OF** [REDACTED]

███████ Defendants cannot dispute these programs constitute a later-arising state of the art, because even years after the priority date, ███████████████████████████████████

███████ To be clear, this motion *in limine* is not directed to the "post-priority-date evidence of Praluent and other antibodies" that the Federal Circuit in *Amgen v. Sanofi* found error when "categorically preclude[d]."[1] 872 F.3d 1367, 1375 (Fed. Cir. 2017). Rather, Amgen seeks to exclude irrelevant evidence of new technology that undisputedly reflects a later state of the art – consistent with the same opinion confirming there is no requirement to describe or enable later states of the art. In fact, the Federal Circuit in *Amgen v. Sanofi* reaffirmed black letter law that "evidence illuminating the state of the art *subsequent* to the priority date is *not relevant* to written description" and that post-priority evidence reflecting "a change in the state of the art" should not be used to show lack of enablement. *Id.* at 1373-74 (emphasis added) (citations to *Ariad* omitted).

Defendants mischaracterize Amgen's post-priority research as a failed attempt to merely repeat the same methods disclosed in the patent to "find similar antibodies" to the post-priority Competitor Antibodies. Defs. Opp. Br. at 1-2. But the evidence Defendants seek to use does *not* show Amgen scientists looking for "similar antibodies." They had no reason to do so as evolocumab, the active ingredient in Repatha, was already in clinical trials. Instead, ██████ ████████████████████████████████████████████████, specified new design goals, and developed new screening methods to generate them – none of which were known in the art before January 9, 2008. Defendants' proposed use of this evidence is prejudicial, will confuse the jury, and invites legal error. The evidence is irrelevant and should be excluded under FRE 403.

---

[1] But see footnote 6 of Amgen's Opening Brief reserving the right to object to such antibodies.

OF COUNSEL:

MCDERMOTT WILL & EMERY LLP
William G. Gaede, III
275 Middlefield Road, Suite 100
Menlo Park, CA 94025
(650) 815-7400

Sarah C. Columbia
K. Nicole Clouse
28 State Street
Boston, MA 02109-1775
(617) 535-4074

Rebecca Harker Duttry
The McDermott Building
500 North Capitol Street, N.W.
Washington, DC 20001
(202) 756-8000

LONDON & MEAD
Christopher B. Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036
(202) 331-3334

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ James L. Higgins*
_____
Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Michelle M. Ovanesian (No. 6511)
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
movanesian@ycst.com

*Attorneys for Amgen Inc., Amgen Manufacturing, Limited, and Amgen USA Inc.*

2

CRAVATH, SWAINE & MOORE LLP
Keith R. Hummel
David N. Greenwald
Lauren A. Moskowitz
Geoffrey G. Hu
Sharonmoyee Goswami
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Lauren Martin
Megan Y. Yung
111 Huntington Ave., Suite 520
Boston, MA 02199
(617) 712-7100

Dated: January 17, 2019

01:24080596.1