IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC.; AMGEN MANUFACTURING, LIMITED; and AMGEN USA INC. ) ) ) | C.A. No.: 14-1317-RGA (CONSOLIDATED) |
| Plaintiffs, ) ) | **JURY TRIAL DEMANDED** |
| v. ) ) | ████████ |
| SANOFI; SANOFI-AVENTIS U.S. LLC; AVENTISUB LLC, f/d/b/a AVENTIS PHARMACEUTICALS INC., and REGENERON PHARMACEUTICALS, INC., ) ) ) ) ) | ████████ |
| Defendants. ) | REDACTED - PUBLIC VERSION |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE AMGEN'S USE OF POST-PRIORITY-DATE EVIDENCE TO DEMONSTRATE THAT ITS PATENTS SATISFY 35 U.S.C. § 112**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Michelle M. Ovanesian (No. 6511)
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
msharp@ycst.com
jhiggins@ycst.com
movanesian@ycst.com

MCDERMOTT WILL & EMERY LLP
William G. Gaede, III
275 Middlefield Road, Suite 100
Menlo Park, CA 94025
(650) 815-7400

Sarah C. Columbia
K. Nicole Clouse
28 State Street
Boston, MA 02109-1775
(617) 535-4074

Rebecca Harker Duttry
The McDermott Building
500 North Capitol Street, N.W.
Washington, DC 20001
(202) 756-8000

LONDON & MEAD
Christopher B. Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036
(202) 331-3334

CRAVATH, SWAINE & MOORE LLP
Keith R. Hummel
David N. Greenwald
Lauren A. Moskowitz
Geoffrey G. Hu
Sharonmoyee Goswami
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Lauren Martin
Megan Y. Yung
111 Huntington Ave., Suite 520
Boston, MA 02199
(617) 712-7100

*Attorneys for Amgen Inc., Amgen Manufacturing, Limited, and Amgen USA Inc.*

Dated: January 25, 2019

Amgen's post-priority evidence is relevant to rebut Defendant's invalidity attacks because it (1) illuminates the state of the art at the priority date, (2) elucidates inherent properties of antibodies disclosed in the priority application, and (3) confirms enablement of Amgen's disclosed roadmap. Defendants wrongly seek to exclude such evidence to turn the trial into a one-sided, misleading picture that will confuse the jury and greatly prejudice Amgen. That picture, if permitted to be painted, will be contrary to a wealth of Federal Circuit decisions. These categories of evidence are distinct from the evidence that is the subject to Amgen's motion in limine on ███████████████ Unlike the ███████████ evidence that reflects a later, subsequent state of the art, the categories of evidence here are indisputably reflective of the state of the art as of the January 9, 2008 priority date. Defendants' motion should be denied.

**Data That Characterizes Inherent Properties of Antibodies Disclosed in the Specification.** Experimental evidence elucidating inherent characteristics of antibodies that were disclosed in the January 9, 2008 priority application are relevant to 112 under the prevailing case law. Defendants do not dispute the antibodies were disclosed as of the priority date. They object that only experiments included in the specification may be relied upon. Defendants are wrong.

"[W]hen a specification describes an invention that has certain undisclosed yet inherent properties, that specification serves as adequate written description to support a subsequent patent application that explicitly recites the invention's inherent properties." *Yeda Res. & Dev. Co., Ltd. v. Abbott GMBH & Co., KG*, 837 F.3d 1341, 1345 (Fed. Cir. 2016). This is because it is axiomatic that a "compound and all of its properties are inseparable; they are one and the same thing." *Regents of the Univ. of New Mexico v. Knight*, 321 F.3d 1111, 1122 (Fed. Cir. 2003); *see also Kennecott Corp.* v. *Kyocera Int'l, Inc.*, 835 F.2d 1419, 1422-23 (Fed. Cir. 1987); *see also* D.I. 708 (discussing inherency case law), Ex. 4 at pp. 25-28. Thus, post-filing experiments to elucidate

inherent properties of compounds, such as antibodies, may be relied upon in supporting § 112. *See, e.g., Spero* v. *Ringold*, 377 F.2d 652, 657 (C.C.P.A. 1967) (post-filing experiments used to show inherent disclosure for § 112 purposes).

Citing *Ariad*, Defendants also argue that these data are an "attempt to expand the 'state of the art at the time of filing.'" Defs' Br. at 3. Not so. Here, numerous antibodies are indisputably disclosed in Amgen's patent. Thus, Amgen's post-priority experiments to reveal their inherent properties merely "illuminate the state of the art" as of the priority date. *Amgen Inc. v. Sanofi*, 872 F.3d 1367, 1373-74 (Fed. Cir. 2017). *Ariad* is inapposite, as the patent at issue in that case disclosed no actual compounds, only prophetic examples. *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1357-58 (Fed. Cir. 2010) (en banc).

