IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., AMGEN MANUFACTURING LIMITED, and AMGEN USA INC., <br><br> Plaintiffs, <br><br> v. <br><br> SANOFI, SANOFI-AVENTIS U.S. LLC, AVENTISUB LLC, f/d/b/a AVENTIS PHARMACEUTICALS INC., and REGENERON PHARMACEUTICALS, INC., <br><br> Defendants. | C.A. No. 1:14-01317-RGA (CONSOLIDATED) <br><br> **JURY TRIAL DEMANDED** <br><br> ▆▆▆▆▆▆▆▆▆▆ <br><br> REDACTED <br> PUBLIC VERSION |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION IN LIMINE TO PRECLUDE AMGEN'S USE OF POST-PRIORITY DATE EVIDENCE TO DEMONSTRATE THAT ITS PATENTS SATISFY 35 U.S.C. § 112.**

Amgen's MIL arguments reflect a legally unsustainable, heads-I-win-tails-you-lose approach. When Amgen believes certain post-priority-date antibody evidence hurts its case, it argues that such evidence is inadmissible. *See, e.g.*, Amgen ▆▆▆ MIL (arguing that evidence of Amgen post-priority-date research should be excluded, even though that research used the same techniques disclosed in the patents-in-suit). But when Amgen believes post-priority-date evidence helps its case, it argues that such evidence is admissible *and* can be used for *any* purpose. To resolve this MIL, however, the Court need only apply a straightforward standard: Because satisfaction of §112's written description and enablement requirements is determined by the sufficiency of a patent's disclosure as of the priority date, and the post-priority-date information here indisputably appears nowhere in the '630 application, that information cannot be used to supplement what the patent actually discloses as of the priority date.

**Antibodies Added After the Priority Date.** Amgen does not dispute it intends to tell the jury that six antibodies "are disclosed in the patent" even though they are *not* in the '630 application. And it does not dispute that this position contradicts governing law. Instead, Amgen argues relevance on other grounds. Opp.2-3. But Defendants agree that post-priority-date evidence can be relevant for certain other purposes, including that Amgen's antibodies differ from its competitors' and that Amgen could not find antibodies that bind to the claimed amino acids on PCSK9. ▆▆▆ Opp. nn.5-6. What Amgen cannot do is falsely suggest that antibodies not disclosed by the '630 application were actually disclosed.

**Data Generated After the Priority Date.** For a disclosure to be inherent, "the missing descriptive matter must *necessarily* be present" in the specification "such that one skilled in the art would recognize such a disclosure." *Tronzo v. Biomet, Inc.*, 156 F.3d 1154, 1159 (Fed. Cir. 1998) (emphasis added). But no person skilled in the art would, for example, "recognize" an antibody's x-ray crystal structure, much less to which PCSK9 residues it binds, merely from its sequence. And none of Amgen's cases supports the remarkable proposition that inherency can be invoked to inform a skilled person reading a disclosure containing numerous compounds (here, 3,000 antibodies) which compounds have characteristics satisfying the claims. Amgen's reverse-incorporation of these data should be rejected.

January 28, 2019

WILKS, LUKOFF & BRACEGIRDLE, LLC

/s/ Scott B. Czerwonka
David E. Wilks (No. 2793)
Scott B. Czerwonka (No. 4844)
4250 Lancaster Pike, Suite 200
Wilmington, DE  19805
(302) 225-0850
dwilks@wlblaw.com
sczerwonka@wlblaw.com

*Attorneys for Sanofi, Sanofi-aventis U.S. LLC, Aventisub LLC, and Regeneron Pharmaceuticals, Inc.*

OF COUNSEL:

ARNOLD & PORTER KAYE SCHOLER LLP
Matthew M. Wolf
601 Massachusetts Ave, NW
Washington, DC  20001
(202) 942-5000

David K. Barr
Daniel L. Reisner
Abigail Langsam
250 West 55th Street
New York, NY  10019-9710
(212) 836-8000

STEPTOE & JOHNSON LLP
John Josef Molenda, Ph.D.
Vishal Chandra Gupta
1114 Avenue of the Americas
New York, NY  10036
(212) 506-3900

KIRKLAND & ELLIS LLP
Paul D. Clement
George W. Hicks, Jr.
655 Fifteenth Street, N.W.
Washington, DC  20005
(202) 879-5000