IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AMGEN INC., AMGEN
MANUFACTURING, LIMITED, and
AMGEN USA INC.,

Plaintiffs,

v.

SANOFI, SANOFI-AVENTIS U.S. LLC,
AVENTISUB LLC, f/d/b/a AVENTIS
PHARMACUETICALS INC., and
REGENERON PHARMACUETICALS,
INC.,

Defendants.

Civil Action No. 14-1317-RGA

ORDER ON MOTIONS IN LIMINE

Before the Court are the parties' Motions *in Limine* (D.I. 708, Exs. 15 and 16; D.I. 730; D.I. 732.) The Court had the benefit of oral argument on January 25, 2019. (D.I. 736). Pursuant to the Court's oral ruling on January 25, IT IS **HEREBY ORDERED** that:

1. Plaintiffs' Motion *in Limine* to Exclude from the Liability Phase of Trial Evidence that the Regeneron, Merck and Pfizer Antibodies are Patented, Evidence that Evolocumab is Patented by Sequence, and Evidence Concerning the Development of the Regeneron, Merck and Pfizer Antibodies is **GRANTED IN PART**. (D.I. 708, Ex. 15A.) The fact that the Regeneron, Merck and Pfizer antibodies are patented and that evolocumab is patented by sequence is irrelevant under Federal Rule of Evidence 402. (D.I. 736 at 22:4–7.) To the extent that documents suggesting these antibodies are patented (including the patents themselves) are

1

introduced, in the course of using such documents Defendants may not argue that their patenting is of any significance. (D.I. 736 at 22:4–16.) The Court's decision is pending on whether Defendants may introduce evidence of Defendants' development of alirocumab, Merck's development of 1D05 and AX132, and Pfizer's development of J16, and whether Defendants' expert, Dr. Boyd, may rely on such evidence in the liability trial.

2. Plaintiffs' Motion *in Limine* to Preclude Reference to Purported Clinical Differences is **GRANTED**. (D.I. 708, Ex. 15B). Both parties are hereby precluded pursuant to Federal Rule of Evidence 402 and 403 (*see* D.I. 736 at 33–34) ("irrelevant to liability"; "irrelevant to damages," "probative value essentially negligible," "prejudicial, time-wasting value is immense, and in all things confusing") from presenting, through fact witness, expert witness or counsel, any testimony, demonstrative exhibit, or argument before the jury evidence of clinical differences between Praluent and Repatha with respect to any purported or perceived:

    (i) ability to reduce the incidence of death;

    (ii) ability to reduce the incidence of unstable angina;

    (iii) patient-specific differences in responses to, or side effects from, the two products;

    (iv) ability to reduce the incidence of cardiovascular events mediated through reduction of lipoprotein (a)

    (v) degree of difference in safety between Praluent and Repatha for their respective FDA-approved indications, including, for example, side effects, adverse effects, or any purported safety benefit stemming from the availability of a 75 mg dosage

form of Praluent or any purported risk associated with achieving low or very low LDL-C levels; and

    (vi) degree of difference in efficacy between Praluent and Repatha for their respective FDA-approved indications.

Subject to the foregoing limitations, the parties may introduce during the trial on damages relevant expert opinions, witness testimony, and argument concerning: (1) the conditions and patient populations for which Praluent and Repatha have been and are currently indicated under their FDA-approved labels, and dosage forms as described therein. (JTX 520, 521, 523, 524)[1]; and (2) the availability of varying dosage forms (*i.e.*, 75 and 150 mg dosage forms) as a difference between the products and that the difference expanded the market, including any market considerations pertaining to the different dosage forms (*see* D.I. 736 at 34).

Notwithstanding the foregoing, Amgen is prohibited from arguing that Praluent and Repatha are clinically identical, but Amgen may introduce evidence that both Repatha and Praluent are antibodies to PCSK9 that reduce LDL-cholesterol according to the same mechanism of action, and are indicated in their approved dosage forms for the patient populations described in their respective labels.[2]

---

[1] *See* Pretrial Order, Joint Statement of Admitted Facts (D.I. 708, Ex. 1) ¶¶ 32, 39 (Repatha and Praluent are antibodies to PCSK9); 58 (Praluent and Repatha are LDL-C lowering therapies); 38, 47 (Repatha and Praluent Dosage Forms); 35, 37 (Repatha Label Indications); 44 (Praluent Label Indications).
[2] *Id.*

This order does not govern future proceedings concerning Amgen's request for injunctive relief.[3]

3. Plaintiffs' Motion *in Limine* to Exclude Evidence Relating to Amgen's Research Program for Development of Novel, Catabolic PCSK9 Antibodies is still pending. (D.I. 708, Ex. 15C; D.I. 736 at 50:14–16.)

4. Defendants' Motion *in Limine* to Preclude Amgen's Use of Post-Priority Date Evidence is still pending.[4] (D.I. 708, Ex. 16A; D.I. 730; D.I. 732).

5. Defendants' Motion *in Limine* to Preclude Evidence Regarding the Prosecution of Defendants' Patents and Patent Applications is **GRANTED** (D.I. 708, Ex. 16B) to avoid potential confusion, misleading the jury and wasting time under Federal Rule of Evidence 403 (D.I. 736 at 21:14–16.) Amgen is hereby precluded pursuant to Federal Rule of Evidence 402 and 403 from presenting, through fact witness, expert witness or counsel, any testimony, demonstrative exhibit, or argument before the jury, evidence of the prosecution of Sanofi, Regeneron, or any third party's patents and patent applications. *Id.*

6. Defendants' Motion *in Limine* to Limit Testimony Regarding Amgen Employee Steven Pieri's Undisclosed and Unsupported Price Erosion Discount Analysis was **DENIED WITHOUT PREJUDICE.** (D.I. 708, Ex. 16C; D.I. 736 at 20:19–21:3). Plaintiffs were ordered

---

[3] If Amgen opens the door to the discussion of clinical differences during its case-in-chief, Defendants may, but only with the express permission of the Court, introduce opinions, testimony, or evidence to address those differences.

[4] Defendants substituted Defendants' Motion in Limine to Preclude Testimony Regarding Sanofi's FDA Priority Review Voucher with Defendants' Motion in Limine to Preclude Amgen's Use of Post-Priority Date Evidence to Demonstrate That Its Patents Satisfy 35 U.S.C. § 112. (Jan. 23, 2019 Oral Order (D.I. 721).)

to produce Mr. Pieri for a one hour deposition by February 1, 2019. Plaintiffs have done so. Defendants have now renewed their motion as a result of that deposition, consistent with the Court's instructions that Defendants may submit a two-page letter brief by February 5, 2019 and Plaintiffs may submit a two-page letter brief in opposition by February 7, 2019. (D.I. 736 at 20:19–21:3.) The renewed motion is still pending.

Entered this 6 day of February, 2019.

/s/ Richard G. Andrews
United States District Judge