# WILKS, LUKOFF & BRACEGIRDLE, LLC
## ATTORNEYS AT LAW

February 5, 2019

**VIA CM-ECF**
The Honorable Richard G. Andrews
J. Caleb Boggs Federal Building
844 N. King Street, Unit 9, Room 6325
Wilmington, DE 19801

**REDACTED - PUBLIC VERSION**
**Dated: February 11, 2019**

RE: *Amgen Inc. et al. v. Sanofi et al.*, C.A. No. 14-1317-RGA (Consolidated)

Dear Judge Andrews:

Defendants previously moved *in limine* to exclude testimony at trial regarding or relying upon Amgen employee Steven Pieri's opinion of a "but-for" discount rate for Repatha in the absence of competition from Praluent. See D.I. 711, Ex. 16C ("Mot."). At the pretrial conference, the Court recognized that fact witnesses can give expert-like opinions that then "become like fact for the real expert," and granted Defendants a one-hour deposition of Mr. Pieri regarding his opinion. See D.I. 736, Pretrial Conf. Tr. at 20:1-21:5. Having re-deposed Mr. Pieri on February 1, Defendants respectfully renew their motion to preclude testimony regarding or relying on Mr. Pieri's opinion of a "but-for" discount rate, because (1) Mr. Pieri's testimony is improper lay opinion under FRE 701 since it is not based on Mr. Pieri's percipient knowledge; and (2) Amgen's damages expert, Mr. Meyer, improperly relies on Mr. Pieri's "but-for" discount rate under FRE 702, since he was unaware of the bases or methodology for the opinion and was merely "parroting" the opinion as though it were fact. See Mot. 2-3.

At his deposition last week, Mr. Pieri confirmed that although he has worked on pricing and reimbursement for Repatha since May of 2013, he had [REDACTED]

After his call with Mr. Meyer, Mr. Pieri generated a [REDACTED] Notably, this document was never shared with Mr. Meyer or even produced to Defendants until Wednesday of last week, well after the close of fact and expert discovery.

**Mr. Pieri's "But-For" Discount Rate Opinion Is Not Based On His Percipient Knowledge**

Mr. Pieri's deposition confirmed that his "but for" discount rate is not the result of his percipient experience and, thus, not the proper subject of lay opinion testimony under FRE 701(a). Mr. Pieri admitted that despite having [REDACTED]

He also acknowledged that Amgen's  His opinion thus extends "beyond easily verifiable facts within [his] personal knowledge," and into the realm of speculation, which is exactly what lay testimony may not do. *Donlin v. Philips Lighting N.A. Corp.*, 581 F.3d 73, 83 (3d Cir. 2009); *see also AVM Techs., LLC v. Intel Corp.*, 927 F. Supp. 2d 139, 146 (D. Del. 2013) ("Although a lay witness may testify to facts within his personal knowledge, a lay witness may not offer testimony as to events that 'would have occurred.'").

Instead, Mr. Pieri's "but-for" rebate rate opinion is an improper attempt to use a lay witness to introduce undisclosed expert opinion testimony. *See* FRE 701(c). Mr. Pieri testified that he was qualified to provide a "but-for" Repatha discount rate opinion by virtue of his experience working in the cardiovascular space for 17 years and in the payer space for cardiovascular drugs for the last ten, including before his time at Amgen, *i.e.* specialized knowledge. Ex A at 199:11-20; 203:17-204:9; 223:10-23. Regardless of whether Mr. Pieri is so qualified, he was never disclosed pursuant to FRCP 26(a)(2), and Amgen may not use FRE 701 "as an end-run around the reliability requirements of Rule 702 and the disclosure requirements of the Rules of Procedure." *Hirst v. Inverness Hotel Corp.*, 544 F.3d 221, 227-28 (3d Cir. 2008). Defendants' one-hour deposition of Mr. Pieri only heightened concerns regarding the lack of disclosure of the bases and assumptions underlying Mr. Pieri's "but-for" discount rate opinion. When asked about his  In sum, Mr. Pieri's opinion of a "but-for" discount rate is improper under FRE 701 and prejudicial under FRE 403.

**Mr. Meyer May Not Serve As A Backdoor To Admit Mr. Pieri's Opinion**
Mr. Meyer does not know how Mr. Pieri  Mot. 2. Last week's deposition only confirmed that Mr. Meyer's reliance on Mr. Pieri's "but-for" discount rate runs afoul of FRE 702. Specifically,  Instead, Mr. Meyer is relying on a 30-minute conversation where Mr. Pieri walked him through "head math" that he came up with on the fly. An expert cannot simply "'parrot' the ideas of other experts or individuals," and "Rule 703 cannot be used as a backdoor to get the evidence before the jury." Mot. 3. Thus, Mr. Meyer's reliance on Mr. Pieri's "but-for" discount opinion should also be precluded pursuant to FRE 702 and FRE 403.

3 | P a g e

        Respectfully submitted,

        */s/ David E. Wilks*

        David E. Wilks

cc: All counsel of record (via CM/ECF)