**YOUNG CONAWAY**
**STARGATT & TAYLOR, LLP**
*Attorneys at Law*

**Melanie K. Sharp**
P 302.571.6681
msharp@ycst.com

February 7, 2019

The Honorable Richard G. Andrews
United States District Court of Delaware
844 N. King Street
Wilmington, DE 19801-3555



REDACTED - PUBLIC VERSIO

Re: *Amgen Inc. v. Sanofi et al.*, C.A. No. 14-1317-RGA

Dear Judge Andrews:

Defendants should not have burdened the Court with their renewed motion to exclude certain testimony from Steven Pieri. Defendants took Pieri's deposition as ordered by the Court and that deposition established beyond doubt that Pieri is uniquely qualified based on his personal knowledge to offer the disputed testimony and that the testimony is well-supported and proper under Rule 701.

**1. Under *Lightning Lube*, Experienced Corporate Employees Like Pieri May Offer Opinion Testimony.** Pieri's testimony about the rebates Amgen would have offered for Repatha in the absence of Praluent is not improper expert opinion. Under *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1174-75 (3d Cir. 1993), experienced corporate employees may testify about a business's lost profits, even when similar testimony from a non-employee would be "expert" testimony. It is plain that the rebate testimony is squarely within Pieri's personal knowledge: In *Lightning Lube*, the court permitted plaintiff's executive to offer lay opinion testimony about the estimated profits that plaintiff's business *would have earned* over the next ten years *but for* defendants' conduct based on his experience in the relevant industry, over an objection under Rule 701. 4 F.3d at 1174-75. Here, Pieri's testimony about the rebates that Amgen *would have* offered for Repatha *but for* Praluent's infringing presence is proper because of his experience in the relevant industry: he is the primary Amgen employee tasked with setting rebates for Repatha, negotiating with payers over them and creating forecasts of their future impact.

Defendants claim that Pieri's rebate analysis is improper because Pieri did not estimate the "but-for" rebate for Repatha as part of his work at Amgen. But that is only because Repatha has faced competition from the infringing product—Praluent—from day one. If Defendants had not launched Praluent at risk, it *would have been* Pieri's job (with his team) to determine what rebates Amgen would offer, and Pieri would have performed the same analysis that he did here. Again, *Lightning Lube* is instructive: there, the executive relied on his experience and balance sheets prepared by an outside accounting firm to support his testimony about the profits plaintiff's business would have earned. *Id.* The Third Circuit held that the executive's lay opinion testimony and reliance on the accounting reports were proper, noting that the executive "personally participated in making that report" and, "[i]n any event, given [his] knowledge and participation in the day-to-day affairs of his business, his partial reliance on the report, even if prepared by an outsider, does not render his testimony beyond the scope of Rule 701." *Id.*

Here, as Pieri testified, it is his day-to-day job t

Non-governmental payers received very low rebates (~0 to 10%) for covering Plavix. But for Praluent's infringement, Repatha would have also been an innovative cardiovascular drug that launched without competition.

Therefore, under *Lightning Lube*, Pieri's testimony is proper because he is precisely the type of experienced employee that the Third Circuit held may offer personal opinion to support a claim for damages. 4 F.3d at 1174-75.

Defendants' renewed motion ignores *Lightning Lube*. Instead Defendants claim that Pieri's opinion is "expert," because (1) Pieri's above-described deposition testimony establishes that this subject matter is within Pieri's *personal knowledge*. And contrary to Defendants' contention, both *Hirst v. Inverness Hotel Corp.*, 544 F.3d 221, 227-28 (3d Cir. 2008) and *AVM Techs., LLC v. Intel Corp.*, 927 F. Supp. 2d 139, 145-48 (D. Del. 2013) are inapposite because Pieri is offering a fully qualified lay opinion under Rule 701; this is not an "end-run" around the expert disclosure rules. Amgen fully distinguished *AVM* in its original response. (Opp. at 3.) Pieri should be permitted to testify about the rebates Amgen would have offered for Repatha in the absence of Praluent.

**2. Meyer Is Familiar with How Pieri Generated His Rebate Analysis, Which Corroborates Meyer's Opinion.** Defendants argue that Meyer does not know how and so, he should not be permitted to rely on Pieri's calculation. Defendants are wrong. Meyer's own expert report describes in detail Meyer, Amgen's damages expert, should be permitted to rely on Pieri's analysis.

Respectfully,
*/s/ Melanie K. Sharp*
Melanie K. Sharp (No. 2501)

MKS
cc:  Counsel of Record (via CM/ECF)

01:24154004.1

# Exhibits Redacted