IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC; AMGEN MANUFACTURING, LIMITED; and AMGEN USA, INC. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| SANOFI; SANOFI-AVENTIS U.S. LLC; A VENTISUB LLC, f/d/b/a AVENTIS PHARMACEUTICALS INC., and REGENERON PHARMACEUTICALS, INC., | ) ) ) ) ) |
| Defendants. | ) |

C.A. No.: 14-1317-RGA
(CONSOLIDATED)

## **<u>PRELIMINARY JURY INSTRUCTIONS</u>**

Members of the Jury:

Now that you have been sworn in, I'm going to give you some preliminary instructions to guide you in your participation in this trial. We will start the trial with a short video that explains patents and the patenting process to give you some background. After that, I will provide you with some preliminary instructions.

## **PLAY VIDEO**

Now that you have had that introduction, I have the following preliminary instructions for guidance on your role as jurors in this case.

## **The Parties**

This is a civil action for patent infringement arising under the patent laws of the United States. The plaintiffs are three companies that I will call "Plaintiff" or "Amgen." The defendants are four companies that I will call "Defendants" or "Sanofi and Regeneron." Amgen is a company engaged in the development, marketing, and sale of drugs known as biologics, which

are used to treat and cure serious diseases and illnesses. Defendants are also engaged in the development, marketing, and sale of drugs known as biologics used to treat serious diseases and illnesses. Both plaintiff and defendants have developed FDA approved monoclonal antibody products that lower LDL or "bad" cholesterol. Amgen's product is called Repatha® or evolocumab. Defendants' product is called Praluent® or alirocumab. Plaintiff is the owner of the two United States patents at issue in this case: U.S. Patent No. 8,829,165, which I will refer to as "the '165 patent" and U.S. Patent No. 8,859,741, which I will refer to as "the '741 patent." I will refer to the patents together as "the patents-in-suit." Copies of these patents will be given to you with the binders you will receive, along with these preliminary instructions and paper for taking notes.

**Summary of the Issues**

A patent case generally involves at least two steps. The first step is determining whether the accused product or method falls within the scope of the patent claims, that is, does the accused product or method infringe the patent claims. The second step is determining whether the patent is valid.

The parties agree that the accused product infringes claims 7, 15, 19, and 29 of the '165 patent, and claim 7 of the '741 patent if the patent claims are valid. Defendants contend, however, that the asserted claims are invalid.

**Burden of Proof**

This is a civil case. Defendants have the burden of proving that the patents-in-suit are invalid by clear and convincing evidence. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable.

**Duty of Jury**

It will be your duty to find what the facts are from the evidence as presented at trial. You, and you alone, are the judges of the facts. You will have to apply those facts to the law as I will instruct you at the close of evidence. You must follow that law whether you agree with it or not.

You are the judges of the facts. I will decide which rules of law apply to this case.

Nothing I say or do during the course of the trial is intended to indicate what your verdict should be.

**Evidence**

The evidence from which you will find the facts will consist of the testimony of witnesses, and documents and other things admitted into evidence. In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things are not evidence.

1.      Statements, arguments and questions by lawyers are not evidence.

2.      Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the rules of evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. If I sustain or uphold the objection, and find the matter is not admissible, you should ignore the question or other item of evidence. If I overrule an objection and allow the matter in evidence, you should consider the testimony or other item of evidence as you would any evidence. If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider the evidence for that purpose only. If this does occur during the trial, I will try to clarify this for you at that time.

3.      You should not consider testimony and documents I have excluded and not admitted into evidence.

3

4.      Anything you see or hear outside the courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the courtroom.

5.      During trial, you will be shown charts and animations to help illustrate the testimony of the witnesses. These illustrative exhibits, called "demonstrative exhibits," are not admitted into evidence and should not be considered as evidence.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but have in mind that you may consider both kinds of evidence.

In judging the facts, it will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

**Conduct of the Jury**

Now, a few words about your conduct as jurors.

First, for purposes of communicating with the Court, the jury foreperson is the juror seated in the first chair in the first row closest to the door leading to the jury room.

You must only consider the evidence presented in the courtroom. Do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not do any independent research or investigation on your own on matters relating to this case.

You may not communicate with anyone about the case through any means, including by phone, email, text messaging, blog, website, or by way of any other social networking websites, or by any similar technology or social media.

The proceedings during trial will be transcribed by court reporters; however, you should not assume that you will have trial transcripts available to you during deliberations. You must rely on your own memory of what testimony was presented and how credible that testimony was.

If you wish, you may take notes in the binders we will provide to help you remember what witnesses said. If you do take notes, please keep them to yourself until the end of trial when you and your fellow jurors go to the jury room to decide the case. Here are some other specific points to keep in mind about note taking:

(1)     Note-taking is permitted, but it is not required.

(2)     Please make sure that note-taking does not distract you from your tasks as jurors. You must listen to all the testimony of each witness. You also need to decide whether and how much to believe each witness. That will require you to watch the appearance, behavior, and manner of each witness while he or she is testifying. You cannot write down everything that is said and there is always a fear that a juror will focus so much on note-taking that he or she will miss the opportunity to make important observations.

(3)     Your notes are memory aids; they are not evidence. Notes are not a record or written transcript of the trial. Whether or not you take notes, you will need to rely on your own memory of what was said. Notes are only to assist your memory; you should not be overly influenced by notes.

We also ask you to wear your juror identification tags where people can see them, so persons involved in the case don't accidently engage you in conversation. Even if it is innocent

conversation, it might draw into question your impartiality. So please make sure that people can identify you as jurors in the case.

**Course of the Trial**

The trial will now begin. The attorneys have two opportunities to talk to you during the trial. The first opportunity is the opening statement. During the opening statements, the attorneys may outline what evidence they expect to introduce during the trial. As I've already instructed, however, what the lawyers say is not evidence. It will be up to you to determine whether the evidence — the testimony of witnesses and the admitted documents — supports what the lawyers say in their opening statements. Second, after all the evidence is in, and I have instructed you on the law, the lawyers will offer closing arguments to summarize and interpret the evidence for you, and to tie the evidence to their case. You will then retire to the jury room to deliberate on your verdict.

You should generally expect that we will start the trial each morning at 9:30 a.m. and finish by no later than 5:00 p.m. each day, with two 15-minute breaks (morning and afternoon), and a 1-hour break for lunch.