IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AMGEN INC., AMGEN
MANUFACTURING, LTD, and AMGEN
USA INC.,

Plaintiffs,

v.

SANOFI, SANOFI-AVENTIS U.S. LLC,
AVENTISUB LLC, f/d/b/a AVENTIS
PHARMACEUTICALS INC., and
REGENERON PHARMACEUTICALS,
INC.,
Defendants.

Civil Action No. 14-1317-RGA

MEMORANDUM ORDER

Defendants have moved to unredact Defendants' opening brief in support of its motion for a new trial. (D.I. 885; D.I. 989). Plaintiffs oppose the motion. (D.I. 1006).

The motion concerns four exhibits and the corresponding portions of Defendants' opening brief. (D.I. 885). The four exhibits at issue are DTX3221, DTX3210, DTX3193, and PTX6625.[1] Defendants, in their reply brief, state that they are willing to "keep confidential pages that were not displayed or described in open court," but reiterated their request that "pages 1-2 of DTX3221 and page 1 of DTX3210, DTX3193, and PTX6625, as well as portions of the briefing referring to those pages, should be deemed non-confidential and unredacted." (D.I. 1008 at 4).

---

[1] These exhibits can be found at D.I. 989-1, Ex. B (DTX3221), Ex. C (DTX3210), Ex. D (DTX 3193), Ex. E (PTX6625).

1

I consider this motion in light of the Third Circuit's statement of relevant legal principles:

> It is well established that the release of information in open court is a publication of that information and, if no effort is made to limit its disclosure, operates as a waiver of any rights a party had to restrict its future use. The references to the confidential documents made in open court may have constituted a sufficient publication. But, in any event, we hold that [the moving party's] failure to object to the admission into evidence of the documents, absent a sealing of the record, constituted a waiver of whatever confidentiality interests might have been preserved under the [protective order].

*Littlejohn v. Bic Corp.*, 851 F.2d 673, 680 (3d Cir. 1988) (internal quotation marks and citations omitted).

There is no dispute that none of the four exhibits were entered into evidence during trial. (D.I. 989 (no allegation that exhibits were admitted); D.I. 1006 at 2). The exhibits at issue were only shown or discussed in the context of objections to their admission. (D.I. 863 at 14:11-20, 93:10-21; D.I. 864 at 561:22-562:1, 564:23-565:1, 566:23-567:4). In other words, they were only displayed or described during Plaintiffs' attempts to limit use (and hence the disclosure) of these very documents. This is not a case where Plaintiffs allowed the documents to be admitted without objection, thus waiving their confidentiality interest in the documents.[2] However, to the extent the contents of the contested exhibits were read into the public trial record, that specific information is no longer confidential. The extent of display and discussion varied between the exhibits. Thus, I will address each exhibit individually.

---

[2] I note that most of the description of the contents of these exhibits came from either Defendants or the Court. (D.I. 863 at 14:11-20, 93:10-21; D.I. 864 at 561:22-562:1, 564:23-565:1, 566:23-567:4). It would be unfair to an objecting party (here, Plaintiffs) who is attempting to limit the use of an exhibit to permit descriptions of the document by the party attempting to move the document into evidence (here, Defendants) to create a waiver of Plaintiffs' confidentiality interests.

2

**First**, DTX3221 was displayed at trial outside the presence of the jury.[3] (D.I. 863 at 93:10-16). Page two of the exhibit was discussed and described. (*Id.* at 93:16-21 ("Mr. Wolf: It's on the screen. This is an Amgen internal document from 2012. It's showing what they characterize themselves as a missing epitope. That is that central area. This is exactly -- is the area. And on the left, you see J16 which is the Pfizer antibody which is directly in the center."); *see also* D.I. 864 at 561:22-562:1). Defendants argue that page two of Exhibit DTX3221 should be deemed non-confidential because it was recreated in substantial part by DDTX3.29, a demonstrative that was displayed to the jury. (D.I. 989 at 3; D.I. 1008 at 4 n.2). However, Defendants concede that the remainder of the document was never shown or discussed in open court. Thus, I will grant Defendants' request to unredact page 2 of DTX3221 and the corresponding portions of the opening brief.

**Second**, DTX3210 was displayed and discussed at trial outside the presence of the jury. The discussion of DTX3210 closely mapped some text from the exhibit. (D.I. 864 at 566:23-567:4 ("This is from two of the inventors. And we see Merck has described an antibody that shows it binds the entire EGFa, they call it the structural mimic. The Pfizer antibody, J16, also binds much more directly over the EGFa tha[n] they [Amgen] have structures [of]. If you [put] up number one, [']can you explain what the EGFa mimic approach means[?'] That's not my language.")). However, the discussion shared only a small segment of the information on page one, which is now in the public domain. Thus, I will deny Defendants' motion as to DTX3210 as disclosure is

---

[3] Defendants assert that the display of any document at trial waives the confidentiality interest therein. (D.I. 989 at 5-6). I disagree. Displaying a portion of exhibit without more is not enough to waive the confidentiality interest. Unlike when an exhibit is made a part of the permanent trial record, mere display of a document for a short period of time does not provide the public with the ability to reference or find the information later.

unnecessary in regard to what is already in the record, and not appropriate in regard to the part that has not already been revealed.

**Third**, DTX3193 was also displayed and discussed at trial outside the presence of the jury. Defendants quoted from this exhibit during discussions regarding its admissibility. (D.I. 863 at 14:11-20 (Mr. Wilks identified DTX2193 as a 2012 email from Chadwick King, an inventor on the patent, and then quoted the following language from the email: "We currently do not have an EGFa mimic antibody identified, but Pfizer does [have one] so it should be possible [(RN316)] . . . It will be tricky to find the EGFa mimic because it is in the middle of two overlapping epitopes we currently have antibodies sitting on.")). However, as with DTX 3210, this is a small portion of the information contained in page one of DTX3193. Thus, while the sentences quoted in the record are no longer confidential, I will not deem the entirety of page one of DTX3193 non-confidential. Thus, I will grant Defendant's motion to unredact the last sentence of the first paragraph on page eight and deny the remainder of the motion as to DTX3193.

**Fourth**, PTX6625 does not appear to have been displayed at trial. There has been no argument to the contrary from Defendants.[4] The entirety of the discussion on PTX6625 reads as follows: "The Court: Exhibit PTX 6625 dated January 2008, the critical month, the catabolic antibody program. So I don't know where this 2011 thing comes from. But this is from the exact month of the patent application." (D.I. 864 at 564:23-565:1). This describes nothing other than the date of the exhibit and its general subject matter. I do not think this three-sentence discussion is enough to warrant unredacting any piece of the exhibit. Thus, I will deny Defendants' motion as to PTX6625.

---

[4] Defendants' opening brief provides only a single citation to the transcript in support of its motion to unredact PTX6625. (D.I. 989 at 2). Defendants' reply brief provides only this same citation and argues that page 1 should be unredacted because there is no "purportedly commercially sensitive information" on that page. (D.I. 1008 at 8).

**IT IS HEREBY ORDERED** that Defendants' Motion to Unredact Defendants' Opening Brief in Support of Motion Under Fed. R. Civ. P. 59 for New Trial (D.I. 989) is **GRANTED** as to page 2 of DTX 3221 and the corresponding portions of D.I. 885, and the last sentence of the first paragraph of page eight of D.I. 885. The Motion is **DENIED** as to all else.

Entered this 16 day of September, 2019.

*/s/ Richard G. Andrews*
United States District Judge