IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., AMGEN MANUFACTURING LIMITED LLC, and AMGEN USA INC.<br><br>Plaintiffs,<br><br>v.<br><br>SANOFI, AVENTISUB LLC f/d/b/a AVENTIS PHARMACEUTICALS INC, REGENERON PHARMACEUTICALS INC., SANOFI-AVENTIS U.S. LLC,<br><br>Defendants. | Civil Action No. 14-1317-RGA |

MEMORANDUM ORDER

After about ten years of litigation, including two trials, two permanent injunction hearings, two appeals, and one merits decision by the Supreme Court, this case is at its final stage—Taxation of Costs.

Defendants, the prevailing parties, filed a bill of costs seeking $1,268,863.54. (D.I. 1091 at 1). The Clerk granted $505 in "fees of the clerk" and $22,749.49 in "witness costs." I now have Defendants' motion for review of taxation of costs. (D.I. 1092). Defendants have modestly reduced their ask, and they now seek $1,222,505.37. (D.I. 1093 at 19).

Essentially, there are two authorities for granting costs. One is a statute, 28 U.S.C. § 1920. The other is Local Rule 54.1. The statute is fairly succinct.

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Local Rule is not so succinct.

> (b) Items Taxable as Costs.
> (1) In General. Costs shall be taxed in conformity with the provisions of 28 U.S.C. §§ 1920, 1921, and 1923, and such other provisions of law as may be applicable and the remaining paragraphs of subpart (b) of this Rule.
> (2) Transcripts Fees. The costs of the originals of a trial transcript, a daily transcript and a transcript of matters prior or subsequent to trial, furnished to the Court, are taxable when requested by the Court or prepared pursuant to stipulation. Mere acceptance by the Court does not constitute a request. Copies of transcripts for counsel's own use are not taxable.
> (3) Deposition Costs. The reporter's reasonable charge for the original and one copy of a deposition and the reasonable cost of taking a deposition electronically or magnetically recorded are taxable only where a substantial portion of the deposition is used in the resolution of a material issue in the case. Charges for counsel's copies and the expenses of counsel in attending depositions are not taxable, regardless of which party took the deposition. Notary fees incurred in connection with taking depositions are taxable.
> (4) Witness Fees, Mileage and Subsistence. The rates for witness fees, mileage and subsistence are fixed by 28 U.S.C. § 1821. Such fees are taxable even though the witness does not take the stand, provided the witness attends Court. Witness fees and subsistence are taxable only for the reasonable period during which the witness is within the district. Subsistence to the witness under 28 U.S.C. § 1821 is allowable if the distance from the Court to the residence of the witness is such that mileage fees would be greater than subsistence fees, if the witness were to return to his/her residence from day to day. No party shall receive witness fees for testifying in its own behalf, but this shall not apply where a party is subpoenaed to attend Court by the opposing party. Witness fees for officers of a corporation are taxable if the officers are not defendants and recovery is not sought against the officers individually. Unless otherwise provided by statute, fees of expert witnesses are not taxable in an amount greater than that statutorily allowable for ordinary witnesses. The reasonable fee of an interpreter is taxable if the fee of the witness involved is taxable.
> (5) Exemplification and Copies of Papers. The cost of copies of an exhibit necessarily attached to a document required to be filed and served is taxable. The cost of one copy of a document is taxable when admitted into evidence. The cost of copies obtained for counsel's own use is not taxable. The fee of an official for certification or proof concerning the nonexistence of a document is taxable. The reasonable fee of a translator is taxable if the document translated is taxable. Notary fees are taxable if actually incurred, but only for documents which are required to be notarized and filed. The cost of patent file wrappers and prior art patents are taxable at the rate charged by the Patent Office. Expenses for services of persons checking Patent Office records to determine what should be ordered are not taxable.

(6) Cost of Maps and Charts. The cost of maps and charts is taxable if they are admitted into evidence. The cost of photographs, 8" x 10" in size or less, is taxable if admitted into evidence, or attached to documents required to be filed and served on opposing counsel. Enlargements greater than 8" x 10" are not taxable except by order of the Court. The cost of models, compiling summaries, computations, and statistical comparisons are not taxable.

(7) Fees to Masters. Fees to masters shall be assessed in accordance with Fed. R. Civ. P. 53(a).

(8) Removed Cases. In a case removed from the state court, costs incurred in the state court prior to removal, including but not limited to the following, are taxable in favor of the prevailing party in this Court: (A) Fees paid to the clerk of the state court; (B) Fees for services of process in the state court; (C) Costs of exhibits attached to documents required to be filed in the state court.

(9) Admiralty. Fees for compensation for keepers of boats and vessels attached or libeled are taxable in accordance with 28 U.S.C. § 1921.