**<u>Antibodies that Amgen Made Before the Priority Date and Incorporated into the Specification Post-Priority.</u>** After the priority date, Amgen filed a fourth provisional application ("PROV4") adding sequences of more antibodies that the inventors had created contemporaneously with those in the priority application. These antibodies were made using the same roadmap disclosed in the patents and reflect the state of the art as of the priority date. *Amgen v. Sanofi*, 872 F.3d at 1374-75. Importantly, they are direct rebuttal evidence against Defendants' § 112 attacks, which rely on a small, isolated number of post-priority antibodies Defendants contend invalidate Amgen's claims. Excluding PROV4 antibodies will not allow Amgen to rebut Defendants' evidence and will not allow the jury to assess the weight, scope and credibility of Defendants' proof of the representativeness of the disclosed species. It will allow Defendants to paint a one-sided, misleading picture that will confuse the jury and prejudice Amgen's rebuttal.

First, Defendants will argue that the priority application does not enable a skilled person to make the full scope of claimed antibodies, highlighting specific attributes of antibodies they allege

require undue experimentation to make. The PROV4 antibodies are direct evidence that following the roadmap of the patent leads directly to claimed antibodies with such attributes. *Amgen v. Sanofi*, 872 F.3d at 1379 (post-priority evidence "may show, for example, that practicing the invention did not require undue experimentation"); *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1336 (Fed. Cir. 2003) (relying on post-priority evidence evincing use of the specification's teachings to practice the claimed invention); *Johns Hopkins Univ. v. CellPro, Inc.*, 152 F.3d 1342, 1359 (Fed. Cir. 1998) (same).

Second, Amgen's expert, Dr. Petsko, has opined that certain antibodies disclosed in the priority application are within the claimed genus, based on experiments disclosed in the patent. Defendants dispute this. The PROV4 antibodies and data elucidating their properties confirm Dr. Petsko's opinions about what the experimental data teach, refute Defendants' arguments, and are thus relevant to key factual disputes. *In re Brana*, 51 F.3d 1560, 1567 n.19 (Fed. Cir. 1985) (post-priority evidence can be used if it "pertain[s] to the accuracy of a statement already in the specification" or "prove that the disclosure was in fact enabling when filed").

Third, the Federal Circuit recognized it is hotly disputed whether "knowledge of the chemical structure of an antigen gives the required kind of structure-identifying information about the corresponding antibodies." *Amgen v. Sanofi*, 872 F.3d at 1378. On this point, this Court acknowledged that "Amgen proffers additional evidence, and that creates a disputed factual issue for the jury," D.I. 702 at p. 2 (denying Defendants' request to file a *Daubert* motion to exclude the same evidence based on essentially the same arguments). Amgen's PROV4 antibodies further confirm, and therefore are relevant to, Amgen's experts' opinions that disclosing the PCSK9 sweet spot properties with the exemplary antibodies satisfies Section 112 requirements.

|  | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
|  | /s/ James L. Higgins |
|  | Melanie K. Sharp (No. 2501)<br>James L. Higgins (No. 5021)<br>Michelle M. Ovanesian (No. 6511)<br>1000 North King Street<br>Wilmington, DE  19801<br>(302) 571-6600<br>msharp@ycst.com<br>jhiggins@ycst.com<br>movanesian@ycst.com |
| OF COUNSEL:<br><br>MCDERMOTT WILL & EMERY LLP<br>William G. Gaede, III<br>275 Middlefield Road, Suite 100<br>Menlo Park, CA  94025<br>(650) 815-7400<br><br>Sarah C. Columbia<br>K. Nicole Clouse<br>28 State Street<br>Boston, MA  02109-1775<br>(617) 535-4074<br><br>Rebecca Harker Duttry<br>The McDermott Building<br>500 North Capitol Street, N.W.<br>Washington, DC  20001<br>(202) 756-8000<br><br>LONDON & MEAD<br>Christopher B. Mead<br>1225 19th Street, N.W.<br>Suite 320<br>Washington, D.C.  20036<br>(202) 331-3334 | *Attorneys for Amgen Inc., Amgen Manufacturing, Limited, and Amgen USA Inc.* |

CRAVATH, SWAINE & MOORE LLP
Keith R. Hummel
David N. Greenwald
Lauren A. Moskowitz
Geoffrey G. Hu
Sharonmoyee Goswami
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019-7475
(212) 474-1000

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Lauren Martin
Megan Y. Yung
111 Huntington Ave., Suite 520
Boston, MA  02199
(617) 712-7100

Dated:  January 25, 2019