(10) Bonds. The reasonable premiums or expenses paid on bonds or security stipulations shall be allowed when furnished by requirements of the law or rule of Court, by an order of the Court or where required to enable a party to receive or preserve some right accorded the party in an action or proceeding.

(11) Other Costs. Claims for costs other than those specifically mentioned in the preceding paragraphs of subpart (b) of this Rule ordinarily will not be allowed, unless the party claiming such costs substantiates the claim by reference to a statute or binding court decision.

D.Del. LR 54.1(b).

The Supreme Court, discussing § 1920, stated, "Taxable costs are limited to relatively minor, incidental expenses." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012).[1] "[T]he assessment of [taxable] costs most often is merely a clerical matter that can be done by the court clerk." *Id.* The statement is consistent with the understanding that taxable costs have a "narrow scope." *Id.* The Local Rules (prior similar versions of which predate *Taniguchi*) and their detail are, I expect, an attempt to provide a set of easy-to-follow rules for a non-lawyer clerk to implement. In this case, though, all the Clerk really considered is fees of the clerk and marshal (reduced from the ask of $2516 to $505) and fees and disbursements for witnesses

---

[1] At the time of *Taniguchi*, there was at least one case with "unquestionably allowable costs" including $440,000 in copying costs. *Taniguchi*, 566 U.S. at 581 n.4 (dissenting opinion).

(reduced from the ask of $32,523.50 to $23,254.49). The remainder, in the Clerk's view, was not within the authorization of Local Rule 54.1. Rather, it was covered, if at all, by § 1920 or case law, and involved either the exercise of discretion or the resolution of legal disputes. (D.I. 1091 at 1). It is undisputed that § 1920 is broader than the Local Rule. (D.I. 1093 at 4; D.I. 1095 at 1). Thus, since the Clerk does not exercise discretion or resolve legal disputes, for about 97% of the requested $1.2 million, I am not really reviewing (even *de novo*) a determination by the Clerk. With that in mind, I consider the briefing in relation to the items Defendants seek to recover. (*See* D.I. 1093, 1095, 1096). I also note that there are numerous District of Delaware cases dealing with the issues raised by the parties' disputes.

The fees of the clerk ($505) are not disputed. (D.I. 1095 at 11). Defendants have reduced their request for subpoena costs to $210. (D.I. 1093 at 4). Plaintiffs do not object to that. (D.I. 1095 at 11). Defendants have reduced their request for witness fees, travel costs, and lodging costs to $22,749.49, which is what the Clerk taxed. (D.I. 1093 at 18). Plaintiffs do not object to that. (D.I. 1095 at 11). Thus, I will tax those undisputed amounts.

There are five categories of disputed amounts. I will tax costs, pursuant to § 1920, as set forth below.[2]

The first category is "trial transcripts." Defendants seek $21,994.31. (D.I. 1093 at 7).[3] There are four sets of trial transcripts—two merits trials and two permanent injunction hearings. Fees for transcripts "necessarily obtained for use in the case" are authorized by § 1920(2). I think the four sets of transcripts were all necessarily obtained for use in the case. Testimony in

---

[2] I don't think there is really any dispute that the Clerk was essentially correct to conclude that Defendants had not shown that the disputed costs were authorized by Local Rule 54.1.

[3] Before the Clerk, Defendants sought an additional $3,934.20 for additional copies of the transcripts, but Defendants do not seek them now. (D.I. 1093 at 7 & n.4).

patent cases is sufficiently complex so that no one can be sure what was said without a transcript. The transcripts are necessary to prepare during the course of the trial or the injunction hearing. *See Intellectual Ventures I LLC v. Trend Micro Inc.*, 2020 WL 1245125, *3 (D. Del. Mar. 16, 2020).[4] I reject Plaintiffs' argument that the second injunction hearing should be excluded because there was no post-hearing briefing[5] and therefore the relevant transcripts were never cited to me. (*See* D.I. 1095 at 5). They were nevertheless necessary for the conduct of the hearing, which spanned three days. And, I would have needed the transcripts to write up the permanent injunction ruling. The only reason that did not happen was because I granted JMOL. In this category, I tax the full amount of $21,994.31.

The second category is "non-trial hearing transcripts." These are discovery disputes, the pretrial conference, and the argument on JMOL. Plaintiffs don't really oppose the pretrial conference and the JMOL transcripts. (D.I. 1095 at 6). Plaintiffs say the discovery disputes did not need to be transcribed to be understood and complied with. Defendants cite the rulings it said justified the transcripts. I have looked at the rulings. I thought two were very straightforward. (D.I. 549; D.I. 1003). I thought the others were more complex or required portions other than the ruling to be fully understood. Thus, I will tax $2,720.21 of the requested costs, and I will reject $1205.35 of them.

The third category is "deposition costs." Defendants seek $397,846.30. (D.I. 1093 at 12). Their argument for deposition transcripts is based on the assertion that they were

---

[4] I note that the trial and injunction transcripts are necessary for the parties to brief JMOL motions, and the Court has to have them to write up JMOL decisions as well as decisions whether to grant or deny injunctions.

[5] There was pre-hearing briefing. (D.I. 870, 925, 974). I am somewhat surprised that I did not ask for post-hearing briefing; most of the time, I would have expected me to do so.

"necessarily obtained for use in the case" and are thus authorized by § 1920(2). It appears that Defendants seek costs for every deposition, 114 in all,[6] taken in the case. (D.I. 1095 at 7). A number of other judges of this Court have awarded what appear to be essentially costs for all depositions. *See Parallel Networks Licensing, LLC v. Microsoft Corp.*, 839 F. App'x 513 (Fed. Cir. 2021) (appeal of Judge Jordan's case); *Onyx Therapeutics, Inc. v. Cipla Ltd*, 2023 WL 2072389, *3 (D. Del. Feb. 17, 2023) (Judge Williams); *Intellectual Ventures I LLC v. Trend Micro Inc.*, 2020 WL 1245125, *4 (D. Del. Mar. 16, 2020) (Judge Stark).[7] Whether all 114 were "necessarily obtained for use in the case" seems to me to stretch the statutory rule beyond the Supreme Court's description of "minor incidental" expenses. Without evaluating each of the 114 one-by-one, which would be a time-consuming effort, and inconsistent with the idea that taxation of costs is an essentially clerical function, I think I can reach a result here that is consistent with the statute. That is, all 114 are "necessarily obtained for use in the case."[8] Any judge with experience in complex high-stakes patent cases knows that both sides get transcripts of every deposition, put the transcripts into databases, analyze them, use them, and refer to them as

---

[6] I haven't counted them. Eyeballing "Exhibit A" (D.I. 1084 at 3-23 of 33), it appears that there were about that many depositions.

[7] In 2018, I didn't award deposition costs in *Sanofi v. Glenmark Pharms., Inc.*, 2018 WL 6427870, *2 (D. Del. Dec. 7, 2018). That decision predated the three cited cases, and, of course, was based on a different presentation by counsel. I am now convinced the cited cases take the better approach.

[8] Plaintiffs make the interesting argument that deposition transcripts of experts are not necessarily obtained. I agree with Plaintiffs that the expert depositions are in some sense not as necessary as depositions of other witnesses, because (1) experts testify in person, so depositions are not needed to preserve their testimony, and (2) experts disclose their opinions in extensive written reports, so depositions are not needed to learn what their opinions are. Nevertheless, for the same reasons that I think all non-expert witness transcripts are "necessarily obtained for use in the case," I think that the deposition transcripts of expert witnesses are also "necessarily obtained for use in the case."

warranted. It would put a party at a significant disadvantage not to have transcripts of every deposition. This is only a starting point, however. I am not going to allow for the bells and whistles for which Defendants seek costs. I think for deposition transcripts, pretty much everything other than the actual transcript is a bell and whistle. The statute permits "fees for printed or electronically recorded transcripts." A video is not a transcript. Word indexing is not a transcript. Neither are fees for interpreters or for most, if not all, of the other disputed modest amounts. (D.I. 1095 at 8 and most of the footnotes on that page). Rough transcripts, real time transcripts, and expedited transcripts are transcripts, but they are primarily obtained for the convenience of counsel, not because they are "necessarily obtained for use in the case." The parties are directed to meet and confer and submit an agreed-upon amount that recalculates costs in compliance with the above directions. I sincerely hope the parties will come to an agreement on the minor points I have not resolved.[9]

The fourth category is "document production costs." Defendants originally sought $733,199.33. (D.I. 1093 at 12; *see* D.I. 1085-4, Ex. 5). In the Bill of Costs, Defendants summarized the amount sought in a chart. (D.I. 1083 at 11-12). The chart has about 30 entries. The three biggest are for $393,250.13, $102,547.50, and $75,769.50, which are in the neighborhood of 80% of the total. To resolve some objections, Defendants reduced the amount they seek to $698,416.17. (D.I. 1093 at 15). The "document production costs" covers the cost of producing documents in discovery according to the Document Production Protocol. (D.I. 1093, citing D.I. 41).

---

[9] For example, there is a dispute about $5,767.50 for "attendance fees." (D.I. 1095 at 8 n. 10). It would be hard for me to conclude that the attendance of the court reporter was anything other than part of the cost of getting a transcript. No court reporter, no transcript.

The main objection that Plaintiffs make to the "document production costs" request is that Defendants produced 2.5 million documents and some unknown proportion of them were "non-responsive" to the discovery requests. (D.I. 1095 at 9). Section 1920(4) provides that "the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are taxable costs. Absent any other information, the fact that Defendants produced the documents pursuant to discovery requests is sufficient evidence that the copying of all 2.5 million documents was necessarily for use in the case.

Plaintiffs have a sentence that could be taken as a separate objection. "Defendants' invoices include numerous charges that go beyond scanning and file format conversion." (D.I. 1095 at 9). I reviewed the three largest bills. In these bills, there are indeed numerous charges that go beyond scanning and file format conversion. There are also numerous charges that Defendants are not seeking costs for. The charges that are highlighted in yellow and sought as costs are for "Full Tiff Production," "Production Management, Project Management" and "OCR" (D.I. 1085-4, Ex. 5 at 6 of 314); "Production Services," described as consisting of "Bates Stamp" and "Tiffing per page" (*id.* at 19 & 22 of 314); and "Production Services," described as consisting of "Bates Stamp" and "Tiffing production per page" (*id.* at 61 of 314). The Document Production Protocol required tiffing and it required Bates numbering. (D.I. 41 at 5-8). Thus, the costs that are identified as "Full Tiff Production," "OCR," and "Production Services" (which equals the sum of "Bates Stamp" and "Tiffing [Production] per page") are all taxable in full. I can't tell what "Production Management, Project Management" is, so I reject that. I calculate the Production Management, Project Management total to be $13,837.50. (*See* D.I. 1085-4, Ex. 5 at 6 of 314). Thus, for the three largest invoices, totaling $571,567.13, I find $557,729.63 are

taxable costs, and $13,837.50 are not.[10] I have not reviewed the other 27 invoices. I direct the parties to meet and confer and, if possible, resolve any disputes regarding the balance of the highlighted charges located at Exhibit 5 to D.I. 1085.

The final category is "exemplification and copies for trial, demonstrative exhibits, and trial graphics," for which $76,858.54 is sought. (D.I. 1093 at 16). The items that make up that total are in Defendants' brief. (*Id.* at 16-18). The authority for this request is again § 1920(4), "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Defendants state that "the majority" of the requested costs "relate to preparing witness binders and printing exhibits for use" at the trials and injunction hearings. (D.I. 1093 at 16).[11] In this case, as in probably all patent cases that go to trial in this District, there are hundreds of exhibits and every witness needs a witness binder of exhibits, for which multiple copies are needed, including, at minimum, for the witness, opposing counsel, the court reporter, a clerk, and the judge. Essentially, Plaintiffs' opposition is based on the inclusion of "demonstrative exhibits." (D.I. 1095 at 10-11). From review of Defendants' list of what is claimed, very little of it seems to involve classic demonstrative exhibits, that is, physical exhibits shown to the jury. There are throughout the submitted invoices reference to printing of black and white exhibits and printing of color exhibits. Occasionally, it is clear that the color exhibits are copies of demonstrative exhibits (often referred to by me as "powerpoint presentations"). (*See, e.g.,* D.I. 1085-4, Ex. 6, at 164 of 314). I think it likely that any reference

---

[10] These calculations do not take into account any applicable reductions based on the "Client Discount" objection. (*See* D.I. 1093 at 15).

[11] I have reviewed the invoices at D.I. 1085-4, Ex. 6 (92-182 of 314).

in an invoice to printing color copies is referring to copies of the slides in a powerpoint presentation.

The 2016 trial included "printing demonstrative," "printing M. Eck trial boards," and "preparation of physical model," all of which totaled $2,365.19. (D.I. 1093 at 16-17). I think these costs refer to classic demonstrative exhibits. Since Defendants do not specifically address these, and there appears to be authority for the idea that demonstrative exhibits may not be an "exemplification," *see Summit Tech, Inc. v. Nidek Co.*, 435 F.3d 1371, 1374-78 (Fed. Cir. 2006) (applying First Circuit law), I do not award $2,365.19 as costs. I do award the balance, including the copying of powerpoint presentations. The copying of powerpoint presentations is essentially made mandatory by pretrial orders and court custom. Here, the balance is $74,493.35.

Thus, I will award the following:

| | |
|---|---|
| Fees of the Clerk and Marshal: | $715.00 |
| Witness fees, etc. | $22,749.49 |
| Trial Transcripts | $21,994.31 |
| Non-trial hearing transcripts | $2,720.21 |
| Deposition costs | TBD |
| Document production costs | TBD |
| Copies | $74,493.35 |

The parties are to submit a joint report with numbers that they agree would implement my rulings for the "deposition costs" and "document production costs" categories. The report is due in ten days. Should the parties not be able to reach agreement, then the joint report should also explain the basis for their disagreement, with sufficient information so that I can make whatever rulings and calculations I need to without extensive resort to already filed papers.

IT IS SO ORDERED this 28th day of February 2025.

United States District Judge